UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SAMUEL ALEXANDER KUHL,

Defendant.
___________________________________/

Case No.: 1:23-CR-44

Hon. Jane M. Beckering
U.S. District Judge

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL TRANSPORT (R. 33)**

Kuhl seeks an order compelling his transport to a Bureau of Prisons Medical Center immediately. The law does not provide the remedy he seeks, and it would be unfair to order him to a suitable facility before others who began waiting before he did.

FACTS

As Kuhl notes, he was designated for restoration treatment under Section 4241(d). On March 7, 2024, government counsel conferred with Dia Boutwell, BOP's Mental Health Treatment Coordinator. She indicated that Kuhl has been designated to the Butner, North Carolina medical facility and should be delivered there in June. The delay is due to a shortage of space for restoration treatment. BOP will ordinarily designate inmates in Kuhl's situation on a first-come, first-served basis. This can change if an inmate's mental issues begin to markedly deteriorate. This does not appear to be the case here, in fact Kuhl's recent communications appear to be more in line with a

competent defendant. If the Court grants Kuhl's request, he will be jumping the line ahead of others who have been waiting longer than he has.

LAW

Currently, the defendant is in the Attorney General's custody awaiting hospitalization under Section 4241(d). This commitment to the custody of the Attorney General for treatment is mandatory. *United States v. Shaway*, 865 F.2d 856 (7th Cir. 1989); *United States v. Donofrio*, 896 F.2d 1301 (11th Cir. 1990).

Because Kuhl is awaiting transportation to a suitable facility none of the four months specified in § 4241(d)(1) has elapsed. Originally, federal law provided no time limit on confinement of an incompetent defendant, but Congress changed that in response to the Supreme Court's holding in *Jackson v. Indiana*, 406 U.S. 715 (1972), by enacting Section 4142(d). *United States v. Magassouba*, 544 F.3d 387, 404 (2nd Cir. 2008) (collecting cases). In *Jackson*, the Supreme Court ruled that incompetent defendants may be committed for a reasonable period necessary to determine whether a substantial probability exists that such defendant will attain the capacity to stand trial in the foreseeable future. 406 U.S. at 733. *Jackson* involved an Indiana statute that—unlike Section 4241—allowed indefinite confinement of incompetent defendants, which is not the issue before this Court. § 4241(d)(1) provides that a defendant can be hospitalized for up to four months.

The defendant has not yet been "committed" as that term was used in *Jackson*. 406 U.S. 715 ("A person so committed may be released when the superintendent of the institution shall discharge him, or when he is cured."). As the term "commitment" is

used in the context of Jackson, here it begins when he is hospitalized, at which time the four-month time limit begins. Once the defendant is hospitalized, or "committed," the nature and duration will bear a reasonable relation to that purpose as discussed previously.

The text of Section 4241 plainly does not restrict the time in which the Attorney General is required to hospitalize an incompetent defendant. In *United States v. Eastering*, 2017 WL 5894223, (S.D. Miss. 2017), the Court was faced with a similar situation where a defendant was detained while awaiting hospitalization. The Court found that the "case does not involve a prolonged commitment; it involves an unfortunate and prolonged delay in moving the defendant to the appropriate facility' *Id.* At 2. The Court also found that it was not an "indefinite commitment" due to the fact that the "Court's Order directed commitment 'for a reasonable period of time, not to exceed four months.'" *Id.* the Court reasoned that once the defendant was "hospitalized, the expectation is that a determination will be made within that four-month timeframe." *Id.*

The *Eastering* court cited several analogous cases, relating to the speedy-trial context regarding similar delays between an order of commitment and hospitalization are permissible. *See, United States v. Patterson*, 872 F.3d 426, 433–34 (7th Cir. 2017). (affirming exclusion of six months between the order of remand for treatment and the defendant's arrival at the medical center); *United States v. Pendleton*, 665 Fed.Appx. 836, 839 (11th Cir. 2016) (affirming exclusion of 53 days); *Romero*, 833 F.3d 1151, 1153–55 (9th

Cir. 2016) (affirming exclusion of 81 days and noting that the criminal trial of an incompetent defendant would violate due process).

CONCLUSION

While it is unfortunate that Kuhl has not yet been transported to his designated facility, the law does not permit his request to be immediately shipped to a facility that does not yet have the ability to treat him. Accordingly, the government requests that the motion be denied.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: March 7, 2024

_*/s/ Timothy P. VerHey*_____________
TIMOTHY P. VERHEY
Assistant U.S. Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208