*IN THE UNITED STATES DISTRICT COURT*
*FOR THE WESTERN DISTRICT OF MICHIGAN*
*SOUTHERN DIVISION*

UNITED STATES OF AMERICA,

Plaintiff,

vs. Case No. 1:23-cr-44

SAMUEL ALEXANDER KUHL,

Defendant.
______________________________________/

*STATUS CONFERENCE*

*BEFORE THE HONORABLE RAY KENT*
*United States Magistrate Judge*

*Grand Rapids, Michigan, December 18, 2023*

APPEARANCES:

For the Plaintiff: TIMOTHY P. VERHEY
U.S. Attorney
330 Ionia Ave., NW
Grand Rapids, MI 49501
(616) 456-2404

For the Defendant: PARKER DOUGLAS
Federal Public Defender
50 Louis St. NW, Ste. 300
Grand Rapids, MI 49503
(616) 742-7420

REPORTED BY: TRISHA N. CAMERON, CSR, RMR, CRR, RDR
Federal Official Court Reporter
128 Federal Building
Lansing, Michigan 48933

Grand Rapids, Michigan
December 18, 2023
3:28 p.m.

*PROCEEDINGS*

THE CLERK: The United States District Court for the Western District of Michigan is now in session. The Honorable Ray Kent, United States Magistrate Judge, presiding. Please be seated.

THE COURT: This is 23-cr-44, United States versus Samuel Kuhl. Mr. VerHey on behalf of the United States. Mr. Douglas on behalf of Mr. Kuhl.

We're here for a status conference.

Back in August, I committed Mr. Kuhl for a competency evaluation pursuant to 18 USC 4241. He was designated to the Metropolitan Correctional Center in Chicago.

We have received a copy of the report authored by Robin Watkins, Ph.D., and Priyanka Rao, also a psychologist and post-doctoral fellow.

Have both parties received a copy, Mr. VerHey?

MS. LANE: I have, Your Honor.

MR. DOUGLAS: I have too, Your Honor.

THE COURT: Mr. Douglas.

Flipping to the last page, this is page 23 of 23 in Dr. Watkins' report. I'll read from the second to the last paragraph. "Based on the totality of these findings, it is

the opinion of these evaluators that Mr. Kuhl meets criteria for a mental disease, namely, other specified schizophrenia spectrum and other psychotic disorder, that presently impairs his ability to understand the nature and consequences of the proceedings against him, and to assist properly in his defense. He would benefit from an additional period of evaluation to further assess the nature of his psychotic symptoms and the potential presence of feigning.

While determination of competency is ultimately a decision for the Court, it is the opinion of these evaluators that Mr. Kuhl is not competent to proceed at this time. It is recommended that the defendant be committed to the custody of the Attorney General for inpatient evaluation and restoration to competency pursuant to Title 18 US Code Section 4241(d) at a suitable facility."

Anybody have any objection to the conclusions of the report, Mr. VerHey?

MS. LANE: No. I'm glad you read the first couple of sentences before the conclusion because I think that qualifies it in an important way. So I don't object to that.

I think he should be assessed longer because, as you probably saw, he's refused to take tests or take medication, and I don't think there's any way to tell yet if he's feigning or is truly mentally impaired. So I can't see any reason not to allow that extra assessment to happen.

THE COURT: Okay. Mr. Douglas, thoughts?

MR. DOUGLAS: My thoughts on first meeting Mr. Kuhl and every interaction since tell me that he suffers from what the report identifies.

I do want to make the Court aware a lawyer reached out to me two weeks ago, said that he might be retained. He gave he a substitution of counsel. I sent it back. Radio silence since then. And -- well, not quite radio silence. One communication since then, and I have no idea whether he's going to file an appearance or not.

THE COURT: He hasn't up to now, right?

MR. DOUGLAS: Yeah. I'm the lawyer of record.

THE COURT: Yep. You are the lawyer of record.

So what is the lawyer of record's comments on the recommendations of Dr. Watkins?

MR. DOUGLAS: I concur with them, Your Honor.

THE COURT: Okay. All right. Being unopposed then, an order will issue committing Mr. Kuhl to the custody of the Attorney General for further evaluation and hopefully restoration to competency as contemplated by 18 USC 4241(d).

Anything else we should talk about while we're together, Mr. VerHey?

MS. LANE: Not on my side, Your Honor.

THE COURT: Mr. Douglas?

MR. DOUGLAS: No. Thank you, Your Honor.

THE COURT: All right. Well, Mr. Douglas, obviously if you hear further, you know, let Mr. VerHey and I know.

MR. DOUGLAS: I'll let the Court and Mr. VerHey know immediately.

THE COURT: Being the jaundiced former criminal defense lawyer that I am, I can guess at why he went radio silent, but --

MR. DOUGLAS: Me too, Your Honor.

THE COURT: All right. If I don't see you fellas, have a great holiday.

MS. LANE: Thank you. You too.

MR. DOUGLAS: Merry Christmas. Merry Christmas, Steffy.

*(Concluded at 3:33 p.m.)*

*C E R T I F I C A T E*

I certify that the foregoing is a transcript from the Liberty Court Recording System digital recording of the proceedings in the above-entitled matter to the best of my ability.

/s/ Trisha N. Cameron
Trisha N. Cameron, CSR, RMR, CRR
U.S. District Court Reporter
Lansing, MI 48933