UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

No. 1:23-CR-44

SAMUEL ALEXANDER KUHL,

Hon. Jane M. Beckering
United States District Judge

Defendant.
_______________________________/

**JOINT MOTION FOR A PROTECTIVE ORDER**

The United States of America, by and through its counsel, United States Attorney Mark A. Totten and Assistant United States Attorney Timothy P. VerHey, and Defendant Samuel Alexander Kuhl, by and through his counsel Parker Douglas, respectfully and jointly move pursuant to Federal Rule of Criminal Procedure 16(d) for a protective order that limits the use and dissemination of certain materials and information produced by the government as Discovery Materials in this case.

Discovery Materials to be produced by the government in this case include child exploitation material ("CSAM"), "personally identifiable information" (PII) and other sensitive personal information. All parties have an obligation to protect PII. The government of course will not disseminate CSAM out of its custody during discovery, but it is concerned about the PII. Redaction of the discovery materials is impractical both because of its volume and because of defense counsel's need for the underlying information to defend the case.

Accordingly, the parties respectfully request an order restricting use of the discovery materials to purposes solely for the preparation of the defense and prohibiting disclosure of the

discovery materials except as necessary to the preparation of the defense in this case, and such determination of necessity is to be made by counsel for defendant, not by defendant himself. In addition, the government requests the order provide that disclosure of the discovery materials be limited to: (1) members of the defense team in this case, these being counsel for defendant, paralegals, investigators, litigation support personnel, defendant, and defense secretarial staff; (2) any experts or consultants used to assist in the preparation of the defense of this case; (3) any potential witnesses interviewed by the defense team in the criminal case if it is determined that it is necessary to display records to such witnesses for the purpose of preparing the defense of this criminal case; and (4) the Court in connection with proceedings in this case.

The government further requests that counsel for defendant (5) not allow his client, or any other potential witness, to retain in defendant's or a witness's exclusive possession, outside of the possession and supervision of counsel, un-redacted copies of the discovery materials containing PII, (6) take all reasonable steps to ensure that discovery materials containing PII are not improperly disclosed, and (7) destroy or return the discovery materials at the conclusion of this

matter, which includes any appeal or collateral attack arising out of this criminal case. The parties respectfully request that the Court enter the proposed order submitted with this motion.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: July 11, 2024

/s/ Timothy P. VerHey
TIMOTHY P. VERHEY
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501
(616) 456-2404

/s/ Parker Douglas (w/consent)
PARKER DOUGLAS
Assistant Federal Public Defender
50 Louis, NW, Suite 300
Grand Rapids, Michigan 49503
(616) 742-7420