UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED - GR
March 6, 2025 2:38 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB SCANNED BY: JW / 3-6

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.

CASE NO. 1:23-cr-44

HON. Jane M. Beckering

ORAL ARGUMENT REQUESTED

EXPEDITED

MOTION FOR A BILL OF PARTICULARS

Pursuant to Fed. R. Crim. P. 7 (f), as well as the Fifth and Sixth Amendments to the United States Constitution, I respectfully move the Court for an order requiring the government to file a bill of particulars. It is requested that such bill of particulars specifically identify the information referenced within this motion, as well as a copy of each image / video upon which this prosecution is predicated (to standby counsel). I acknowledge that the present statutory framework prohibits the production to a criminal defendant of (allegedly) pornographic images in a child-pornography production case absent demonstrable and compelling need. I assert that such need exists in this case. The reasons in support of this motion are set forth in the following Memorandum.

# MEMORANDUM

An indictment was filed against Mr. Kuhl in connection with the case sub judice on April 25, 2023. The indictment charges Mr. Kuhl with two offenses under the United States Code. Specifically, Mr. Kuhl is charged with Sexual Exploitation of a Minor, in violation of 18 U.S.C. 2251(a), (e) (Count 1); Enticement and Coercion of a Minor in violation of 18 U.S.C. §2422(b) (Count 2). Both allegations made in the indictment against Mr. Kuhl supposedly took place in the Western District of Michigan in a broad and vague time frame between May 13, 2021 and October 31, 2021.

Count 1 states: ... in the Southern Division of the Western District of Michigan, SAMUEL ALEXANDER KUHL knowingly employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, which depictions were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

Specifically, the defendant used a 15-year-old girl to engage in sexually explicit conduct and received and stored photographs of that conduct using his Samsung and iPhone cellular phones, both of which were ~~produced~~ manufactured outside the United States.

18 U.S.C. §2251(a), (e)
18 U.S.C. §2256

Count 2 states: ... in the Southern Division of the Western District of Michigan, SAMUEL ALEXANDER KUHL used facilities and means of interstate and foreign commerce to communicate with an individual

under the age of 18 to attempt to knowingly persuade, induce, entice, and coerce that individual to engage in sexual activity for which any person could be charged with a criminal offense.

Specifically, the defendant used cellular telephones and Facebook Messenger, all of which were facilities of interstate and foreign commerce, to communicate with Minor 1, a 15-year-old female, in order to persuade, induce, and entice her to have sexual intercourse with him, conduct constituting Third Degree Sexual Conduct under Michigan Compiled Laws §750.520d.

18 U.S.C. §2422(b)

LAW AND ARGUMENT

Rule 7(f) of the Federal Rules of Criminal Produre authorizes a Court to direct the filing of a Bill of Particulars. The purpose of the Rule, as amended in 1966, is "to encourage a more liberal attitude by the courts towards bills of particular." *Note of the Advisory Committee*, Fed. R. Crim. P. 7. The purpose of a bill of particulars, "is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985); see also *United States v. Hallock*, 941 F.2d 36, 40 (1st Cir. 1991). "The test in passing on a motion for bill of particulars should be whether it is necessary that defendant have the particulars sought in order to prepare his defense and in order that prejudicial surprise be avoided." C. Wright, Federal Practice and Procedure: Criminal §129 (1969).

Although the granting or refusal of a motion for a bill of particulars rests within the sound discretion of the trial court, there is "no discretion to disregard the requirements of the Sixth Amendment that the accused shall be informed of the nature and cause of the accusations against him fully enough to enable him to prepare his defense and definite and certain enough that he may be protected by a plea of former jeopardy against another prosecution for the same offense." Williams v. United States, 164 F. 2d 302, 304 (5th Cir. 1947). A defendant has a constitutional right to "be informed of the nature and cause of the accusation" U.S. Constitution Amend. Six.

While it is not a cure for a deficient indictment, the courts have made clear that the basic principle governing a request for a bill of particulars is to identify with sufficient particularity the nature of the charge pending against him to prepare a defense and to prevent surprise at trial. See United States v. Gordon, 780 F. 2d 1165, 1172 (5th Cir. 1986); Russell v. United States, 369 U.S. 749 (1962) (invalid indictment cannot be cured by bill of particulars). A defendant's need to know the evidentiary details establishing the facts of his alleged offense is remedied by a bill of particulars. United States v. Panzavecchia, 421 F. 2d 440, 442 (5th Cir. 1970).

