UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
March 6, 2025 2:38 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB SCANNED BY: JW / 3-6

UNITED STATES OF AMERICA,
Plaintiff,

v.

SAMUEL ALEXANDER KUHL,
Defendant.

Case No. 1:23-cr-44
Hon. Jane M. Beckering

# EXPEDITED

## DEFENDANT'S MOTION TO BE PROVIDED WITH GRAND JURY TRANSCRIPTS

Defendant Samuel Kuhl, proceeding pro se, respectfully moves this Court for an order directing the disclosure of the grand jury transcript for the indictment in the case sub judice. The Defendant seeks to examine the transcript due to concerns regarding potential prosecutorial misconduct, including but not limited to the possibility that the grand jury was influenced by improper and/or insufficient evidence, and/or improper questioning or leading questions from the prosecution. Such conduct could have improperly affected the indictment, and the Defendant needs the grand jury materials to properly evaluate the fairness of the grand jury's decision and to prepare an adequate defense.

This motion is filed under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), which allows for the disclosure of grand jury materials where the Defendant can show a particularized need for such disclosure, particularily where the fairness of the proceedings or

the sufficiency of the evidence is in question. Based on the issues raised in the indictment, Defendants asserts that there is a particularized need for access to the grand jury transcript to ensure that the indictment was not the product of improper influence and that it is based on a full and fair presentation of evidence. The grounds for this motion are more fully set forth in the following Memorandum.

# MEMORANDUM

## LEGAL STANDARD

Federal Rule of Criminal Procedure 6(e) governs the disclosure of grand jury materials. Generally, a defendant is not entitled to the grand jury transcript unless they can show a particularized need that outweighs the presumption of secrecy. Courts have allowed disclosure when a defendant can demonstrate that the materials are necessary for a valid legal challenge or to prepare an adequate defense.

In United States v. Procter & Gamble Co., 356 U.S. 677 (1958), the U.S. Supreme Court held that a defendant may be entitled to grand jury materials if they can show a particularized need, such as challenging the sufficiency of the evidence presented to the grand jury. Similarily, in United States v. Williams, 504 U.S. 36 (1992), the Court stated that a defendant could seek grand jury materials if they were necessary to establish prosecutorial misconduct or to challenge an improper indictment.

Courts have recognized that improper questions or suggestive behavior by the prosecution can influence a grand jury's decision. In United States v. Dionisio, 410 U.S. 1 (1973), the Court underscored that the grand jury process must be free from improper influence and that a defendant has the right to challenge an indictment based on such misconduct.

## ARGUMENTS FOR DISCLOSURE



### A. The Need to Investigate Prosecutorial Misconduct

Defendant has a reasonable concern that the grand jury may have been influenced by improper or leading questions from the prosecution. Leading questions during a grand jury proceeding can undermine the fairness of the process by guiding the grand jurors toward a particular conclusion, rather than allowing them to independently assess the evidence. The Defendant is entitled to review the grand jury transcript to determine whether any such misconduct occurred.

Due to the fact this case is based upon the government's investigation into Defendant for unrelated crimes and not an initial complaint by the victim, creates a reasonable inference that coercion and pressure may have been executed against the alleged victim during the initial investigation and grand jury proceeding. Further, seeing as the alleged victim was a minor at the time it is more probable she could have easily improperly questioned and lead by the prosecution in an unfair manner. Additionally, this being a female victim and alleged to be involved with an older male in a sexual manner, the probability that the prosecution posed improper and leading questions to exagerrate Defendant's conduct, and biasly over-victimize the minor and her alleged involvement is even more likely.

Also, it is possible that unauthorized persons were present during the grand jury proceedings such as, Kalamazoo Detective

John Stolsonburg who has investigated Defendant and participated in other prosecutions of Defendant for unrelated criminal activity, but is not part of this case directly. Specifically, John Stolsonburg has been investigating and assisting in prosecutions of Defendant as far back as ~~to~~ at least 2017, and was investigating Kuhl for fraud alongside SA Buttery of the FBI who is the main law enforcement agent overseeing the investigation of this case. Stolsonburg has been at several of Defendant's court proceedings, specifically the January 13, 2025 hearing in this case. Further, at a preliminary examination hearing in a Kalamazoo case brought against Defendant, Stolsonburg said to Defendant "You can't run from me Sam, I'm gonna bury you," as Defendant was being arrested.

