IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED - GR
March 6, 2025 2:38 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB SCANNED BY: JW 3.6

United States of America,
Plaintiff : CASE NO. 1:23-cr-44-JMB
v. : JUDGE BECKERING
Samuel Alexander Kuhl : ORAL Argument REQUESTED
Defendant :

EXPEDITED

DEFENDANT'S MOTION TO DISMISS COUNT ONE

Defendant Samuel Alexander Kuhl respectfully moves the Court to dismiss Count One of the Indictment sub judice pursuant to the Fifth and Sixth Amendments to the United States Constitution, and other lawful authority, because Count One of the Indictment fails to make factual assertions sufficient (a) to identify the particular factual bases for the charges, (b) to provide Mr. Kuhl with sufficient notice of the conduct against which he is called to defend, (c) to ascertain the specific offense the grand jury authorized be charged, (d) to ensure the grand jury was properly instructed on the elements of the offense described in Count One, and (e) to provide Mr. Kuhl with effective protection against the risk of double jeopardy. Hence, Count One must be dismissed. The reasons in support of this Motion are set forth in the following Memorandum.

# MEMORANDUM

Defendant Samuel Alexander Kuhl respecfully moves the Court to dismiss Count One of the pending indictment against him pursuant to the aforementioned authorites of law because Count One is fatally defective. Count one of the indictment uses partial generic langue lifted from 18 USC §2251(a) to charge one production of child pornography offense without identifying any specific image or images or other visual depictions that allegedly constitutes "sexually explicit conduct," state the number of depiction(s) referenced as the basis for charging the offense, alleging what specifically Mr. Kuhl allegedly did for the purpose of producing (or attempting to produce) any such depiction(s), definitively stating Mr. Kuhl knew or had reason to know such depiction(s) were produced (or meant to be produced) using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce, identifying any specific materials used to produce the visual depiction(s), definitively stating the "sexually explicit conduct" in which the minor allegedly engaged, stating any specific date or place which the alleged production occurred, identify any specific means by which such depictions were allegedly transmitted, or giving any identifying description to identify the alleged 15-year-old girl. This lack of specificity or supporting factual detail makes it impossible for Mr. Kuhl to exercise his constitution protections under the Fifth and Sixth Amendments to the United States Constitution. Therefore, Count One of the indictment should be dismissed.

## 1. BACKGROUND OF FACTS AND CHARGE

The indictment currently pending against Mr. Kuhl was filed on April 25, 2023. It purports to charge Mr. Kuhl with two counts related to child sexual abuse involving at least one teenage girl (referenced as "a fifteen-year-old girl" in Count One, and "Minor 1" as well as "a 15-year-old girl" in Count Two). Both offenses allegedly occurring during a single time period (referenced as "Between on or about May 13, and October 31, 2021" in Count One, and "From on or about May 13, and October 31, 2021" in Count Two.

Count One specifically charges Mr. Kuhl with producing or attempting to produce visual depiction(s) of a minor engaged in sexually explicit conduct in violation §2251(a), (e). Count Two alleges Mr. Kuhl persuaded, induced, enticed, and coerced a minor, using facilities and means of interstate and foreign

commerce, to engage in illegal sexual activity in violation of §2422(b) and attempted to do the same.

With respect to Count One, the government does not specify the image or image(s) it contends constitute or reflect child pornography/sexually explicit conduct, nor ~~how many~~ the # of image(s) involved. The Count does not provide the minimally required factual information as to the conduct of Mr. Kuhl that the government says constitutes use, employment, persuasion, inducement, enticement, and coercion, of the teenage girl; the indictment is not even clear whether it is contended that any such image(s) actually were produced as a result of any action by Mr. Kuhl. This is compounded by the count's second statement that Mr. Kuhl only "used" the minor to engage in sexually explicit conduct and only "received and stored photographs of that conduct," without specifying by what means such photographs were transferred. It only says Mr. Kuhl received and stored the images using his Samsung and iPhone cellular phones which were manufactured outside the United States. It further does not identify the "sexually explicit conduct" in which the alleged victim engaged. Neither does Count One specify what specific communication or communications Mr. Kuhl made, if any, and what means he used to make such communications or how such communications allegedly reflect use, employment, persuasion, inducement, enticement and/or coercion.

