UNITED STATES OF AMERICA
DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
March 13, 2025 11:49 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB SCANNED BY: KB 3/13

United States of America,
Plaintiff,

v.

Samuel Alexander Kuhl,
Defendant.

Case No. 1:23-cr-44
Hon. Jane M. Beckering

# EXPEDITED

## DEFENDANT'S MOTION TO DISMISS COUNT TWO BASED ON THE EIGHTH AMEND.'S PROHIBITION ON CRUEL AND UNUSUAL PUNISHMENT

Defendant SAMUEL KUHL, proceeding pro se, respectfully moves that Count Two of the indictment be dismissed because it is facially and as-applied unconstitutional, as in that it violates the Eighth Amendment to the U.S. Constitution's prohibiton of cruel and unusual punishment.

As a threshold matter, the Court must understand that the circumstances and conduct alleged in Count Two is not the typical enticement and coercion of a minor case in any manner by which that term has any meaning in common parlance. Rather, as revealed in the partial discovery, Defendant was misled by a girl into believing that she was truly 17 years old, and thus of legal age to engage in sexual intercourse consentually with the Defendant who was 29 years old in the timeframe alleged in the indictment. By

viewing the partial discovery and accounting for the psychologist DuBois' statement during Mr. Kuhl mental health evaluation, it is the government's contention that the female who falsely purported herself as 17 years old was actually 15 years old, and thus not able to legally consent to engage in sexual intercourse with Mr. Kuhl under Michigan State law. However, taking into account the two factors above, Mr. Kuhl and the minor female were allegedly in a romantic relationship before the young lady's age was truly revealed. After this revelation, the government alleges that Mr. Kuhl continued this romantic relationship and communicating by Facebook Messenger and Cellular Telephones to do so.

As the Court is aware, 18 U.S.C. § 2422(b) carries a draconian mandatory minimum of 10 years and maximum sentence of life imprisonment. The underlying illegal sexual activity for the federal criminal charge, Third Degree Criminal Sexual Conduct, MCL § 750.520d, carries no mandatory minimum and a maximum sentence of 15 years. While Mr. Kuhl does have a lengthy criminal history, it exagerrates his true character in a negative way that does not reflect who he truly is, and although Mr. Kuhl does have several felony convictions, none are sexual in nature or involve neglect or abuse towards children.

For these reasons, which will be laid out more throughout this motion, as well as the ways 18 U.S.C. § 2422(b) has been applied, interpreted, and enforced, Count Two should be declared

unconstitutional due to its cruel and unusual penalty of imprisonment.

A memorandum in support of this motion is attached.

Respectfully Submitted,

S. Kuhl

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

Memorandum

## LAW AND ARGUMENT

Defendant concedes that it is a high bar to reach to prove a penalty for acrime enacted and authorized by Congress is cruel and unusual. "[T]he fixing of prison terms for specific crimes involves a substantive penological judgment that, as a general matter, is properly within the province of legislatures, not courts." Harmelin v. Michigan, 501 U.S. 957, 998, 111 S. Ct. 2680 (1991) (Kennedy, J., concurring in part and concurring in the judgment). However, multiple courts have found the 10 year mandatory sentence draconian, but refuse to take action to remedy the issue. In United States v. Nagel, 559 F. 3d 756 (7th Cir. 2009), the Seventh Circuit acknowledged the district court did state the 10 year mandatory minimum of 18 U.S.C. §2422(b) was draconian, and if not for the mandatory minimum, it would have sentenced within the applicable guidelines range of 46 to 57 months. Nagel was duped by an undercover police officer portraying to be a 14 year old girl, and even though originally knowing the girl's purported age, he pursued a sexual relationship with her and used the internet to do so. Look to United States v. Brown, 826 F. 3d 51 (2nd Cir. 2016) (holding that while production and possession of child pornography are serious offenses, one should not face punishment equal to or greater than sentences typically imposed on murderers. See also United States v. D.W., 198 F. Supp. 3d 18 (E.D. N.Y. 2016) for a vast outline of opposition to mandatory minimums by judges, legal scholars, and human rights advocates.

## A. FACIAL CHALLENGE

As noted previously, Third Degree Criminal Sexual Conduct is a felony punishable by imprisonment for not more than 15 years under Michigan law. Specifically, MCL 750.520d criminalizes any person who engages in sexual penetration with someone at least 13 years of age and under 16 years of age. It is this state criminal offense that Count Two alleges Mr. Kuhl influenced a minor to engage in [redacted]

Alabama criminalizes a person of at least 16 years old having sexual intercourse with another person who is at least 12 years old, but less than 16 years old; provided, however, the actor is at least two years older than the other person. (Ala. Code. 13A-6-62 Rape in the second degree) Such felony is a Class B and is punishable by imprisonment for not more than 20 years or less than two years. Under Alabama law, a person convicted of and sentenced for this crime is eligible to be released after serving 50% of their sentence if they maintain good behavior.

Alaska criminalizes a person of at least 17 years old engaging sexual penetration with a person who is 13, 14, or 15 years of age and at least four years younger than the offender. (Alaska Stat. 11.41.436(a)(1) Sexual abuse of a minor in the second degree) Under Alaska law, an offender is to be sentenced to five to 15 years, but there a several oppurtunities to obtain early release and pre-release furloughs.

Arizona criminalizes sexual intercourse with any person who is at least 15 years of age but younger than 18 as a class 6 felony, which is the

lowest grade felony in the state of Arizona. (ARS Sexual conduct with a minor) This crime is most punishable up to two years in prison.

Arkansa's age of consent is 16. It is a crime in Arkansas for anyone who is 18 years or older to engage in: sexual intercourse, deviate sexual activity, or sexual contact with a person younger than 15. (Ark. Code 5-14-110 Sexual indecency with a child) This is a Class D felony and the sentence shall not exceed six years. (Ark. Code 5-4-401 (5))

California criminalizes sexual intercourse between a person who is 21 years of age or older and a person under the age of 16. (CA Penal Sec. 261.5(d) Unlawful Sexual intercourse) Such crime can be a misdemeanor or felony punishable by a term of imprisonment not to exceed four years.

Colorado's age of consent is 17. It is a crime in Colorado for any actor to knowingly subject another that is not his or her spouse to any sexual contact if the victim is less than 15 years of age and the actor is at least four years older than the victim. (Colo. Rev. Stat. § 18-3-405) Such crime is a Class 4 felony and is punishable by a term not to exceed six years of imprisonment. (Colo. Rev. Stat. § 18-1.3-401 (V.5)(A))

Connecticut's age of consent is 16. It is a crime in Connecticut for any person to have sexual intercourse with a person under the age of 16, but older than 12 years of age and the actor is more than 3 years older. (Conn. Gen. Stat. §53a-71(a)(1)) Such is a Class B felony and requires a term of imprisonment of which nine months of the sentence imposed may not be suspended or reduced by the court.

Delaware's age of consent is 16. It is a crime in Delaware for any person to engage in sexual intercourse with another person who has not attained the age of 16 and the actor is at least 10 years older than the victim. (Del. Code Tit. 11 Sec. 771 Rape in the third degree) Such crime is a class B felony punishable by a term of imprisonment not less than 2 years up to 25 years. (Del. Code Tit. 11 Sec. 4205)

District of Columbia criminalizes any person 18 years of age or older who engages in a sexual act with someone who has not attained the age of 18. (DC Code 22-3009.01 First degree sexual abuse of a minor) Such crime is punishable by a term of imprisonment not to exceed 15 years.

Georgia's age of consent is 16. Any person is 21 or older and engages in sexual intercourse with a person under the age of 16 is guilty of statutory rape and shall be punished by a term of imprisonment not less than 10 years nor more than 20. (GA Code 16-6-3 Statutory rape)

Hawaii's age of consent is 16. Anyone who being at least five years older than the victim engages in sexual penetration with another who is at least 14 but less than 16 years old is guilty of sexual assault in the first degree. (Haw. Rev. Stat. 707-730 (1)(c)) Such crime is a class A felony punishable by an indeterminate prison term of 20 years, which is to be determined, as to the minimum, by Hawaii Paroling authority. (Haw. Rev. Stat. 706-659)

Idaho criminalizes sexual penetration involving a person 18 years of age or older and the other is under the age of 16. (Idaho Code 18-6101) Such crime is punishable by imprisonment for not less than one year and

can be extended up to life in the discretion of the judge. (Idaho Code 18-6104)

Florida criminalizes one who engages in sexual activity with a person 12 years of age or older but less than 16 years of age. (Fla. Stat. Ch. 800.04 (4)(a)(1)) Such crime is a second degree felony punishable by a term of imprisonment not to exceed 15 years.

