UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
_______________________________/

Case No. 1:23-cr-44

Hon. Jane M. Beckering
U.S. District Judge

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY PROCEEDINGS (R. 99)**

The defendant has requested disclosure of grand jury proceedings relating to his indictment. This request should be denied.

LEGAL BACKGROUND

Under Fed.R.Crim.P. 6(e), grand jury proceedings are to be kept secret except under circumstances outlined in Rule 6(e)(3). Rule 6(e)(3)(E)(ii) provides,

> The court may authorize the disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand jury matter ... at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

This rule codifies the " 'long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts.' " *Dennis v. United States*, 384 U.S. 855, 869, (1966) (*quoting United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681, (1958)). In *In re Matter of Eyecare Physicians of Am.*, the Seventh Circuit identified the interests served by safeguarding the confidentiality of jury proceedings:

> If pre-indictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily." *Lucas v. Turner*, 725 F.2d 1095, 1100 (7th Cir. 1984) (emphasis added). "Witnesses who appear before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There would also be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against the indictment." Id. (emphasis added). "Grand jury secrecy ... is as important for the protection of the innocent as for the pursuit of the guilty." [*In re Grand Jury Proceedings*, 942 F.2d 1195, 1199 (7th Cir. (III.) 1991)] (emphasis added).

100 F.3d 514, 518 (7th Cir. 1996).

As a result of these strong policy interests, the Supreme Court has stated that grand jury proceedings will not be disclosed unless the party seeking disclosure can demonstrate that that they are needed to avoid a possible injustice in another legal proceeding, that the need for disclosure is greater than the need for continued secrecy, and the request is narrowly tailored to cover only the material needed. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). Id., 441 U.S. at 223. The party seeking disclosure must demonstrate that his or her need for access to the information outweighs the public's interest in secrecy. Importantly, conjecture and speculation about what might have happened before a grand jury is insufficient to meet this standard, and courts will not allow disclosure to allow for a fishing expedition to find proof supporting such speculation and conjecture. *E.g., Lucas v. Turner*, 725 F.2d 1095, 1102 (7th Cir. 1984); *Noffsinger v. Landers*, 196 F. Supp. 3d 746, 755 (N.D. Ohio 2016); *Morris v. United States*, 2018 WL 11306071 *3 (W.D. Mich. 2018)(J. Maloney)(unreported).

Kuhl's allegations fail this standard. His request is based upon nothing but speculation and conjecture: For example, he supposes that the prosecutor might have

asked leading questions. He also speculates that the victim might have been induced to make untrue statements through leading questions because of her youth. (R. 99: Motion, PageID.365.) Elsewhere, he draws the inference that because a local police officer attended a federal court appearance, he might also have been present for grand jury proceedings. (*Id.*, Page ID.366.) None of these suppositions suffice, nor do his claims that law enforcement officers have allegedly acted perfidiously in their dealings with him. (*Id.*, Page ID.366-68.)

Kuhl also requests disclosure because "It is impossible to determine whether the grand jury was presented with sufficient and specific evidence to support … the charges of the indictment." (Motion, Page ID.370.) This claim seems serious, but it is legally invalid. An indictment cannot be challenged "on the ground that there was inadequate or incompetent evidence before the grand jury[.]… An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956); *United States v. Powell*, 823 F.2d 996, 1000 (6th Cir. 1987). The indictment here is valid, as will be established in more detail in other pleadings that will be filed by the government. It sets forth the elements of the offenses charged and is sufficiently specific to allow a double jeopardy defense to a future prosecution. *United States v. Koehler*, 77 F. App'x. 306, 307 (6th Cir. 2003).

In summary, Kuhl has not come close to meeting the standard for disclosure of grand jury information. Therefore, this motion should be denied. The government will,

of course, disclose any witness testimony meeting the requirements of 18 U.S.C. § 3500 if the case goes to trial in the manner permitted by that statute.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

Date: March 20, 2025

*/s/ Timothy P. VerHey*

TIMOTHY P. VERHEY
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404