UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
March 21, 2025 11:09 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: KB/3/21

UNITED STATES OF AMERICA,
Plaintiff,

v.

SAMUEL ALEXANDER KUHL,
Defendant.

Case No. 1:23-cr-44
Hon. Jane M. Beckering
*Oral Argument Requested*

# MOTION TO DISMISS FOR PROSECUTORIAL MISCONDUCT

Now comes Defendant Samuel Kuhl, proceeding pro se, respectfully requesting the indictment against him be dismissed with prejudice due to misconduct by the government in this matter. This continued misconduct is not acceptable and has prejudiced Mr. Kuhl significantly. For the reasons laid out in the attached Memorandum, Mr. Kuhl prays for such relief.

Respectfully Submitted,

S. Kuhl March 18, 2025

S. Kuhl 6118951O
1035 James
P.O. Box 845
White Cloud, MI 49349

# MEMORANDUM

## I. BACKGROUND

Mr. Kuhl was arraigned on February 12, 2025 for the instant case, however on January 10, 2025 the government filed an Initial Pretrial Conference Summary Statement asserting he (Ver Hey) had provided Mr. Graham with certain discovery materials consistent with Fed. R. Crim. P. 16. (See Dkt. #66) However, Mr. Graham met with Mr. Kuhl on January 12, 2025 and specifically told Mr. Kuhl no discovery had been provided yet. On January 13, 2025 a Protective Order (Joint) was filed (Dkt. # 67), which is the exact same Joint Motion For Protection Order filed by Ver Hey and Parker Douglas Filed on July 11, 2024 (Dkt. # 46). In late January or early February, Mr. Kuhl received a heavily redacted discovery that consisted of irrelevant materials and information that was mostly far outside of the timeframe alleged in the indictment. Moreover, Mr. Kuhl's own investigation has revealed that for more than Personal Identifying Information (PII) has been withheld. Further, Mr. Graham sent Mr. Kuhl a letter on January 15, 2025 stating he had received discovery and would "print it and redact it as soon as possible" and send a copy to Defendant. Later on Mr. Graham told Mr. Kuhl that the discovery was redacted when it was provided by the government.

Multiple times, specifically on February 12, 2025, February 19, 2025, and March 6, 2025, Mr. Kuhl expressed his frustration and concern about the withholding of discovery and the fact it is prejudicing his ability to understand the facts of this case and

adequately prepare a defense. Counsel and the Court have ignored Mr. Kuhl until March 6, 2025 when Magistrate Ray Kent refused to address the issue and instead told Mr. Kuhl to deal with Mr. Ver Hey about any issues with discovery.

Mr. Kuhl wrote Mr. Verhey on March 6, 2025 concerning issues with discovery and asking for the appropriate information needed to investigate and understand the facts, circumstances, and evidence of this case, as well as prepare an adequate defense. The Court was notified of this and sent a copy of the letter. (Dkt. # 108)

It is now March 18, 2025 and Mr. Kuhl has received no response from Mr. Verhey. Due to this intentional withholding followed by the intentional unnecessary delay in providing discovery to Mr. Kuhl, Defendant is being deprived to effectively assist himself as prose counsel under the Sixth Amendment as well as Due Process under the Fifth Amendment. Further, Kuhl's right to a speedy trial is being hindered and prejudiced by the government's misconduct in violation of the Sixth Amendment.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 16 "grants criminal defendants a broad right to discovery." United States v. Stever, 603 F.3d 747, 752 (9th Cir. 2010). "[T]he Constitution guarantees criminal defendants 'a meaningful oppurtunity to present a complete defense.'" Holmes v. South Carolina, 547 U.S.

319, 324, 126 S. Ct. 1727 (2006) (quoting Crane v. Kentucky, 476 U.S. 683, 690, 106 S. Ct. 2142 (1986)).

Under Federal Rule of Criminal Procedure 16(d)(2), if a party fails to comply with its discovery obligation, the court may "(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances."

Federal Rule of Criminal Procedure 48(b) allows the court to "dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." "For dismissal on a nonconstitutional ground under Rule 48(b), the only factor which the defendant must prove is that the delay was unnecessary. There is no need for a showing of prejudice." United States v. Navarre, 310 F. Supp. 521 (E.D. La. 1969).

ARGUMENT

In light of the nature and extent of these failings/improprieties, Defendant has been effectively denied his right to a full and fair defense. It has been over a month since Defendant was arraigned on February 12, 2025, and over 19 months since Mr. Kuhl was taken into

federal custody on August 11, 2023. Moreover, it has been almost 23 months since Mr. Kuhl was indicted on April 25, 2023.

