UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
______________________________/

Case No. 1:23-cr-44

Hon. Jane M. Beckering
U.S. District Court Judge

**GOVERNMENT'S RESPONSE TO DEFENDANT'S EXPEDITED MOTION FOR DISCOVERY (R. 98)**

The government responds as follows to the defendant's motion for discovery.

**FACTUAL SUMMARY**

A summary of Kuhl's recent involvement with law enforcement may give the Court helpful context in addressing this and other motions filed by the defendant. On November 28, 2020, Kalamazoo police officers were notified that Kuhl and his brother Deonte Mills had been shot and were sent to the hospital and that a third man, Robert Richardson, had died of gunshot wounds. KDPS began a homicide investigation. Witnesses told officers that Mills and Kuhl had left the shooting scene in a particular vehicle. Officers located the vehicle and found a key to a nearby motel. Kalamazoo officers searched the hotel room on November 29, 2020, and found many cell telephones, laptop computers, and lists of names and social security numbers, all of which indicated a fraudulent scheme.

On December 4, 2020, Kalamazoo officers stopped Mills on open warrants while he was in a vehicle also occupied by Kuhl. Their shared residence was also searched that day. Inside, officers located cell telephones and laptops that indicated a fraudulent scheme. At about this time, Kalamazoo officers referred the fraud evidence to the Federal Bureau of Investigation, which began investigating. This included March 2020 warrants for social media information of Kuhl and others implicated in the fraudulent scheme.

On November 20, 2021, Indiana authorities received a call from a woman who reported that her daughter was in a car with Kuhl, and he would not let her leave. She described the vehicle, and the police went looking for it. When they located it, a chase and car crash ensued. The driver and the girl were secured, but Kuhl fled. The girl told police that Kuhl had been using fraudulent unemployment benefit cards to obtain cash. Inside the car the police located 27 Illinois unemployment benefit cards and Kuhl's iPhone 12.

The Indiana State Police sent the fraud evidence and the iPhone 12 to the Kalamazoo office of the FBI. On June 29, 2022, FBI Agent Buttery obtained a search warrant to search the phones found in the car, including Kuhl's iPhone, for fraud evidence.

On October 13, 2022, a Wyoming, Michigan police officer stopped a vehicle for a traffic infraction. Kuhl was a passenger in the vehicle. During the stop the officer discovered the driver had a suspended license. The officer saw evidence of drug trafficking and asked the occupants to get out of the car. Kuhl did not comply, so he was arrested, along with the driver. When searched incident to arrest, Kuhl was in possession

of $3,400 in cash and multiple debit cards in the names of other people. Police also found a Samsung Galaxy cell telephone. On October 14, 2022, Wyoming police obtained a search warrant for the Samsung phone to search for evidence of drug trafficking on it.

Wyoming police referred the fraud information to Michigan State Police Det. Gensterbloom. Included with the fraud evidence were the contents of the Samsung Galaxy cell phone. As Det. Gensterbloom began reviewing the phone contents, he encountered messages between Kuhl and Minor 1 and quickly realized that it could relate to sexual contact with a minor. On November 9, 2022, he obtained a search warrant to review the downloaded contents of the telephone for such evidence. This review yielded evidence of Child Sexual Abuse Material (CSAM), including the following videos of Minor 1 that will be offered into evidence at trial:

- 5/19/22 12:10 UTC
- 5/27/22 1:32 UTC
- 8/22/22 2:13pm UTC

These are accompanied by associated chats between the defendant and the fifteen-year-old girl specified in the Indictment as Minor 1. The victim was interviewed on November 9, 2022, and she confirmed both a sexual relationship and sending CSAM to Kuhl. Gensterbloom also obtained a search warrant for Minor 1's Facebook account, on December 15, 2022.

The Michigan State Police detective contacted case agent Buttery about these discoveries. On January 25, 2023, Agent Buttery obtained a second warrant for Kuhl's iPhone 12 (the phone seized during the Indiana incident with an initial search warrant

for fraud-related conduct) to search for CSAM. This search yielded the following videos of Minor 1 which will be offered into evidence at trial:

- 10/27/21 4:18 UTC
- 10/31/21 1:26 UTC

Agent Buttery also obtained a search warrant for Kuhl's Facebook account (vanity name "ShaneShane"), on February 8, 2023[1]. This search resulted in the discovery of many communications between Minor 1 and the defendant beginning in May 2021. These include statements by Minor 1 about her age and many requests thereafter from Kuhl that she send him sexually explicit images of herself.

Kuhl was indicted on the existing charges on April 25, 2023. The defense claimed that he was incompetent to stand trial, which resulted in a period of delay while he was assessed for competency, initially found incompetent, and then was deemed restored to competency. During this interval, the Court appointed Kuhl a series of three separate attorneys. On January 15, 2025, the government provided Rule 16 discovery to counsel pursuant to a protective order. (R. 71: Protective Order, PageID.259-60.) Discovery has been supplemented thereafter to defense counsel in accordance with Fed. Rule Crim. P. 16(c).

Kuhl has disrupted court hearings on many occasions; on January 13, 2025, he was removed from court because of his belligerent behavior. (R. 70: Order, PageID.258.) On March 7, 2025, the Court granted Kuhl's request to represent himself, with Attorney

[1] This is a different social media account than the one Agent Buttery searched during March 2022 referenced earlier.

Graham as standby counsel. (R. 95: Order, PageID.320.) Since being granted pro se status, the defendant has filed ten motions relating to discovery, attacking the indictment and the statutes charged. He has also filed various appeals from Court actions. The Court has ordered responses to the ten motions by April 3, 2025, and has advised the defendant that the time for filing such motions has expired and future motions would be disfavored. (R. 113: Order, PageID.628.) Kuhl objects to this deadline (R. 116: Motion, PageID.680-685) and has since filed two more motions to dismiss the charges against him. (R. 119 & 120: Motions to Dismiss, Page ID.694-744.)

## RESPONSE TO DEFENDANT'S DISCOVERY REQUESTS

**Disclosure of Victim Statements.** Kuhl's first request is for statements by Minor 1. This request should be denied. As stated in *United States v. Wiggins*,

> [t] he clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial. Accordingly ... any "statement" in the government's possession related to the subject matter of a government witness's testimony shall not "be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).

784 Fed. Appx. 919, 925 (6th Cir. 2019)(*quoting United States v. Presser*, 844 F.2d 1275, 1284 (6th Cir. 1988).

**Identification of Incriminating Cell Telephones.** Kuhl's second request is for a description of the cell telephones containing CSAM and the circumstances of their acquisition by law enforcement. This request has been addressed in the factual summary above and so should be denied as moot.

**Disclosure of Search Warrants Relating to Incriminating Cell Telephones.** Kuhl's third request is for a copy of the January 25, 2023, search warrants and affidavits relating to the cell telephones containing CSAM. Later, in request seven, he requests warrants and affidavits relating to all electronic devices suspected to be his. These were initially provided to the defense on January 15, 2025, and have been supplemented since then. The government presumes that this has been shared with Kuhl by defense counsel. If the Court determines that it should be provided again, and in some other manner, the government requests further direction from the Court.

**Disclosure of All Details Regarding Fraud Investigations of Kuhl.** Kuhl next requests all available evidence referred to in Agent Buttery's Facebook search warrant. Kuhl specifies that to him, the term "all available evidence" means the identities of all investigators, suspects, incident reports, written statements, and "what this case was predicated upon." (R. 98: Motion, PageID.336.) This request is overbroad.

The discovery available in criminal cases is circumscribed by Federal Rule of Criminal Procedure 16, the Jencks Act, 18 U.S.C. § 3500, and the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. *See Presser*, 844 F.2d at 1283–85; *United States v. Khalil*, No. 22-cr-20200, 2025 WL 372070 * 1 (E.D. Mich. Feb. 3, 2025); *United States v. McLeroy*, 2023 WL 5655521 *1 (E.D. Tenn. 2023)(not reported in Fed. Supp.). Rule 16 requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant; the defendant's prior record; any documents or tangible evidence within the government's possession, custody, or control; reports of examinations or tests; and a summary of any expert witness testimony. Fed. R. Crim. P.

16(a). "The Jencks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982). But the government must produce the statement only after the witness has testified on direct examination. 18 U.S.C. § 3500(a). Finally, "while the *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." *Presser,* 844 F.2d at 1281. Exculpatory materials must be produced in time for use at trial. *Id.* at 1283.

Agent Buttery's affidavit refers to interviews done with Minor 1, his examination of Kuhl's cell telephones and Kuhl's Facebook account. To this extent, the material is relevant and has been disclosed except for the statements of the Minor 1 for the reasons stated above. However, paragraph 9 of the affidavit refers to another search of Kuhl's Facebook account in connection with a different investigation. To the extent that Kuhl is requesting this information, the request should be denied because it meets none of the criteria of Rule 16, the Jencks Act or *Brady*. The factual summary above should make it clear that the current charges stemmed from the seizure of Kuhl's iPhone and the Samsung Galaxy phone. Both phones were seized because of a traffic stop. Neither was prompted by Kuhl's fraud activity, which was the basis for the first Facebook search warrant obtained by Det. Gensterbloom. The separate investigation of Kuhl's activities has no demonstrable bearing on the present charges and so should not be disclosed.

Pretrial discovery does not allow for fishing expeditions such as this would be. *United States v. Llanez-Garcia*, 735 F.3d 483, 494 (6th Cir. 2013).

**CONCLUSION**

As noted above, many of the defendant's requests have been addressed already because the materials went to defense counsel in prior discovery or have been addressed in the factual summary laid out in this pleading. Some of the materials had to be redacted pursuant to the protective order, and government counsel understands that standby counsel supplied that material to the defendant (or will, if the discovery was provided later). Some material-- the CSAM videos-- represents contraband and cannot be provided at all but must be reviewed while in the possession of government representatives. Finally, for the reasons stated above, some discovery requests are out of bounds and should not be provided at all. The government does not plan on re-submitting the discovery already provided to the defendant without further order of the Court.

For these reasons, the government requests that the Court deny the defendant's motion.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

*<u>/s/ Timothy VerHey</u>*
TIMOTHY VERHEY
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 26, 2025, a copy of United States' Response to Defendant's Expedited Motion for Discovery (R. 98) was mailed to the defendant at the following address of record:

Samuel Alexander Kuhl Reg. #61189-510
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349

*/s/ Timothy VerHey*
TIMOTHY VERHEY
Assistant U.S. Attorney
P.O. Box 208
Grand Rapids, Michigan 49501
(616) 456-2404