UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
______________________________/

Case No. 1:23-cr-44

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

The Court now issues this Memorandum Opinion and Order addressing Defendant's *pro se* "objection" to the Court's March 12, 2025 Order addressing the pre-trial motion deadline (ECF No. 116). The Court will construe this filing as a motion to extend the pre-trial motion deadline or, in the alternative, to waive the deadline as to then-pending motions filed after the deadline. The Court also addresses the four *pro se* motions that the Court most recently received in this case (ECF Nos. 119, 120, 122, & 124).

## I. Background

With the exception of motions in limine, the Court set the deadline for pretrial motions in this case as March 5, 2024 (ECF No. 84).

In a motion dated February 17, 2025, Defendant requested to proceed *pro se* in this criminal case (ECF No. 87). Defendant was permitted to represent himself, with standby counsel,[1] on

[1] As described by the Magistrate Judge, the primary role of standby counsel in this case is to assume representation of Defendant, in the event that Defendant will no longer proceed *pro se* (ECF No. 114 at PageID.648). The role of standby counsel is not to prepare motions or any other aspect of Defendant's defense on Defendant's behalf (*id.*).

March 6, 2025 (ECF Nos. 95, 96). That same day, Defendant filed seven *pro se* motions (ECF Nos. 97, 98, 99, 100, 101, 102, & 103). On March 12, 2025, the Court entered an Order regarding the briefing schedule for Defendant's dispositive motions (ECF No. 106). Therein, the Court noted that the deadline to file additional pre-trial motions had passed (ECF No. 84). Shortly thereafter, the Court received two *pro se* filings (ECF Nos. 108 & 109), which the Court docketed as notices, and two *pro se* motions (ECF No. 110 & 111). One of these motions is dispositive, and the Court has directed that the parties shall brief that motion in accordance with the briefing schedule previously set by the Court (ECF No. 113). The record and the circumstances of this case indicate that Defendant, who is detained, mailed these two *pro se* notices and two *pro se* motions prior to the entry of the Court's Order addressing the pre-trial motion deadline.

Subsequently, in a filing dated March 13, 2025, Defendant filed the *pro se* "objection" to the Court's Order addressing the pre-trial motion deadline (ECF No. 116) addressed in the instant Memorandum Opinion and Order.

Thereafter, to date, Defendant has filed four additional *pro se* motions (ECF Nos. 119, 120, 122 & 124) also addressed in the instant memorandum Opinion and Order.

## II. Legal Standard

"The Federal Rules of Criminal Procedure grant district courts broad discretion to set deadlines for filing pretrial motions." *United States v. Burnell*, 114 F.4th 537, 547 (6th Cir. 2024). A pretrial motion pursuant to Federal Rule of Criminal Procedure 12(b)(3) is "untimely if filed after a deadline set by the district court pursuant to Rule 12(c)(1)." *United States v. Truijillo-Molina*, 678 F.App'x 335, 337 (6th Cir. 2017). "But a district court *may* entertain an untimely motion if the party shows good cause." *United States v. Gulley*, 780 F.App'x 275, 282 (6th Cir. 2019) (internal quotation omitted) (emphasis added).

### III. Request to Extend Pretrial Motion Deadline

To the extent the filing that the Court now considers (ECF No. 116) is construed as a motion for an extension of the pretrial motion deadline, the Court will analyze the motion consistent with the "good cause" standard for an untimely-filed pretrial motion. *See* FED. R. CRIM. P. 12(c)(2). None of the reasons Defendant articulates in his motion constitute good cause to extend the motion deadline and, accordingly, the motion is properly denied:

First, Defendant's counsel's decision not to file Defendant's pre-trial motion during the time that he represented Defendant is not a proper basis for extending the deadline. *See Gulley*, 780 F.App'x at 283 ("We have repeatedly held that good cause to excuse non-compliance with a court-ordered deadline is absent if the failure to timely file resulted from the lawyer's decision not to file a pretrial motion before the deadline.") (citing *United States v. Turner*, 602 F.3d 778, 787 (6th Cir. 2010)).

Second, neither Defendant's lack of copies of motions he prepared on prior occasions, nor Defendant's desire for more time to research and prepare motions, nor the mail policy at the jail where Defendant is detained, nor Defendant's legal strategy of sending certain documents to other courts without retaining copies, are, under the circumstances of this case, a proper basis for extending the deadline. "When a defendant chooses to effectuate the right of self-representation, he foregoes, as a factual matter, the benefits associated with representation by legal counsel." *Fowler v. Collins*, 253 F.3d 244, 249 (6th Cir. 2001). For example, a criminal defendant who knowingly and voluntarily chooses to represent himself is not entitled to access to a law library. *United States v. Kincaide*, 145 F.3d 771, 778 (6th Cir. 1998), *cert denied*, 825 U.S. 1166 (1999); *Unites States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990), *cert. denied*, 498 U.S. 986 (1990) ("by knowingly and intelligently waiving his right to counsel, the [defendant] also relinquished his

access to a law library"). Moreover, "[t]he right to self-representation is not a license … not to comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).

Third, Defendant's concerns about his lack of access to discovery in this case will be addressed through the Court's resolution of several of Defendant's now-pending motions. To the extent that discovery reveals evidence that affords Defendant a non-frivolous basis for a pretrial motion, the Court addresses, *infra*, the process by which Defendant may file a motion for leave to file an untimely pretrial motion.

Fourth, to the extent that the sequencing of Defendant's *Faretta* hearing vis-à-vis the date of the pretrial motion deadline prevented him from filing motions he had prepared prior to the motion deadline and after moving to represent himself, the Court addresses this argument by waiving the deadline as to the motions filed on the date of the *Faretta* hearing or shortly thereafter.

For these reasons, the request to extend the pretrial motion deadline is properly denied.

## IV. Request to Waive the Pretrial Motion Deadline as to Certain Motions

To the extent that the filing that the Court now considers (ECF No. 116) is a motion to waive the deadline as to the *certain* pending motions (ECF Nos. 97, 98, 99, 100, 101, 102, 103, 110, & 111), the motion is granted. These motions were filed the day that Defendant was permitted to represent himself or shortly thereafter. Defendant argues that the sequencing of the date of his *Faretta* hearing vis-à-vis the date of the pretrial motion deadline prohibited him from filing these motions prior to the deadline. *Cf. United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010) (finding no good cause for an untimely motion to supress where "nothing prohibited counsel from making this motion before the deadline" and counsel had been exploring the possibility of the

motion before the deadline expired). In due course, the Court will decide the motions docketed as ECF Nos. 97, 98, 99, 100, 101, 102, 103, 110, & 111.

**V. *Pro Se* Motions Filed While the *Pro Se* "Objection" to the Deadline was Pending**

Last, the Court turns to four motions that Defendant filed after filing his "objection" to the Court's March 12, 2025 Order. As noted, the Order expressly alerted the parties that the pretrial motion deadline had passed. Defendant did not file an accompanying request for leave to file these untimely motions, which he patently knew were untimely. Though the Court may accept an untimely-filed pretrial motion if good cause is shown, good cause "requires at least some legitimate explanation for the failure to timely file." *United States v. Burrell*, 114 F.4d 537, 547 (6th Cir. 2024). Moreover, this Court's local rules require any proposed document, for which leave of the Court must be sought, to be attached as an exhibit to a motion seeking leave to file. W.D. Mich. LCrimR 49.10(f); *see Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (local rules have "the force of law."). The Court will dismiss these motions without prejudice to refiling them—as *attachments*[2] to motions for leave to untimely file them. "In any motion for leave to [untimely] file [a motion], the [movant] must make a showing of good cause as to why this motion is necessary and was not filed earlier and he must attach a copy of the motion he seeks to file." *United States v. Davidson*, No. 3:08-CR-169, 2009 WL 1346064 at *1 (E.D. Tenn. May 12, 2009). Any showing of good cause for an untimely-filed motion should comport with the Court's discussion of relevant authority in this Order. Arguments pertaining to:

- A party's counsel's decision not to file a motion prior to the deadline;
- A party's lack of access to legal research;

[2] In the event a party files a motion for leave to file a proposed ex parte motion, the Clerk of Court is directed to file the proposed ex parte motion as a separate ex parte entry rather than as an attachment to the motion for leave to file.

- A party's legal strategy decisions (i.e., sending documents to courts other than this Court without retaining copies); or
- Delays in receiving discovery that a party subsequently received

will all be greatly disfavored. Defendant was indicted in the instant case over two years ago (ECF No. 1). The Court, the government, the Defendant, and the public all share an interest in avoiding undue delays in the resolution of this criminal case.

**IT IS HEREBY ORDERED** that Defendant's *pro se* motion regarding the pretrial motion deadline (ECF NO. 116) is DENIED IN PART and GRANTED IN PART as described herein. Specifically, the motion is DENIED to the extent that it requests an extension of the deadline and GRANTED to the extent that it requests that the Court waive the pretrial motion deadline as to ECF Nos. 97, 98, 99, 100, 101, 102, 103, 110, & 111.

**IT IS FURTHER ORDERED** that Defendant's *pro se* motions docketed as ECF Nos. 119, 120, 122, & 124 are DISMISSED without prejudice to refile as attachments to motions for leave to file untimely pretrial motions in accordance with the direction herein.

**IT IS FURTHER ORDERED** that any future pretrial motions filed in this case by either party shall be filed as attachments to motions for leave to file untimely pretrial motions in accordance with the direction herein.

Dated: March 28, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge