UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
_______________________________/

Case No. 1:23-cr-44

Hon. Jane M. Beckering
U.S. District Court Judge

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR FUNDS TO HIRE EXPERT (R. 110)**

Defendant filed a Motion for Funds to Hire Expert seeking to hire Patrick Siewert of Pro Digital (now of ArcherHall) in Richmond, Virginia. (R.110: Motion for Funds to Hire Expert, PageID.568.) In support of this request, Defendant argues that a "forensics expert is necessary to investigate the lawfulness of the searches of the cellphones," which is a legal question, but goes on to indicate that such an expert would be used to determine dates/times of searches of his phones; dates/times that photographs containing child sexual abuse material (CSAM) were created; storage of CSAM; and the usage of CSAM on the phone. (*Id.*, PageID.571-2.)

When necessary to an adequate representation, the court may authorize, under 18 U.S.C. § 3006A(e), the services of an investigator. *Guidelines for Administering the CJA and Related Statutes*, Chap. 3 § 320.10. Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. 18 U.S.C. § 3006A(e). Upon finding, after appropriate

inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court […] shall authorize counsel to obtain the services. *Id.*

In *United States v. Gilmore*, the Sixth Circuit laid out the standard for authorizing an "expert [or] other services" under 3006A(e) after considering the standards set by other circuits. 282 F.3d 398, 406 (6th Cir. 2002). "An indigent defendant may obtain authorization for investigative, expert, or other services under 18 U.S.C. § 3006A(e)(1) upon a demonstration that (1) such services are necessary to mount a plausible defense, and (2) without such authorization, the defendant's case would be prejudiced." *Id*. In summary, the defendant bears the burden of proving that the requested services are "necessary" and that their case would be "prejudiced" without them. *Id*. An indigent criminal defendant may not use § 3006A(e)(1) to fund a speculative "fishing expedition." *United States v. Howard*, 621 F.3d 433, 447 (6th Cir. 2010) *citing United States v. Clark,* 385 F.3d 609, 618 (6th Cir.2004) (citation omitted) (affirming the district court's decision to deny a request for a psychological expert where the need for such expert was based entirely on speculation). Under this standard, "[a] district court need not grant an indigent's motion under § 3006A on the off chance that the requested services might turn up something." *Howard*, 621 F.3d at 447. Under § 3006A(e)(3), the compensation for such services rendered "shall not exceed $2,400…unless payment in excessive of that limit is certified by the court…as necessary to provide fair compensation for services of an unusual character or duration…."

This Court has previously found Defendant indigent. (R.13: Financial Affidavit.) And, though Defendant's arguments are largely legal in nature with respect to a computer/forensics expert and the government is not convinced he has met his burden as required, the government does not oppose the appointment of such an expert, given the nature of the charges.

The government does, though, have serious concerns about the Court appointing Defendant's requested expert out of Richmond, Virginia. Due to chain-of-custody requirements, the government cannot relinquish control of the phones and send them to an expert. Because CSAM is involved and is contained on the phones that Defendant wishes an expert to examine, the government is legally precluded from creating copies of the phones and distributing them. It would be necessary for any defense expert to be present at the Federal Bureau of Investigation in Michigan to view the evidence in person, while in the possession of government representatives. Given the distance the requested expert would have to travel, that may result in both delays and substantial cost.

For these reasons, the government does not oppose defendant's motion, in part, and requests that the Court deny the defendant's motion, in part.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

*/s/ Olivia Kay Ghiselli*
OLIVIA KAY GHISELLI
TIMOTHY VERHEY
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 31, 2025, a copy of United States' Response to Defendant's Motion for Funds to Hire Expert (R. 110) was mailed to the defendant at the following address of record:

Samuel Alexander Kuhl Reg. #61189-510
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349

*/s/ Olivia Kay Ghiselli*
OLIVIA KAY GHISELLI
TIMOTHY VERHEY
Assistant U.S. Attorneys
P.O. Box 208
Grand Rapids, Michigan 49501
(616) 456-2404