UNITED STATES OF AMERICA
DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
April 2, 2025 11:30 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW 4-3-1

UNITED STATES OF AMERICA,
Plaintiff,

v.

SAMUEL ALEXANDER KUHL
Defendant.

Case no. 1:23-cr-44
Hon. Jane M. Beckering
**EXPEDITED**

# EXPEDITED MOTION TO EXTEND PRETRIAL MOTION DEADLINE

Defendant Samuel Kuhl proceeding pro se, respectfully prays for the relief of ~~of~~ an extension of the pretrial motion deadline. Mr. Kuhl asserts this is necessary because of the delay in holding the Faretta hearing until after the deadline had already passed and did not have an oppurtunity to file any motions. Although Mr. Kuhl urged Mr. Graham to begin preparing for this matter as early as September of 2024, including but not limited getting all search warrants and affidavits related to any law enforcement agency's investigation that was directly or remotely related to this case. Mr. Kuhl specified some of these agencies and investigations and to move for discovery of these materials, as well as trying to conduct independent investigations. However, to this day Mr. Kuhl has not been provided adequate discovery.

Moreover, Kuhl was not even sure if he would be allowed to proceed pro se and thus was not certain if he would be able to file

any motions at all. Mr. Kuhl immediately requested this Court and Mr. Graham to advance the Faretta hearing but his motion was rejected and his requests to Mr. Graham ignored. Thus, Mr. Kuhl has been forced and conspired against by the Court, government, and Mr. Graham to forfeit his right to a speedy trial and his right to effective assistance of counsel and left no choice but to proceed pro se.

Due to the delay and withholding of discovery, including but not limited to, a specific description of the phones subject to forfeiture and where and when they were obtained, the search warrant issued on January 25, 2023 to be executed on two phones alleged to be Mr. Kuhl's, and the complete extraction of such phones including any text or audio messages that the government contends are between Mr. Kuhl and the alleged victim or victims in this case, it is imperative an extension be granted so Mr. Kuhl can thoroughly review and challenge such evidence. Also, there is a complex set of facts and evidence at issue here and extraordinary ambiguity, inconsistencies, and confusion due to the wording of the indictment, the passing in time, and the evidence provided by discovery and the lack thereof.

Additionally, Mr. Kuhl's status of an incarcerated prose litigator in this matter is causing a severe hinderance in adequately and efficiently preparing a defense, understanding and investigating the allegations, facts, and evidence of this case, and researching and studying legal and other information and materials applicable to this case and Mr. Kuhl's defense. It is also unfair to not know the outcome

of dispositive motions already submitted before forcing Mr. Kuhl to disclose other dispositive arguments because if the case is disposed of but a superseding indictment issued, Mr. Kuhl disclosing all of his potential arguments now will allow the government to tailor their indictment and evidence to better defend against such arguments.

For these reasons, Mr. Kuhl requests that the pretrial motion deadline be extended to an undecided date pending discovery disclosure, dispositive motions, and Kuhl's motions for adequate defense materials and device.

Respectfully Submitted,

S. Kuhl March 26, 2025

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

GRAND RAPIDS MI 493
31 MAR 2025 PM 2 L

THIS MAIL HAS ORIGINATED
FROM THE … EWAYGO … ITY …




Clerk of Court
U.S. Dist. Court
399 Fed. Bldg.
110 Michigan NW
Grand Rapids, MI 49503

49503-236399