UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
_________________________________/

Case No. 1:23-cr-44

Hon. Jane M. Beckering
U.S. District Judge

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS TO DISMISS (R. 100-103, 111)**

The defendant has filed several motions to dismiss the present charges against him.[1] For the reasons discussed below, they should be denied.

## GENERAL LEGAL PRINCIPLES

Kuhl raises several challenges to the adequacy of the charges against him. A fair starting point, then, is a discussion of the two charges and the legal principles pertaining to indictments.

Count 1 of the indictment alleges that Kuhl, between May and October 2021, knowingly induced (or in the other statutorily listed ways somehow caused) a fifteen-year-old girl to engage in sexually explicit conduct for the purpose of visual depictions of that conduct within the Western District of Michigan. This is alleged to be a violation

[1] The government advises the Court and the defendant that it will request a superseding indictment from the grand jury during the week of April 15, 2025. Consequently, the Court may wish to defer deciding these motions until after then, as a superseding indictment may alter how the issues are addressed.

of 18 U.S.C. § 2251(a). The first sentence tracks the language of the statute, and the second sentence provides a factual summary of how the statute was violated. (R. 1: Indictment, PageID.1.) Count 2, which alleges a violation of 18 U.S.C. § 2422(b), also charges Kuhl with using facilities of interstate commerce to communicate with a minor to knowingly persuade her to engage in illegal sexual activity. The first sentence of this charge also tracks the language of the federal criminal statute. The second sentence specifies that Kuhl used cellular telephones and Facebook Messenger to communicate with a 15-year-old female identified as Minor 1 to have sexual intercourse with him, a violation of Michigan Compiled Laws § 750.520d. Kuhl is put on notice that this conduct occurred between May and August 2021 within the Western District of Michigan. (R. 1: Indictment, PageID.2.) The discovery provided to the defense makes plain the fact that the minor involved in Counts 1 and 2 is the same person, what images are involved, the cellular telephones involved, the text messages and social media Kuhl used to communicate with her, and the evidence indicating a sexual relationship between the girl and 29-year-old Kuhl.

Indictments are subject to Federal Rule of Criminal Procedure 7, which provides that "[t]he indictment ... must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). An indictment is sufficient if it: (1) "contains the elements of the offense charged"; (2) "fairly informs the defendant of the charge against which he must defend"; and (3) "enables [the defendant] to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Bailey*, 444 U.S. 394, 414 (1980). *United States v. Landham*, 251 F.3d 1072,

1079 (6th Cir. 2001). When reviewing a motion to dismiss a court does not evaluate the evidence upon which the charges are based. *Landham*, 251 F.3d at 1080; *United States v. Palma*, 58 F.4th 246, 249 (6th Cir. 2023).

An indictment may track the words of the statute itself if it gives all the elements of the offense "'fully, directly, and expressly.'" *Hamling v. United States,* 418 U.S. 87, 117 (1974) (*quoting United States v. Carll*, 105 U.S. 611, 612 (1881)); *Landham*, 251 F.3d at 1079. The statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling,* 418 U.S. at 117–18 (*quoting United States v. Hess*, 124 U.S. 483, 487 (1888)); *see also Landham*, 251 F.3d at 1079. "Stated differently, an indictment which describes the offense in terms of the words of the criminal statute, together with the approximate place and time of the offense, is generally sufficient." *United States v. United Mem'l Hosp.*, No. 01-238, 2002 WL 33001119, at *3 (W.D. Mich. July 23, 2002); *see also United States v. Fruehauf Corp.*, 577 F.2d 1038, 1071 (6th Cir. 1978) (holding in conspiracy case that charges were sufficient where they identified the object of the conspiracy and referred to the specific statutory sections involved).

Where an indictment fails to give adequate notice, a court can compel the prosecution to submit a bill of particulars. Fed. R. Crim. P. 7(f). However, Rule 16 discovery is ordinarily expected to be the vehicle by which a defendant learns the details of the government's proof, rendering a detailed charge and a bill of particulars unnecessary. *E.g., United States v. Page*, 575 Fed. Appx. 641, 643 (6th Cir. 2014.)

## KUHL'S CLAIMS

Kuhl's five dismissal motions are not always clear and are often repetitive, but they appear to raise six different arguments. Each will be addressed below.

**1. The facts alleged in the indictment are not specific enough.**

One common theme in the defense pleadings is that that the indictment does not explicitly set forth the exact conduct forming the basis of the charges. Kuhl claims the indictment must spell out the "what, where, when, and how" to be sufficient. (R. 100: Motion to Dismiss Count 1, PageID.374-376; R. 103: Motion to Dismiss Indictment, PageID.424.) Baked into this argument are Kuhl's questions about how the government will prove its case. (R. 103, PageID.438.)

This is not the correct standard. As noted above, when an indictment fails to give adequate notice, a court can compel the prosecution to submit a bill of particulars. Fed. R. Crim. P. 7(f). However, complaints such as those raised here are routinely rebuffed and do not result in an order requiring a bill of particulars. An example is provided by *United States v. Sterritt*, 678 F. Supp. 3d 317, 328 (E.D.N.Y. 2023): "[Defendant Sterritt's] request for information regarding when, to whom, or how Mr. Sterritt made any representations to investors is exactly the type of 'wheres, whens, and with whoms' information that Courts have repeatedly rejected as beyond the scope of a bill of particulars." )(internal quotations omitted)(*citing United States v. Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y 2001)). This statement has been embraced by courts within the Sixth Circuit. *See, e.g., United States v. Darden*, 346 F. Supp.3d 1096, 1119 (M.D. Tenn. 2018)(collecting cases).

The government is also not required to reveal how it will attempt to prove the charges, the precise manner in which the defendant committed the crimes or give a preview of its legal theories. *See also, United States v. Agostino*, 132 F.3d 1183, 1191 (7th Cir. 1997)( the defendant is not entitled to know precisely how the government intends to prove its case), *United States v. Daughtery*, 2017 WL 839472 *3 (E.D. Ky. Feb. 28, 2017)(not reported in Westlaw) *and United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)(a bill of particulars is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial.)

Kuhl's reliance on *United States v. Hillie*, 227 F. Supp. 3d 57, (D.D.C. 2017) is misplaced. There, a bill of particulars was ordered, but that was because many of the counts overlapped in time, alleged the same violation, and did not do more than track the language of the statute without specifying any facts that would allow the defense to tell them apart. *Hillie*, 227 F. Supp. 3d at 64, 72. That is not the case here. This indictment complies with Rule 7 and due process. It allows Kuhl to raise double jeopardy in any subsequent prosecution for sexually exploiting or having intercourse with Minor 1 in the district between May and October 2021. The Rule 16 discovery provided includes all of the physical and documentary evidence the government will rely upon to prove the charges.

**2. The indictment is defective because it alleges alternate ways in which he committed the crimes.**

Kuhl also sees an infirmity in the indictment because it lists, in the conjunctive, the alternative ways of violating the statute. He claims this renders the indictment defective

because it unfairly alleges that he "used every possible means "to violate Section 2251(a). (R. 101: Motion to Dismiss, PageID.386; R. 102: Motion to Dismiss Counts One and Two, PageID.392.) Once again, the government disagrees.

It is permissible for the prosecution to allege the alternative means of violating a criminal statute and prove only one of them at trial. *United States v. Ramos-Ramos*, 2007 WL 1467250 *4 (W.D. Mich. 2007); *United States v. Murph*, 707 F.2d 895, 896 (6th Cir.1983) ("It is settled law that an offense may be charged conjunctively in an indictment where a statute denounces the offense disjunctively"); *United States v. Maher*, 955 F.3d 880, 886 (11th Cir. 2020); *United States v. Howard*, 742 F.3d 1334, 1344 n.3 (11th Cir. 2014)("Prosecutors can and frequently do…charge alternative elements in the conjunctive and prove one or more of them in the disjunctive, which is constitutionally permissible.").

Kuhl has been put on notice that he has violated each statute during the specified period involving Minor 1. He has also been put on notice that the government will satisfy at least one of the alternative methods of committing the crimes with its proof at trial. The provided discovery provides more detail about the nature of the government's proof. That is all the law requires.

**3. The same conduct might prove both offenses.**

Kuhl also claims that the charges are defective because both crimes could rely on the same criminal conduct. (R. 101 Motion to Dismiss Indictment, PageID.386; R. 102: Motion to Dismiss Counts One and Two, PageID.393; R. 103: Motion to Dismiss Indictment, PageID.444.) This claim should be rejected like the others.

Kuhl may not understand how the charges differ. Count 1 clearly alleges that Kuhl somehow persuaded a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of it, while employing materials engaged in commerce. Count 2 is different: it alleges that he affected commerce when he communicated with a minor to somehow persuade a him or her to engage in sexual intercourse with him under circumstances constituting a state crime. (R. 1: Indictment, PageID.1-2.)

The conduct necessary to convict is different for each crime. In short, the elements of the two offenses are not identical. Count 1 at requires an effort by the defendant to obtain visual depictions of a minor engaged in sexually explicit conduct in a manner affecting interstate commerce. *See*, Sixth Circuit Pattern Instruction § 16.01. Count 2, by contrast, does not require the production of visual depictions but it does require interstate communications with a minor for the purpose of engaging in illegal sexual activity. *See*, Sixth Circuit Pattern Instruction § 16.09. Under Section 2242, a defendant must have engaged in criminal chargeable sexual activity or prostitution. Here, Count 2 specifies that the defendant engaged in sexual intercourse with the child, fulfilling an element not required (and a fact not alleged) in Count 1.

Even if the same conduct met the elements of each charge, that would be no basis for dismissing the indictment. In *Blockburger v. United States*, the Supreme Court long ago held that charging two offenses arising from a single event does not result in Double Jeopardy. 284 U.S. 299 (1932). This same test is implicated when an indictment is alleged to be multiplicitous—that is, charging precisely the same conduct in two or more offenses. *United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008). Because there is no

complete overlap between the elements of the two crimes charged here, courts have not held them to be multiplicitous when charged together. *United States v. Isabella*, 918 F.3d 816, 848 (10th Cir. 2019); *United States v. Ninsawat*, No. 22-20630, 2023 WL 3600753 *6 (E.D. Mich., May 23, 2023).

For these reasons, this claim should be rejected.

**4. The indictment is defective because it includes allegations that he attempted to commit the crimes, but also says he successfully completed the crimes.**

Kuhl finds fault with the fact that the charges allege he both attempted the crimes and completed them. (R. 102: Motion to Dismiss Counts One and Two Due to Duplicity, PageID.392; R. 103: Motion to Dismiss Indictment, PageID.444-45.) As suggested by the title of this pleading, he claims this renders the indictment duplicitous. The government disagrees that this is so, or that it requires dismissal of the indictment.

"An indictment is duplicitous if it joins two or more distinct crimes in a single count[.]" *United States v. Aracri*, 968 F.2d 1512, 1518 (2nd Cir. 1992) (*citing United States v. Murray*, 618 F.2d 892, 896 (2nd Cir. 1980)). An indictment that alleges "the commission of a crime by several means" in the same count, however, is not duplicitous. *Id.* Moreover, "[d]uplicitous pleading ... is not presumptively invalid[.]" *United States v. Olmeda*, 461 F.3d 271, 281 (2nd Cir. 2006). "[A] duplicitous charge calls into questions the unanimity of a verdict of guilty ... such a charge is not prejudicial per se, because proper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense." *United States v. Savoires*, 430 F.3d 376, 380 (6th Cir.2005).

As noted above, the prosecution is permitted to plead alternative means of violating a criminal statute and prove only one of them at trial. *Ramos-Ramos*, 2007 WL 1467250 at *4; *Murph*, 707 F.2d at 896; *Maher*, 955 F.3d at 886; *Howard*, 742 F.3d at 1344 n.3. This is a variation on that rule, because each statute is satisfied if a defendant only attempts to commit the offense charged.

This has led courts in cases like this to reject duplicity challenges where an indictment charges both an attempt and the substantive offense in the same count. An example is *United States v. Flores*, 2023 WL 2991066 *4 (D. Vt. April 18, 2023), where the court rejected a motion to dismiss a 2252(b)(1) charge alleging both an attempt and the substantive crime. Also instructive is *United States v. Smith*, 910 F.3d 1047, 1052-53 (8th Cir. 2018), where the court found no risk of unfair duplicity where a defendant was charged with receipt of and attempted receipt of child pornography in one count and possession and attempted possession in another, both in violation of § 2252. That alone did not warrant dismissal and any risk of a less than unanimous verdict was alleviated because "the jury instructions included a unanimity instruction, separate instructions for receipt and possession that told the jury it must unanimously agree that particular visual depictions were received and possessed, and a separate instruction accurately defining the elements of an unlawful attempt." 910 F.3d at 1053.

The same result should follow here. This claim should be rejected.

**5. Count 1 is defective because it is based upon the production of more than one visual depiction.**

Kuhl also says Count 1 is defective because the single count alleges multiple images. (R. 102: Motion to Dismiss Counts One and Two, PageID.392.) The government disagrees that this is a defect or that it should result in dismissal.

*United States v. Sibley*, 681 Fed. Appx. 457 (6th Cir. 2017) is instructive. There, the defendant, age 36, was engaged in a sexual relationship with a 15-year-old girl and created pornographic images of her when he began prostituting her. 651 Fed. Appx at 458. The government charged Sibley with one count of sexually exploiting a minor based on multiple pornographic digital photographs. Sibley claimed that this charge was duplicitous, and each image should have been charged as a separate crime. Reviewing for plain error, the Sixth Circuit found no fault with the charge: "[W]e see no prejudice in the government's decision to charge him in one count rather than nine." *Sibley*, 681 Fed. Appx. at 460. This was, in part, premised by the principle that a duplicitous indictment is not automatically defective. It becomes so only when it prejudices a defendant. *United States v. Singer*, 782 F.3d 270, 276 (6th Cir. 2015). In *Singer*, the defendant was charged with a single mail fraud scheme based upon 17 arsons committed for insurance benefits. The *Singer* panel approved a single count based upon distinct but similar fraud schemes, but it also found no prejudice in any case: "[I]t is difficult to see how a single mail fraud count—as opposed to seventeen or more—prejudiced Singer." 782 F.3d at 276.

It is also important to note that Section 2251 is not aimed at the act of receipt or collection of child pornography, it is aimed at the persuasion[2] of a minor to engage in conduct for the purpose of producing such material. This is clear from the elements: a defendant is guilty of violating Section 2251 if he: 1) persuades a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and 2) the depiction was produced or transmitted using materials transported in interstate commerce. Sixth Circuit Pattern Instruction § 16.01. The acts of persuasion, not the number of images, is the focus of the crime. So Kuhl's ongoing pattern of persuasion of Minor 1 was properly charged against him, and it does not matter if the persuasion generated 100 sexually explicit images of the child or one such image.

This claim should be rejected.

**6. Count 2 carries an unconstitutionally harsh sentence.**

Kuhl finally urges the Court to dismiss Count 2 because its penalty is harsher than many state statutes prohibiting sex crimes such as alleged here. (R. 111: Motion to Dismiss Count Two Based on Cruel and Unusual Punishment, PageID.575.) The government disagrees that this disparity warrants dismissal.

The Supreme Court has adopted a "narrow proportionality principle" in evaluating Eighth Amendment claims. *Harmelin v. Michigan*, 501 U.S. 957, 997, (1991) (Kennedy, J., concurring in part and concurring in the judgment). In that case, Justice Kennedy wrote that, "[t]he Eighth Amendment does not require strict proportionality

[2] In this context, the government has selected the verb "persuade" as a stand in for all of the other methods of inducing a minor to engage in sexually explicit conduct.

between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001. A defendant challenging his sentence under the Eighth Amendment has a tremendously difficult burden to meet. In the last century, the Supreme Court has struck down only a handful of non-capital sentences under the Eighth Amendment, and those cases have been egregious in the extreme. For example, the Court found a life sentence without the possibility of parole unconstitutional for the crime of uttering a "no account" check for $100. *Solem v. Helm*, 463 U.S. 277 (1983). In *Harmelin v. Michigan*, by contrast, the Supreme Court upheld a mandatory life sentence without the possibility of parole for possession of more than 650 grams of cocaine even where the defendant had no prior felony convictions. 501 U.S. 957, 961 (1991).

Considering this, the Sixth Circuit has repeatedly held that Section 2422(b)'s penalty is constitutional. *United States v. Hughes*, 632 F.3d 956 (6th Cir. 2011); *United States v. Hart*, 635 F.3d 850 (6th Cir. 2011). Congress imposes harsh penalties to deter people from engaging in the illegal conduct. *E.g., United States v. Henry*, 545 F.3d 367, 386 (6th Cir. 2008)(discussing drug trafficking penalties). Kuhl, having engaged in the conduct anyway, cannot be heard to complain now.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

Date: April 3, 2025

*<u>/s/ Timothy P. VerHey</u>*

TIMOTHY P. VERHEY
OLIVIA GHISELLI
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

**CERTIFICATE IN ACCORDANCE WITH**
**LOCAL CRIMINAL RULE 47.1(b)(ii) AND ADMIN. ORDER 18-RL-85**

In accordance with L. Crim. R. 47.1(b)(ii) and Administrative Order No. 18-RL-85, the undersigned certifies that this brief complies with the type-volume limitation and contains no more than 10,800 words as provided by Rule 47.1(b)(i). A word count was made using Office 365 and the brief contains 3,225 words.

Respectfully submitted,
ANDREW BYERLY BIRGE
Acting United States Attorney

Date: April 3, 2025

*/s/ Timothy P. VerHey*
TIMOTHY P. VERHEY
OLIVIA GHISELLI
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 3, 2025, a copy of Government's Response to Defendant's Motions to Dismiss (R. 100-103, 111) was mailed to the defendant at the following address of record:

Samuel Alexander Kuhl Reg. #61189-510
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

Date: April 3, 2025

*/s/ Timothy P. VerHey*
TIMOTHY P. VERHEY
OLIVIA GHISELLI
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404