UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
April 8, 2025 11:38 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB SCANNED BY: JW / 4-8

UNITED STATES OF AMERICA,

Plaintiff, Case no. 1:23-cr-44

v. Hon. Jane M. Beckering

SAMUEL ALEXANDER KUHL, EXPEDITED

Defendant.

# TIME-SENSITIVE MOTION FOR ORDER TO SHOW CAUSE WHY GOVERNMENT SHOULD NOT BE SANCTIONED

Defendant Samuel Kuhl, proceeding pro se, respectfully moves this Honorable Court to ~~show why~~ compel the government to show why they should not be sanctioned for fraud upon the court and unnecessary delay in disclosing discovery. Seeing as the government has unlimited resources and numerous attorneys to litigate against Mr. Kuhl, they should be held to the upmost standard and there is no excuse for the misconduct to be described below.

Firstly, the government filed its response to Mr. Kuhl's motion for discovery on 3/26/25 (R.123). In this response, the government claims to have supplemented discovery after providing initial discovery to Mr. Graham on January 15, 2025. However, the government's Initial Pretrial Conference Summary Statement (R.66) filed on 1/10/25, clearly states that several discovery materials had already been disclosed to defense counsel. Moreover, the government's response to Defendant's motion

for discovery (R. 123), as noted above, states that discovery had been supplemented. Today is April 2, 2023, and Mr. Kuhl received a brief letter from Mr. Graham's secretary Beth Smeal dated March 28, 2025. (Ex. 1) Clearly this letter states that Mr. Graham's office received "Discovery 2" from the government on 3/27/25, which is clearly after 3/26/25, when the government stated that it had already supplemented discovery (Page ID. 774 and 776). Is the discovery not sent electronically? Thus, the government has lied to this court on two occasions and/or made statements with a reckless disregard for the truth, all at the expense of Mr. Kuhl's due process and ability to adequately and efficiently prepare a defense to these charges and their underlying investigation and evidence.

Secondly, the government claims two have yielded two videos from a search warrant obtained on January 25, 2023 for an iPhone 12 supposedly seized during an incident in Indiana in November of 2021. (Page ID. 774) Mr. Kuhl is aware of only one video obtained from a January 25, 2023 search warrant obtained by Special Agent Buttery. This is because SA Buttery references a January 25, 2023 search warrant for two phones, that supposedly belong to Mr. Kuhl, and one video yielded from that search in statement no. 7 in his search warrant application for Facebook account Vanity ID "Shane Shane" dated Feb. 8, 2023. (Ex 2) SA Buttery describes this video being dated October 26, 2021. Meanwhile, the government claims to have two videos, obtained from a search warrant

for one phone, dated 10/27/21 and 10/31/21. Is this an error in the date of the video, are there three videos, why does the indictment in Count One specifically allege that Mr. Kuhl "received and stored photographs"? (Page ID. 1) The dishonesty and/or carelessness of the government leaves Mr. Kuhl clueless at this point as to what he is specifically called to defend against and what evidence was actually presented to and passed upon by the grand jury.

Thirdly, Mr. Kuhl has yet to receive this mysterious January 25, 2023 search warrant and affidavit. Numerous times Mr. Kuhl has raised this issue with Mr. Graham, Mr. Ver Hey, and the Court. This is severely prejudicial to Mr. Kuhl as he is unable to analyze this search warrant to possibly challenge its validity. The deadline for pretrial motions has passed and just in the past 3 days Mr. Kuhl has learned of and received material facts and documents necessary to adequately file a motion to suppress evidence. Sadly, there is still material documents that Mr. Kuhl has not received such as the January 25, 2023 search warrant. On Monday, 3/31/25, Mr. Kuhl received the Government's Response to Defendandant's Motion for Discovery (R. 123), which specified exactly what phones the government claims to have obtained their evidence from, and how they acquired such phones. Due to the numerous phones taken from Mr. Kuhl at different times, this clarity is imperative to understanding and challenging the evidence and investigations underlying this case.

Fourthly, not one single message yielded by the January 25, 2023 search warrant has been disclosed. Mr. Kuhl does not know whether text messages, Facebook messages, or both were recovered by this search. These Facebook messages provided to Mr. Kuhl are from April 19, 2021 to July 2, 2021, and not one message by Mr. Kuhl even references sexually explicit images. This is clearly contradictory to the government's statement in its response to Defendant's motion for discovery that the February 8, 2023 facebook search revealed several requests to Minor 1 for sexually explicit images. (Page I.D. 774) What's ~~even more~~ just as contradictory is the government's statement in their response to Defendant's motion for discovery (R.123) that the Facebook account searched by SA Buttery in March of 2022 is different than the Facebook account searched by Buttery pursuant to the February 8, 2023 search warrant. (Page I.D. 774) However, just today, April 2, 2025, Mr. Kuhl received this March 2022 Facebook search warrant and it is to search multiple accounts; specifically, one of those Facebook accounts is User ID 100009165769099. This is the exact same account that the February 8, 2023 search warrant authorizes to be searched. Just so the Court is aware, these Facebook searches have no limit or particularity, and ironically it is Magistrate Ray Kent who signed off on both warrants. These search warrants request every single bit of information related to a Facebook account although such data and information has no nexus to the suspected crime. Thus, the federal government receives a staggering amount of data and have free reign to rummage limitlessly through

peoples' lives that are contained on Social media. Every message, like, picture, comment, ip address, financial transaction, etc. is handed over to the government. Although there is a time limit to review this data, who truly oversees the Facebook data to make sure these time limits are adhered to? This may seem like a "fishing expedition" but please pay very close attention. In March of 2022, specifically the 8th, Magistrate Ray Kent authorized a search warrant prepared by SA Buttery to search 5 facebook accounts. One account (User ID 100012264217629) was alleged to belong to Martell Ballard; one account (User ID 100044138982462) was alleged to belong to Deontae Mills; one account (User ID 100003216109624) was alleged to belong to Javon Mitchell; and two accounts (User IDs 100009165769099) and 100069953831672) allegedly belong to Mr. Kuhl. On June 29, 2022, Magistrate Sally Berens authorized a search warrant prepared by SA Buttery for 4 cellphones supposedly seized during the November 2021 Indiana incident. In statement no. 14 of SA Buttery's application for the search warrant, Buttery states that a Facebook account user ID 972956813592165 with the vanity identity "Shane Shane" was searched in March of 2022. However, as noted above, this Facebook user ID is not in the March 8, 2022 search warrant. Was another search warrant issued for a third account alleged to be operated by Mr. Kuhl? Why is the government claiming Mr. Kuhl sent several messages on Facebook to Minor 1 requesting sexually explicit images when there are no such messages in the discovery provided to Mr. Kuhl? Mr. Kuhl has requested

all messages alleged to be between him and Minor 1, yet the government continues to withhold such evidence in violation of Fed. R. Crim. P. 16. Has the government just went back to review each of these Facebook accounts' data on a fishing expedition to locate messages between Mr. Kuhl and Minor 1 then submit a search warrant request to authorize a search that they already conducted unlawfully? If there is so much incriminating evidence of fraud, why has no fraud-related indictment been brought against Mr. Kuhl? Actually, all the fraud investigations have been closed since this indictment charging sex offenses has been brought against Mr. Kuhl. MSP searched Minor 1's Facebook account and although the government references this search (PageID.773), they omit the fact no messages or other correspondence between Mr. Kuhl and Minor 1 were revealed during this search. Mr. Kuhl only knows this because he has obtained the MSP Incident Report FIT-0000091-22 pursuant his own means. This same MSP report was provided by the government but was not a complete version, as several supplements to the report and search warrants and affidavits were missings. The government did the same with MSP Incident Report FIT-0000087-22, which Kuhl only realized by obtaining the full report by his own means.

Fifth, Wyoming PD took two cell phones belonging to Mr. Kuhl, but the Green iPhone is mysteriously missing. Even more puzzling is that MSP claims to have discovered evidence of a sexual offense only after

Wyoming turned over a Samsung phone they claim contained evidence of fraud, yet the affidavit prepared by Wyoming to search the Samsung phone identifies Criminal Sexual Conduct as one of the suspected crimes in the search warrant affidavit. If evidence of a sexual offense was located after the Wyoming PD searched the phone, how could they list CSC as the suspected crime before the phone was ever searched? Surely, 2+2 does not equal 5. Moreover, Indiana authorities described the broken iPhone as not containing a SIM card and Wyoming PD mysteriously claims a SIM card was taped to the back of the Samsung phone seized during the October 13, 2022 stop. Mr. Kuhl knows there was no SIM card taped to the back of any phone. What is truly going on here? Why is the government withholding discovery? Why were these charges brought shortly after I brought litigation against CPS? How come the records were falsified to have me labeled as being detained in Newaygo County Jail as a federal probation violator with felony weapons charges? Why was Dr. Dubois questioning me about fraud and murder and is related to Stolsonburg? Why was David ignored and thrown into a mental ward when he tried to say adoption gone bad? Why did no one listen to my mother, uncle, or grandmother that something was seriously wrong? Why did no one investigate when my sister became pregnant at 13 and was not going to school? Why were no flags raised when my 11 year old brother was found at 5 am sleeping in the lobby of West Middle School? Why did Parker refuse to file any motion and repeatedly lie and never speak to me once? Why did

Mr. Graham repeatedly tell me I had all the discovery until I moved to fire him in court? Why did this court purposely set my Faretta hearing after my pretrial motion deadline? Why has this court ignored my suit against Newaygo County to change the mail policy so I can better defend myself?

Mr. Kuhl requests an immediate hearing to show the Court what has been provided to him in discovery so that the government will be barred from presenting any further evidence. Also Mr. Kuhl request the Court to order the government to show cause why they should not be sanctioned for making known false filings and intentionally withholding discovery. I don't even have enough stamps to send the exhibits and I can't send this with the deputies to the federal building to be filed, this is ridiculous!

Respectfully Submitted,

S. Kuhl April 2, 2025

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

S. Kuhl 6118951(0
1035 James
P.O. Box 845
White Cloud, MI 49349




Clerk of the Court
U.S. Dist. Court
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL