UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 1:23-CR-44

v.

Hon. Jane M. Beckering

SAMUEL ALEXANDER KUHL,

Defendant.
________________________________________/

**ORDER**

Defendant has filed an "Expedited Motion for Discovery" (ECF No. 98). Defendant seeks discovery in eight numbered requests. (PageID.355-56). The government filed a response to the motion (ECF No. 123).

As a preliminary matter, defendant filed a "Response to Government's Response to Defendant's Expedited Motion for Discovery." (ECF No.134). Defendant's "response" is a reply brief. Local Criminal Rules prohibit the filing of reply briefs without leave of court. *See* W.D. Mich. LCrR 47.2(c) ("Reply briefs may not be filed without leave of court."). Defendant neither sought nor received leave to file a reply brief. Accordingly, defendant's reply (ECF No. 134) is **stricken** as improvidently filed.

The Court has reviewed the motion and response.

In the discharge of its discovery obligations, the government is required to comply with substantive federal criminal law including the Jencks Act, the Due Process Protections Act, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the Federal Rules of Criminal Procedure, the Western District of Michigan Local Criminal Rules, and the Western District of Michigan's

Standing Order Regarding Discovery in Criminal Cases (Administrative Order No. 20-RL-066).

After reviewing the motion and response, the Court reaches the following conclusions with respect to each of the requests:

Request 1: Under the Jencks Act, the government is not obligated to produce the victim's statement until she has testified on direct examination.

Request 2: The government has described the incident in its response.

Request 3: The government provided this information to defendant's counsel.

Request 4: This information concerns a separate investigation initiated in another district of other suspected criminal conduct by defendant and is not discoverable by him in this case.

Requests 5-8: These requests seek search warrants, affidavits and returns from searches of defendant's Facebook and other social media accounts as well as his cell phones or other digital devices. In its response, the Government states that the warrants and affidavits under which it searched defendant's cell phones and digital devices for evidence of child sexually abusive materials were provided to defendant's counsel on January 15, 2025 and later supplemented. To the extent the Government has not produced the warrants, affidavits and returns from the search of the victim's Facebook account and from the search of defendant's Facebook or other social media accounts as part of this investigation, **it is ordered to do so**.

To clarify what discovery defendant has received, standby counsel is **ordered** to confirm what discovery he has received from the Government and what discovery he has turned over to defendant.

Defendant's motion is **GRANTED in part** as set forth above.

**IT IS SO ORDERED.**

Dated: April 11, 2025

/s/ Ray Kent
RAY KENT
United States Magistrate Judge