UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff, Case No. 1:23-CR-44

v. Hon. Jane M. Beckering

SAMUEL ALEXANDER KUHL,

Defendant.
______________________________________/

**ORDER**

Pending before the Court is Defendant's Motion to be Provided With Grand Jury Transcripts (ECF No. 99). The government filed a response (ECF No. 117).

As a preliminary matter, defendant filed a "Response to Government's Response to Defendant's Motion for Disclosure of Grand Jury Procedings [sic]" (ECF No.127). Defendant's "response" is a reply brief. Local Criminal Rules prohibit the filing of reply briefs without leave of court. *See* W.D. Mich. LCrR 47.2(c) ("Reply briefs may not be filed without leave of court."). Defendant neither sought nor received leave to file a reply brief. Accordingly, defendant's reply (ECF No. 127) is **stricken** as improvidently filed.

The Court has reviewed the motion and response.

Defendant asserts that he is entitled to a copy of the grand jury transcript for three reasons. First, access to the grand jury transcript is necessary "to ensure that the indictment was not the product of improper influence and that it is based on a full and fair presentation of evidence." PageID.363. Second, he should be provided a copy of the grand jury transcript because the "Indictment's Vagueness and Insufficiency Raise Questions About its Validity." PageID.369.

Third, defendant claims that, "Disclosure is Essential for the Defendant's Right to be Protected From Double Jeopardy, Fair Trial, and Effective Defense." PageID.372.

"The Supreme Court has established requirements which must be met before the strong policy of maintaining secrecy of grand jury proceedings may be overcome." *United States v. Short*, 671 F.2d 178, 184 (6th Cir. 1982). The "'indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity." *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682 (1958) (internal citation omitted). "This compelling necessity must be demonstrated by establishing a 'particularized need' rather than a general one." *Short*, 671 F.2d at 184, citing *Proctor & Gamble Co.*, 356 U.S. at 683. This means that a movant must "demonstrate the need for disclosure with particularity so that the secrecy of the proceedings may be lifted only to the extent necessary to fulfill a narrowly tailored and compelling need." *In re Grand Jury 89-4-72*, 932 F.2d 481, 489 (6th Cir. 1991).

"A 'generalized desire' to inspect the grand jury transcripts in the hope that evidence beneficial to the defendant will be discovered does not satisfy the particularized need requirement." *United States v. Abernathy*, No. 08-20103, 2009 WL 982796 at *2 (E.D. Mich. April 13, 2009) (citing *United States v. Smith*, No. 02-20380, 2004 WL 784521 (W.D.Tenn. Jan. 26, 2004). The "mere speculation of irregularity is not enough to entitle the defendant to disclosure of grand jury material." *United States v. Hart,* 513 F. Supp. 657, 658 (E.D. Pa. 1981).

In support of his first argument, defendant theorizes that "the grand jury may have been influenced by improper or leading questions. . . ,“ that, "coercion and pressure may have been executed against the alleged victim" because defendant was under investigation for other crimes, because the victim "was a minor", and because defendant is an "older male". PageID. 365. Defendant also claims that, "it is possible that unauthorized persons were present during the grand

jury proceedings . . . ." *Id*. Defendant offers no facts in support of his argument that the indictment was "the product of improper influence." All he offers is could haves, probabilities, and inferences – in short, speculation. Defendant does not come close to meeting the compelling necessity standard.

Defendant's second argument also fails because, as noted by the government, an indictment cannot be challenged "on the ground that there was inadequate or incompetent evidence before the grand jury. . . An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States,* 350 U.S. 359, 363 (1956). *See United States v. Powell*, 823 F.2d 996, 1000 (6th Cir. 1987) ("In light of *Costello*, it is not surprising to find that this Circuit has declared that the validity of an indictment is not affected by the type of evidence presented to the grand jury, even though that evidence may be incompetent, inadequate or hearsay.) (internal quotation marks omitted). Moreover, defendant has filed at least four motions seeking dismissal of all or parts of the indictment. *See* ECF Nos. 100-104. Presumably issues of whether the indictment is "vague" or "insufficient" will be addressed and decided in those motions.

Finally, defendant does not develop his third argument, relying on the reasoning offered in support of the other two. Those reasons are rejected as outlined above.

FOR THE FOREGOING REASONS, THE MOTION IS **DENIED**.

**IT IS SO ORDERED.**

Dated: April 11, 2025

/s/ Ray Kent
RAY KENT
United States Magistrate Judge