UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
April 25, 2025 10:51 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB SCANNED BY: KB 4/25

UNITED STATES OF AMERICA,
Plaintiff,

v.

SAMUEL ALEXANDER KUHL,
Defendant.

Case no. 1:23-cr-44
Hon. Jane M. Beckering
Oral Argument Requested

# MOTION TO DISMISS COUNT TWO

Defendant now comes before this Honorable Court respectfully requesting that Count Two of the pending indictment be dismissed under the vagueness doctrine. Mr. Kuhl brings this motion in accordance with Federal Rule of Criminal Procedure 12(b)(3)(B)(v); 12(b)(2).

## I. LEGAL PRINCIPLE OF VAGUENESS DOCTRINE

The U.S. Supreme Court has held that the Due Process Clause of the Fifth Amendment prohibits the Government from "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson v. United States, 576 U.S. 591, 595 (2015).

The Court has also "acknowledged that the failure of 'persistent efforts... to establish a standard' can provide evidence of vagueness." *Id.* at 598, quoting United States v. L. Cohen Grocery Co., 255 U.S. 81, 91 (1921).

Moreover, "there are limits beyond which [courts] cannot go in finding what Congress has not put into so many words or in making certain what it has left undefined or too vague for reasonable assurance of its meaning. In our system, so far at least as concerns the federal powers, defining crimes and fixing penalties are legislative, not judicial functions." United States v. Evans, 333 U.S. 483, 486 (1948).

## II. 18 USC §2422(b) IS UNCONSTITUTIONALLY VAGUE

### A. The Statute's Language Is So Vague and Undefined, Courts Have Taken On The Legislative Function In Describing What Conduct The Statute Proscribes

It seems that several courts, if not all, have held that §2422(b) does not proscribe prostitution or any illegal sexual activity with a minor. Indeed, it is not even required to prove the defendant intended to consummate the illegal sexual activity. Instead, according to the courts it is the act of overcoming the will of, or achieving a mindstate of assent in the minor. See United States v. Thomas, 410 F.3d 1235 (10th Cir. 2005); United States v. Faust, 795 F.3d 1243 (10th Cir. 2015) (holding that §2422(b) "criminalizes the sexual grooming of minors, regardless of any intent to consummate the illegal sexual activity"); United States v. Dwinells, 508 F.3d 63, 65 (1st Cir. 2007) (rejecting "that section 2422(b)

should be interpreted to include, as an additional element of the offense, an intent that the underlying sexual activity actually take place"). "The government must prove that the defendant intended to cause assent on the part of the minor, not that he acted with the specific intent to engage in sexual activity." United States v. Lee, 603 F.3d 904, 914 (11th Cir. 2010). This interpretation seems to coincide with the statute's phrase "knowingly persuade, induce, entice, or coerce."

However, the lack of defining persuade, induce, entice, and coerce, along with judicial decisions in a majority of courts (if not all), has led to arbitrary enforcement and a removal of the "knowingly persuade, induce, etc." phrase from the statute. Thus, one cannot fairly ascertain what conduct is truly prohibited under §2422(b). See United States v. Rossi, 21-3165, page 4 (7th Cir. June 22, 2022) (upholding district court's jury instruction: "The minor's willingness to engage in sexual activity is irrelevant because, by law, a minor is unable to consent to sexual activity"); United States v. Macapagal, 19-cr-00080-DKW-1 (D. Haw. Sep. 25, 2020) (same); U.S. v. Nishida, 20-10238 (9th Cir. July 26, 2021); U.S. v. Jakits, 2:22-cr-194, page 12 (S.D. Ohio May 2, 2023) ("it is simply not 'a requirement of [§2422(b)] that the victims not initially be in a state of assent or consent to sexual activity.'") (quoting United States v. Peterson, 977 F.3d 381, 389-90 (5th Cir. 2020)).

Indeed, the previously mentioned cases that refuse a requirement of the government to prove the accused actually intended for the underlying sexual activity to occur, remove the phrase "to engage in"

from §2422(b). Instead, the courts have essentially reworded the statute to read "to agree to engage in," or "achieve a mindstate of assent in the minor, to engage in... regardess if the accused truly intends for the prostitution or... to actually occur." Certainly Congress intended "to investigate and bring to justice those individuals who prey on our nation's children" when enacting §2422(b). See H.R. Rep. No. 105-557, at 10 (1998). It was not intended to apply to the unique circumstances of Mr. Kuhl's case. Invoking so shapeless a provision to condemn someone to prison for 10 years to life does not comport with the Constitution's guarantee of due process. Johnson, 576 U.S. at 602.

B. 18 U.S.C. §2422(b) Allows Only A 10 Year or Lifelong Term of Imprisonment

Just as in Evans, 333 U.S. 483 (1948), Congress has failed to clearly define the applicable penalty under §2422(b). The fact that the statute reads "imprisoned not less than 10 years or for life" allows only a sentence of 10 years or a life sentence, nothing in between. Due to the word "or" and the fact that the language has multiple terms of actus reus (persuade, induce, entice, or coerce), as well as the "or attempts to do so" phrase, one can possibly infer, that because coerce is a separate and worse act than persuasion or enticement, a life punishment, and only a life punishment, applies to the act of coercion. One could also interpret that any violation of the act is punishable only by 10

years in prison or life. Additionally, the statute could be read that only the 10 year term applies to an attempt offense, while only life applies to a completed offense, and vice versa.

C. 18 U.S.C. §2422(b) Is not Clear As To Whether It Is A Strict Liability Crime

The language of §2422(b) does not make clear whether one must know the victim is under 18, under the age of consent to make the sexual activity illegal, or know that he is persuading, inducing, etc. the minor. Although the language clearly reads "knowingly persuade, induce, etc.," it is clear from the cases cited above that whether any persuasion or enticement was actually present does not matter. Moreover, there has been a split amongst Circuit Courts as to whether the accused must know the victim was a minor.

In some Circuits it has been held that the government need not prove that the accused knew the victim was a minor in order to get a conviction under §2422(b). "The criminality of the conduct defined in §2422(b) is not dependent upon the victim's minor status as the conduct is covered by §2422(a)." United States v. Daniels, 685 F.3d 1237, 1249 (11th Cir. 2012); see also United States v. Banker, 876 F.3d 530, 538 (4th Cir. 2017) ("[I]t would be inconsistent with Congress' stated purpose to make it more difficult to prove a §2422(b) offense against minors the §2422(a) corollary with respect to 'any individual.'").

However, other Circuits have read §2422(b) to require knowledge by the accused that the victim was a minor. See United States v. Cote, 504 F.3d 682, 686 (7th Cir. 2007) (reading the statute to require knowledge the victim was under 18 to avoid a First Amendment problem); United States v. Meek, 366 F.3d 705, 718 (9th Cir. 2004) (holding "that the term 'knowingly' refers both to the verbs – 'persuades, induces, entices, or coerces' – as well as to the object – a person who has not achieved the age of 18 years'"). The First Circuit seems to be on the side of split consistent with the Seventh and Ninth Circuits due to United States v. Dwinells, 508 F.3d 63 (1st Cir. 2007). While some Circuits have held that knowledge the victim was under 18, it seems none have required knowledge that the victim was under the age that makes the sexual activity, which would ordinarily be legal, illegal. See United States v. Montijo-Maysonet, 974 F.3d 34, 43-44 (1st Cir. 2020) (refusing to decide whether defendant's knowledge the victim was under 16 was required because evidence showed there was no way the defendant could not have known.).

This failure to establish a standard supports the argument that §2422(b) is unconstitutionally vague. It allows for a person to be prosecuted for seeking a private intimate relationship he honestly believed was lawful. This is the case even if a person is under 18 but portrays themself as being of age to legally consent to sex, as is the case here with Minor 1. In Michigan, a person who is 16 years old can legally consent to sexual intercourse with whomever they please. Consistent with the partial discovery and case presented by the government, Minor 1

initially portrayed herself as 17 years old several times. Eventually, Minor 1 supposeldy informed Mr. Kuhl that she was in fact 15 years old after Minor 1 and Mr. Kuhl were already in an intimate relationship. Thus, Mr. Kuhl very well felt he was not overcoming the will of a minor even after she disclosed being under age of consent because she was clearly willing, and even wanted to engage in such conduct. This should not be considered to say engaging in illegal sex with a minor is not wrong and deserves no punishment. However, it is to say that one cannot know he is violating §2422(b) when he does not know or believe he is overcoming the will of a minor. Accordingly, §2422(b) is unconstitutionally vague as applied and on its face.

D. "Any Sexual Activity For Which Any Person Can Be Charged With A Criminal Offense"

Because "any sexual activity" is in the context of "prostitution" as its corollary conduct, it is unconstitutionally vague. This is for multiple reasons. One, prostitution involves some type of sexual intercourse whether oral or genital. Thus, one would assume that "sexual activity" references actual intercourse whether forced or "consentual." Accordingly, one would assume because of the draconian sentence, the underlying crime must be a felony. However, this is not the case. Indeed, the undedying sexual activity can be a misdemeanor offense. See United States v. Shill, 740 F.3d 1347 (9th Cir. 2014).

Two, the term "sexual activity" is typically associated with the

hardcore section of the sexual spectrum. For instance, the federal statutory definition of "sexual act" under 18 U.S.C. §2246 supports such logic. Indeed, the Seventh Circuit held that "sexual activity" under §2422(b) is synonymous with §2246's definition of "sexual act." See United States v. Taylor, 640 F.3d 255 (7th Cir. 2011). Other Circuits have clearly rejected Taylor outright. See Unit States v. Fugit, 703 F.3d 248, 255-56 (4th Cir. 2012); United States v. Jakits, 23-3870 (6th Cir. 2025).

Third, one could reasonably assume that the victim must be under the age of consent to meet the "any sexual activity" phrase of §2422(b) because it requires the victim to be under 18. However, one can consent to sex legally under 18 in some states and even get married. Meanwhile, adultery is still a crime in some states such as Oklahoma. Thus, one could seek an intimate relationship with an individual who is under 18 and married, and use the inevitable phone or internet service to communicate with that married individual. Although the married individual can consent to a sexual relationship, adultery is still "illegal sexual activity" and therefore, the person seeking consensual sex with this married person is in violation of §2422(b). Even worse, the accused is not required to know whether the individual was married or not to get a conviction and a sentence of 10 years or life imprisonment. The accused would not clearly know, that by seeking a legally consensual sexual encounter, he could be prosecuted, because the person, although of age to legally consent, is still committing a criminal offense (adultery) and is less than 18, under §2422(b). This violates freedom of speech and expression under the First Amend.

E. "Any Facility Or Means Of Interstate Or Foreign Commerce" Is Unconstitutionally Vague

An ordinary intelligent individual would not assume that a private personal conversation, having nothing to with money or the exchange of goods and services, was considered commerce, let alone interstate or foreign commerce. Accordingly, one does not know that their personal, local, private, intimate conversations over phone or internet would constitute the use of a facility or means of interstate commerce.

Indeed, the New Edition Webster's Dictionary, which is separated to three tattered portions made up of actually two separate copies of this same dictionary that Mr. Kuhl refers to presently, defines commerce as: "the buying and selling of commodities: TRADE". The term "means or facility of interstate commerce" does not clearly notify people that the most common platforms for private local communications today, when utilized, fall into such category of "interstate commerce." This allows the federal government to arbitrarily reach into any private, local, non-commercial conversation that may be of illegal content, to punish those federally involved in that conversation, and it does so without adequate notice in violation of the Due Process Clause.

## III. SUMMARY AND CONCLUSION

§2422(b) is unconstitutionally vague because it fails to

clearly define whether the accused is required to have intent and knowledge that he is in fact overcoming the will of a known minor, or one who he believes to be a minor, despite clear legislative intent to bring to justice predators who prey specifically on children. This violates the First Amendment in that it prohibits free speech that is exercised to engage in the socially desirable conduct of consensual sex when one is truly under the impression that the individual he/she seeks a sexual relationship is legally able to consent to such. Moreover, this vagueness results in one mistakenly believing that merely communicating with a willing minor to engage in illegal sexual activity itself is not enough to violate §2422(b), but that, that communication must amount to overcoming the will of the minor.

§2422(b) is unconstitutionally vague because it does not require intent to engage in sexual activity, nor knowledge that the sexual activity is illegal. This is the case despite legislative intent to punish those who use the internet/phone to specifically seek out children for engaging in "illegal sexual activity."

§2422(b) is unconstitutionally vague due to the broad ambiguous terms "facility or means" of interstate commerce and "any [illegal] sexual activity." This results in a failure to adequately describe the prohibited conduct and encourages/invites arbitrary government overreach. One could have a legal sexual relationship estabished with a 16 year old in Michigan, but then the minor moves to New York, where the age of consent is 17. These two continue sexual conversation and agree to

rendezvous for a sexual encounter. The person in Michigan is now subject to prosecution under §2422(b), whether they agree to meet in New York or Michigan does not matter due to the vague term of "any sexual activity." Accordingly, the government is able to enforce even the most minor sexual offenses so long as communication was made using the phone or internet.

The splits amongst Circuits as well the fact that the judicial branch have taken on the legislative function in §2422(b) cases provides further proof the statute is fatally vague.

For the reasons laid out within this motion, §2422(b) is vague in violation of the Due Process Clause and the First Amendment. Accordingly, Mr. Kuhl prays for the relief of dismissal of Count 2.

Respectfully,

S. Kuhl

S. Kuhl 61189510
P.O. Box 845
White Cloud, MI 49349