UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
April 30, 2025 1:33 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB SCANNED BY: KB/4/30

UNITED STATES OF AMERICA,
Plaintiff,

v.

SAMUEL ALEXANDER KUHL,
Defendant.

Case No. 1:23-cr-44
Hon. Jane M. Beckering
OBJECTIONS

*Oral Argument Requested*

DEFENDANT'S OBJECTIONS TO RECOMMENDED DISPOSITION TO GRANT IN PART DEFENDANT'S EXPEDITED MOTION FOR DISCOVERY

Defendant respectfully comes before the Court to object to the recommended order issued by the Honorable U.S. Magistrate Ray Kent. Unfortunately, this Order was not delivered to Defendant from the Court, but stand-by counsel did provide Defendant a copy on April 15, 2025. However, the top of the Order was cut off as the jail staff were making copies, and thus the Docket # is not available except for its bottom half on the last page. Accordingly, this Order seems to be ECF No. 140.

LEGAL PRINCIPLE

Defendant files these objections ~~purs~~ in accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, which states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party

may serve and file specific written objections to the proposed findings and recommendations." Accordingly, the Order at issue (ECF No. 140), was dated April, 11, 2025, and today is April 25, 2025. Thus, this pleading is in compliance with the rule specified above. See U.S. v. Roethlisberger, 14-20170-02 (E.D. Mich. Sep. 23, 2014).

If Mr. Kuhl is somehow being ignorant of the law, he prays for the Court to accept this pleading as an untimely Motion for Reconsideration. Defendant believes, under W.D. Mich. Local Civil Rule 7.4(a), this motion demonstrates a palpable defect by which the Court and possibly the parties have been misled. Mr. Kuhl also believes that a different disposition of this matter must result from a correction thereof. Defendant is uncertain whether this motion, if not proper as an objection under Rule 72(b)(2) of Fed. R. Civ. P., should be treated as a motion to amend judgment under Federal Rule of Civil Procedure 59(e), which must be filed within 28 days of the entry of judgment. See Labadie v. Mitchell, 2:14-cv-23 (W.D. Mich. Feb. 17, 2017) (quoting Huff v. Metro. Life Ins. Co., 678 F.2d 119, 122 (6th Cir. 1982)).

Defendant apologizes for not properly knowing precisely under what law or rule to bring this pleading, but feels that a failure to do so will leave important issues unresolved and misunderstood resulting in a miscarriage of justice. Accordingly, Defendant requests this Honorable Court to allow, review, and hopefully grant this pleading.

# OBJECTIONS



1. As to request 1 of Defendant's Expedited Motion for Discovery (ECF No. 98), the Order at issue (ECF No. 123), declares the government is not obligated to disclose the MSP interview of Minor 1 because it is Jencks Act material. However, as stated in Defendant's "reply" brief, which the Court has stricken from the record (ECF No. 134), Mr. Kuhl requests this interview for reasons unrelated to impeachment.

Additionally, since filing the Expedited Motion for Discovery (ECF No. 98)

CONTINUE TO PAGE 4

DUE TO EDITING (SORRY)

and the stricken reply brief (ECF No. 134), Defendant has obtained additional reasons supporting the disclosure of Minor 1's interview with MSP. Specifically, the January 25, 2023 search warrant for two of Mr. Kuhl's phones was finally provided to Defendant on April 15, 2025.

Because this search warrant and affidavit was provided after he filed his Expedited Motion for Discovery (ECF No. 98), some of these grounds are not present in that original motion requesting Minor 1's interview. For this reason, Mr. Kuhl request the Court execute its discretion in his favor and construe these new issues as an amendment/supplement to the original pleading (ECF No. 98). "Although issues raised for the first time in objections to a magistrate's report are generally not properly before the district court, ~~for the first time in his objections to the magistrate's report~~ a district court may construe the presentation of an issue in this posture as a motion to amend the underlying pleading." Hale v. Young, 584 F. Appx. 246 (5th Cir. 2014). Also, "a district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Bozung v. Christianbook, LLC, 1:22-cv-304 (W.D. Mich. July 14, 2023).

In this search warrant issued on 1/25/23, SA Buttery specifically references statements made by Minor 1 during her interview with MSP Trooper Gensterblum. This information was relayed by Gensterblum to SA Buttery, and was a substantial factor in the probable cause finding by the Honorable U.S. Magistrate Sally Berens.

There are several inconsistencies within Gensterblum's reports and

statements that substantially question his credibility. Indeed, MSP reports have been altered and edited after their date of origin without proper notice of the date of these edits and alterations. Mr. Kuhl is not just stating allegations, he has verifiable proof of these claims.

One instance of ~~inconsistentt~~ inconsistency by Gensterblum is the date he claims to have received and examined the Cellebrite extraction provided to him from Sgt. Meredith of Wyoming PD. In the MSP Original Incident Report # FIT-0000087-22, on pages 3-4 of the 4 page report, Gensterblum claims to have received the Samsung phone and the 16GB Lexar flash drive containing the extraction of the Samsung's contents on 10/31/22, but the report is dated 10/30/22. Then, in the MSP Original Incident Report # FIT-0000091-22, on page 1 of the 8 page report, Gensterblum claims to have received, from Sgt. Meredith of the Wyoming PD, a phone extraction taken from Mr. Kuhl's cell phone on 10/28/22. This report also speaks of an interview with Minor 1 on 11/09/22. However, this report is dated 11/07/22, and therefore, Gensterblum is editing and altering the report without providing proper notice and documentation. Defendant has 2 copies of this report, one provided by the Government, which did not contain multiple supplement reports, and another copy Mr. Kuhl got by his own means. While both copies have the same date, there are changes in the actual language and text. Further, the MSP affidavit and search warrant prepared by Gensterblum to further search the phone extraction from Wyoming PD, was provided to Defendant after he filed the Expedited Motion for Discovery

(ECF No. 98). In the affidavit it seems Gensterblum actually began going through the phone extraction from Wyoming PD on 10/26/22. The Wyoming PD police report states that the case was turned over to MSP on 11/01/22.

Another, and even more troubling, instance of Gensterblum's inconsistency is the way he "came across" the material leading to the CSC/CSAM investigation. When interviewing Defendant at the Kalamazoo County Jail, MSP officers stated they came across a text conversation between Mr. Kuhl and Minor 1 that was talking about her being a sophomore in highschool and getting her license by going through drivers training. The officer stated they read further and the conversation began to turn sexual in nature. This seems to be the narrative that the Government is claiming as well (Page ID.773). Accordingly, Gensterblum makes this same claim that he "came across" this conversation in his affidavit for a search warrant of Mr. Kuhl's phone extraction.

However, Gensterblum also claims an inconsistent narrative as to what he "came across" on the phone extraction from Wyoming PD. On page 1 of the Supplemental Incident Report 0001 of MSP Report FIT-0000087-22, it states than a initial examination of the phone extraction provided by Wyoming PD revealed images of possible CSAM. On page 1 of the MSP Original Incident Report # FIT-0000091-22, Gensterblum states "After analyzing the information I received, I came across child sexually abusive material (CSAM)." It does not state "I 'came across' a conversation that indicated possible sexual

contact with a minor." On this same page of MSP Original Incident Report FIT-0000091-22, a portion of the summary of the interview with Minor 1 is visible. This section is completely redacted on the copy provided to Defendant via discovery. Point being, Gensterblum states he spoke with Minor 1 regarding the CSAM he observed on the phone extraction. Gensterblum states this interview took place on 11/09/22 after Gensterblum's search warrant was sworn to that same day. Further, this is the narrative John Stolsonburg of Kalamazoo Dept. of Public Safety / FBI claims also launched the CSAM/CSC investigation by MSP. Accordingly, the Original Incident Report FIT-0000091-22 is dated 11/07/22 but speaks of incidents that occurred on 11/09/22 and 11/21/22 without providing proper notice of editing and altering the report. All of these issues substantially negate Gensterblum's credibitibility.

Because Gensterblum's story keeps changing and he specifically states he interviewed Minor 1 about observed CSAM, Mr. Kuhl needs to review this interview to ascertain that Gensterblum truly relayed what was said during this interview to SA Buttery. This is because SA Buttery specifically used information relayed to him from Gensterblum in his application for the 1/25/23 search warrant of Kuhl's phones. If the information provided Gensterblum was false/misleading, that could be grounds to invalidate the 1/25/23 search warrant. Additionally, there are grounds to support the argument that the interview should be disclosed in Defendant's reply brief (ECF No. 134) which was stricken from the record, which Mr. Kuhl is also objecting.

2. As to the Order at issue (ECF No. 140) addressing Requests 5-8 of Defendant's Motion for Discovery (ECF No. 98), Mr. Kuhl seeks clarification. The Order reads: "To the extent the Government has not produced the warrants, affidavits and returns from the search of the Victim's Facebook account and from the search of defendant's Facebook or other social media accounts as part of this investigation, it is ordered to do so." Mr. Kuhl has not received the returns of the cell phone searches which is not stated in this sentence. Specifically, the full transcripts of text conversations between Minor 1 and Defendant. Only synopses within the MSP report of text conversations from 2022 have been disclosed. Moreover, none of the texts SA Buttery refers to in his application for a search warrant against Defendant's Facebook on February 8, 2023 (ECF No. 98-1 Page ID. 345-46). These texts were supposedly sent ~~on~~ between 9/21/21 through 10/31/21. Accordingly, Kuhl is requesting the government not be allowed to introduce any text that has not been provided thus far, and if the Court does not honor this request, please clarify and compel the Government to disclose all texts obtained from Mr. Kuhl's phones and Facebook account that were searched on 1/25/23, 2/8/23, 10/14/22, and 11/09/22 as part of this investigation.

Respectfully Submitted,

S. Kuhl April 25, 2025

S. Kuhl 6118951O

Samuel Alexander Kuhl, Reg. #61189-510
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349

GRAND RAPIDS MI 493
28 APR 2025 PM 5 L




THIS MAIL HAS ORIGINATED
FROM THE NEWAYGO COUNTY JAI

Clerk of Court
U.S. Dist. Court
399 Fed Bldg.
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL

49503-236399