UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
______________________________/

Case No. 1:23-cr-44

HON. JANE M. BECKERING

**OPINION AND ORDER**

Pending before the Court are twenty-two motions and an objection to a Magistrate Judge Order filed by Defendant Samuel Alexander Kuhl, who is proceeding pro se in this criminal case. After careful consideration, the Court concludes that the motions ripe for decision today are properly denied or dismissed. A Notice setting this case for trial will issue separately.

## I. BACKGROUND

On April 25, 2023, the Grand Jury returned an Indictment charging Kuhl with violations of 18 U.S.C. § § 2251(a) and (e) ("Count 1") and § 2422(b) ("Count 2") (Indictment, ECF No. 1). After Kuhl was arrested, he was appointed counsel and was scheduled to appear before the Magistrate Judge on August 11, 2023 (ECF No. 12). The appearance was continued. On August 17, 2023, upon consideration of Kuhl's counsel's unopposed motion for a competency evaluation, the Magistrate Judge found there to be reasonable cause to believe that Kuhl was not competent to stand trial and ordered Kuhl committed for professional evaluation (ECF No. 20). A forensic report was completed. Neither party objected to the report. On December 20, 2023, the Magistrate Judge found Kuhl not competent to proceed (ECF No. 28). The Magistrate Judge committed Kuhl

to the custody of the Attorney General for restoration to competency (*id.*). Kuhl was admitted to a mental health unit on June 17, 2024 (ECF No. 42). On October 25, 2024, a forensic report issued (ECF No. 60 at PageID.239). A Certificate of Restoration of Competency to Stand Trial was issued on October 29, 2024 (*id.* at PageID.222).

On January 13, 2025, at the time of the scheduled competency hearing, Kuhl's counsel requested a thirty-day adjournment of the hearing (ECF No. 83 at PageID.292; Jan. 13, 2025 Omnibus Hr'g Tr., ECF No. 72 at PageID.270–271). The Magistrate Judge granted the request and rescheduled the competency hearing for February 12, 2025. In an Order entered on February 14, 2025, the Magistrate Judge found that Kuhl is mentally competent to stand trial (ECF No. 83 at PageID.292).

In an Order scheduling this case for trial that was entered February 18, 2025, with the exception of motions in limine, the Court set the deadline for pretrial motions as March 5, 2024 (ECF No. 84).

To date, Kuhl has been appointed three different attorneys in this matter. In a pro se motion dated February 17, 2025 and filed on February 19, 2025, Kuhl sought to assert his right to represent himself (ECF No. 87). On March 6, 2025, the Magistrate Judge conducted a *Faretta*[1] hearing and granted Kuhl's motion to represent himself (ECF No. 95). The Magistrate Judge appointed Kuhl's then-counsel to serve as standby counsel (*id.*).

Kuhl promptly filed several motions, including dispositive motions. Accordingly, on March 12, 2025, the Court entered an Order setting forth the briefing schedule for the dispositive motions (ECF No. 106) and a Notice adjourning the jury trial, which had been set to begin April

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

15, 2025 (ECF No. 107). In the Order, the Court observed that the deadline to file additional pretrial motions had passed.

Kuhl objected to the Court's March 12, 2025 Order to the extent that it addressed the pretrial motion deadline (ECF No. 116). In a March 28, 2025 Memorandum Opinion and Order, the Court declined to grant a blanket extension of the pretrial motion deadline, concluding that Kuhl had not set forth good cause justifying an extension (ECF No. 125 at PageID.828). The Court did, however, waive the deadline as to certain then-pending motions, in light of Kuhl's argument that the sequencing of the date of his *Faretta* hearing vis-à-vis the date of the pretrial motion deadline prohibited him from filing these motions prior to the deadline (*id.* at PageID.829–30). The Court also indicated that it would resolve Kuhl's pending discovery-related motions (*id.* at PageID.829), which the Court has done and, at this time, continues to do. The Court instructed, consistent with the Court's local rules, that any pretrial motions be accompanied by a showing of good cause in a motion for leave to untimely file the pretrial motion (*id.* at PageID.830 (citing W.D. Mich. LCrimR 49.10(f)). The Court also dismissed several of Kuhl's then-pending motions—that had been untimely filed after Kuhl was advised of the pretrial motion deadline—without prejudice to refile them in accordance with the local rules. To date, which Kuhl has declined to refile his untimely motions in conformance with this Court's Order and the local rules.

The Grand Jury subsequently returned a Superseding Indictment against Kuhl (ECF No. 147). Compared with the initial Indictment, the Superseding Indictment charges Kuhl with violating the same statutes and includes the same forfeiture allegations. The Superseding Indictment expands the timeframe during which the charged conduct allegedly occurred. It also adds language (1) charging attempted violation of 18 U.S.C. § 2251 and rearranging the phrase charging attempted violation of 18 U.S.C. § 2422(b); (2) charging persuasion and enticement, in

addition to use, of a 15-year-old girl to engage in sexually explicit conduct; and (3) noting that the 15-year-old girl referenced in Count 1 is Minor 1, also referenced in Count 2. Finally, Count 1 of the Superseding Indictment charges conduct relating to videos of sexually explicit conduct, instead of photographs.

In the times since the March 5, 2025 *Faretta* hearing, Kuhl has filed thirty-three motions, four notices, and one objection to a Magistrate Judge Order. The Magistrate Judge has ruled on four discovery-related motions (ECF Nos. 98, 99, 110, 145) and two other discovery-related motions are currently pending before the Magistrate Judge (ECF Nos. 171 & 172).[2] A motion to replace standby counsel is also pending before the Magistrate Judge (ECF No. 182 at 18–20). The Court denied one motion and dismissed four others without prejudice in its March 28, 2025 Memorandum Opinion and Order, as noted. Twenty-one motions and the objection to the

[2] Significant discovery progress has been made in this case, despite the complications posed by Kuhl's status a pro se criminal defendant who is detained awaiting trial and the nature of this case, which involves child sexual abuse material (CSAM). The government has identified, by date and timestamp, five visual depictions of the minor victim that will be offered into evidence at trial (ECF No. 123 at PageID.773–74). The government has also identified communications containing "many requests" from Kuhl that the minor send him sexually explicit images of herself (*id.* at PageID.774). On Kuhl's motion, the Magistrate Judge authorized use of Criminal Justice Act funds to hire a digital forensics expert (ECF No. 142), who is to review the data from the government's searches of the cellphones relevant to this case (Apr. 29, 2025 Mot. Hr'g Tr., ECF No. 177 at PageID.1343). The government has produced—or has been ordered to produce—the warrants, affidavits, and returns from the search of the victim's Facebook account and from the search of Kuhl's Facebook or other social media accounts (ECF No. 140 at PageID.1002). Kuhl has been granted access to physically inspect the two relevant cellphones, subject to certain parameters (Apr. 29, 2025 Mot. Hr'g Tr., ECF No. 177 at PageID.1322). The government has been ordered to disclose complete transcripts of texts and messages between Kuhl and the victim that were obtained from two search warrants (*id.* at PageID.1333). The government has also been ordered to disclose a transcript and video of Kuhl's interview with law enforcement (*id.* at PageID.1349). Standby counsel went to the FBI office and viewed the images categorized as CSAM in this case (*id.* at PageID.1320). And standby counsel obtained the Magistrate Judge's permission to provide Kuhl with a laptop that comports with the requirements of the facility at which he is detained, enabling Kuhl to view the discovery that he is permitted to view (*id.* at PageID.1358).

Magistrate Judge's Order remain for the Court's disposition. This Opinion and Order resolves all but four motions and the objection to the Magistrate Judge's Order, to which the Court requires the government's response, as explained in the Opinion.

## II. ANALYSIS

As a preliminary matter, the Court notes that many of Kuhl's motions seek dismissal of the initial Indictment (ECF No. 1) and/or its two individual counts. While these motions were pending, the Grand Jury returned a Superseding Indictment (ECF No. 147). In this context, "[a] 'superseding indictment' means a second indictment issued in the absence of a dismissal of a prior indictment." *United States v. Bowen*, 946 F.2d 734, 736 (10th Cir. 1991) (citing *United States v. Rojas-Contreras*, 474 U.S. 231, 237 (1985) (Blackman, J., concurring)). All the federal appellate courts with jurisdiction to review criminal cases have concluded that when a superseding indictment is issued and a prior indictment not dismissed, the prior indictment remains in effect, and the government may elect to proceed to trial on either one. *See United States v. Hickey*, 580 F.3d 922, 930 (9th Cir. 2009) (collecting cases from the First, Third, Fifth, Seventh, Eight, Tenth, and Eleventh circuits); *United States v. White*, No. 3:16-cr-560-JMC-5, 2017 WL 1684860, at *3 (D.S.C. May 3, 2017) (citing *Hickey* and, additionally, collecting cases from the Second and Sixth Circuits).

The Sixth Circuit reached the conclusion that prior indictments remain in effect after a superseding indictment issues in an unpublished opinion, *United States v. Obi*, 85 F. App'x 440, 443–444 (6th Cir. 2003) (discussing *United States v. Garcia*, 268 F.3d 407, 410 (6th Cir. 2001)). The Sixth Circuit stated in a subsequent unpublished opinion that a superseding indictment "becomes the only indictment in force." *United States v. Goff*, 187 F. App'x 489, 491 (6th Cir. 2006). *Goff* did not cite *Obi* or *Garcia*. Even in *Goff*, the Sixth Circuit reasoned that a superseding

indictment does not preclude consideration of a motion to dismiss the initial indictment where the superseding indictment does not "materially alter" the initial indictment. *Id.*

Here, both indictments charge the same crimes, notifying Kuhl that he is called to defend his conduct toward the same victim in relation to visual depictions received and stored on the same cellular devices. Thus, the Court will decide the pending dispositive motions as to the initial Indictment and, to the extent the Superseding Indictment suffers essentially the "same infirmit[ies]" that Kuhl identifies in the initial Indictment, this Court's decision controls the disposition of the Superseding Indictment as well. *Goff*, 187 F. App'x at 491 (citing *United States v. Lee,* 622 F.2d 787, 789 (5th Cir. 1980)).

**A. Fully-Briefed, Dispositive Motions (ECF Nos. 100, 101, 102, 103, & 111) and Motion for Bill of Particulars (ECF No. 97)**

In ECF Nos. 101, 102, 103, and 111, Kuhl moves to dismiss the initial Indictment (ECF No. 1) and/or its two individual counts on multiple grounds. The government filed a response to these motions (ECF No. 133) to which Kuhl filed a reply (ECF No. 155).

i. ECF No. 100.

In this motion, Kuhl seeks to dismiss Count 1 for failing to make sufficient factual allegations about the conduct charged. Kuhl argues that, absent more specificity, he (1) cannot identify the factual bases for the charges; (2) lacks notice of the conduct "against which" he is called to defend; (3) cannot ascertain the specific offense the Grand Jury authorized to be charged; (4) cannot ensure the Grand Jury was properly instructed on the elements of the offense; and (5) is not protected from the risk of being put in jeopardy twice for the same crime (ECF No. 100 at PageID.374). Kuhl argues that the Indictment thus fails to comport with the Fifth and Sixth Amendments of the United States Constitution (*id.* at PageID.375).

The government responds that the initial Indictment is sufficiently specific. The government argues that the Indictment "allows Kuhl to raise double jeopardy in any subsequent prosecution for sexually exploiting … Minor 1 in the district between May and October 2021" (ECF No. 133 at PageID.915). The government adds that the "Rule 16 discovery provided includes all of the physical and documentary evidence the government will rely upon to prove the charges" (*id.*), including "what images are involved, the cellular telephones involved, the text messages and social media Kuhl used to communicate with [Minor 1], and the evidence indicating a sexual relationship" between the minor victim and Kuhl (*id.* at PageID.912).

The language of Count 1 in the initial Indictment, which is entitled "Sexual Exploitation of a Minor," charges that Kuhl:

> knowingly employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, which depictions were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.
>
> Specifically, the defendant used a 15-year-old girl to engage in sexually explicit conduct and received and stored photographs of that conduct using his Samsung and iPhone cellular phones, both of which were manufactured outside the United States.

ECF No. 1.[3] Count 1 cites 18 U.S.C. § § 2551(a) and (e), as well as 18 U.S.C. § 2256, which is the definitional section for the chapter (*id.*). Count 1 specifies that Kuhl committed the charged

---

[3] For comparison, Count 1 of the Superseding Indictment charges that Kuhl:

> knowingly employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, and attempted to do so, which depictions were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.
>
> Specifically, the defendant persuaded, enticed and used a 15-year-old girl (Minor 1) to engage in sexually explicit conduct and received and stored videos of that conduct using

conduct "[b]etween on or about May 13, and October 31, 2021,[4] in the Southern Division of the Western District of Michigan" (*id.*). The first Forfeiture Allegation of both indictments, which re-alleges and incorporates Count 1, references a Samsung Model SM-S901U1, Factory #R3CT30LK50N, 20220317 and an iPhone Model D54pAP, serial number F2LFVK860D46.

A challenge to the sufficiency of an indictment implicates a criminal defendant's Fifth and Sixth Amendment rights. *United States v. Landham*, 251 F.3d 1072, 1079 n.3 (6th Cir. 2001). The Notice Clause of the Sixth Amendment secures the right of a criminal defendant "to be informed of the nature and cause of the accusation" against him. U.S. CONST. amend. VI. In addition, the Indictment Clause of the Fifth Amendment requires, in certain cases, charges brought by a Grand Jury. U.S. CONST. amend. V. And the Double Jeopardy clause of the Fifth Amendment protects criminal defendants from being prosecuted more than once for the same offense. *Id.* Also relevant are the Federal Rules of Criminal Procedure, which state that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CIV. P. 7(c)(1).

The Supreme Court has set forth that an indictment is sufficient where it (1) "contains the elements of the offense charged[;]" (2) "fairly informs the defendant of the charge against which he must defend[;]" and (3) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); Wayne R. LaFave, et al., 4 CRIMINAL PROCEDURE § 19.2(a), 746 (1999) (noting that the *Hamling* standard

---

> his Samsung and iPhone cellular phones, both of which were manufactured outside the United States.

ECF No. 147.

[4] The date range in the Superseding Indictment is "[b]etween on or about May 8, 2021 and August 31, 2022."

is "widely treated as providing the basic analytical framework for determining whether a particular pleading" comports with Rule 7(c)). The indictment may "state[] the offense using the words of the statute itself, so long as the statute fully and unambiguously states all the elements of the offense." *Landham*, 251 F.3d at 1079. However, "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117–18.

A court's analysis of the sufficiency of an indictment is limited to its "four corners." *United States v. Ferguson*, 681 F.3d 826, 831 (6th Cir. 2012). Thus, contrary to several of the government's arguments, what the government has provided in discovery cannot save the indictment if it is facially defective. By the same token, contrary to several of Kuhl's arguments, incongruity between evidence produced in discovery and the language of the indictment does not render an otherwise-valid indictment defective.

In this case, the first sentence of Count 1 tracks the language of the statute, which fully states all the elements of the offense. *See generally* Sixth Circuit Pattern Instruction § 16.01 (setting forth the first element and three options for the second element of a violation of § 2251(a)). While many of the terms in the statute are broad, Count 1 also cites to the chapter's definitional provision, which defines "sexually explicit conduct" and "visual depiction," albeit not the *actus reus* that the statute criminalizes. At least one federal court has concluded that a recitation of the language of § 2251 in an indictment, even absent any more specific factual assertions whatsoever, is constitutionally sufficient. *United States v. Vogelpohl*, No. 18-CR-3053-CJW-MAR, 2019 WL 2236263, at *2 (N.D. Iowa, May 23, 2019) ("The language in the Indictment, tracking the language of Section 2251, clearly sets forth the elements of the offense without any uncertainty or ambiguity. The statute itself provides specific definitions of its critical terms."). *But see United States v.*

*Hillie*, 227 F.Supp.3d 57, 75 (D.D.C. 2017) (§ 2251(a) "proscribes a wide array of conduct in the broadest, most generic terms").

In this case, the Court need not decide whether an Indictment that solely tracks the language of § 2251 is sufficient, because Count 1 of the initial Indictment also contains a second sentence identifying the age and gender of the victim; the type of visual depiction the charged conduct involved (i.e., photographs or videos); and, by manufacturer, the cellular devices connected with the receipt and storage of the visual depictions. In the first Forfeiture Allegation, which references Count 1, the Indictment identifies these cellular devices by serial number. In addition, the initial Indictment specifies that the charged conduct occurred in the Southern Division of the Western District of Michigan during a particular time frame. Though the time frame spans over five months (and, in the Superseding Indictment, nearly a year and a half), and "prosecutors should be as specific as possible in delineating the dates and times of abuse offenses," the Sixth Circuit has indicated that "fairly large time windows … are not in conflict with constitutional notice requirements" in cases involving young victims who may not be able to remember specific dates, especially where charged conduct occurred over an extended period of time. *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005); *see United States v. Beasley*, 688 F.3d 523, 533 (8th Cir. 2012) (indicating that *Valentine*'s reasoning applies in § 2251 cases).

If proven, the alleged conduct in Count 1 would permit conviction on the charged offense, and therefore the indictment is constitutionally sufficient. *See United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992) ("to be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime"). Overall, the initial Indictment charges Kuhl with using (or, in the Superseding Indictment, persuading, enticing, and using) a minor in the Southern

Division of the Western District of Michigan to engage in sexually explicit conduct, visual depictions of which he received and stored on devices that were manufactured outside the United States; it specifies that the particular sexually explicit conduct is the sexually explicit conduct of which he received and stored photographs (or, in the Superseding Indictment, videos) on two, specific cellular phones during a defined time frame; and it specifies that the minor was 15 years old and a girl. Thus, the language of the Indictment is such that Kuhl knows what conduct he will be called to defend at trial. The specific offense that the Grand Jury charged is clear, the language demonstrates that the Grand Jury was informed of all the elements of the offense, and a factual basis for the charge is present.

Kuhl has attached to his motions examples of indictments charging violations of § 2251 that allege factual details such as descriptions of the sexually explicit conduct, specific file names, or specific actions taken by defendants. The Court agrees with Kuhl that those charging instruments are more specific than the one in this case. However, "[a]dditional factual detail, while likely helpful, is not required." *United States v. Switzer*, Case No. 21-20104, 2021 WL 4522309, at *3 (E.D. Mich. Oct. 4, 2021) (rejecting a motion to dismiss an indictment charging a violation of § 2251(a) that tracked the statutory language and included no additional detail other than a months-long date range and the victim's month and date of birth and location of residence). Other courts have concluded, in similar cases involving § 2251(a), that "[t]he indictment need not contain a description of the sexually explicit conduct or include detailed facts supporting its allegations." *Id.* (citing *United States v. Totoro*, No. CR 15-291, 2017 WL 3189216, at *3 (E.D. Pa. July 27, 2017)).

Kuhl relies primarily on now-Justice Ketanji Brown Jackson's opinion in *United States v. Hillie*, 227 F.Supp.3d 57 (D.D.C. 2017). In *Hillie*, a grand jury returned a seventeen-count

indictment charging seven counts of child pornography offenses under § § 2251 and 2252. The charges included a date range and location for the alleged conduct and identified the initials, age, and sex of the victims. Superseding Indictment, ECF No. 9, *United States v. Hillie*, No. 16-cr-30 (KBJ) (D.D.C. 2017). The date ranges overlapped and the language of each of the seven counts was otherwise identical, lifted from § § 2251 and 2252.

In *Hillie*, now-Justice Jackson concluded that the child pornography charges violated the Sixth Amendment's notice requirement where the charges were "devoid of any facts regarding the circumstances of [the defendant's] behavior[.]" *Hillie*, 227 F.Supp.3d at 72.[5] She also concluded that the charges were "deficient with respect to the Fifth Amendment's right to be tried only upon charges found by a grand jury." *Id.* at 78. And she concluded that the charges did not provide the defendant with effective protection against the risk of double jeopardy. *Id.* (discussing *Valentine*, where the defendant was charged "with multiple, identical, and undifferentiated counts." 395 F.3d at 635).

In Kuhl's case, unlike in *Hillie*, the Indictment references the receipt and storage of photographs (or, in the Superseding Indictment, videos) on two identified phones. While the receipt and storage of the photographs is not the conduct criminalized by the statute, these factual details notify Kuhl that the charged conduct is his conduct that allegedly resulted in the production of those visual depictions. The instant Indictment therefore contains more factual details than the *Hillie* indictment contained and is distinguishable from the *Hillie* indictment on this important basis. Moreover, courts have declined to adopt *Hillie*'s reasoning in § 2251 cases where a grand

---

[5] The government represents that the remedy ordered in *Hillie* was a bill of particulars (ECF No. 133 at PageID.915). Kuhl correctly observes in his reply that, in fact, now-Justice Jackson "did not grant Hillie a bill of particulars in *Hillie*…, she dismissed the indictment" (ECF No. 155 at PageID.1074). *See Hillie*, 227 F.Supp.3d at 80 ("a Bill of Particulars does not suffice; rather, the child pornography counts must be dismissed").

jury has not charged—as was the case in *Hillie*—multiple offenses occurring in an "overlapping multi-year period," such that "one cannot tell whether the charges relate to distinguishable or separate [offenses] … indeed, [where] it is not at all clear that the[] counts even reference *different* acts." *United States v. Warnagiris*, 699 F.Supp.3d 31, 42 (D.D.C. 2023) (quoting *Hillie*, 227 F.Supp.3d at 73, and distinguishing it on this basis); *accord Switzer*, No. 21-20104, 2021 WL 4522309, at *4 (acknowledging *Hillie* but concluding that a single child pornography charge in an indictment that largely tracked the language of the statute was sufficient); *United States v. Jakits*, No. 2:22-CR-194, 2023 WL 2431717, at *5 (S.D. Ohio March 9, 2023) (distinguishing *Hillie* where child pornography counts in an indictment did not "appear to differ based solely on the overlapping time frames that relate to each count" (citing *Hillie*, 227 F.Supp.3d at 72)): *Vogelpohl*, 2019 WL 2236263, at *3 (distinguishing *Hillie* where the defendant was charged with a single child pornography charge). Accordingly, the Court concludes that Kuhl's comparison of his case to *Hillie*, though understandable, is overstated because Kuhl faces only one charge of production of child pornography and the charge includes factual details sufficient to notify him of the conduct he is called to defend. In sum, though the charging instruments in this case are not models of specificity, they do not violate Kuhl's constitutional rights.

ii. <u>ECF Nos. 101 & 102</u>

Turning to ECF Nos. 101 and 102, in these motions, Kuhl seeks dismissal of the Indictment (ECF No. 101 at PageID.386).

The arguments contained in these motions are related and overlap. Kuhl argues in both motions that the Indictment is defective because each count charges him with multiple acts, any one of which would be a crime (ECF No. 101 at PageID.387). Relatedly, Kuhl also argues, particularly in ECF No. 102, and again in his reply, that the Indictment charges him with statutory

violations on the basis of both attempted and completed acts and "that is charging two offenses," which he believes to be impermissible (ECF No. 155 at PageID.1074; *see also* ECF No. 102 at PageID.392). For the following reasons, as well as for the reasons more fully explained in the government's response (ECF No. 133 at PageID.915–919), this argument is properly rejected.

The language of Count 1 has been set forth *supra*. Count 2 in the initial Indictment, which is entitled "Coercion and Enticement and Attempted Coercion and Enticement," charges that, "[f]rom on or about May 13, and October 31, 2021, in the Southern Division of the Western District of Michigan," Kuhl:

> used facilities and means of interstate and foreign commerce to communicate with an individual under the age of 18 to attempt to knowingly persuade, induce, entice, and coerce that individual to engage in sexual activity for which any person could be charged with a criminal offense.
>
> Specifically, the defendant used cellular telephones and Facebook Messenger, all of which were facilities of interstate and foreign commerce, to communicate with Minor 1, a 15-year-old female, in order to persuade, induce and entice her to have sexual intercourse with him, conduct constituting Third Degree Criminal Sexual Conduct under Michigan Compiled Laws § 750.520d.

ECF No. 1.[6] Both indictments cite 18 U.S.C. § 2422(b). The second Forfeiture Allegation in both indictments, which re-alleges and incorporates Count 2, references the same two cellular phones as are referenced in the first Forfeiture Allegation.

---

[6] Count 2 in the Superseding Indictment charges that, "[b]etween on or about May 8, 2021, to August 31, 2022, in the Southern Division of the Western District of Michigan," Kuhl:

> used facilities and means of interstate and foreign commerce to communicate with an individual under the age of 18 to knowingly persuade, induce, entice, and coerce that individual to engage in sexual activity for which any person could be charged with a criminal offense, and attempted to do so.
>
> Specifically, the defendant used cellular telephones and Facebook Messenger, all of which were facilities of interstate and foreign commerce, to communicate with Minor 1, a 15-year-old female, in order to persuade, induce and entice her to have sexual intercourse with

It is permissible for the government to charge alternative means of violating a criminal statute and prove only one of them at trial, so long as the government's doing so does not prejudice the defendant. *United States v. Murph*, 707 F.2d 895, 896 (6th Cir. 1983) ("It is settled law that an offense may be charged conjunctively in an indictment where a statute denounces the offense disjunctively"); *United States v. Ramos-Ramos*, No. 1:07-CR-08, 2007 WL 1467250, at *4 (W.D. Mich. May 18, 2007). It is likewise generally permissible for the government to charge a defendant based on multiple visual depictions in one § 2251 charge. *See United States v. Sibley*, 681 F.App'x 457, 458 (6th Cir. 2017) (finding no plain error where the government charged defendant with one count of violating § 2251(a) and introduced nine images at trial). Charging both an attempted and a completed crime in a single count is, also, generally permissible. *See Jakits*, 2023 WL 2431717, at *6 (denying a motion to dismiss counts that charged both attempted and completed violations of § 2251 because attempt "is merely a lesser-included offense").

Here, to the extent that the charging language referring to multiple visual depictions and listing multiple ways of violating the statute could prejudice Kuhl with respect to jury unanimity and/or his rights under the Double Jeopardy clause, the Court anticipates that the parties will correct for those concerns through the presentation of the proofs, the jury instructions, and the verdict forms. *United States v. Savoires*, 430 F.3d 376, 380 (6th Cir. 2005) ("proper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense");

---

> him, conduct constituting Third Degree Criminal Sexual Conduct under Michigan Compiled Laws § 750.520d.

ECF No. 147.

*United States v. Smith*, 910 F.3d 1047, 1052–1053 (8th Cir. 2018) (jury instructions and verdict forms can cure risk of prejudice when attempt and completed offenses are charged together).

Kuhl also argues that the Indictment should be dismissed due to multiplicity because "what in actuality was one instance of conduct is [] multiplied into two charges" (ECF No. 102 at PageID.393). "Generally, an indictment may not charge a single criminal offense in several counts[.]" *United States v. Hart*, 70 F.3d 854, 859 (6th Cir. 1995). To test for multiplicity, courts "analyze, under *Blockburger v. United States*, [284 U.S. 299 (1932)], whether each charge requires proof of a fact that the other charge does not; if each charge does, then the charges accuse different crimes and are therefore not multiplicitous." *Jakits*, 2023 WL 2431717, at *6 (citing *Albernaz v. United States*, 450 U.S. 333, 344 n.3 (1981)). Courts have routinely rejected the contention that charges for violations of the two statutory provisions charged here cannot be charged together, because the conduct criminalized by § 2251(a) (employing, using, persuading, inducing, enticing, or coercing) is broader than that criminalized by § 2422(b) (knowingly persuading, inducing, enticing, or coercing) and, likewise, the proscribed purpose in § 2422(b) (causing a minor to engage in prostitution or other criminal sexual activity) is broader than the proscribed purpose in § 2251(a) (production of sexually explicit visual depictions of a minor). *United States v. Isabella*, 918 F.3d 816, 848 (10th Cir. 2019); *United States v. Ninsawat*, No. 22-20630, 2023 WL 3600753, *6 (E.D. Mich., May 23, 2023); *see also United States v. Hart*, 635 F.3d 850, 858 (6th Cir. 2011) (on review for plain error, defendant's sentence, imposed for both a violation of § 2251 and § 2422(b), did not violate the Double Jeopardy clause).

For these reasons, ECF Nos. 101 and 102 are properly denied.

iii. ECF No. 103

Kuhl moves the Court to dismiss the Indictment pursuant to the Fifth and Sixth Amendments (ECF No. 103 at PageID.424). The brief accompanying the motion is 37 handwritten pages. "Briefs filed in support of or in opposition to a dispositive motion … that [are] hand-written or produced on a typewriter shall not exceed twenty-five (25) pages in length[.]" W.D. Mich. LCivR 47.1(b)(i); *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (Local rules, when properly adopted, generally have "the force of law."). Kuhl did not seek leave to file a brief in excess of the page limit. Even assuming, *arguendo*, there was good cause or any reason for the Court to overlook Kuhl's noncompliance with the binding rules of this Court, Kuhl's arguments in support of this motion are, in all material respects, identical to the arguments the Court has already rejected, *supra*. ECF No. 103 is properly dismissed.

iv. ECF No. 111

Kuhl moves the Court to dismiss Count 2 of the Indictment because its penalties violate the Eight Amendment's prohibition on cruel and unusual punishment (ECF No. 111 at PageID.575). The brief accompanying the motion is 42 handwritten pages. Kuhl did not seek leave to file a brief in excess of the page limit. Accordingly, this motion is properly dismissed for the same reason that ECF No. 103 is properly dismissed. Even assuming, *arguendo*, there was good cause or any reason for the Court to overlook Kuhl's noncompliance with the binding rules of this Court, the argument that § 2422(b) facially violates the Eighth Amendment prohibition on cruel and unusual punishment has been rejected by the Sixth Circuit. *United States v. Hughes*, 632 F.3d 956, 960 (6th Cir. 2011); *Hart*, 635 F.3d at 859. These cases bind the Court's decision here. Moreover, Kuhl's as-applied challenge is premature, as he has not been convicted or sentenced.

v. ECF No. 97

Kuhl also moves for a bill of particulars. "The purpose of a bill of particulars is to give a defendant key factual information not contained in the indictment so as to enable him or her to prepare a defense and avoid surprise at trial." *United States v. Page*, 575 F.App'x 641, 643 (6th Cir. 2014) (citing *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993); FED. R. CIV. P. 7(f)). "[A] bill of particulars may not be used to obtain information about the government's evidence or its legal theories." *Id.* (citing with approval the reasoning of the magistrate judge). The decision to grant or deny a motion for a bill of particulars is reviewed for abuse of discretion. *Salisbury*, 983 F.2d at 1375.

Here, as discussed *supra*, Count 1 of the Indictment notifies Kuhl that he will be called to defend his conduct in relation to the production of sexually explicit photographs of Minor 1 that were received and stored on two specific cellular phones during a certain time frame. In addition, Count 2 notifies Kuhl that he will be called to defend his conduct in relation to cellular telephones and Facebook messages that he allegedly used, during a certain time frame, to persuade, induce, and entice Minor 1 to have sexual intercourse with him. As discussed *supra* in footnote 2, the government has disclosed to Kuhl the messages and visual depictions it will use to prove these charges at trial. Moreover, the Court continues to adjudicate Kuhl's successive discovery motions. Therefore, Kuhl has received sufficient notice and access to information to prepare his defense and there is no reason to expect that he will suffer surprise at trial. The motion for a bill of particulars is properly denied.

**B. Additional Dispositive Motions (ECF Nos. 126, 135, 164, 165, 166, 174, & 182)**

In these filings Kuhl moves to dismiss the initial Indictment (ECF No. 1) or the Superseding Indictment (ECF No. 147) and/or their two individual counts on multiple grounds. The government has not filed a substantive response to these motions. On April 7, 2025, the government filed a response to ECF Nos. 126 & 135, which were the motions then pending. The government accurately noted that the Court's May 9, 2025 Memorandum Opinion and Order (ECF No. 125) stated that additional pretrial motions must be filed as attachments to motions seeking leave to file and that ECF No. 126 and ECF No. 135 did not comply with this requirement, and thus, the government did not intend to respond substantively to the motions (ECF No. 137).

In ECF No. 126, Kuhl seeks dismissal of the indictment on the basis that Congress lacks the authority under the Commerce Clause to criminalize the conduct at issue (ECF No. 126 at PageID.877). In ECF No. 135, Kuhl seeks dismissal of Count 1 on the basis that 18 U.S.C. § 2251(a) is unconstitutionally vague and/or overbroad (ECF No. 135 at PageID.941). In ECF No. 164, Kuhl seeks dismissal of this case on the basis of the principles of federalism, comity, due process; the Tenth Amendment; and abstention doctrines (ECF No. 164 at PageID.1108).[7] In ECF No. 165, Kuhl seeks dismissal of Count 2 on the basis that 18 U.S.C. § 2422(b) either does not apply to his conduct or, in the alternative, violates the Tenth Amendment (ECF No. 165 at PageID.1148). In ECF No. 166, Kuhl seeks dismissal of Count 2 on the basis that it is unconstitutionally vague (ECF No. 166 at PageID.1152). In ECF No. 174, Kuhl seeks dismissal of the Superseding Indictment (1) on the grounds of unconstitutional duplicity, multiplicity, and

[7] The Court notes that, in ECF No. 164, Kuhl appears to assert illegal searches and seizures of evidence (ECF No. 164 at PageID.1108–1111, 1126). However, Kuhl proceeds to acknowledge that he has not squarely challenged the searches and seizures in the motions before the Court, writing that, "[i]f this case does continue in this Court, Mr. Kuhl will go deeper into this issue" (ECF No. 164 at PageID.1126).

lack of specificity and (2) for failure to state an offense. Kuhl attaches examples of indictments from other cases in the Western District of Michigan (ECF Nos. 174-1, 174-2, & 174-3).

Under Federal Rule of Criminal Procedure 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." District courts have "broad discretion to set deadlines for filing pretrial motions." *United States v. Burrell*, 114 F.4th 536, 547 (6th Cir. 2024) (reviewing a district court's denial, as untimely, of both a motion to suppress and a motion to dismiss raising a facial challenge to the constitutionality of the statute). In this case, the Court set the deadline for "all pretrial motions," except for motions in limine, as March 5, 2025 (ECF No. 84). Accordingly, as the Court has already instructed, consistent with the Court's local rules, pretrial motions must be accompanied by a motion for leave to file the pretrial motion after the deadline.

Most of these motions to dismiss—135, 164, 165, 166, 174, & 182—were filed outright. They were not accompanied by motions for leave to file them after the pretrial motion deadline.[8] Even if, as to motions for which the cause for late filing is plainly apparent from the circumstances, the Court were to overlook this noncompliance with the Court's prior Orders, ECF Nos. 126, 135, and 174 are over 25 handwritten pages, which violates the local rule. W.D. Mich. LCivR 47.1(b)(i). Kuhl's penchant for filing overlong briefs prejudices the government and the public's interest—as well as Kuhl's—in the Court's fair and expeditious processing of this matter. And ECF No. 182 is premised on the proposition that Kuhl's allegations of "reckless disregard and

[8] As to ECF No. 126, it appears that two notices Kuhl filed address the timeliness of this motion. *See* ECF Nos. 129 & 130. However, in the notice dated March 25, 2025, Kuhl writes to explain why his motion was delayed despite his attempt to mail it "last week on Thursday morning," which the Court understands to refer to March 20, 2025 (ECF No. 129). Indeed, ECF No. 126 is dated March 19, 2025. Because the pretrial motion deadline was at the beginning of March, these notices do not impact the Court's analysis.

misconduct" by the government would warrant the remedy he seeks (dismissal of the indictment), but he does not cite to authority to support that proposition. Therefore, ECF No. 182, to the extent it seeks dismissal of the Superseding Indictment,[9] is therefore not a proper motion, *see* FED. R. CRIM. P.(b), and it would be properly denied on that basis.

Accordingly, the Court will dismiss ECF Nos. 126, 135, 164, 165, 166, 174, & 182 without prejudice to refiling them. Kuhl may refile them in accordance with the local rules and the Federal Rules of Criminal Procedure and as attachments to motions for leave to file them after the pretrial motion deadline. In the motions for leave, Kuhl must make a showing of good cause as to why the motions are necessary and were not filed before the pretrial motion deadline. Should Kuhl decide to re-file any of his challenges to the Indictment or the Superseding Indictment that have been dismissed without prejudice, the Court anticipates he will pay careful attention to the local rules and the Federal Rules of Criminal Procedure and, moreover, will not raise challenges that have been rejected herein.

**C. Motions Regarding Deadlines and Resources (ECF Nos. 131, 132, 139, 143, & 175)**

i. ECF No. 131

In ECF No. 131, Kuhl renews his request for an extension of the pretrial motion deadline (ECF No. 131 at PageID.904). Kuhl's reasons for his request are: (1) that his prior counsel did not follow his instructions; (2) that he was "not even sure if he would be allowed to proceed pro se and thus was not certain if he would be able to file any motions at all;" (3) "delay and withholding

[9] ECF No. 182 is two separate motions. The filing is titled "Motion to dismiss and if not dismissed, immediate dismissal and replacement of standby counsel." Going forward, Kuhl must file separate motions when he seeks different forms of relief on different grounds. Combining multiple motions that seek completely different forms of relief impedes efficient briefing and resolution of the motions. Nevertheless, in this instance, the Court has broken up the filing on Kuhl's behalf. To the extent that ECF No. 182 seeks dismissal and replacement of standby counsel, the Court has referred it to the Magistrate Judge for resolution.

of discovery;" (4) his status as "an incarcerated pro se litigator;" and (5) that it is "unfair" that Kuhl does not know what the outcome of his pending dispositive motions will be, because if he "disclose[s]" all of his dispositive arguments and a superseding indictment is issued, the government will "tailor" the indictment and evidence (ECF No. 131 at PageID.903–905).

Having considered Kuhl's arguments, the Court concludes once again that a blanket extension of the pretrial motion deadline is not warranted by the full circumstances of this case. Therefore, ECF No. 131 is properly denied.

ii. ECF No. 132

In this motion, Kuhl requests access to a laptop to "review discovery materials and research legal materials, statistical facts, expert witnesses, and other records and information that are material to his defense" (ECF No. 132 at PageID.907). Kuhl further requests access "to the internet or AI" (*id.* at PageID.908). To the extent that Kuhl requests a laptop to review discovery, the record indicates that the Magistrate Judge has already permitted standby counsel to provide Kuhl with precisely such a device (Apr. 29, 2025 Mot. Hr'g Tr., ECF No. 177 at PageID.1358) and thus this request is moot. To the extent that Kuhl requests access to the internet and AI, Kuhl's filings to date indicate that, whether directly or indirectly, he has access to a range of legal sources, including cases, law review articles, and other publications. Kuhl is not entitled to any greater access to the internet and/or to Artificial Intelligence. *See United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990), *cert denied*, 498 U.S. 986 (1990) ("by knowingly and intelligently waiving his right to counsel, the [defendant] also relinquished his access to a law library"). Accordingly, this motion is properly denied.

iii. ECF No. 139[10]

In this motion, Kuhl moves for an Order that the facility where he is detained (1) allow him to receive mail from his uncle; (2) allow him to send documents for filings in this case with the deputies who travel between the facility and the Court; (3) allow him to make copies at no cost; and (4) allow him access to the Public Access to Court Electronic Records (PACER) system (ECF No. 129 at PageID.995–999). This request will be denied. Kuhl identifies no authority recognizing any rights of incarcerated pro se criminal defendants to special accommodations pertaining to mail, copies, or legal research tools. As the Sixth Circuit has observed, "when a defendant chooses to assert the right of self-representation, he forfeits the benefits associated with representation by legal counsel." *United States v. Peck*, 62 F. App'x 561, 566 (6th Cir. 2003).

iv. ECF Nos. 143 & 175

In these motions, Kuhl moves for reconsideration of the Court's March 28, 2025 Memorandum Opinion and Order addressing Kuhl's objection to the pretrial motion deadline (ECF No. 125). This Court's local rules require a movant seeking reconsideration to "not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a). The local rule further instructs that "motions for reconsideration that merely present the same issues ruled upon by the court shall not be granted." *Id.*

Turning first to ECF No. 143, while Kuhl's argument in this motion is, at times, difficult to parse, the Court understands Kuhl to be arguing that there is good cause to extend the pretrial motion deadline and that the Court's conclusion to the contrary was premised upon the Court's

---

[10] Though this motion was filed ex parte, the Court discerns no basis for resolving the motion in an ex parte Opinion and Order.

misapprehension of the circumstances of this case and/or misapplication of caselaw. It is clear from Kuhl's motion that he disagreed strongly with his counsel's litigation strategy. But the Sixth Circuit has held, many times, that this is not good cause for relief from a pretrial motion deadline. *See United States v. Gulley*, 780 F.App'x 275, 283 (6th Cir. 2019); *United States v. Turner*, 602 F.3d 778, 787 (6th Cir. 2010); *United States v. Nance*, 481 F.3d 882, 885 n.1 (6th Cir. 2007). It is also clear that Kuhl's own litigation strategy has been encumbered by circumstances outside of his control. But these circumstances do not constitute good cause for a blanket extension of the pretrial motion deadline where (1) the reality is that a pro se criminal defendant "forfeits the benefits associated with representation by legal counsel," *Peck*, *supra*; (2) the Court has decided several of Kuhl's untimely pretrial motions on the merits and concluded that they are properly denied; (3) Kuhl may still request leave to file untimely motions on a motion-by-motion basis; and (4) Kuhl's motions pertaining to discovery and access to resources continue to be resolved by the Court. Thus, having considered Kuhl's arguments, the Court is not persuaded that a "different disposition" of Kuhl's objection to the pretrial motion deadline should result.

Turning next to ECF No. 175, in this motion, Kuhl describes additional obstacles that have been impacting his litigation strategy, discusses the impact of the issuance of the Superseding Indictment, and sets forth reasons why his "previously filed motions should all be considered [on] the merits and the pretrial deadline should be rescheduled" (ECF No. 175 at PageID.1290). Kuhl's arguments have either been already previously rejected or, to the extent that they are reasons why a specific motion could not be timely filed, they are more appropriately raised in a motion for leave to untimely file the specific motion. Accordingly, the Court concludes that ECF No. 175 is properly denied.

In the alternative, in ECF No. 143, Kuhl moves for a continuance. During the time that Kuhl's dispositive motions have been pending, any requests he has made for continuances have been premature, because the Court adjourned the trial date after the first dispositive motions were filed (ECF No. 107). The Court will now reset this case for trial. If Kuhl still believes in good faith that the ends of justice would be served by the Court granting another adjournment, he may move the Court for a continuance, specifying the amount of time for which he requests the trial be continued.

**D. All Other Motions (ECF Nos. 138, 169, 170, 178, & 179)**

In ECF No. 138, Kuhl contends that the government should be ordered to show cause why the government should not "sanctioned for fraud upon the court and unnecessary delay in disclosing discovery" (ECF No. 138 at PageID.987). Kuhl also moves the Court to bar the government from presenting evidence at trial that he had not received at the time he filed the motion (*id.* at PageID.993). This motion was filed on April 8, 2025. At this time, no response has been received. Therefore, consistent with Local Criminal Rule 47.2(c), the government shall file a response to this motion not later than fourteen (14) days after the entry of this Opinion and Order.

In ECF No. 169, Kuhl objects to the April 11, 2025 Order of the Magistrate Judge (ECF No. 140). The Court will construe this objection as an appeal of the Order of the Magistrate Judge, which decided Kuhl's discovery motion (ECF No. 98). The appeal was filed April 30, 2025. Consistent with Local Criminal Rule 57.1(e) and Local Civil Rule 72.3(a), the government shall file a response to the appeal not later than fourteen (14) days after the entry of this Opinion and Order.

In ECF Nos. 170, 178, & 179, Kuhl moves this Court for return of property. An Order addressing these motions issued on May 12, 2025 (ECF No. 180). The Court will resolve these motions once they are fully briefed.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motions ECF Nos. 97, 100, 101, 102, 103, 111, 131, 132, 139, and 175 are DENIED.

**IT IS FURTHER ORDERED** that Defendant's motion ECF No. 143 is DENIED to the extent Defendant moves the Court to reconsider its March 28, 2025 Memorandum Opinion & Order and DISMISSED WITHOUT PREJUDICE to the extent Defendant moves the Court to continue his trial.

**IT IS FURTHER ORDERED** that Defendant's motions ECF Nos. 126, 135, 164, 165, 166, 174, and 182 are DISMISSED WITHOUT PREJUDICE to refile them consistent with the discussion in this Opinion.

**IT IS FURTHER ORDERED** that the government shall file its response(s) to ECF Nos. 138 and 169 not later than May 29, 2025.

Dated: May 15, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge