FILED - GR
May 27, 2025 2:18 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW 5-27

UNITED STATES OF AMERICA,

Plaintiff, Case No. 1:23-cr-44

v. Hon. Jane M. Beckering

SAMUEL ALEXANDER KUHL,

Defendant.

NOTIFICATION, AS WELL AS REQUEST, TO APPEAL UNDER COLLATERAL ORDER DOCTRINE AND STAY PROCEEDINGS

Defendant seeks to notify this Honorable Court of his intent to appeal the final decision denying Defendant's Motion To Extend Pretrial Motion Deadline (ECF No. 116) and Motion For Reconsideration (ECF No. 143). The Orders denying such Motions are ECF No. 125 and 184 respectively.

Because Defendant's argument for appeal hinges on an underlying Motion To Dismiss Indictment that will be unreviewable on appeal, and raises separation of power, abstention, Tenth Amendment, Due Process Clause of the 5th and 14th Amendments, Comity, and Federalism issues, as well as possible Counsel of Choice and Double Jeopardy issues under the 6th and 5th Amendments.

Additionally, the decision to deny extending the pretrial motion deadline will also be effectively unreviewable after final judgment

## LEGAL STANDARD

The Sixth Circuit has summarized the Supreme Court's decision in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949) concerning the collateral order doctrine as "explaining that the collateral order doctrine applied only to that small class of cases, "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."" See United States v. Yeager, 303 F.3d 661, 666 (6th Cir. 2002) (quoting Beneficial Indus. Loan Corp. 337 U.S. at 545-46).

In order to satisfy the collateral order doctrine three prongs must be met: 1) the order conclusively determines the disputed question; 2) resolves an important issue completely separate from the merits of the action; and 3) is effectively unreviewable on appeal from a final judgment. Johnson v. Jones, 515 U.S. 304, 310 (1995). "To satisfy the third prong, the lack of an immediate appeal must strip a party of its ability to preserve a right or an immunity." Yeager at 666.

## ARGUMENT

Because this appeal hinges on the denial to extend the pretrial motion deadline, and a motion refused to be litigated by the denial of

such extension, Defendant will separate his argument into two parts.

A. REFUSAL TO EXTEND MOTION DEADLINE

The District Court's denial of Defendant's Motion to Extend the Deadline (ECF No. 116 - Defendant's motion; ECF No. 125 - Court's Order) and denial of Defendant's Motion for Reconsideration (ECF No. 143 - Defendant's motion; ECF No. 184 - Court's Order), is an order that concludes the issue of extending the pretrial motion deadline. Accordingly, this renders the deadline of March 5, 2025 final and renders all of Defendant's Motions untimely filed, whether or not the District Court waives the deadline for good cause shown on certain motions.

This essentially forfeits Defent's right to appeal even if the District Court does waive the deadline as to certain motions. Indeed, the Sixth Circuit has consistently held that the merits of an untimely motion are not preserved for appeal even if the district court chooses to hear the motion. See Sixth Circuit Criminal Handbook 2020 Winter/Spring Edition, page 3-77 §86, citing United States v. Obiukwu, 17 F.3d 816, 819 (6th Cir. 1994); see also United States v. Sachs, 801 F.2d 839, 847 (6th Cir. 1986) (district court's review of untimely motion to suppress does not alter fact that motion was made in violation of Rule 12(b)(3) and under Rule 12(f), the objection is waived).

Accordingly, this is too important of an issue to be denied review and too independent from the criminal charges causing this case to defer appellate consideration until the entire case is adjudicated. This is especially the case here where Defendant's pretrial motion deadline was set a day before being allowed to proceed prose, despite Defendant moving to proceed pro se at arraignment, or in other words, as soon as possible.

Moreover, this order creates inherent burdensome litigation for Defendant in multiple ways by denying him the right of filing pretrial motions, which rests in the right to effective counsel under the Sixth Amendment and due process under the Fifth Amend. The burdensome litigation incurs from having to show good cause for every motion brought to be granted waiver of the deadline, as well as trying to overcome the general preclusion the Sixth Circuit has "from reaching the merits of challenges to a district court's ruling on the timeliness of pretrial motions." United States v. Walden, 625 F.3d 961, 964 (6th Cir 2010). "[O]rders denying rights that do not include protection from burdensome litigation are not immediately appealable." Manion v. Evans, 986 F.2d 1036, 1039 (6th Cir. 1993).

Further, under these circumstances which consist of at least 2 cellular devices, four search warrants which some are based on previous warrants from unrelated investigations, at least four different law enforcement agencies, a charged timespan exceeding

15 months and a pretrial motion deadline set for the day before Defendant's Faretta hearing. In addition, Defendant was lacking a substantial amount of material evidence and information afforded him under the rules of discovery and necessary to raise pretrial motions. Rushing the motion deadline in this instance also inherently creates burdensome litigation because as new evidence and material is disclosed, new analysis and arguments present themselves and now new motions must be raised related to the same issues, but with new additional details. Such burden could be eliminated, or at least substantially reduced, by allowing adequate time to receive and review discovery to prepare fully informed motions.

Lastly, even if this matter is somehow reviewable on appeal, the importance of the issue and all parties directly or tenuously involved, support the Sixth Circuit exercising jurisdiction. Indeed, if it decides the deadline extension denial is proper, the case proceeds and the matter is resolved and the only setback is time. However, if not reviewed now and it is later determined that the ~~deial~~ denial of extending the guideline is reversible error, the district court, Defendant, Minor 1, the taxpayers' dollar, government, jury, and defense counsel must undergo the whole process over again.

Accordingly, the Sixth Circuit should exercise its appellate jurisdiction to review and decide this important matter.

B. DEFENDANT'S MOTION TO DISMISS ON GROUNDS OF TENTH AMENDMENT, FEDERALISM, COMITY, ABSTENTION, DUE PROCESS, COUNSEL OF CHOICE, AND DOUBLE JEOPARDY

Defendant incorporates ECF No. 164 herein by reference. While it seems that no case supports directly Defendant's argument that the federal ~~government~~ court should abstain from exercising jurisdiction in this criminal prosecution because of the parallel state prosecution, no case directly negates it either except United States v. Esposito, 371 F. Supp. 3d 288 (M.D. La. 2019). However, the cases cited by the court were inapposite because they consisted of circumstances where the federal prosecution was brought after the state prosecution was concluded. The deep analysis of the cases cited by the Esposito Court is contained in Defendant's Motion to Dismiss (ECF No. 124 at PageID. 813-22), as well as an explanation why Defendant's case and arguments are substantially different from those of Esposito. Thus, the referenced portion of ECF No. 124 is incorporated herein.

Inherent in this argument underlies Defendant's assertion that the parallel prosecution by the federal government for the same conduct he was first charged with in the State of Michigan violates the Double Jeopardy Clause of the Fifth Amendment. Indeed, the circumstances here establish that the Federal government was acting as a tool of the State of Michigan government. The federal government

adjudicated Defendant's competency in place of the State Court's Orders and the State Court has adopted the Federal Court's determination. See People v. Kuhl, 2021-001609-FH 9th Circuit Court for Kalamazoo County. The Supreme Court has recognized that such instance of one sovereign acting as a tool of another would be grounds to bar a duplicate prosecution. See Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959).

The federal government has further acted as a tool by disrupting and delaying the state criminal proceeding in Van Buren for the same conduct, so as to remove the advantages of the procedural rules in Michigan criminal proceedings. These rules include the right to a preliminary examination instead of a secret grand jury proceeding; the right to notice of all the government's intended witnesses before trial; and disclosure of "Jencks" material in discovery pretrial instead of only after direct examination at trial.

Accordingly, the Government's interruption of the State criminal proceeding violates Defendant's due process rights afforded him under state law resulting in prejudice. Indeed, the benefits of the state's rules of evidence, discovery, and probable cause determination provide Defendant more of an oppurtunity to knowledgeably challenge the charges and prepare a defense.

If the Sixth Circuit does not exercise jurisdiction over

such matters they will be unreviewable on appeal. The damage of the disadvantages of the federal court system will have been inflicted and Defendant will then have to face trial in the State of Michigan dragging himself, taxpayers, and Minor 1 through another trial which should have truly been the only trial.

Defendant did try to plea in bar due to Double Jeopardy violation at arraignment on April 25, 2029 for the superseding indictment. However, U.S. Magistrate refused to allow Kuhl to plead such. The Sixth Circuit has held that a denial of a Defendant's request for dismissal on double jeopardy grounds is an appeallable order. See United States v. Bratcher, 833 F.2d 69, 72 (6th Cir. 1987).

## CONCLUSION

For the reasons above and the motions incorporated by reference, the Sixth Circuit should exercise jurisdiction and hold that the Federal Government has acted in an unconstitutional manner in bringing this prosecution and the District Court should abstain from hearing it and allow the State of Michigan to finish what they started and enforce their laws. In the alternative, and only if the Sixth Circuit feels abstention is inappropriate, Defendant requests that the District Court be ordered to extend the pretrial motion deadline. Respectfully, J. Kuhl 5/19/25

S. Kuhl 611895l0
1035 James
P.O. Box 845
White Cloud, MI 49349

GRAND RAPIDS MI 493
22 MAY 2025 PM 4 L




U.S. District Court
399 Federal Bldg.
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL

49503-236399