UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
__________________________________/

Case No. 1:23-cr-44

Hon. Jane M. Beckering
U.S. District Court Judge

## GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S OBJECTIONS TO DISCOVERY ORDER (R. 169)

Magistrate Judge Kent held a hearing on April 29, 2025, in connection with Kuhl's motion to compel discovery. (R. 145, PageID.1041.) At that hearing, the Court orally ruled that Kuhl could not obtain the interview of Minor 1. Kuhl now appeals that ruling based upon Fed. R. Civ. P. 72. (R. 169: Defendant's Objections to Recommended Disposition, PageID.1165.) His motion should be denied because there is no legal basis for it, and because longstanding legal authority in fact requires denying him access to a potential witness's prior statements.

Kuhl's reliance on Rule 72 in a criminal case is obviously misplaced and provides no support for his claim. He was warned about the dangers of proceeding pro se at great length but nevertheless decided to plow on. As a result, he has provided no valid authority to support his request for Minor 1's statements to investigators. However, that is not necessarily the end of the inquiry as the law requires courts to construe pro se pleadings with some leniency and try to determine whether what the litigant is

attempting to argue has any legal merit. However, even this lenient standard is not limitless. This Court is not obligated to conjure allegations on Kuhl's behalf. *E.g.*, *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Here, a fair reading of Kuhl's current pleading indicates he suspects access to Minor 1's statements may reveal that the law enforcement officers investigating him were engaged in skullduggery. Specifically, he claims that, given the chance to examine Minor 1's statements, he may be able to show discrepancies in the search warrant affidavits issued allowing the search of his phones. (R. 169, PageID.1168-72.) Even if this were true, the law will not allow disclosure of her statements.

The first point that should be made is that Kuhl has attempted to file numerous motions to suppress but none challenging the search warrants issued in this case.[1] Because the time for filing such motions has long expired and trial is less than a month away, his interest in this material seems to be based upon idle curiosity rather than a live legal issue.

---

[1] The government is aware that Kuhl recently attempted to file three new motions that are in addition to the over twenty he has already filed. These do seek to suppress all the evidence the government has in this case. (R. 188: Motion to Suppress, PageID.1441; R. 189: PageID.1543; R. 190: Motion to Suppress, PageID.1593.) The Court has rejected these motions, at least for the time being, because they are untimely and exceed page limitations. (R. 193: Order, PageID.1689.) Even assuming Kuhl can obtain permission to file motions containing fourteen new legal challenges (excluding subparts), encompassing 149 pages of briefing less than 30 days before trial, none of his challenges allege false statements in the warrants allowing the search of the phones' contents for CSAM. Instead, they focus on the legality of Kuhl's stop, the vehicle search resulting in the seizure of the phones and the validity of the warrant allowing a search for other criminal activity. None of the rejected challenges relate to the statements of Minor 1 that he now seeks.

As stated by Magistrate Judge Kent and briefed by the government, the law will not allow a criminal defendant access to a government witness's statements prior to trial because they are the subject of the Jencks Act, 18 U.S.C. § 3500, which prohibits their disclosure until after the witness has testified. As stated in *United States v. Wiggins,*

> [t] he clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial. Accordingly ... any "statement" in the government's possession related to the subject matter of a government witness's testimony shall not "be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).

784 Fed. Appx. 919, 925 (6th Cir. 2019)(*quoting United States v. Presser*, 844 F.2d 1275, 1284 (6th Cir. 1988). This rule is for witness safety. *Presser*, 844 F.2d at 1285. Naturally, this rule applies more forcefully when the witness at issue is the victim of the offense. Congress has barred the relief Kuhl requests.

Considering this statutory bar, Kuhl's claim should be denied unless he can show some superior legal entitlement to it. None exists. Generally, there are three governing rules governing criminal discovery: (1) the Jencks Act, 18 U.S.C. § 3500; (2) the *Brady* doctrine; and (iii) Federal Rule of Criminal Procedure 16. These three generally "exhaust the universe of discovery to which [a] defendant is entitled." *United States v. Sanders*, 106 F.4th 455, 472 (6th Cir 2024)(citing *Presser*, 844 F.2d at 1285 n.12)); *United States v. Watson*, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011).

For the reason stated above, the Jencks Act does not help Kuhl. Neither does Rule 16. Although Rule 16(a)(1)(E)(i) requires disclosure of documents and objects "material

to preparing the defense," the Sixth and other circuits have determined that this duty relates to information that "refute[s] the Government's arguments that the defendant committed the crime charged" rather than procedural challenges to the conduct of the investigation, like challenges to a search warrant. *United States v. Sanders*, 106 F.4th 455, 473-74 (6th Cir. 2024). The *Sanders* panel reached this decision because of *United States v. Armstrong*, 517 U.S. 456 (1996), where the Supreme Court declined to interpret Rule 16's disclosure obligations more broadly. *Id.* This interpretation has been followed by other courts. *See, e.g., United States v. Rashed*, 234 F.3d 1280, 1285 (D.C. Cir. 2000)("Because Rashed's defense here relates not to refutation of the government's case in chief but to establishment of an independent constitutional bar to the prosecution, Rule 16(a)(1)(C) of the Fed. R. Crim. P. is inapplicable.") and *United States. v. Arambula*, 82 F. Supp. 3d 1316, 1319 (D. N. Mex. 2014)(defendant's request for agent's notes denied under Rule 16 because the defendant sought to use the information to challenge a search warrant.) Rule 16 does not support Kuhl's request.

The *Brady* doctrine does not help the defendant either. That rule requires the prosecution to disclose exculpatory evidence in its possession in time for the defendant to use it at trial. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Some courts have extended *Brady* to suppression hearings. *E.g., United States v. Gamez-Orduno*, 235 F.3d 453, 461 (9th Cir. 2000); *Smith v. Black*, 904 F.2d 950, 965-66 (5th Cir. 1990), *vacated on other grounds*, 503 U.S. 930 (1992). Other courts, like the District of Columbia Circuit, have expressed doubts that *Brady* applies to a suppression hearing: "[I]t is hardly clear that the *Brady* line of Supreme Court cases applies to suppression hearings. Suppression hearings do not

determine a defendant's guilt or punishment, yet *Brady* rests on the idea that due process is violated when the withheld evidence is 'material either to guilt or to punishment.'" *United States v. Bowie*, 198 F.3d 905, 912 (D.C. Cir. 1999). Other courts have expressly declined to state a position until the day it becomes necessary to do so. *United States v. Stott*, 245 F.3d 890, 902-03 (7th Cir. 2001)(also citing case split); *United States v. Thomas*, 835 F.3d 730, 734 (7th Cir. 2016). The Sixth Circuit has never decided the issue. *United States v. Henderson*, 661 F. Supp. 3d 725, 729 (W.D. Mich. 2023)(J. Maloney).

Assuming for a moment that this Court were to follow *Gamez-Orduno*, even that expansive interpretation of *Brady* requires a pending suppression motion implicating the requested material before its version of the *Brady* rule is triggered. This is not the case here. So, there exists no interpretation of the *Brady* that requires Kuhl obtain Minor 1's statements.

Kuhl's request for Minor 1's statements is barred by an act of Congress and it is otherwise devoid of legal support. Therefore, it should be denied.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

Date: May 29, 2025

*/s/ Timothy VerHey*
TIMOTHY VERHEY
OLIVIA KAY GHISELLI
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 29, 2025, a copy of United States' Response to Defendant's Objections (R. 169) was mailed to the defendant at the following address of record:

Samuel Alexander Kuhl Reg. #61189-510
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349

*/s/ Timothy VerHey*
TIMOTHY VERHEY
OLIVIA KAY GHISELLI
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404