UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
May 29, 2025 12:07 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JV / 5-29

UNITED STATES OF AMERICA,
Plaintiff,

Case No. 1:23-cr-44

v.

Hon. Jane M. Beckering

SAMUEL ALEXANDER KUHL,
Defendant.

MOTION FOR LEAVE TO FILE UNTIMELY AND EXCEED PAGE LIMIT

Defendant now comes requesting leave to file untimely the three motions to suppress (ECF Nos. 188, 189, & 190). Due to Kuhl not having access to the docket contents fully, he does not know which suppression motion corresponds with each docket entry number. Accordingly, Kuhl will describe each motion by its subject and hope that the Court, which has conspired to illegally strip Kuhl of his right and ability to file pretrial motions timely, will accept this request and construe it liberally.

1. MOTION TO SUPPRESS CHALLENGING TRAFFIC STOP AND ARREST BY WYOMING PD

For the following reasons, Kuhl prays for leave to file the referenced suppression motion as untimely.

a. Kuhl did not receive the body cam and vehicle footage until May 6, 2025 when he also received a laptop to review the footage of the stop and arrest. Viewing this footage was necessary to refresh Kuhl's memory to avoid misstating facts, as well as viewing the Officers' actions and words outside of his presence to support argument that they knew probable cause lacked to arrest Kuhl, and only did so in retaliation and as a pretext to search Kuhl and obtain his identity.

b. Several instances of unlawful conduct had to be fully briefed and the facts stated. Additionally, legal precedent had to be researched and cited, which took Kuhl several hours of searching specific terms and reading numerous cases to find those somewhat similar to his circumstances during the stop and arrest.

c. At this time Kuhl was also preparing the other two contemporaneously filed motions to suppress in an effort to enable the Court to deal with the issues all at once instead of in pieces.

d. Kuhl also had to wait approximately 4 days after actually completing this motion to have enough stamps to send all 3 motions out on the same day.

e. Kuhl had to FOIA request impound procedure manual which came after 3/5/25

f. Additional FOIA requests were made to get the pictures referenced in Bernard's portion of police report. These are important because they display Bernard's dishonesty that he took photos of the evidence where it was located when found.

g. The MSP Procedure Manual which was attached as an exhibit had to be obtained via FOIA request which Kuhl did not receive until Mid April.

## 2. MOTION TO SUPPRESS CHALLENGING WYOMING PD SEARCH WARRANT AND AFFIDAVIT

a. Kuhl was not aware which phones were described in the Forfeiture Allegation until 3/31/25 when receiving ECF No. 123 from the Government, and thus was not certain if the Wyoming PD Search Warrant and Affidavit were relevant.

b. Multiple materials, such as the Wyoming PD Chain of custody report, were obtained by FOIA requests. These requests took 20 business days and Kuhl did not have this information until after the pretrial motion deadline. The Chain of Custody report came in early April Kuhl believes and the CCU Report he received on May 3, 2025. These materials were important because they show that the Samsung was taken from Kuhl's person and that the supposed SIM Card taped to the back of the Samsung is not mentioned in the CCU Report.

c. Kuhl was also working on the other 2 contemporaneously filed motions to suppress. This was done to allow all parties to address the issues together instead of in pieces.

d. Particularized facts had to be fully explained as to how the

warrant and affidavit were fatally defective. Caselaw had to read, cited, and briefed as to how it applied to the deficencies in the warrant and affidavit. Additionally, the reasons why the defects of these materials could not be saved by the reasons in the Leon case of the Supreme Court had to be fully briefed in a specific particularized manner.

e. Multiple materials, particularly the Mass Extraction publishing by Logan Koepke of Upturn had to be obtained to help Kuhl understand and try to explain to the Court the importance of particularity in cell phone searches and why warrants can't and should not be broad like computers because files cannot be manipulated on phones like computers. Moreover, Kuhl had to show the capabilities of the Cellebrite program used to search his Samsung phone.

## 3. MOTION TO SUPPRESS CHALLENGING EXECUTION OF EXTRACTION OF KUHL'S SAMSUNG PHONE BY MEREDITH AND GENSTERBLUM AND SECOND MSP WARRANT FOR DOWNLOAD OF SAMSUNG'S DATA

a. Kuhl did not receive, from the Government the MSP Warrant until after the pretrial motion deadline on ~~#~~ 3/31/25.

b. The Government never provided full MSP reports which Kuhl had to FOIA and received after March 5/2025. A portion of the redacted part in report provided by the Government was not redacted in the report obtained by FOIA. This portion shows Gensterblum say that the messages he searched between Kuhl and Minor 1 were several months old.

c. As mentioned previously, the CCU Report which was made to describe the extraction from the Samsung Phone was never disclosed by Government. Kuhl sent multiple FOIAs over about 3 months to multiple agencies to get the report, which he finally received 5/3/25.

d. Kuhl had to FOIA the property report for MSP showing how

record of the Samsung's handling by MSP did not comply with departmental standards. This came in late March/early April.

e. Kuhl had to FOIA MSP Procedure manual to show that the property report did not comply with policy. That manual came ~~5/3/25.~~ 4/15/25

f. Kuhl had to research caselaw to cite and relate to the search by Gensterblum to show that he exceeded the scope in multiple specific ways.

## CONCLUSION

For these reasons, as well as the fact Kuhl has to handwrite everything and sometimes had to delete ~~part~~ parts or add info or caselaw took time. Additionally, he is not as experienced as a pro se litigant but did exercise due diligence, good faith, and eloquent language to try to make things clear and organized in these motions. Please accept these late and long motions. Additionally, Kuhl thought the deadline would reset after superseding indictment.

Respectfully,

S. Kuhl 5/23/25

S. Kuhl 61189510

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

GRAND RAPIDS MI 493
27 MAY 2025 PM 1 L




U.S. Dist. Court
399 Fed. Bldg.
110 Michigan NW
Grand Rapids, MI

LEGALMAIL

49503-236399