Here, the indictment merely quotes the broad language of the child exploitation, and enticement and coercion statutes ambiguously, without including any facts that specify the particular conduct of Mr. Kuhl that is the basis of the government's charges. As relayed in Mr. Kuhl's contemporaneously filed motions there are several grounds to render the indictment against Mr. Kuhl defective.

Count One ambiguously alleges the visual depictions at issue were produced using materials that had been mailed, shipped ... in or affecting interstate or foreign commerce but does not say what materials, nor how they know such materials were mailed, shipped, etc. in or affecting interstate or foreign commerce. It only specifies that Mr. Kuhl allegedly received and stored photographs of the non-specified sexually explicit conduct on his Samsung and iPhone cellular phones which were manufactured outside the United States. The government does not specify by what means Mr. Kuhl received the supposed photos, nor how many there are, nor how they constitute the broad numerously defined term "sexually explicit conduct." Neither does the government specify the date nor time Mr. Kuhl allegedly received these photos other than the broad and confusing "between on or about May 13, and October 31, 2021."

Due to these deficiencies Count One fails to set forth the essential facts constituting the charged offense, i.e., (did Mr. Kuhl allegedly receive the photos, produce them, or both). Accordingly, Mr. Kuhl is unable to adequately prepare for trial and he faces grave risk that he will be unfairly surprised at trial. Additionally, Count One ambiguously states Mr. Kuhl completed all of the means (use, employ, persuade, etc.) to have the teenage girl engage in the "sexually explicit conduct" and then states specifically Mr. Kuhl only "used" the teenage girl. These are distinct acts which constitute an element of the charged offense and Mr. Kuhl does not know if he is being accused of committing the act of just using the minor or all of the acts employing, using, persuading, etc. to violate §2251(a).

To not specify the exact act that Mr. Kuhl did allegedly will lead to confusion of the jury and overstate and exaggerate his conduct and allow a conviction that is not unanimous. Elements of a crime must be determined unanimously. See Richardson v. United States, 526 U.S. 813, 119 S. Ct. 1707 (1999). By allowing the government to claim that Mr. Kuhl did any of the acts will be too vague and broad, ultimately leading to an unclear verdict, making it harder for Kuhl to protect himself from double jeopardy if necessary in the future. ~~[illegible]~~ As mentioned further in Kuhl's motion for dismissal due to duplicity and multiplicity, each ~~used~~ verb of §2251(a) must have a distinct meaning if not they are mere ~~sup~~ surplus and overlap one another. For example, several cases demonstrate specifically how "used" is typically applied in §2251(a) violations such as United States v. Dawson, 64 F. 4th 1227 (11th Cir. 2023); United States v. Burch, 113 F. 4th 815 (8th Cir. 2024); United States v. Howard, 968 F.3d 717 (7th Cir. 2020); United States v. Hillie, 227 F. Supp. 3d 57 (D.D.C. 2017); United States v. Taylor, 515 F. Supp. 3d 976 (S.D. Ind. 2021); and United States v. Fisher, 2:12-cr-162 (S.D. Ohio Jul. 7, 2021). All of those cases, regardless of the outcome, applied the "used" verb in instances where the minor was unaware of the perpetrator's surreptitious filming, with respect to §2251(a) violations. Thus, each verb covers a distinct act which the accused executes to involve the minor, "used" and "employed" being the least forceful and on the low end of the spectrum; "persuades," "induces," "entices" in the middle; and ~~coer~~ "coerces" at the very active end of the spectrum. (See Dawson)

Count Two also suffers similar deficiencies providing substantial grounds for this Honorable Court to grant Mr. Kuhl's request in this Motion. This count uses the broad, vague timeframe as Count One only exchanging "Between"

with ~~for~~ From." The allegation of "using cellular telephones and Facebook Messenger" does not specify dates and times nor the content or nature of the communications that constitute persuasion, inducement, enticement, and/or coercion. Neither does the government specify which act Mr. Kuhl allegedly did (persuade, induce, etc.) but says he attempted to do them all in the first statement and then alleges he actually did them all except for coercion. The completed act and the attempt are two distinct offenses which the government must clarify and a bill of particulars could definitely provide that clarification.

The fact that an indictment conforms to the simple form suggested by the Federal Rules of Criminal Procedure, or accurately tracks the statutory or regulatory languge is no answer or defense to a motion for a bill of particulars, since Rule 7(f) presupposes a valid indictment or charge against the defendant. See United States v. Carrier, 672 F.2d 300, 303 (2nd Cir. 1982) ("A bill of particulars may not save an invalid indictment[.]"). Instead, it is proper for a defendant to be furnished with further information "which in other circumstances would not be required because evidentiary in nature." United States v. Smith, 16 F.R.D. 372, 375 (W.D. Mo. 1954); United States v. Baitcher, 2013 U.S. Dist. LEXIS 51938, 2013 WL 1501462 (N.D. Ga. 2013); United States v. Henderson, No. 2:16-cr-0182-LSC-JEO, 2016 U.S. Dist. LEXIS 138357 (N.D. Ala. Aug. 17, 2016). Courts have found that it is especially important to include such facts and circumstances in cases where, by solely tracking the statutory language, the indictment's terms create ambiguity regarding the defendant's conduct. United States v. Hillie, 227 F. Supp. 3d 57, 70-71 (D.D.C. 2017).

The 1966 amendment to Rule 7(f) of the Federal Rules of Criminal Procedure eliminated the requirement that cause be shown before a court may grant a bill of particulars. See, United States v. Leach, 427 F. 2d 1107 (1st Cir.), cert. denied, 400 U.S. 829 (1970); United States v. Addonizio, 451 F. 2d at 64 (3rd Cir. 1971); Fed. R. Crim. P. 7(f) advisory committee's note.

Bills of Particulars are the appropriate means for a criminal defendant to obtain pre-trial identification of the pornographic images at the heart of a child-pornography case. See United States v. Frabizio, 459 F.3d 80 (1st Cir. 2006). Although the government alleges through the indictment that the ~~conduct~~ underlying conduct and visual depictions occurred between May 13 and October 31, 2021, a ~~solid~~ substantial amount of evidence within the very small portion of discovery provided thus far occurs beyond October 31, 2021. This evidence seems to have derived from a period of time of up until at least August 22, 2022 and possiby beyond. Accordingly, this evidence contains visual depictions described by law enforcement as "child sexually abusive material" (CSAM), as well as alleged conversations between Mr. Kuhl and the alleged minor female, which the government contends provide proof Kuhl and this girl were in an intimate relationship.

For the foregoing reasons, Mr. Kuhl would be denied a fair oppurtunity to prepare a defense absent a bill of particulars. See United States v. Sepulveda, 15 F.3d 1161; 1192-93 (1st Cir. 1993). The indictment's lack of specificity and ambiguity within its face and in relation to the small portion of discovery provided, prejudices Kuhl's ability to know what conduct, communications, and/or

visual depictions this prosecution is predicated upon are. See United States v. Paiva, 892 F. 2d 148 (1st Cir. 1989); and United States v. Arboleda, 929 F.2d 858, 869 (1st Cir. 1991). The indictment specifically alleges Mr. Kuhl used a 15-year-old minor girl to engage in sexually explicit conduct and received and stored photographs of that conduct. While the indictment only says photographs, this portion of discovery alleges this minor female sent Mr. Kuhl nude photos and videos.

INFORMATION BEING SOUGHT IN A BILL OF PARTICULARS

In order to protect Mr. Kuhl's rights under both the United States Constitution and Rule 7, the following information is requested:

A. Both Counts

1. Exactly which way Mr. Kuhl involved the 15-year-old girl in the charged offenses. (used, employed, persuaded, enticed, etc.)
2. The specific date, and time of day, that the offense allegedly occurred.
3. Identify all cellular phones relating to this indictment. This request includes the phone #, IMEI, ICID, serial # related to each cellular phone, as well as make and model. For example, a Samsung S9 Black in color, phone # (***)***-****, IMEI ***..., ICID ***, and serial # ***...
4. The place(s), date(s), time(s), circumstance(s), and agency(ies) of which the referenced Samsung and iPhone cellular phones were obtained.

B. Count One

1. Specific means by which Mr. Kuhl allegedly used, employed, persuaded,

etc. the 15-year-old girl, to engage in sexually explicit conduct. (Secretly filmed/photographed her, communication, i.e., email, mail, text, social media messaging and which platform, etc.) This includes specific dates, and times of day such communications were sent and received and the specific device used to make ~~such~~ each portion of communication identified in accordance with subsection 3 above in the "Both Counts" section.

2. Describe, in accordance with 18 U.S.C. §2256, how each of the visual depiction(s) portray conduct that is "sexually explicit," and the exact number of depictions.

3. The basis for the allegation that Mr. Kuhl was involved in having a minor engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. (Complaint from a victim, referral from a separate law enforcement agency, a sting operation by a federal agency, etc.)

4. Specify the materials used to produce the visual depictions and how those materials were mailed, shipped, or transported in or affecting interstate or foreign commerce. If a phone, please identify in accordance with number 3 of the "Both Counts" section above.

5. The basis for the allegation that Mr. Kuhl produced a visual depiction of a minor engaged in sexually explicit conduct by using ~~mail~~ materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce.

6. Describe how Mr. Kuhl allegedly received the <u>photographs</u> of the sexually explicit conduct, i.e., wired device to device transfer,

email, text message, social media message, peer to peer file sharing, etc. This request includes the date and time that such photographs were sent and received; if applicable, service provider owning the medium of transfer, i.e., tmobile, At&t, verizon, comcast, charter, etc.; if applicable, platform of transfer, i.e., gmail, aol, yahoo mail, Facebook Messenger, Tik Tok, Instagram, etc.; and if applicable, username of email or messaging account or phone number. Also, if applicable, a description of the specific devices used in accordance with number 3 of the "Both Counts" section above.

7. What element of proscribed conduct (employ, use, persuade, etc.) was presented to, and the Grand Jury found probable cause to believe Mr. Kuhl executed?
8. What element of proscribed conduct (produced a visual depiction or transmitted a live visual depiction) was presented to, and the Grand Jury found probable cause to believe Mr. Kuhl executed?
9. Specifically, as to each photograph, what definition of "sexually explicit conduct" was the Grand Jury presented with and found probable cause to believe was portrayed, i.e., sexual intercourse, masturbation, lascivious exhibition of the anus, genitals, or pubic area of any person, etc.?
10. The basis for the allegation that Mr. Kuhl produced or transmitted a visual depiction of a minor engaged in sexually explicit conduct knowing, or having reason to know that such visual depiction would be transported or transmitted using any means or facilities of interstate or foreign commerce or that the would be transported or transmitted in or affecting

interstate or foreign commerce.

C. Count Two

1. Specify as to each Facebook message, what device was used to send and receive each specific message and identify such device in accordance with number 3 of "Both Counts" section above. This request also includes the date and time of day each message was sent and received, in EST.
2. Specify as to each text, what device was used to send and receive each specific text and identify such device in accordance with number 3 of "Both Counts" section above. This request also includes the date and time of day each text was sent and received in Eastern Standard Time (EST).
3. Describe how each specific text or message referenced above constitutes the act of persuasion, inducement, enticement, and/or coercion, and the specific distinct act the government contends is executed as to each text or message.
4. What element of proscribed conduct (persuade, induce, etc.) was presented to, and the Grand Jury found probable cause to believe Mr. Kuhl executed?
5. Which specific offense (completed persuasion, enticement, etc. or attempted persuasion, enticement, etc.) was presented to, and the Grand Jury found probable cause to believe Mr. Kuhl committed.
6. The basis for the allegation that Mr. Kuhl was involved in having a minor engage in sexual intercourse with him.
7. The specific location(s) at which the alleged sexual intercourse occurred. This request includes the street address and specific room

within the residence, building, or similar structure, and if the intercourse allegedly occurred in a vehicle/vessel, the type, color, and identification number.

For these reasons, and because the images are not accessible by Mr. Kuhl and are not easily accessible by standby counsel, nor the number, type, or contents of the depictions known, Mr. Kuhl request a bill of particulars identifying each depiction, as well as (to standby counsel) a copy of each depiction upon which this prosecution is predicated and the source from where ~~e~~ each came. Although Kuhl is pro se, he should still be able to consult and inquire as to advice and opinion of someone trained in the law as all attorneys do.

CONCLUSION

Based on the foregoing argument and authorities, Mr. Kuhl respectfully prays that this Court enter an Order pursuant to Fed. R. Crim. P. 7(f) directing the Government to provide him with a bill of particulars responding to Defendant's requests identified above, and for such other and further relief as this Court may deem just and proper. Due to Defendant's pro se nature, and lack of experience in preparing legal documents as well as further comfortability and confidence in oral common sense explanations, he submits that argument is essential to clarity in his arguments, fair resolution of the issues raised, especially in light of the constitutional nature and complexity of the factual and legal issues presented.

Respectfully Submitted,

S. Kuhl 61189510 [signature] March 6, 2025