Defendant has suffered multiple instances of misconduct by law enforcement which provides more support such misconduct has also carried over into the grand jury proceedings of this indictment. SA Buttery and Stolsonburg were involved in Defendant's arrest on November 3, 2022, at which time over $8,000 was taken from Kuhl with no receipt or forfeiture notice ever being provided. On or about November 29, 2020, Stolsonburg was involved in an arrest and investigation of Defendant where approximately $5,000 was taken along with Defendant's clothes while Defendant was in the hospital. Defendant was never given a receipt, forfeiture notice, or any means to retrieve this money although he asked

for it to be returned multiple times. Again, on or about December 3, 2020, Defendant was seized by KVET under Stolsonburg's order and approval. Although Defendant was not arrested his phone and over $8,000 was taken from him despite the fact he had not committed any crime and was allowed to leave after being detained for over an hour. During this incident law enforcement lied multiple times during their request to search an apartment belonging to a member of Defendant's family where this incident was occurring. Officers repeatedly lied that they'd received tips that guns were in the apartment and then after Defendant repeatedly denied their requests to search the apartment and challenged their alleged gun tip, officers stated they were conducting a fraud investigation and were moving to get a search warrant for the apartment. Upon searching the apartment no evidence of fraud or any guns were found. The officers refused to count the money taken from Defendant in his presence or provide a receipt. A couple nights later, a couple of the officers came to Defendant's father's house around 2 am with a forfeiture notice that claimed an amount of about $7,300 had been taken when Kuhl knew it was actually over $8,000.

In this matter SA Buttery just so happened to ask for a search warrant dated back to October 1, 2020 although the basis for this warrant was an MSP interview of the alleged minor victim in this case that took place on November 9, 2022 where she allegedly says

she and defendant have known each other for about a year. It just so happens to be Stolsonburg's investigation of Defendant for an unrelated matter dates back to November 2020 and another to October 2020. SA Buttery was improperly extending the timeframe of the warrant to investigate other unrelated matters.

Furthermore, seeing all of the other issues with the prosecution's conduct in this ~~ca~~ case already, it would be of no surpise to Defendant if the government acted improperly during the grand jury proceeding. The government, with the Courts allowing it to do so, is withholding discovery and making redactions beyond what the protective order stipulates to. Coincidentally Defendant's counsel refuses to address these issues and even falsely defends the government's misconduct by stating that the complete discovery has been provided to Defendant multiple times. Only after Defendant officially filed a motion to proceed pro se did counsel coincidentally inform Defendant that counsel wanted to clarify that Defendant did not have all the discovery entitled to him, but that counsel has given Defendant everything disclosed by the government so far.

In United States v. Wilkerson, 473 F. 3d 1240 (11th Cir. 2006), the 11th Circuit held that a defendant could obtain grand jury materials if they could demonstrate that such materials were necessary to investigate whether the grand jury was improperly influenced

or misled. This principal applies here because Defendant seeks to ascertain whether the prosecution led the grand jury to issue the indictment by improperly framing the evidence or questioning witnesses in a biased manner.

B. The Indictment's Vagueness and Insufficiency Raise Questions About its Validity.

As underscored in Defendant's contemporaneously filed motions, the indictment in this case is notably vague and lacks the specificity needed to support the serious charges of child pornography production and enticement of a minor under 18 U.S.C. §§ 2551(a) and 2422(b). The indictment charges the attempted and completed act of both offenses. The indictment does not specify the precise nature of the communications between Defendant and the alleged victim, nor does it describe the substantial steps taken by Defendant to induce the minor into illegal sexual activity. As to Count One, the indictment does not even allege any communication took place between Defendant and the alleged victim. Further, the small portion of discovery covers timeframe substantially beyond that stated in the indictment, while some of it is during the timeframe specified in the indictment. In the indictment it specifically alleges Defendant received and stored "photographs" but the discovery provided thus far speaks of videos and photos.

Without such specificity, it is impossible to determine whether the grand jury was presented with sufficient and specific evidence to support and correlate with, the specific allegations, timeframe, and charges of the indictment.

In United States v. Delong, 866 F.3d 117 (5th Cir. 2017), the court discussed the need for clarity in the indictment when a defendant faces allegations of attempting to persuade or induce illegal activity. The court emphasized that the indictment must provide detailed facts to demonstrate the defendant's intent and actions toward committing the crime. Here, the vagueness and ambiguity in the indictment and as to its relation to the partial discovery, suggests that the grand jury may not have been properly instructed about the elements of the crime or the sufficiency of the evidence, and that the grand jury may have been presented with evidence outside of what is alleged and charged in the indictment, which underscores the need for the transcript to determine the propriety of the indictment.

SA Buttery's Application for search warrant dated February 8, 2023 describes a photo allegedly sent to S.D. from Defendant which depicts Defendant urinating with his penis clearly visible. This does not constitute production of child pornography and therefore, should not have been presented to the grand jury and may have prejudiced Mr. Kuhl. This allegation is within paragraph 7 under the "Proof of the Subject offenses" section on page 4 of SA Buttery's application.

A synopsis of texts alleged to be between Defendant & S.D. during a span of time from 12:17 pm until 2:51am, listed as being on August 22, 2022 was provided to Defendant from the prosecution. This synopsis is outside of the timeframe specified in the indictment. Although this synopsis alleges that S.D. sent a video of her inserting her finger into her vagina at 2:13am, nowhere does Kuhl say anything sexual, let alone allude to S.D. that he wanted such video. According to this synopsis, Defendant's last message to S.D. was sent at 1:45 am almost 30 minutes prior to this video allegedly being sent. That text allegedly from Defendant reads "I might come back tho on like Thursday for a day or 2". S.D. then says "I hope you do" and there are no more texts from either individual until 2:13 am when S.D. states "I miss you like crazy" and at the same time sends the above referenced video.

Seeing as the indictment specifically alleges between May 1. and October 31, 2021, that Defendant received and stored only photographs and this is a video and outside the timeframe charged in the indictment, any introduction of these messages and/or video to the grand jury was improper. Further, just receiving such a video does not constitute the conduct required to charge a violation of 18 U.S.C. §2251(a). There are several other issues similar to this in relation to this indictment and partial discovery, but Defendant need not elaborate on them all as he has established a particularized need to review the grand jury transcripts in

order to investigate the probable impropriety within the grand jury proceeding.

C. Disclosure is Essential for the Defendant's right to be Protected From Double Jeopardy, Fair Trial, and Effective Defense.

A defendant is entitled to a fair trial, and part of that right is the ability to challenge the validity of the indictment. Given the potential for improper questioning, instructions, and presentation of evidence, as well as suggestive conduct during the grand jury proceeding, the Defendant needs access to the grand jury transcript to evaluate whether the indictment charges what was actually presented to the grand jury, and is based on a fair and impartial review of the evidence.

## CONCLUSION

For the reasons outlined above, Defendant respectfully requests that this Court order the disclosure of the grand jury transcript for the proceedings leading to the indictment in this case. The Defendant has shown a particularized need for the transcript to investigate potential prosecutorial misconduct and to assess whether the indictment was based on a fair and impartial review of the evidence. Given the vagueness, ambiguity, and insufficiency of the indictment, along with

the possibility of improper prosecutorial conduct, the Defendant should be granted access to the grand jury transcript to ensure that justice is properly served.

Respectfully Submitted,

S. Kuhl 61189510

S. Kuhl March 6, 2025

1035 James
P.O. Box 845
White Cloud, MI