## 2. LAW AND ARGUMENT

"The indictment is barren of factual averments regarding the what, where, when, or how of [Mr. Kuhl's alleged] conduct, and thus, a non-clairvoyant reader cannot possibly ascertain the substance of the government's accusations from the face of the charging instrument." and thus it does not pass constitutional muster. United States v. Hillie, 227 F. Supp. 3d 57, 74 (D.D.C. 2017).

The interpretation of the indictment is generally limited to its four corners. United States v. Ferguson, 681 F.3d 826 (6th Cir. 2012). The Fifth Amendment to the United States Constitution safeguards the right not to be prosecuted "for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury." The Fifth Amendment also guarantees a criminal defendant that he shall not be deprived of his liberty "without due process of law." The Sixth Amendment to the United States

Constitution guarantees that the accused shall "be informed of the nature and cause of the accusation" in "all criminal prosecutions."

A. COUNT ONE IN THE INDICTMENT FAILS TO MAKE A SUFFICIENT FACTUAL ASSERTION TO SUPPORT THE GOVERNMENT'S CONTENTION THAT MR. KUHL COMMITTED THE CHARGED CRIME.

In order to assure that the Constitutional rights of criminal defendants are protected, an indictment must, inter alia, contain a "written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). It is well established that, in addition to incorporating languge from the statute to set forth "the general description of an offense," the indictment "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." United States v. Hess, 124 U.S. 483, 487 (1888) Providing criminal defendants with such notice is especially important for the following two reasons: (1) to "sufficiently apprise the defendant of what he must be prepared to meet," and (2) to ensure that "in case any other proceedings are taken against him for a similar offense" in the future, the defendant can protect himself from double jeopardy. Russell v. United States, 369 U.S. 749, 763-764 (1962). With regard to the first reason listed above, "an indictment not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him is defective.'" Id. at 765 (quoting United States v. Simmons, 96 U.S. 360, 362).

Count One in the indictment currently pending against Mr. Kuhl fails to adequately describe the crime he is alleged to have committed. With regard to the place the alleged offense is alleged to have occurred, the indictment states nothing more than that the offense allegedly occurred "in the Southern Division of the Western District of Michigan." Count One in the indictment fails to provide a reasonable estimation concerning the time the offense is alleged to have been committed. The use of the word "between" is confusing as to whether the alleged offense was ongoing and continious from "May 13, and october 31, 2021" or if it was on a specific date or dates during that time period, which is the same time period for Count Two with the exception of "From" instead of "Between." Mr. Kuhl was first

presented with this charging instrument in August of 2023 approximately 2 years after the offense allegedly occurred. This defective indictment does not adequately remind or apprise Mr. Kuhl as to what he must defend.

Nowhere does Count One specify the identity of the alleged minor victim other than the broad reference to a "15-year-old girl." Additionally, Count Two identifies a 15-year-old girl as "Minor 1" inferring that there is more than one minor victim as the basis for the indictment. Although, Count One alleges Mr. Kuhl used, employed, persuaded, induced, enticed, and coerced the teenage girl in its first statement it does not state what conduct (secretly recorded/photographed, text, called, emailed, instant messaged, etc.) Mr. Kuhl allegedly did to acheive this element. Furthermore, the second statement alleges ambiguously that Mr. Kuhl only "used" the teenage girl, but again fails to specify how he did so.

The element of §2251(a) violations with respect to how the defendant gets a minor to engage in "sexually explicit conduct" are distinct and purport distinguished levels of force executed by the accused against the victim. See United States v. Dawson, 64 F.4th 1227 (11th Cir. 2023) and Mr. Kuhl's contemporaneously filed motions. By not specifying the conduct, but alleging Mr. Kuhl committed them all does not apprise him of what he must be prepared to meet, nor protect against double jeopardy in the case of future prosecution.

In addition to these failures, Count One fails to describe the nature or type of "sexually explicit conduct" in which the teenage girl allegedly engaged and was visually depicted. Nor does the indictment inform Mr. Kuhl the number of visual depictions allegedly produced and whether they were actually produced by Mr. Kuhl, the alleged victim, or someone else. Thus, Mr. Kuhl cannot prepare an adequate defense, nor protect against future prosecution for the same depiction(s) used as the basis for this count. This is particularly troubling due to the second statement of Count One specifically alleging Mr. Kuhl only "received and stored" the images referenced as the basis for the offense. Count One further fails to mention any facts to support the allegation that Mr. Kuhl engaged in the charged conduct "for the purpose of producing any visual depiction" of the alleged teenage girl engaged in

sexually explicit conduct. For example, it does not state Mr. Kuhl sent messages, or made phone calls to said minor requesting or telling her to send sexually explicit photos.

The element of scienter with respect to knowing or had reason to know such depictions would be produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce is also not factually nor sufficiently asserted by the government in Count One. Unlike the charged offense of Count Two of violating §2422(b), §2251(a) does not require that the accused must knowingly employ, use, persuade, etc. a minor, but instead must know that the visual depiction of sexually explicit conduct produced as a result of employing, using, persuading, ~~ect~~ etc. said minor will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or such production or transmission was done so using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce.

Here, Count One firstly only alleges, generally, in its first sentence, Mr. Kuhl "knowingly employed, used, persuaded... a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, which depictions were produced using materials that had been mailed... in or affecting... commerce." It fails to even allege, let alone factually support, Mr. Kuhl knew or had reason to know the materials used to produce the alleged depictions had been mailed, shipped, etc. in or affecting interstate or foreign commerce. Matter of fact, the government does not identify the materials it contends were allegedly used to ~~create~~ produce the visual depictions at all, nor who they contend allegedly actually produced these mysterious visual depictions. The second sentence attempts to clarify and revive Count One, however, sadly, it only further contradicts the first sentence and creates confusion, compounding the insufficiency of Count One. This second statement specifically alleges Mr. Kuhl only "used" a "15-year-old girl to engage in sexually explicit conduct and received and stored photographs of that conduct." There are no specifics at to what conduct Mr. Kuhl allegedly did to "use" the teenage girl, nor as by what means he received (not produced) these alleged photographs. It only states that allegedly Mr. Kuhl received and stored them using

his Samsung and iPhone cellular phones, both of which were manufactured outside the United States. While these phones were manufactured outside the U.S., it does not state they were the materials used to produce the visual depictions. Additionally, the government does not specify by what means Mr. Kuhl allegedly received the photos. Receiving and producing child pornography are two different offenses and without more, the government fails to meet the constitutional requirements within the four corners of the indictment with respect to Count One, to sufficiently state either offense. For these reasons, Count One must be dismissed.

B. BECAUSE THE GRAND JURORS WERE NOT PROPERLY INSTRUCTED ON THE ELEMENTS OF THE OFFENSE DESCRIBED IN COUNT ONE OF THE INDICTMENT, THE GRAND JURY RELIED ON INSUFFICIENT AND ERRONEOUS INFORMATION WHEN CHARGING MR. KUHL WITH THE OFFENSE SET FORTH IN THIS COUNT; THE SPECIFIC OFFENSE THAT THE GRAND JURY AUTHORIZED CANNOT BE ASCERTAINED ON THE FACE OF THIS INDICTMENT AS TO COUNT ONE.

"The Fifth Amendment's mandate that 'no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury" is every American citizen's safeguard against unfound criminal charges." United States v. Hillie, 227 F. Supp. 3d at 76 (quoting U.S. Const. Amend. 5.). "The indictment clause of the Fifth Amendment requires that an indictment contain some amount of factual particularity to ensure the prosecution will not fill in elements of its case with facts other than those considered by the grand jury." United States v. Pirro, 212 F. 3d 86, 92 (2nd Cir. 2000). "Little may be left open to construction or interpretation of an indictment" after the grand jury returns the indictment, because "if the offense is not plainly stated and is made so only by a process of interpretation, there is no assurance that the Grand Jury would have charged such an offense." Van Liew v. United States, 321 F. 2d 664, 669 (5th Cir. 1963).

Unless a written indictment includes the factual basis for the grand jury's probable cause finding, there is no indication (much less an assurance) that the charge stated in the indictment is based on the same facts which the prosecutor later attempts to obtain a conviction at trial. Hillie, 227 F. Supp. 3d at

concluded established probable cause of the offense charged. Count One does not identify what specifically Mr. Kuhl did, what (if any) "sexually explicit conduct" the teenage girl engaged in or was asked to engage in, what (if any) visual depiction(s) actually showed "sexually explicit conduct," by what means of delivery (if any) Mr. Kuhl received such visual depictions, what materials (if any) were used to produce such visual depictions, or what (if any) visual depictions were produced at Mr. Kuhl's behest, sought by him, or received by him. There is thus no guarantee that whatever facts or theories the government presents at trial are the same facts and theories on which the grand jury passed. Thus, Mr. Kuhl's right to be tried only upon charges found by a grand jury is not satisfied and Count One should be dismissed.

As Justice Jackson explained in Hillie, while there are some offenses where "the statutory text is worded so narrowly" that "an indictment parroting the language of a federal criminal statute is often sufficient," "there are also criminal offenses that are broadly worded, and thus 'must be charged with greater specificity' in order to give the defendant sufficient notice of the crime." 227 F. Supp 3d at 74 (quoting United States v. Resendiz-Ponce, 549 U.S. 102, 109 (2007)).

The protections established in the Bill of Rights arguably represent the portion of the United States Constitution that is most celebrated. Because the framers of the Bill of Rights "were not engaging in a mere verbal exercise," the rights established in such amendments as the Fifth and Sixth Amendments to the Constitution are important and fundamental rights that must be seriously enforced. United States v. Estepa, 471 F. 2d 1132, 1136 (2nd Cir. 1972). The right of a criminal defendant not to be prosecuted for an "infamous" crime unless an indictment has been returned by a grand jury "was devised to prevent harassments growing out of malicious, unfounded, or vexatious accusations." United States v. Wells, 163 F. 313, 324 (D. Idaho 1908). Importantly, the right to the grand jury process stands as a safeguard against arbitrary or oppressive action.

In the context of a child-pornography-related offense, identification of the specific images and conduct at issue is especially important. Whether a given image depicts "sexually explicit conduct" can be a complicated and nuanced mixed issue of law and fact, especially where the allegation is that the image

involves "lascivious display of genitalia." Because the Supreme Court has repeatedly described the conduct prohibited by the terms "sexual conduct" and "sexually explicit conduct" in the child pornography statutes as "hard core" sexual conduct, to fall within the definition of "lascivious exhibition of the genitals" the minor's conduct "must consist of her displaying her... genitalia... in a lustful manner that connotes the commission of a sexual act." United States v. Hillie, 39 F. 4th 674, 686 (D.C. Cir. 2022). The statutory definition, by its terms, does not encompass any exhibition of the genitals, but rather only exhibitions that are "lascivious." Brown, 579 F. 3d at 681-82 (display of nude genitals and/or pubic area is not alone sufficient to satisfy "lascivious" requirement); see also Perkins, 850 F. 3d 1114, 1121-22 (nude "selfie" of minor sitting on bed "completely nude" and who "can be seen in the image from her upper thigh area to the top of her forehead" with breasts and genital area "clearly visible" did not depict "sexually explicit conduct" as a matter of law and thus could not support probable cause for issuance of search warrant). See also United States v. Williams, 553 U.S. 285, 296 (2008); United States v. X-Citement Video, Inc. 513 U.S. 64, 78-79, and 84 (1994); New York v. Ferber, 458 U.S. 747, 773 (1982); United States v. 12 200-Foot Reels of Super 8mm. Film, 413 U.S. 123, 130 (1973); and Miller v. California, 413 U.S. 15, 27 (1973) as Supreme Court precedent holding the terms "sexual conduct" and "sexually explicit conduct" with respect to child pornography ~~to refer to~~ must show "hard core" sexual conduct.

3. CONCLUSION

The generic, contradictory, ambiguous ~~[illegible]~~ allegations in Count One against Mr. Kuhl fail to sufficiently identify the purported basis for the charges against him. For the reasons discussed in this motion, Mr. Kuhl was denied his constitutional right to be charged by an indictment returned by a grand jury, he was denied his constitutional right to due process, and his constitutional right to be informed of the nature and cause of the allegations against him. The indictment, therefore, violates Mr. Kuhl's Fifth and Sixth Amendment rights as well as Rule 7(c)(1). Because it is the court's duty to ensure that a defendant's constitutional rights are protected, and because courts must protect against circumstances in which a defendant could be "convicted on the basis of facts not found by, and perhaps not even

presented to, the grand jury which indicted him," Russell v. United States, 369 U.S. 749, 770 (1962), Mr. Kuhl requests that this Court dismiss Count One of the indictment pending against him.

Respectfully Submitted,

[signature] March 6, 2025

S. Kuhl 61189510