Indiana makes it a crime for someone 21 years of age or older to have sexual intercourse with someone under the age of 16. (Ind. Code 35-42-4-9) Such crime is a level 4 felony punishable by a term of imprisonment of two to 12 years.

Iowa makes it a crime for a person to have sexual intercourse with another person who is 14 or 15 years old and the accused is at least 4 years older. (IA Code Sec. 709.4) Such crime is a class C felony punishable by a term of imprisonment not to exceed ten years.

Kansas criminalizes anyone who has sexual intercourse with someone who is 14 or 15 years old. (Kan. Stat. 21-5506) Such crime is a level 3 severity person felony.

Kentucky makes it a crime for a person 21 years of age to have sexual intercourse with someone under the age of 16. Such crime is a class D felony punishable by not less than 1 year nor more than 5. (KY Rev. Stat. 510.060 Rape in the third degree)

Louisiana makes it a crime for anyone 17 years of age or older to have sexual intercourse with person who is at least 13, but less than 17 years of age when the accused is at least four years older than

the victim. (La. Sec. 14:80 Felony carnal knowledge of a juvenile) Such a crime is punishable by a term of imprisonment not to exceed ten years.

Maine makes it a crime for anyone at least ~~four~~ five years older than victim to engage in a sexual act with someone who is 14 or 15 years old. (ME Rev. Stat. Tit. 17-A Sec. 254 Sex abuse of a minor) Such is a crime punishable by less than 1 year and is a class D.

Maryland makes it a crime for anyone 21 or older to engage in vaginal intercourse with a person who is 14 or 15 years old. (MD Code CR 3-307 Sex offense in the third degree) Such crime is punishable by a term of imprisonment not to exceed ten years.

Massachusetts makes it a crime to induce anyone under the age of 18 to have sexual intercourse. (Mass. Gen. Laws Ch. 272 Sec. 4) Such crime is punishable by a term of imprisonment not to exceed three years.

Minnesota makes it a crime for anyone to engage in sexual penetration where complainant is 14 or 15 and the actor is at least 2 years older. (Minn. Stat. 609.344 Subdivision 1a (b)) Such crime is punishable by a term of imprisonment not to exceed 15 years.

Mississippi makes it a crime for anyone 21 years of age or older to have sexual intercourse with a child who is at least 14 but under 16 years of age. (Miss. Code § 97-3-65 Statutory rape) Such crime is punishable by a term of imprisonment not to exceed 30 years.

Missouri makes it a crime for anyone 21 years of age or older to have

sexual intercourse with someone under the age of 17. (Mo Rev. Stat. 566.034 Statutory rape, second degree) Such crime is a class D felony punishable by a term of imprisonment not to exceed seven years.

Montana makes it a crime to have sexual intercourse with someone under the age of 16 if the actor is at least 4 years older than the victim. (Mont. Code 45-5-503 Sexual intercourse without consent) Such crime is a felony punishable by a term of imprisonment no less than four years or more than 100 years.

Nevada makes it a crime for any person 21 years of age or older to have sexual intercourse with a person who is 14 or 15 years old. (Nev Rev. Stat. 200.368 Statutory sexual seduction) Such is a crime punishable by a term of imprisonment not less than one year or more than 10 years.

New Hampshire makes it a crime for any person to engage in sexual penetration with someone who is at least 13 but less than 16 years old and the actor is at least four years older. (NH Stat. 632-A:3 Felonious Sexual Assualt) Such crime is a Class B felony punishable by a term of imprisonment not to exceed seven years.

New Mexico makes it a crime for a person at least 18 years of age and at least four years older than the victim sexually penetrates a person at least 13 but less than 17 years of age. (NM Stat. 30-9-11 Criminal sexual penetration) Such is a crime classified as a fourth degree felony punishable by a prison term of 18 months.

New York makes it a crime for anyone 21 years of age or older has sexual intercourse with a person less than 17 years old. (NY Pen. Law

130.25 Rape in the third degree) Such is a class E felony punishable by a term of imprisonment not to exceed four years.

North Carolina makes it a crime for anyone to engag in vaginal ihtercourse with a minor who is 15 years of age or younger and the defendant is at least 12 years old and at least six years older than the other person. (NC Gen. Stat. 14-27.25 Statutory rape) Such crime is a class B1 felony.

North Dakota makes it a crime for any adult to engage in a sexual act with a minor who is 15 years of age or older. (ND Cent. Code 12.1-20-05) Such crime is a class A misdeamenor punishable by a prison term not to exceed 360 days.

Ohio makes it a crime for anyone 18 years of age or older to engage in sexual conduct with anyone who is 13 years of age or older but less than 16 years of age. If the offender is ten or more years older than the minor such is a crime classified as a felony of the third degree. (Ohio Rev. Code 2907.04 Unlawful sexual conduct with a minor)

Oklahoma makes it a crime for anyone over the age of 17 to have sexual intercouse with a minor at least 14 but less than 16 years of age. (Okla. Stat. Tit. 21 Sec. 1116 Rape in the second degree) Such crime is punishable by a term of imprisonment not less than one year or more than 15 years.

Oregon makes it a crime for any person to have sexual intercourse with another person under 16 years of age. (ORS 163.355 Rape in the third degree) Such crime is a class C felony punishable by a prison term

not to exceed five years. (ORS 161.605)

Pennsylvania makes it a crime to engage in sexual intercourse with a minor under the age of 16 punishable up to 20 years in prison if the offender is at least 11 years older than the victim. (18 Pa. Const. Stat. §3122.1 Statutory sexual assault)

Rhode Island makes it a crime for anyone 18 years of age or older to engage in sexual intercourse with someone who is over the age of 14 years and under the age of 16 years. (RI Gen. Laws 11-37-6 Third degree sexual assault) Such crime is punishable by a prison term not to exceed five years. (RI Gen. Laws 11-37-7)

South Carolina makes it a crime for someone over the age of 17 to have sexual intercourse with someone who is at least 14 but less than 16. (SC Code 16-3-655 Criminal Sexual Conduct with a minor) Such crime is punishable by a term of imprisonment not to exceed 20 years.

South Dakota makes it a crime to engage in sexual penetration with a minor who is at least 13 but less than 16 years of age and the actor is at least three years older. (S.D.CL 22-22-1(5)) Such crime is rape in the fourth degree and is a class 3 felony punishable by a term of imprisonment not to exceed 15 years. (SDCL 22-6-1(6)))

Tennesse makes it a crime to engage in sexual penetration with someone who is at least 13 but less than 18 years of age and the defendant is at least 10 years older. (Tenn. Code 39-13-506(c)) Such crime is a class D felony and is punishable by up to 4 years in prison.

Texas makes it a crime for any person to sexually penetrate another who is less than 17 years old. (Texas Penal Code Sec. 22.011(a)(2) Sexual assault) Such is a second degree felony punishable by a prison term not less than 2 years or more than 20 years.

Utah makes it a crime for anyone 18 years of age or older to have sexual intercourse with a minor who is at least 14 but less than 16 years of age. (Utah Code 76-5-401 Unlawful sexual activity with a minor) Such crime is a third degree felony punishable by an indeterminate prison term not to exceed five years. (Utah Code 76-3-203)

Vermont makes it a crime for anyone 19 years of age or older to have sexual intercourse with a minor under the age 16. (VT Stat. Tit. Sec. 3252(c)) Such is a crime punishable by a term of imprisonment not to exceed 20 years.

Virginia makes it a crime for anyone over the age of 17 to engage in sexual intercourse with a minor 13 years of age or older but less than 15. (Virginia Code Sec. 18.2-63.A, Carnal knowledge of child) Such crime is a Class 4 felony punishable by a term of imprisonment not less than 2 years nor more than 10 years. (Virginia Code Sec. 18-2-10(d))

Washington makes it a crime to have sexual intercourse with a minor at least 14 but less than 16 years of age if the actor is at least forty-eight months older than the minor. (Wash. Rev. Code 9A.44.079 Rape of a child in the third degree) Such crime is a class C felony.

West Virginia ~~makes~~ makes it a crime for anyone being 16 years old or more to engage in sexual intercourse with a person under the age of 16 if the

actor is at least four years older than the minor. (WV Code 61-8B-5 Sexual assault in the third degree) Such crime is a felony punishable by a term of imprisonment not less than one year nor more than ten years, or a fine not more than $10,000 and a prison term not less than one year nor more than 5 years.

Wisconsin makes it a crime for anyone to engage in sexual intercourse with a person who has not attained the age of 16 years. (Wis. Stat. Sec. 948.02 Sexual assault of a child) Such crime is a class C felony punishable by a term of imprisonment not to exceed 40 years but requires no mandatory minimum or mandatory prison term.

Wyoming makes it a crime for anyone, being 17 years of age or older, to engage in sexual intercourse with a minor who is at least 13 but less than 16 years of age. (Wyo. Stat. 6-2-315 Sexual abuse of a minor in the second degree) Such crime is punishable by a term of imprisonment not to exceed 20 years.

Above are several states' laws concerning statutory rape in one term or another. Defendant has searched strenuously to find this information to provide the Court with the information to take into consideration when analyzing the basis for this motion: the penalty for 18 U.S.C. §2422(b). Almost every state above has good time credits that ~~reduct~~ reduce any state prison term. To the best of defendant's knowledge Michigan and Florida do not allow state prisoners to serve part of their imposed sentence. For example, if someone were convicted of CSC Third degree in Michigan and received a sentence of

3 to 15 years, that person would have to serve the entire 3 years before being eligible for release on parole. However, if such person were to display severe continuous misconduct while in prison, he could be detained for the entire 15 year period, although such circumstance would be very rare. Even after release, such person would be required to register as a sex offender.

As noted above, it seems only Georgia has a mandatory minimum for the above described crime that is equal to that of 18 U.S.C. § 2422(b). However, unlike the federal law, Georgia has provisions that do not mandate the ten year minimum, and their maximum penalty is not like the draconian life sentence possible under 18 U.S.C. §2422(b); in Georgia the maximum is 20 years. Further, Georgia allows for inmates to do a portion of their sentence due to good behavior and other programs while in prison. While the federal government allow certain programs for federal ~~govern~~ inmates to receive good time beyond the 15% offered to all prisoners that are not sentenced to life or death, such programs are not allowed to those sentenced for violating 18 U.S.C. §2422(b). The First Step Act nor safety valve factors under the U.S. sentencing guidelines are applicable to those who are convicted of 18 U.S.C. §2422(b). RDAP (drug treatment program in BOP) and even the sex offender classes in federal prisons do not allow violators of 18 U.S.C. §2422(b) to get extra good time, but do allow so for other prisoners. Although the conduct to violate §2422(b) is wrong and reprehensible, alot of the time such conduct does not involve violence even though it is classified as a violent crime. To mandate a 10

year ~~minum~~ minimum sentence in all convictions without taking any of the facts and circumstances into account is arbitrary, cruel, and unusual.

Several of the states above do not carry mandatory minimums for the crimes above and those that do have provisions that allows the court discretion to not impose the mandatory minimums. Moreover, the crimes above punish actual sexual intercourse, while §2422(b) punishes speech used to influence a minor's state of mind to engage in any sexual activity for which any person can be charged with a criminal offense. Surely actually engaging in such sexual activity is worse than communicating with a minor to convince them to do so. According to the courts, §2422(b) applies to any offense that is sexual in nature, whether a felony or misdemeanor does not matter. See United States v. Shill, 740 F.3d 1347 (9th Cir. 2014); United States v. Kokayi, 1:18-cr-410 (LMB) (E.D. Va. July 9, 2019); United States v. Paduch, 23-CR-181 (RA) (S.D. N.Y. Aug. 2, 2024); United States v. Badalamenti, 03:11-CR-00269-HZ (D. Or. Nov. 14, 2012). Thus, for using the internet to commit what is a misdemeanor in some circumstances, the federal government is penalizing people with a mandatory ten year sentence.

What's worse is the ~~gov~~ courts have so far manipulated the interpretation of the statute to penalize ~~though~~ those who are accused of violating §2422(b) without needing to prove that the defendant actually intended to commit the underlying illegal sexual activity. It only need to be proved that the accused, sought to overcome the will of, or achieve a ~~mind~~ mindstate in, the minor. United States v.

Thomas, 410 F.3d 1235 (10th Cir. 2005); see also United States v. Faust, 795 F.3d 1243 (10th Cir. 2015) (holding §2422(b) "criminalizes the sexual grooming of minors, regardless of any intent to consummate the illegal sexual activity."); United States v. Dwinells, 508 F.3d 63, 65 (1st Cir. 2007) (rejecting "that section 2422(b) should be interpreted to include, as an additional element of the offense, an intent that the underlying sexual activity actually take place"). "The government must prove that the defendant intended to cause assent on the part of the minor, not that he acted with the specific intent to engage in sexual activity." United States v. Lee, 603 F.3d 904, 914 (11th Cir. 2010).

However, this interpretation is not only absurd, but contradicts itself considering the decisions of actual and attempt §2422(b) offenses. It seems to be only when the underlying illegal sexual activity takes place that a completed violation of 18 U.S.C. §2422(b) is charged. Only when the underlying sexual activity does not take place is the attempt charge brought. See United States v. Jakits, 2:22-CR-194 (S.D. Ohio Aug. 24, 2023) (charged with attempted enticement of a minor in violation of §2422(b) for conversating with two minors who were sisters to video chat him nude, but the video chat did not take place); Thomas, 410 F.3d 1235 (attempt charge for communicating online with a cop posing as an underage girl so sexual activity obviously did not occur); United States v. Howard, 766 F.3d 414 (5th Cir. 2014) (attempt charge when underlying criminal sexual activity did not occur because minor was actually an undercover cop).

If the crime is to overcome the will or achieve a state of mind in the minor without a necessary intent to consummate the illegal sexual activity, why is it that only attempt charges are brought when such sexual activity does not take place? Once the minor, or person believed to be a minor, agrees or assents to engage in the illegal sexual activity then the completed offense, under this no need to prove intent to actually engage in the underlying conduct interpretation, should be the charge. Courts have tried to insinuate the attempt language is specifically for cases involving ficticious minors because it is not an actual minor being enticed thus, it must be an attempted offense. Such explanation does not uphold against a keen sense of smell. Cases that have tried to implicate the "attempt" language of §2422(b) in such a way are many. See United States v. Dahl, 81 F.Supp.3d 405 (E.D. Pa. 2015) ("This attempt language has been construed to include the circumstance where the offender believes the victim to be a minor, even though the purported victim is actually an adult, such as ~~law~~ a law enforcement official playing the role of a minor." "It is only the attempt language that broadens the subsection to allow for a conviction where there is a victim who pretends to be a minor, such as an undercover law enforcement officer.") Dahl cites United States v. Tykarsky, 446 F.3d 458 (3rd Cir. 2006); United States v. Gagliardi, 506 F. 3d 140 (2nd Cir. 2007); United States v. Root, 296 F.3d 1222 (11th Cir. 2002). However, in United States v. Norton, 48 F. 4th 124 (3rd Cir. 2022) an attempt charge was brought when the minor was an actual 14-year-old boy. Norton, a 38 year-old woman, had communicated with the boy over several months and they decided to meet for a sexual

encounter and the woman drove from Connecticut to Pennsylvania to meet the boy. After meeting for a brief period at a public park the boy left to go have lunch with his parents, but promised to come back. While away, the boy's parents went through his phone and found out about Norton and contacted the police. Norton was charged with attempted enticement in violation of 18 U.S.C. § 2422(b). If the crime is to only achieve a state of mind in the minor using a facility of interstate commerce regardless of intent to actually engage in the illegal sexual activity Norton should have been charged with a completed offense. Norton wasn't because to complete the offense the illegal sexual activity must have taken place. Another example of an attempt involving a real minor is United States v. Hahn, 58 4th 1009 (8th Cir. 2023). Again in Hahn the illegal sexual activity did not take place and thus, Hahn attempted to entice the minor. Because the completed offense involves sexual activity to occur, an attempt is for when it does not occur but the defendant still tried to convince the minor to engage in that illegal sexual activity.

Furthermore, the two requisite elements of attempt, (1) the defendant's intent to commit the criminal activity; and (2) that the defendant commit an overt act that constitutes a "substantial step" toward commission of the crime, have been applied in §2422(b) in ways that suggest the intent to commit the underlying sexual activity must exist. See United States v. Bilderbeck, 163 F.3d 971, 975 (6th Cir. 1999) stating what the government must prove to convict a defendant of attempt. United States v. Harmon, 593 F. App'x 455,

465 (6th Cir. 2014) (finding "Harmon's arrival at the motel" to be "a substantial step that went beyond 'mere preparation'" that "satisfie[d] the requirement for an attempt under 18 U.S.C. §2422(b)"). Arriving at a motel is a substantial step toward engaging in sexual activity, 'mere preparation' would be just conversating and trying to convince someone to engage in that activity. Thus, the substantial step is to prove intent to follow through with sexual activity, not merely to achieve a mind state without any true intent to commit a crime. A substantial step toward just achieving a mind state would be to continue a conversation sexual in nature with a minor. In United States v. Roman, 795 F.3d 511 (6th Cir. 2015) the Court held that the defendant took a substantial step by buying gifts for the minor, condoms, and traveling to meet the minor. Buying condoms and traveling to ~~a~~ rendezvous with a man and his daughter, when the man has disgustingly promised his daughter sexually, is a substantial step towards engaging in sexual activity. It's 2025, Trump is in office, and its time for some common sense! Similar to Roman is United States v. Vinton, 946 F.3d 847 (6th Cir. 2020), where the Sixth Circuit cited Roman and reiterated "[t]his Court has described both communicating with an adult intermediary and traveling to meet the minor as substantial steps under §2422(b)".

Look to United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004) ("Speech attempting to arrange the sexual abuse of ~~a minor~~ children is no more protected than speech attempting any other type of crime." But if the crime does not require the intent that such sexual abuse occurs then

the speech is not to arrange such abuse but only to arrange a "state of mind." Punishment of imprisonment for a minimum of 10 years to life for communicating to acheive a mindstate or assent, but not have to prove the defendant actually sought to follow through on the conduct that is the purpose of achieving such mindstate or assent, is ludicrous, cruel, and unusual!! ~~Defendant~~ Mr. Kuhl is not justifying seeking out children to mind manipulate them into having sex. It is wrong and reprehensible, but not having to prove that ~~the~~ a defendant actually intended to have sex with that child and lock him away for a decade to life with no consideration for the facts and circumstances is wrong! Then, the way "sexual activity" is being so broadly construed is more support 18 U.S.C. §2422(b) is cruel and unusual. Typically "sexual activity" is is synonymous with penetration/intercourse or the most severe conduct of sexual nature, whereas terms such as "sexual contact" are for less severe types of conduct. See 18 U.S.C §2246 defining "sexual act" and "sexual contact". Look at Arkansas Code 5-14-101 (1) defining "Deviate sexual activity," while it is referring to "deviate" conduct it is described as penetration. Subsection (13) of that same Arkansas Code defines "sexual intercourse" as penetration, while "sexual contact" is defined by less egregious conduct. See District of Columbia Code 22-3001 defining "sexual act" and "sexual contact," again, "sexual act" is described as the most egregious type of conduct; see also Florida Statutes Chapter 800.04(1)(d); Maine Revised Statutes Title 17-A Sec. 251; Maryland Code CR 3-301; Missouri Revised Statutes 566.010; New Hampshire Statutes 632-A:1; North

Carolina General Statutes 14-27.20; North Dakota Century Code 12.1-20-02; Rhode Island General Laws 11-37-1.

Although not all of the states above define "sexual activity" they do clearly distinguish between conduct that is sexual in nature and the severity of such conduct. However, §18 U.S.C. §2422(b) does not do so, and in not doing so still mandates a decade of imprisonment regardless of the underlying criminal conduct. This is cruel and unusual, especially seeing as those convicted of §2422(b) violations are not eligible for safety valve factors, First Step Act, or other programs and laws that allow for a sentence reduction or extra good time.

Furthermore, the amendment to 18 U.S.C. §2427 shows that §2422(b) can be applied to creation of child pornography as described in 18 U.S.C. §2256. However, the punishment for producing or attempting to produce child pornography has a higher mandatory minimum but a lesser maximum. See 18 U.S.C. §2251(a) and (e). Is it worse to achieve a mind state in a minor or attempt to do so (§2422(b)) than it is to produce or attempt to produce sexually explicit visual depictions of a minor (§2251(a))? If it is worse, then the minimum statutory sentence should at least be equal to §2251(a) surely. If it is not then surely the maximum penalty of §2422(b) should not be greater than §2251(a). As the Indiana Supreme Court held in Thomas v. State, 264 Ind. 581, 348 N.E. 2d 4 (1976), the Eighth Amendment prohibits legislature from providing punishments for lesser-included offenses which are greater than those provided for greater offenses. When an offense causes less

revulsion than punishment imposed for its commission, grossly disproportionate punishment has been inflicted. United States v. Gonzalez, 922 F.2d 1044 (2nd Cir. 1991).

Moreover, look at the way the government has disproportionately chosen to punish its own under 18 U.S.C. § 2243. Under §2243 it is illegal for a person to engage in a sexual act with a person at least 12 but has not attained 16 years of age. Sexual act is defined far stricter than sexual activity, see §2246. Thus, the conduct under §2243 must be more severe than that under §2422, but ironically, the maximum sentence for a violation of §2243 is imprisonment for 15 years and there is no mandatory minimum. Even worse §2243(a) and (b) include attempts, but §2243(c), which applies specifically to Federal law enforcement officers, does not include attempt. As mentioned above the minor is §2243 must be less than 16 while the minor in §2422(b) must be less than 18. Additionally, 2422(b) punishes enticing a minor, not to actually engage in illegal activity, but just to achieve a mind state of assent, while §2243 punishes a strict sexual act. Surely, it is worst to engage in a sexual act with a person between 12 and 15 years old than it is to attempt to achieve a mindstate of assent in a person of that age or older. Yet, the penalty for the latter is much more severe. In the world of common sense this is severe disproportionality and §2422(b)'s penalty is cruel and unusual.

While the hypocritical people in power try to justify the severe penalty of §2422(b) as necessary to stop the use of internet and phone

services, they are doing so in a cruel and unusual manner. No state has a penalty as severe as §2422(b) for communicating with a minor using the internet to encourage illegal sexual activity. As noted above, the states do not even punish the "sexual activity" typically underlying the enticement of §2422(b) violations as harshly as §2422(b) punishes the encouragement, through communication, of that "sexual activity." As the Supreme Court stated "[t]he members of the [State] Legislature, and not we, know the situation on the streets of [their cities]. Harmelin v. Mich. 501 U.S.

Alot of §2422(b) cases involve entirely intrastate private communications. But because those communications involve the essential and inevitable use of telecommunications and/or internet, the federal government is cherrypicking which crimes it wants to prosecute. We are "in a modern society, where one can hardly complete menial tasks without using a computer or the internet." United States v. Senke, 986 F.3d 300 (3rd Cir. 2021) citing United States v. Holena, 906 F.3d 288 (3rd Cir. 2018). Although every §2422(b) as far as Defendant can see in the past 20 years involved the use of internet/computer, the Sentencing Guidelines still apply a mandatory 2 point enhancement for the use of a computer increasing a defendant's already draconian possible sentence.

Additionally, some Circuits have determined that the government is not required to prove the defendant knew that the victim was a minor, making §2422(b) a strict liability crime. See United States v. Banker, 876 F.3d 530 (2017 4th Cir.); United States v. Moreira-Bravo, 56 F. 4th 568 (8th Cir. 2022) (holding §2423(a) as strict liability crime); United States v. Daniels,

685 F.3d 1237 (11th Cir. 2012); Allmond v. United States, CR418-268, CV 423-149 (S.D. Ga. May 13, 2024); United States v. Cox, 577 F.3d 833 (7th Cir. 2009) (holding §2423(a) does not require proof defendant knew victim was under 18). This decision is clearly wrong and violates the Equal Protection guaranty of the U.S. Constitution. To allow a ten year mandatory ~~life sentence~~ minimum or life sentence without requiring to prove the defendant knew he was even committing a crime is cruel and unusual punishment. Under §2422(b) one must know that he is attempting or is actually persuading a minor to engage in sexual activity. Obviously one knows when they are persuading or enticing someone, common sense DUHHH, thus they must know that they are pursuing illegal "sexual activity" and cannot know this if they don't know the victim is underage. If someone meets a girl online, as billions of people do, and she portrays herself as being old enough to legally consent to sexual relations, one should not be held criminally liable for pursuing such relations with that female because she lied about her age. Especially when that liability mandates a decade to life in prison, regardless of the fact if the defendant even truly had the intent of engaging in conduct of a sexual nature with the female. The gravity of the offense is substantially outweighed by the harshness of the penalty. If the Court denies this motion, Defendant respectfully requests that the jury be asked the question and let the true sovereign people decide. As our great 47th President Donald stated on March 4, 2025 in his address to Congress at 9:38 pm

EST, this is time for common sense and he's bringing it back.

It's clear that DEI has made its way into the criminal justice system. All the so called non-violent drug offenders who are made up of a majority of black and brown people are receiving all the extra programs and laws to allow for sentence reductions and good time credits for prison sentences. Meanwhile, the sex offenders, made up of 65%-70% white males, are being sentenced the most harshly without consideration of the facts and circumstances. Yet, Defendant comes from the ghetto this Court knows this as they conspired to put him and his family there! Having the CPS strip Julie Marie Kuhl of her children and declaring her mentally ill and unfit while throwing those children into the hands of their plant Sarah Kuhl! Defendant knows these drug dealers will sell to a pregnant woman or a student in a heartbeat as he's witnessed it with his own eyes. Not weed, we're talking crack and heroin. Defendant always despised selling a pregnant woman drugs and literally turned down such and reprimanded others for it. Anyways, gotta get some white people in prison huh, gotta bow down and give everything to the poor mistreated black people everything. Defendant is not racist, far from it, just real!!! Defendant's own sister was pregnant at 13 but this Court knows that! Beckering's own co-judges finalized the process. Then no one wanted to help David, nope throw him in a looney bin until he shuts up! All that is promoted now is sex drugs and money and the most powerful are behind it all pulling the strings. Music, movies, and TV

shows slowly shame the nerdy weird white people and glorify and condone the ghetto. Look at the Superbowl Halftime show ~~not~~ mocking white people and America. Samuel L Jackson wearing an American Suit and Top hat sarcastically calling Kendrick Lamar's performance too "ghetto." Everyone now adays twerk this, twerk that, all over tik tok, Facebook, and instagram twerk videos and other sexually encouraging language and conduct. People aren't aware of what's sadly typical in the real ghetto because they aren't there. Well Defendant came from it and it was all at the behest of those trying to end him and any of his bloodline now. Defendant in highschool saw all the girls his age messing around with the older gang members who hung with CPS and Bill's other plant 18 year old Huey who Sarah left David for and drug the Defendant and his siblings down to the ghetto with. All Hueys friends in their mid to late 20s screwing Defendant's sisters and all the girls around Defendant's age when he was 14 15 years old. YOU PEOPLE ARE THE REASON YOU HYPOCRITES! But alot in the ghetto doesn't get reported because of their culture and hatred for police so the white people get all the time for most cases sexual in nature. It is wrong to sexually prey on children but it isn't always people preying on children that brings these cases. They protected old Epstein huh then when the girls tried to sue, the victims, the "Court" ransome legalese manipulation bullcrap down their throats and told them to

suck it up! Then when it came back to old Jeffrey the Elites/CPS had him killed so everyone involved wouldn't get exposed like Mr. BILL CLINTON! Ever notice the kids who go into CPS usually are the ones getting abused or those that become wards and go to group homes and boys homes! Look at all the "law suits" but hardly anyone of them goes to prison! YOU PEOPLE ARE SICK!! Just as §2243 is way worse conduct, but a drastically lesser punishment, while every state punishes harder a law enforcement officer or person having custody, supervision and control of the minor abused! Talk about disparity! Then the hypocrits say oh sex is wrong, you're 15, 16, 17, but if you're 3 and find out you got a penis you can go get it chopped off no matter what your parents say you don't have to be "trapped in your own body." SICK SICK PEOPLE! Yet you will send a kid to prison for life for murder like Ethan Crumpley what a sad tragedy he killed so many classmates and got life in prison but of course his parents got sent to prison also. How ironic this was a white family. All the black kids that have murdered, carjacked, and armed robbed people at 13, 14, 15 years old not one of their parents were prosecuted! DEI At its finest huh! How ironic the government's purported victim in Mr. Kuhl's case is black. How ironic this comes after Mr. Kuhl goes after the CPS. How IRONIC!

The factors to be considered when determining if a punishment is

cruel and unusual are: (i) the gravity of the offense and harshness of the penalty; (ii) sentences imposed on other criminals in the same jurisdiction, that is, whether more serious crimes are subject to same penalties or less serious penalties; and (iii) the sentences imposed for commission of the same crime in other jurisdictions. Solem v. Helm, 463 U.S. 277, 103 S. Ct. (1983). The gravity of §2422(b) offenses is serious but the mandatory minimum, leaving no discretion to the court to consider the circumstances, of a decade is too harsh. The discretion should, in some instances, be left to the court and not mandated by "law makers" who themselves are involved in very shady activities and are far from perfect. For the reasons above and those below, the gravity of communicating over the most commonly used platform today with minors, who are sometimes of age to consent in some states but not others, to achieve a mind state of assent without needing to prove intent by the defendant that he sought to actually engage in the illegal sexual conduct nor that he knew the victim was a minor, is in alot of instances outweighed substantially by the draconian mandatory minimum of 10 years to a possible life sentence.

Obviously people are receiving at least 10 years for §2422(b) due to the statutory minimum required. However, sex offenses have one of the lowest, if not the lowest, recidivism rate. Furthermore, people who are convicted of the actual underlying sexual conduct are not sentenced by the state as harshly as they are for violating §2422(b) by the federal government.

Alabama allows suspended sentences where only a portion of their

prison sentences must be served while the remainder is suspended to allow the convicted to successfully complete supervised release. Alabama also has 70, 40, or 20 days good time per 30 days served. In McMean v. State, 232 So. 3d 249 (Ala. Crim. App. 2016), the defendant was sentenced to 20 years for first-degree rape which involved force which he should have been. However, for the same act it seems he was convicted of rape in the second degree under Alabama law Code 13A-6-62 mentioned above and received 10 years to run concurrent to the 20 year sentence. The appeal court remanded his case to determine if he'd been subjected to Double Jeopardy. Still, that case involved actual forced rape of a minor, a heinous offense, yet he received 10 years, most of which would be reduced by good behavior. In Pittman v. State (Ex Parte Pittman), 188 So. 3d 653 (Ala. 2015), the defendant was sentenced to 102 months' imprisonment; that sentence was split, and he was ordered to serve 24 months' imprisonment.

In Alaska suspended sentences are also allowed as well as good time once incarcerated. In Koch v. State, 7137, A-13797 (Alaska App. Jan. 2, 2025), the defendant pleaded guilty to violating AS 11.41.436(a)(1) (3 counts) for having sexual intercourse with three girls between 14 and 15 years old. Koch was sentenced to 12 years with 6 suspended thus, has to do 6 years in prison which he can still earn good time on. In Durousseau v. State, 0403, A-13546 (Alaska App. Dec. 4, 2024) the defendant went to trial and was convicted of sexual abuse of a minor 2nd degree and was acquitted on two other counts of second-degree sexual abuse of a minor and one count of first degree sexual abuse of a minor. Durousseau was sentenced to 20

years with 13 suspended. In Roller v. State, 539 P. 3d 518 (Alaska App. 2023), the defendant originally pleaded guilty to second-degree sexual abuse of a minor and was sentenced to 20 years with 13 suspended (7 years to serve). He was released after serving two thirds of the 7 years. In ~~Lachapelle~~ Lachappelle v. State, A-13595 (Alaska App. Aug. 30, 2023), the defendant was convicted, following a jury trial, of four counts of second-degree sexual abuse of a minor and one count of fourth-degree assault. Lachappelle was sentenced to 15 years and 1 day with 9 years suspended (6 years and 1 day to serve).

Arizona's sentencing for actual sex offenses is not as harsh as §2422(b). In State v. Warling, 1 CA-CR 14-0436 PRPC (Ariz. App. July 28, 2016), the defendant pled guilty to one count of sexual conduct with a minor, a class 6 felony and was sentenced to 1½ years. In State v. Skinner, 1 CA-CR 11-0585 (Ariz. App Sep. 4, 2014), the defendant was convicted on 9 counts of sexual conduct with a minor ~~over~~ at least age 15 and received concurrent terms of 1.75 years for all counts. In State v. Gallegos, 1 CA-CR 11-0002 (Ariz. App. Jan. 31, 2012), the defendant was convicted, following a jury trial, on one count of sexual conduct with a minor at least 15 years old and sentenced to 1.75 years in prison.

Arkansa's sentencing for actual physical sex offenses is not as harsh as §2422(b). In Skillern v. State, 690 S.W. 3d 844 (Ark. App. 2024) the defendant was convicted of sexual indecency with a child for exposing his sex organs to a minor under 15 years old, and was sentenced to seventy-two months of probation. In Sellers v. State, 2013 Ark. App. 210, CACR12-753

(Ark. App. Apr. 3, 2013), the defendant was convicted, following a bench trial, of one count of sexual ~~indecency~~ assault in the fourth degree for being older than 20 and having sexual intercourse with a 15 year old girl. Sellers was sentenced to 36 months' probation. In Akers v. State, 2015 Ark. App. 352, 464 S.W.3d 483 (Ark. App. 2015), Akers, a teacher, was convicted of fourth degree sexual assault for sleeping with a student that was under the age of 16. Akers was sentenced to six years in prison for the fourth degree sexual assault. In Castillo v. State, 313, 669 S.W.3d 609 (Ark. App. 2023), the defendant was convicted, following a jury trial, on one count of fourth-degree sexual assault and was sentenced to 12 months' probation.

In People v. Lee, D066390 (CAL. App. May 26, 2015), the defendant posted an advertisement on Craigslist offering to pay for sexual favors. He was duped by an undercover cop posing as a 14-year-old girl and attempted to personally contact the ficticious minor to have sex. Lee pleaded guilty to one count of attempting to contact a minor with intent to commit a sexual offense in violation of California Penal Code §288.3(a), and was sentenced to probation. In People v. Ramsey, D051060 (Cal. App. 7/21/2008), D051060 (Cal. App. 7/21/2008), the defendant pleaded guilty to digitally pentrating a girl's vagina who was under 18 and furnishing meth to a person under 18. Ramsey was sentenced to 365 days in jail and 5 years of probation. In People v. Alvarado, 187 Cal. App. 4th 72, 113 Cal. Rptr. 3d 648 (Cal. App. 2010), the defendant was convicted by a jury for attempted lewd act on a child under 14 years old; attempted dissuading of a witness; and misdemeanor

lewd and unlawful exposure. Alvarado's sentence was suspended and was placed on probation for 5 years. In People v. Duarte, H048568 (Cal. App. May 10, 2022), the defendant pleaded guilty to being older than 21 and having sexual intercourse with a female under the age of 16. Duarte was sentenced to 10 months in jail and 3 years' probation. Thus, California does not sentence people as harshly who commit illegal sexual conduct crimes as harshly as §2422(b).

Connecticut does not penalize people for physical sexual crimes against minors as harshly as 18 U.S.C. §2422(b) does for achieving or attempting to achieve a mindstate of assent in a minor for "sexual activity" that is illegal. In State v. Russo, 221 Conn. App. 729, 303 A.3d 279 (Conn. App. 2023), the defendant entered a plea of nolo contendre to sexual assault in the second degree in violation of Conn. Gen. Stat. §53a-71(a)(8) for sleeping with a student on the high school soccer team defendant coached. Russo was sentenced to 4 years suspended after serving 9 months with 5 years' probation. In State v. Williams, 206 Conn. App. 539, 260 A.3d 485 (Conn. App. 2021), the defendant was convicted, following a jury trial, of second degree sexual assault in violation of §53a-71(a)(3). Williams was sentenced to 10 years of incarceration, execution suspended after 6 years, and 20 years of probation.

Delaware does not sentence physical sex crimes against minors as harshly as 18 U.S.C. §2422(b) does. In State v. Boone, Cr. ID No. 1803002540 (Del. Super. July 14, 2020), the defendant was a convicted sex

offender who pleaded guilty to two counts of Rape Third Degree and was sentenced to 40 years, suspended after 6 years for probation. In Cooper v. State, No. 55, 2008 (Del. 6/16/2008), the defendant pleaded guilty to one count of Rape in the Third Degree and one count of Continuous Sexual Abuse of a Child in connection with the sexual abuse of his own minor daughter. Cooper was sentenced to 15 years of incarceration, to be suspended after 5 years for probation.

Georgia does not sentence people convicted of physical sex crimes as harshly as §2422(b) does for convictions against people for using the phone or internet to achieve a mind state of assent in a minor for illegal sex crimes. In Regan v. State, 894 S.E.2d 584 (Ga. 2023), the defendant pleaded guilty to one count of felony child molestation and was sentenced to 20 years in prison, with one year to actually serve. Eventually his sentence was deemed to be cruel and unusual in violation of the 8th Amendment due to disparity with similar Georgia laws' and crimes' punishments. In Reyes v. State, A23A0116 (Ga. App. Aug. 12, 2022), the defendant pleaded guilty to two counts of statutory rape and two counts of aggravated child molestation. Reyes was sentenced to concurrent sentences of 20 years with the first 12 years to be served and the rest on probation. In Avila v. State, 333 Ga. App. 66, 775 S.E. 2d 552 (Ga. App. 2015), the defendant pled guilty to one count of child molestation and was sentenced to 10 years with 5 to be served on probation. In Algren v. State, 330 Ga. App. 1, 764 S.E. 2d 611 (Ga. App. 2014), the defendant was convicted of statutory rape for having sexual intercourse with a 14-year-old girl was sentenced to 20 years with 10 to be served on

probation.

Hawaii does not typically punish people for committing physical sex crimes harsher than §2422(b) does for a "mental state" sex crime. In State v. Palencia, 129 Hawai'i 453, 303 P.3d 1230 (Haw. App. 2013), the defendant pled guilty to one count of sexual assault in the second degree and was sentenced to five years' probation. In State v. Hans, 29948 (Haw. App. June 2, 2010), the defendant was convicted, following a jury trial, on two counts of sexual assault in the first degree in violation of HRS §707-730(1)(c) for having sexual intercourse with a minor who was 14 or 15 years old. Hans was sentenced to two concurrent terms of 20 years' imprisonment, with the actual minimum time to be served to be determined by the Hawaii Paroling Authority. In State v. Gabris, 28247 (Haw. App. Nov. 28, 2008), the defendant was convicted of one count of first degree sexual assault and one count of third degree sexual assault. Count one stemmed from the defendant being 23 years old and engaging in sexual intercourse with a 15-year-old girl. Count two stemmed from the defendant placing his mouth on the breast of the same 15-year-old girl. Gabris was sentenced to 20 years' imprisonment and five years' imprisonment to be served concurrently. Again, Gabris's mandatory term of incarceration to actually be served will be decided by the Hawaii Paroling Authority; he will not serve ~~even~~ even half of the 20 year sentence incarcerated.

Idaho does not punish people as harshly as §2422(b) does, for physical sex crimes, let alone "mental state" sex crimes. In State v. Huber, 39222

(Idaho App. Apr. 27, 2015), the defendant was convicted of rape and lewd conduct with a minor under 16 years of age. Huber's sentence was enhanced for having previously been convicted of a sex offense against a child. Huber was sentenced to 30 years with a minimum 15 year period of confinement. In State v. Bautista-Aguayo, 34290 (Idaho App. Aug. 8, 2008), the defendant pleaded guilty to lewd conduct with a minor under the age of 16. Defendant was sentenced to 7 years with 3 years determinate, meaning he was required to spend 3 years actually incarcerated. In State v. Young, 34737 (Idaho App. Jan. 30, 2009), the defendant pled guilty for two counts of rape due to having consensual sex with two 15-year-old girls. Young was sentenced to concurrent terms of 10 years with minimum periods of confinement of 2 years, but after 6 months of incarceration, the court suspended Young's sentences and placed him on 5 years' probation. In State v. Baker, 290 P.3d 1284, 153 Idaho 692 (Idaho App. 2012), the defendant was sentenced to concurrent sentences of 10 years, two years determinate after pleading guilty to sexual battery of a minor sixteen or 17 years of age and attempted rape. Baker went to his step-son's highschool party and tried to rape a 16-year-old girl.

Florida does not punish people convicted of physical sex crimes against minors as harshly as §2422(b) punishes "mental state" sex crimes against minors. In Quijano v. State, 270 So. 3d 549 (Fla. App. 2019), the defendant was originally placed on sex offender probation after pleading guilty to lewd and lascivious battery on a person older than 12 but younger than 16. In Funiciello v. State, 179 So. 3d 388 (Fla. App. 2015), the defendant was

convicted of two counts of lewd or lascivious battery against a minor at least 12 years of age but less than 16. Funiciello was sentedced to two 8 year prison terms to be served consecutively, but his conviction was overturned.

~~Florida~~ Indiana does not punish physical or "mental state" sex crimes as harshly as §2422(b) punishes "mental state" sex crimes against minors. In Aplin v. State, 889 N.E.2d 882 (Ind. App. 2008), the defendant was convicted of one count of Attempted Sexual Misconduct with a minor and one count of Child Solicitation by a jury. Alpin was sentenced to six years, all suspended for Attempted Sexual Misconduct with a minor and two years, all suspended for Child Solicitation. These charges stemmed from Aplin's internet communications with an undercover officer posing as a 15-year-old girl and Alpin's attempt to go meet with the ficticious minor for a sexual liasion. In Guider v. State, 23A-CR-433 (Ind. App. Jan. 24, 2024), the defendant was a woman working at a Treatment Facility in Indiana that housed children with trauma and who display sexually maladaptive behaviors. Guider was a Behavioral Health Associate who began a sexual relationship with 15-year-old boy resident. She was convicted by a jury on two counts of felony level 4 sexual misconduct with a minor and was sentenced to concurrent 6-year sentences with one year incarceration, two years home detention, and three years on sex offender probation.

Iowa does not sentence people convicted of some phyisal sex crimes as harshly as §2422(b) does for "mental state" sex crimes. In State v.

Staake, 944 N.W. 2d 639 (Iowa 2020), the defendant pled guilty to one count of sexual abuse in the third degree for performing a sex act with a 15-year-old girl being at least 4 years older than her. Staake was sentenced to an indeterminate term of ten years imprisonment and a $1,000 fine, both of which were suspended and Staake was placed on at least 2 but no more than 5 years' probation. In State v. Petty, 925 N.W. 2d 190 (Iowa 2019), the defendant pled guilty to one count of sexual exploitation of a minor and one count of lascivious acts with a child and received two concurrent terms of ten-year indeterminate prison sentences, meaning the maximum period of confinement is not to exceed ten years, but Petty is eligible to be released before such period is finished.

Kansas does not punish some physical sex crimes as harshly as §2422(b) punishes people for "mental state" sex crimes. In State v. Meeks, 126, 436 (Kan. App. Jan. 10, 2025), the defendant received a 90 month prison sentence after a jury convicted him of one count of aggravated indecent liberties with a child, one count of solicitation of a child, and one count of furnishing alcohol to a minor. The charges stemmed from Meeks having sex with his neice's friend, a 15-year-old female after providing alcohol to teens at a party. In State v. Stuart, 124, 489 (Kan. App. May 17, 2024), the defendant was sentenced to 100 months in prison after being convicted by a jury of two counts of aggravated indecent liberties with a child and of sexual exploitation of a child. The charges stemmed from stuart having sexual intercourse with a relative who was 14 or 15 years old and having her send him nude pictures.

Kentucky does not punish people convicted of some physical sex crimes as harshly as §2422(b) punishes people for a "mental state" sex crime. In Williams v. Commonwealth, 2017-CA-001794-MR (Ky. Ct. App. Sep. 13, 2019), the defendant pleaded guilty to one count of third degree rape for having an ongoing sexual relationship with a 15-year-old girl while he was in his late twenties. Williams was sentenced to one year in jail. In Hammons v. Commonwealth, 2016-CA-000169-MR (Ky. Ct. App. Nov. 22, 2017), the defendant pled guilty to one count of third degree rape and was sentenced to 4 years' incarceration for having sex with a female under the age of 16. In Layne v. Commonwealth, 2016-CA-000312-MR (Ky. Ct. App. Oct. 13, 2017), the defendant was convicted by jury on one count each of sexual abuse in the first degree, rape in the third degree, and sodomy in the second degree, stemming from conduct Layne executed upon minors in his foster home. Layne was sentenced to 3 years, 5 years, and 9 years, respectively, to be served consecutively for 17 years total. In Taylor v. Commonwealth, 2019-CA-1656-MR, 2019-CA-1665-MR (Ky. Ct. App. Feb. 5, 2020), Taylor originally pled guilty to one count of rape in the first degree, one count of rape in the second degree, one count of rape in the third degree, and two counts of unlawful transaction of a minor and was sentenced to 30 years in prison, but the sentence was probated to serve 5 years' of probation instead of any prison time. In Paxson v. Commonwealth, 2023-CA-0209-MR (Ky. Ct. App. Nov. 22, 2024), the defendant was sentenced to 3 years in prison for rape in the third degree for sexual relations with a minor under the age of 16.

Louisiana does not punish some physical sex crimes against minors as harshly as §2422(b) punishes "mental state" sex crimes against minors. In State v. Benson, 978 So. 2d 491 (La. App. 2008), the defendant was charged with three counts of felony carnal knowledge of a minor in violation of La. R.S. 14:80. Benson pleaded guilty to one count and was sentenced to seven years at hard labor. In State v. Washington, 147 So. 3d 784 (La. App. 2014), the defendant was sentenced to 5 years at hard labor after pleading guilty to one count of felony carnal knowledge of a juvenile for having sex with a 13 year old when he was 18. In State v. Bello-Urbina, 24-KA-8 (La. App. Oct. 30, 2024), the defendant was sentenced to 30 months' imprisonment after being convicted of felony carnal knowledge of a juvenile for being about 30 years old and having a sexual relationship and child with a girl under the age of 16. In State v. Irons, 384 So. 3d 996 (La. App. 2024), the defendant was convicted by a jury on one count each of felony carnal knowledge of a juvenile and indecent behavior with a juvenile for Irons ongoing sexual relationship with a girl under the age of 16. Irons was sentenced to concurrent terms of 3 years' imprisonment.

Maine does not punish people convicted of physical sex crimes as harshly as §2422(b) does for "mental state" sex crimes. In State v. DesRosiers, 2024 ME 77, Pen-23-429 (Me. Nov. 26, 2024), the defendant was convicted of 3 counts of sexual abuse of a minor and was sentenced to 3 concurrent terms of imprisonment for 42 months, with all but 20 months suspended. DesRosiers charges stemmed from

his ongoing relationship, involving sexual intercourse multiple times, with a 15-year-old girl when DesRosiers was 35. DesRosiers had to spend 20 months in prison. In Hodgdon v. State, 249 A.3d 132 (Me. 2021), the defendant was convicted on one count of gross sexual assault, one count of unlawful sexual contact, and one count of sexual abuse of a minor. Hodgdon was sentenced to 11 years in prison, with all but 3.5 years suspended and six years probation for the gross sexual assault. He was sentenced to concurrent 3 years terms for the other 2 charges. Hodgdon's charges stemmed from his time as a middle school teacher when he sexually abused a 13 year old female student 30 to 40 times. He had to serve 3.5 years in prison.

Maryland does not punish people convicted of physical sex crimes as harshly as §2422(b) does for "mental state" sex crimes. In Fenner v. State, 1662-2023 (Md. App. Jan. 31, 2025), the defendant was found guilty of third degree sexual offense, fourth degree sexual offense, and second degree assault at a bench trial. Fenner was sentenced to 10 years of incarceration with 5 suspended. Fenner had grabbed an 11-year-old girl's buttocks on 2 occasions. In Dunbar v. State, 1494-2023 (Md. App. Oct. 1, 2024), the defendant was convicted, following a trial by jury, of 3 counts of third degree sexual offense for raping a 13-year-old girl. Dunbar was sentenced to a total of 20 years of incarceration with 10 years suspended. In McKenna v. State, 394-2023 (Md. App. Aug. 9, 2024), the defendant was sentenced to 10 years with 3 suspended for sexual solicitation of a minor 11 years old. This stemmed from texts

McKenna sent the 11-year-old girl trying to have sex. In Ramsey v. State, 1973-2022 (Md. App. Mar. 5, 2024), the defendant was found guilty of one count of sexual solicitation of a minor and was sentenced to 5 years' incarceration, with all but 315 days suspended and credit for 314 days served. Ramsey had asked a 13 year-old-girl for her phone number and told her twice that he wanted to have sex with the girl when he was 24 years old. In Gutierrez v. State, 896-2022 (Md. App. July 5, 2023), the defendant slept with her friend's 13-year-old son on at least 3 separate occasions. Gutierrez was convicted of one count of second degree rape and two counts of third degree sexual offense by a jury and was sentenced to 30 years of incarceration with 23 years suspended.

Massachusetts does not punish people as harshly for physical sex crimes against minors as §2422(b) does for "mental state" sex crimes. In Commonwealth v. Jason, 23-P-1057 (Mass. App. June 13, 2024), the defendant pled guilty to 5 counts of rape of a child, G.L.c. 265 §23, and 2 counts of dissemination of matter harmful to a child, and was sentenced to 3-5 years in state Prison. Jason's charges stemmed from a two year sexual relationship he had with a 13-year-old girl until she was 15 when he was 21 or older. In Commonwealth v. Rodriguez, 494 Mass. 723 (Mass. 2024), the defendant was convicted by jury on 2 counts of indecent assault and battery on a child under the age of 14. Rodriguez had abused his own granddaughter and was sentenced to 4 to 6 years in prison with 5 years probation.

Michigan does not punish people convicted of physical sex crimes as harshly as §2422(b) does for "mental state" sex crimes. See People v. Lafollette, Ottawa Circuit Court: 23-045770-FH, and People v. Lafollette, Kent Circuit Court: 23-003718-FH. In People v. Evans, 240598 (Mich. App. 2003), the defendant was sentenced to 5 years to 22.5 years in prison for CSC 3rd Degree for having sex with a 15-year-old. Evans was sentenced as a second habitual which is why his maximum was 22.5 years instead of 15. In People v. Nash, 274030 (Mich. App. Dec. 18, 2007), the defendant was sentenced to 1 to 15 years in prison for CSC-3rd Degree. Nash's victim was 15-years-old. People v. Fourcha, 288214 (Mich. App. Mar. 9, 2010), the defendant was sentenced on two counts of CSC 3rd Degree for having sex with two 14-year-olds to 12 to 22.5 years as a second habitual. Fourcha's sentence was remanded for a lesser sentence. In People v. Buber, 333806 (Mich. App. Nov. 7, 2017), the defendant was sentenced to 5-15 years for CSC 3rd Degree. Buber was digitally penetrating his 14-year-old stepdaughter. In People v. Jenkins, 345606 (Mich. App. Aug. 29, 2019), the defendant was sentenced as a second habitual to 12.5 to 22.5 years because he choked a minor unconcious and forcibly penetrated the minor's anus with his hand and penis. In People v. Shaffer, 340389 (Mich. App. Jan. 22, 2019), the defendant was sentenced to 5 to 15 years for CSC 3rd Degree. Shaffer's victim was 14 years old.

Minnesota does not punish people convicted of physical sex crimes

against minors as harshly as §2422(b) does for "mental state" sex crimes. In State v. Madden, 910 N.W.2d 744 (Minn. App. 2018), the defendant was convicted by jury of third degree CSC for sexually penetrating a 15-year-old girl when he was 26. Madden was sentenced to 48 months in prison, stayed the sentence, and was instead placed on probation for 10 years and had to serve one year local jail time. In State v. Beaulieu, A-13-0875 (Minn. App. Jan. 13, 2014), the defendant pled guilty originally to 2 counts of third degree CSC and was sentenced to 5 years probation. After several violations Defendant was sentenced to 60 months in prison.

Mississippi does not punish people convicted of physical sex crimes against minors as harshly a §2422(b) does for "mental state" sex crimes. In Walker v. State, 2023-KA-00860-COA (Miss. App. Nov. 12, 2024), the defendant was convicted of statutory rape by a jury for having sex with a 15-year-old girl multiple times when he was 26. Walker was sentenced to 10 years in prison, with 4 years to serve and six years suspended. In Roberson v. State, 281 So. 3d 343 (Miss. App. 2019), the defendant pled guilty to one count of statutory rape of a child under 14-years old and was sentenced to 20 years with 12 years suspended and 8 to serve.

Montana does not punish people convicted of physical sex crimes as harshly as §2422(b) does for "mental state" sex crimes. In State v. Arion, 373 Mont. 43 (Mont. 2013), the defendant was sentenced for sexual intercourse without consent to a 3 year deferred sentence which is a

term of probation for which you serve no prison time. Arion's deferred sentence was revoked and Defendant was sentenced to 20 years with 15 suspended. In State v. Iron, 386 Mont. 45 (Mont. 2016), the defendant was sentenced to 15 years with 13 years suspended and 2 years to serve for sexual intercourse without consent.

Nevada does not punish people convicted of physical sex crimes against minors as harshly as §2422(b) does for "mental state" sex crimes. In Lopez-Delgado v. State, 457 P.3d 274 (Nev. App. 2020), the defendant pled guilty to statutory sexual seduction by a person 21 or older, possession of visual pornography of a person under 16, and lewdness on a child older than 14. Lopez-Delgado was sentenced to concurrent terms of 48 to 120 months, 28 to 72 months, and 48 to 120 months respectively. In Williams v. State, 75828-COA (Nev. App. July 16, 2019), the defendant was sentenced to 18 to 60 months for attempted statutory sexual seduction by a person 21 or older.

As can be seen, states do not punish sex crimes that actually involve a minor being physically sexually abused as harshly as §2422(b) punishes people for intending to achieve a mind state of assent in a minor for sexual purposes. Furthermore, §2422(b) is automatically classified as a violent offense regardless of the victim's age, the accused's age, or the circumstances. Thus, the mandatory minimum of a decade for §2422(b) violations is excessive, cruel, and unusual; the first factor of Solem v. Helm, 463 U.S. has been met.

All over the country, punishments for sex crimes against middle-aged teens, 14-17 years of age, that is not by force, are not punished as harshly as those who violate §2422(b). Thus, the second and third factors of Solem, 463 U.S. have been met to deem §2422(b) as cruel and unusual due to its punishment. Many states do not deem the above described crimes against minors as violent, but §2422(b) considers all violations as violent. If anything, it should be left to the jury to decide whether the facts and circumstances of the conduct leading to the charge was violent or not.

For these reasons, §2422(b) is facially unconstitutional and Count Two of the indictment against Mr. Kuhl should be dismissed.

## B. AS APPLIED CHALLENGE

The possible punishment of life imprisonment is unconstitutional as applied to Mr. Kuhl, as well as §2422(b)'s mandatory minimum of 10 years. Defendant does have a lengthy history, but it overstates, negatively, his true character. Especially as the government attempts to paint Defendant as a violent person.

Mr. Kuhl's first conviction as an adult stemmed from an argument between him and his 15-year-old sister when she was pregnant with her second child. Defendant did not want his sister to leave their adopted father's home where Mr. Kuhl and his sister, Elizabeth, were staying at the time. This was because

Elizabeth wanted to go to the father's mother's home of her first child, Mr. Kuhl's nephew. Defendant knew first hand and from others that Elizabeth's son's father was physically abusive to Elizabeth and was stealing from her. The guy had thrown Elizabeth out of a window before and had forced Elizabeth to perform sexual acts when she did not want to against her will.

During this argument Elizabeth tried to call her son's father's mother and Defendant took the phone but eventually gave it back. Mr. Kuhl then took out a gun and said he would kill his nephew's father if he came to where Defendant and Elizabeth were. When this did not stop Elizabeth from trying to leave Mr. Kuhl turned the gun on himself and threatened to commit suicide.

Eventually the police came to the home and Kuhl had hidden the gun where they would not have found it, but decided to give the gun to the police so they would not find the shotgun Mr. Kuhl's father, David, kept in the basement because Defendant was not sure if David would get into trouble.

Defendant has ran from police multiple times but has never struck or actually fought an officer. In 2017, Mr. Kuhl was at a liquor store and had been drinking. Earlier that day a family member and friend of Defendant held their funeral due to crash in which both died as well as three others. While at the liquor store Defendant came out of the store to see at least 4 people punching and kicking his friend on the ground and Mr. Kuhl made a poor split second decision and

struck one of the people jumping his friend over the head with a glass bottle. In 2021 Mr. Kuhl tried to leave a convenient store after a woman started to curse at him and threaten him. As Defendant got into his car and tried to reverse so that he could leave, the woman stuck her head and upper body through the passenger window and thus Kuhl stopped so he would not drag the woman with the car. This woman refused to listen to Kuhl's request to let him leave and continued to threaten Kuhl and pound her fist on the door/window sill. Mr. Kuhl then pulled a tool from under the seat and threatened the woman to leave which she did.

Mr. Kuhl has put his energy and efforts in the wrong places throughout life but is not a violent person. He has taken care of several of his neices as young as 6 months old and never could even phathom abusing a baby. Mr. Kuhl is a screw-up but his history does not reflect who he is today and exagerrates his character in a negative light.

However, due to Mr. Kuhl's lengthy criminal record and the crime he is accused of now, the sentence he faces is draconian and over triple what the State offered him for the alleged underlying illegal sex crime. Mr. Kuhl was offered a plea of 70-something months to 90-something months for CSC Third Degree. The crime of §2422(b) does not even punish for the actual illegal sexual crime but punishes communication to convince a minor to

assent to such crime. The sentence Mr. Kuhl faces is excessive, cruel, and unusual. Thus, § 2422(b) is unconstitutional as applied. As mentioned previously, it seems, based on partial discovery and Dubois' statement that, the government contends Mr. Kuhl continued a sexual relationship with a girl who originally portrayed herself as 17 years-old, but after some months into the alleged relationship the girl revealed her true age as 15 and Mr. Kuhl still continued the relationship.

In Michigan, people convicted of murder typically get 15 to 25 years in prison. Life in Michigan is 20 years mandatory before being eligible for parole unless it is life without parole. Mr. Kuhl faces at least 10 years to natural life, where the underlying crime for this §2422(b) charge, CSC 3rd Degree, is punishable by a maximum of 15 years.

For these reasons, 2422(b)'s sentence is cruel and unusual as applied to Mr. Kuhl in violation of the 8th Amendment and thus, Count Two should be dismissed.

Respectfully Submitted,

S. Kuhl March 7, 2025

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349




of The Court
trict Court
deral Bldg.
chigan NW
Rapids, MI 49503

MAIL

Samuel Alexander Kuhl #61189510
Newaygo County Jail
1035 James
P.O. Box 845
White Cloud, MI 49349

Clerk
U.S. Dis
399 Fe
110 Mi
Grand

LEGAL

THIS MAIL HAS ORIGINATED
FROM THE NEWAYGO