The prosecution continues to review evidence in its custody to prepare for trial meanwhile intentionally withholding that evidence from Mr. Kuhl to delay trial, deprive him of his right to review, investigate, and challenge such evidence. Further, there are several inconsistencies and falsities within the portion of discovery which has been provided; investigative misconduct by law enforcement is the only plausible explanation.

Materials that have been withheld are including but not limited to:

1. A complete copy of Michigan State Police (MSP) incident report for incident no. FIT-0000087-22. (A partial report was provided which did not have supplemental incident report 002) See Ex. 1
2. The partial report referenced above in no. 1 redacted far more than PII in violation of the protection order. See Ex. 2 - Report Mr. Kuhl obtained by his own investigating.
3. A complete copy of MSP incident report for incident no. FIT-0000091-22. (The government provided a partial report which did not have supplemental incident reports 001, 002, 003, 004, 005, 006, or 007) The partial report will not be attached due to the name of the alleged victim being unredacted. If a hearing is set on this matter Mr. Kuhl will bring the report for the Court to review.
4. The partial report referenced in no. 3 above has far more than PII redacted. Mr. Kuhl has the complete report he obtained through his own investigating. Mr.

Kuhl will also bring a copy of this report for the court to review if a hearing is set on this matter.

5. No transcripts of texts, only Facebook Messenger have been provided by the government and only until the date of July 2, 2021. Thus, Mr. Kuhl cannot even see what evidence the government plans to use at trial. Special Agent Buttery refers in statement no. 7 of his Application for search warrant to a Facebook account, and 9/21/2022 messages.
6. The search warrant and corresponding affidavit SA Buttery asserts he received on January 25, 2023 for two phones allegedly belonging to Mr. Kuhl. This search warrant is also referenced in SA Buttery's application for search warrant of a Facebook Account in statement no. 7. This is the same application and statement referenced above in no. 5.
7. The previously secured search warrant and corresponding application for the Facebook account alleged to be Mr. Kuhl's. This search warrant was issued in connection to a Detroit FBI case. See SA Buttery's search warrant application statement no. 8.
8. The statement Mr. Kuhl made to MSP on January 29, 2022.
9. A description of the photographs intended to be used at trial, nor the number of photographs.
10. The search warrant and corresponding affidavit in relation to MSP incident report no. FIT-0000091-22.

Without this evidence Kuhl cannot prepare a defense and is prejudiced by this delay because as time passes memory fades. This

intentional delay has also taken place to enable the government to prepare for trial while Mr. Kuhl cannot so he will be forced to push back dates thus, intending to force Kuhl to forfeit his speedy trial right which has already been violated. Further, they don't want Mr. Kuhl to adequately and investigate this case throughly due to the misconduct, malice, and retaliatory motive underlying this prosecution.

There are several inconsistencies in the small bit of discovery that has been provided.

1. The date the MSP incident report no. FIT-0000087-22 is listed as October 30, 2022. However, the report cannot have been prepared on October 30, 2022 if it was not provided with the evidence the report is based on until 10/31/2022. See page 1 of Ex. 1 at top of page in the center section titled "Original Date" then look at the bottom of page 2 of Ex. 1. The MSP Officer states "I received CCU Incident Report #2980-2022-0002 on 10/31/2022 from D/Sgt. Meredith."
2. Page 3 of Ex. 1 at the top center is again the original date of 10/30/2022, and says in the section titled "Wyoming Police Report #" "I received Wyoming Police Report #22-030712 on 10/25/2022. However, at the bottom of this page in the section titled "SEIZED" it lists the date and time the evidence was obtained (BLU/GRN SAMSUNG PHONE BELONGING TO SAMUEL KUHL) as 10/31/2022.
3. Page 4 of Ex. 1 again states the original date is 10/30/2022 but lists

the "16 GB LEXAR FLASH DRIVE, CONTAINING THE EXTRACTION OF THE CONTENTS ON SAMUEL'S PHONE" as being received on 10/31/2022.

4. In MSP incident report no. FIT-0000091-22, which will not be attached for the reason stated previously, it states in the "Information" section on page 1 of 8 that "on 10/28/2022 I received a phone extraction from Wyoming Detective Sergeant (D/Sgt), Rob Meredith." This is the same extraction spoken of in MSP incident report no. FIT-0000087-22 which states the extraction was received on 10/31/2022.

5. As noted, Mr. Kuhl has 2 copies of each MSP incident report mentioned above, one provided by the government, and the other obtained through Mr. Kuhl's own investigation. The copy provided by AUSA VerHey, the entire section of page 1 of MSP incident report no. 0000091-22 that references MSP's interview with the female involved in this case was completely redacted. By looking at page 1 of the AUSA copy, one would not even know an interview took place. However, Mr. Kuhl's copy does contain a scant amount of unredacted text about this interview that supposedly took place on 11/09/2022. But the original date the report was prepared is listed as 11/07/2022.

6. Page 6 of Ex. 1 (VerHey's copy of MSP Report FIT-0000087-22) has a huge redacted box. Mr. Kuhl's copy reveals that this redacted box is the interview referenced in no. 5 above. Yes, the same interview is referenced in both reports. MSP questioned the female in this case about a sexual relationship with Mr. Kuhl and fraud.

Strangely, this interview allegedly occurred on 11/09/2022, but the date of the supplemental report for MSP Report FIT-0600087-22 is listed as 11/03/2022. It is impossible to make a report about an interview that has not occurred yet, unless the MSP are ~~omnipotent~~ to able to see into the future.

7. SA Buttery claims to have gotten a search warrant for a Facebook account belonging to Mr. Kuhl in connection with a Detroit case and saw interactions between Mr. Kuhl and this minor female. Mr. Kuhl is quite certain nothing in Detroit implicated his relationship with any minor so why would SA Buttery be rummaging through such messages. Furthermore, VerHey has deliberately not provided the grounds and warrant for this search to Defendant so that Mr. Kuhl will not be able to investigate the matter.

8. MSP interviewed Mr. Kuhl in Kalamazoo County Jail and told him they were searching his phone for fraud after Wyoming PD gave them the phone. While searching the phone they were reading a conversation discussing helping someone take drivers training and get a license. As they continued to read, they said the conversation became sexual. If they were searching for fraud they had no business reading into a conversation about drivers training and getting a license.

9. MSP claims that Wyoming PD found evidence of fraud on a phone that allegedly was Mr. Kuhl's. After finding this evidence they provided MSP with the phone and the extraction of the

data and contents from that phone. MSP then began searching and supposedly stumbled upon a sexual conversation involving a minor and opened a CSC investigation. However, the originating affidavit to get a search warrant for ~~2~~ 3 phones, prepared by Wyoming PD Detective April Kroschel on October 14, 2022, mysteriously lists Criminal Sexual Conduct as the suspected crime on page 3 of the affidavit. (See Ex. 3) If evidence of CSC was located after the Wyoming search of the phone, CSC shouldn't have been listed as the suspected crime on affidavit for a search that took place before any CSC evidence was located. April Kroschel must be able to tell the future also, or maybe they illegally searched the phone prior to applying for the search warrant. Or, the evidence was planted in the SIM card that Kroschel falsely stated was taped to the back of the Samsung phone. Mr. Kuhl knows for 100% fact no SIM Card was ~~taken from any phone~~ taped to the back of any phone and will submit to a polygraph test about this matter.

10. Ironically, a phone recovered from a traffic stop and subsequent accident in Indiana, was broken and claimed to be missing a SIM Card. This occured in November 2021 almost a year prior to the stop in Wyoming, Michigan on 10/13/2022. It should be ~~noting~~ noted that the Kroschel affidavit was not provided by Wyoming when Kuhl first got the police report for the Wyoming stop. Then after a second request, the affidavit was provided without page 3. Then finally on the 3rd request the full

affidavit was provided but the CSC section was redacted. If the affidavit repeatedly showed the crimes suspected of as Possession with Intent to Deliver (PWID) Marijuana and Financial Transaction Devices (FTD) illegal sale/use, there was no purpose to redact the last sentence of the affidavit stating what crime the affiant believed evidence of would be located on the phones.

11. The federal government had obtained their evidence at latest and completely in early February of 2023 but specifically waited for Mr. Kuhl to be charged in Van Buren County Michigan for the same conduct, get an attorney, and then bring the federal indictment to create more anxiety, stress, and hardship on Mr. Kuhl and keep him from trying to get a good lawyer because they knew his family had hired a lawyer in the state already. The federal indictment was not returned until April 25, 2023, and the entire time the invesitigation of this matter was ongoing Mr. Kuhl was incarcerated. All of the evidence used to build this case was in the hands of the FBI and MSP by December 1, 2022, yet Buttery waited over 1 month to get a search warrant for the two phones and over 2 months to get the Facebook account search warrant. Even after obtaining these search warrants and executing them, the federal government did not indict Mr. Kuhl until over 2 months later in late April.

Due to the intentional withholding of discovery materials essential to challenge the legality of such evidence based on fruit of the poisonous tree and investigative misconduct, Mr. Kuhl has been prejudiced and

denied his rights to Due Process and the right to effective counsel. Now, the date for pretrial motions has passed and this Court is not allowing any more pretrial motions. Mr. Kuhl intended to file a motion to suppress but needed to understand where the evidence came from, and see the search warrant and corresponding affidavit for the January 25, 2023 search of two phones, as well as a tabulation what was found as a result of that search. Mr. Kuhl does not even know where these two phones came from and cannot trust the government to honestly inform him of such information due to all of the falsities and inconsistencies in police reports and search warrant affidavits. It is essential that Mr. Kuhl knows where the phones came from to adequately challenge the searches of them.

By not providing the search warrant and corresponding affidavit for the Facebook account, alleged to be Mr. Kuhl's, in connection with the FBI Detroit case, Mr. Kuhl is being deprived of understanding all the facts and possibly showing more investigative misconduct by law enforcement.

Redacting more than PII and not providing full MSP reports, Mr. Kuhl is being hindered on preparing a defense because he cannot see what alleged speech constitutes persuasion, enticement, etc. This is compounded by not providing a single phone text transcript for 2021 and only Facebook Messenger transcript up to July 2, 2021. Specifically, Mr. Kuhl cannot analyze the evidence directly related to the taking of the images. See United States v. Brown, 579 F.3d 672, 683 (applying

"limited context" test permitting consideration only of evidence directly related to the taking of the images). While not being able to make this analysis, Mr. Kuhl is being deprived of Due Process and and effective counsel of himself as pro se because he cannot prepare adequate motions in limine to exclude irrelevant or prejudicial evidence not directly related to the taking of the images. Moreover, Mr. Kuhl does not even know what images the government is basing their prosecution on.

Additionally, this Court deliberately filed none of Mr. Kuhl's motions prior to March 6, 2025. Then deliberately set Mr. Kuhl's Faretta hearing for March 6, 2025, the day after the pretrial motions deadline of March 5, 2025. Now the government has withheld material discovery essential to Mr. Kuhl preparing a defense and investigating and understanding the facts of this case, beyond the pretrial deadline date to intentionally delay this matter and create a substantial disadvantage. Mr. Graham was not zealously and diligently investigating this case. Mr. Graham also was not effectively communicating with Mr. Kuhl other than to belittle Kuhl's claims. While Mr. Graham claimed to be investigating an avenue to suppress evidence, his words don't match his actions. Defendant wrote Mr. Graham and left messages asserting falsities and inconsistencies within the discovery and the vast amount of information that had not been provided in discovery. However, when Mr. Kuhl did speak with Mr. Graham on the few rare occasions, Mr. Kuhl

had to try and explain all the issues again because Mr. Graham was not aware of the issues or only had a vague recollection. Further, Mr. Graham did not move for more discovery or a bill of particulars although Mr. Kuhl addressed this matter several times by sending prepared motions, letters, and speaking to Beth, Mr. Graham's secretary! That this Court is complicit in and allowing Mr. Kuhl to be attacked and hindered by the prosecution and Mr. Graham then denying Mr. Kuhl the ability to address such concerns is ludicrous and disgraceful to the Constitution and principles of America!

VerHey not providing discovery in a timely manner is illegal! Mr. Graham not providing effective assistance is illegal! This Court refusing to step in to remedy these matters, but try to deprive Mr. Kuhl of his right to file pretrial motions and not ensure that Mr. Kuhl is being effectively represented and provided the discovery to properly defend this case is illegal!

The intentional delay in bad faith by the government and withholding of discovery, the repeated negligence and failures of Mr. Graham, and the abuse of discretion and lack of judicial oversight of these matters has prejudiced Mr. Kuhl severely and ring of injustice, the proper remedy for which only dismissal with prejudice can be. In the alternative, the government not be allowed to present any evidence at trial other than what has been provided Directly to Mr. Kuhl thus far, pursuant to Fed. R.

Crim. P. 16(d)(2)(B). Dismissal under Fed. R. Crim. P. 48(b) is justified in this matter!

Respectfully Submitted,

S. Kuhl March 19, 2025

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

Samuel Alexander Kuhl #[illegible]
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349




EXTRA STAMP



FOREVER / USA

Clerk of the Court
U.S. District Court
399 Federal Bldg.
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL