UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,
Plaintiff,

v.

SAMUEL ALEXANDER KUHL,
Defendant.

Case No. 1:23-cr-44
Hon. Jane M. Beckering

FILED - GR
May 29, 2025 12:21 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW 5-29

MOTION FOR LEAVE TO FILE
UNTIMELY MOTION

Per the Court's Orders, Defendant now comes requesting that he be granted leave to file this motion as untimely. The reasons supporting the reason for this request are as follows.

1. Kuhl had attempted to get the pretrial motion deadline extended (ECF Nos. 116, 131, 143, and 175), but the Court has denied all of his requests. Because it seems that untimely motions, whether decided by this Court or not, are not preserved for appeal, Kuhl wanted to see if the deadline would be extended.

2. Kuhl has continuously stressed that the speedy trial clock has been violated in this case and did try to diligently address this issue, by a prior Motion to Dismiss (ECF No. 124), which he submitted to the Court only 2 weeks after being granted pro se status. (ECF No. 124 signed and dated 3/21/25)

3. Kuhl has had to devote his time, money, and resources to making arguments and reviewing caselaw for several issues in this case and is limited as to paper and stamps necessary to submit filings to the court. The facts and evidence in this case are very complicated and voluminous, which Kuhl has had to spend time investigating and gaining additional information to make sense of and challenge.

4. Kuhl mistakenly believed that the superseding indictment caused the speedy trial clock to be reset.

Wherefore, Kuhl prays for the Court to grant him leave to file untimely the attached brief.

Respectfully,
S. Kuhl 5/23/25
S. Kuhl 61189510

# BRIEF

## SPEEDY TRIAL ACT VIOLATION

### Legal Standard

Under 18 U.S.C. §3162(a)(2), "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." Under §3161(c), trial must commence within 70 days.

There are periods of exclusion under 18 U.S.C. §3161(h). Two subsections of the Speedy Trial Act are at issue here. One is §3161(h)(1)(F), which states that the following is exclusable from the 70 day speedy trial clock: "delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." The other subsection is §3161(h)(4), which states "Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial," is excludable from the 70 day clock.

The Sixth Circuit recently held that the delay of transporting an incompetent defendant to a place of hospitalization was excludable

under §3161(h)(4). This ruling essentially holds that §3161(h)(1)(F) does not apply to incompetent defendants and/or §3161(h)(4) trumps §3161(h)(1)(F). See United States v. Perry, 116 F.4th 578 (6th Cir. 2024). It seems that the Sixth Circuit based its decision on the terms "any" and "shall" in subsection (h)(4) make prohibitions on counting against the Speedy Trial Act deadline time that results from a defendant being deemed incompetent absolute. Id at 582.

However, "any" also precedes "defendants" in §3161(h)(1)(F). The Court states that §3161(h)(1)(F) must be read in tandem with §3161(h)(4), but truly their interpretation would render §3161(h)(1)(F) inoperative as to incompetent defendants. Such interpretation goes against the rule of superfluities, the cardinal rule of statutory construction under which a statute should be interpreted so as not to render one part inoperative. See Colautti v. Franklin, 439 U.S. 379, 392 (1979); see also Ysleta del Sur Pueblo v. Texas, 142 S. Ct. 1929, 1939 (2022) (quoting Corley v. United States, 556 U.S. 303, 314 (2009)). Indeed, as the Sixth Circuit recognized by citing the Supreme Court's quote in Babb v. Wilkie, 589 U.S. 399, 405 n.2 (2020), "the word 'any' has an expansive meaning." Perry, 116 F.4th at 582. Accordingly, §3161(h)(1)(F) does apply to the transportation of any defendant, including those deemed incompetent.

Additionally, the term "any" precedes the word "time" in

§3161(h)(1)(F) also. Thus, it applies to "any" time spent after an order of transportation to a place of hospitalization that exceeds ten days. Indeed, incompetent defendants are ordered to be hospitalized under §4241(d) once found incompetent, and thus, must be transported to a place of hospitalization. Moreover, the term "shall" precedes the phrase "presumed to be unreasonable," in subsection (h)(1)(F), which make such presumption mandatory. As the Sixth Circuit recognized in Perry by quoting the Supreme Court, "it is generally clear that 'shall' imposes a mandatory duty." Perry, 116 F.4th at 582 (quoting Maine Cmty. Health Options v. United States, 590 U.S. 296, 311 (2020)).

The term 'hospitalization' is not specifically defined or expressly identified to exclude hospitalization for restoration, therefore it is proper to start with the assumption that the legislative purpose is expressed by the ordinary meaning and applies to any hospitalization, including that required under 18 U.S.C. §4241(d). See Richards v. United States, 369 U.S. 1, 82 S. Ct. 585 (1962); Russello v. United States, 464 U.S. 16, 104 S. Ct. 296 (1983). If the STA were to be interpreted in a manner consistent with that of the Sixth Circuit in Perry, and allow three periods of time under 18 U.S.C. §4241(d), the exact issue outlined in footnote 4 of United States v. Dellinger, 980 F. Supp. 2d 806 (E.D. Mich. 2013) will continuously be encouraged and allowed. It also violates the Equal Protection guaranteed by the Fifth Amendment.

It is the duty of the Court to give effect, if possible, to every clause

and word of a statute, avoiding if it may be, any construction which implies that the legislature was ignorant of the meaning of the language it employed. Montclair v. Ramsdell, 107 U.S. 147 (1883). Both provisions §3161(h)(1)(F) and (h)(4), to be applicable, require the delay to be "resulting from" the stated event - transportation and mental incompetence respectively. "In interpreting the 'resulting from' language, the court noted that 'while an excludable ~~delay~~ event need not cause an actual delay to be applicable, a given exclusion must actually be the cause of the excludable event to be applicable.'" Dellinger, 980 F. Supp. 2d at 813 (quoting United States v. Sparks, 885 F. Supp. 2d 92, 100-101 (D.D.C. 2012)).

Accordingly, the excessive delay in transporting incompetent defendants to places of hospitalization is not a result from their incompetence, it results from the failure to transport those defendants to such locations because ordinary institutionalized delay. However, it has been well established that such delay cannot overcome the presumption of unreasonableness under §3161(h)(1)(F). See United States v. Castle, 906 F.2d 134 (5th Cir. 1990); United States v. Jervey, 630 F. Supp. 695 (S.D. NY 1986); and United States v. Noone, 913 F. 2d 20 (1st Cir. 1990).

Although the latter the cases above do not concern the transportation of incompetent defendants, it is irrational to believe "that Congress was less concerned about incompetent defendants than it was about defendants whose competency had not yet been

determined. In both cases, trial cannot proceed until competency is established, and both classes of defendants appear equally worthy of Congressional concern for prompt adjudication." Dellinger, 980 F. Supp. 2d at 813.

Multiple courts have ruled consistent with that of Dellinger and Sparks, finding that delays in transporting incompetent defendants to places of hospitalization beyond ten days are not excludable from the 70 day clock under any provision of the STA, and §3161(h)(1)(F) applies. See United States v. Black, 21-CR-009-GKF (N.D. Okla. Nov. 22, 2022); United States v. Hernandez-Amparan, 600 F. Supp. 2d 839 (W.D. Tex. 2009); and United States v. Olivas, 21-MJ-2051-MAT (W.D. Tex. Nov. 17, 2022). Even Perry of the Sixth Circuit was a case out of this district assigned to U.S. Magistrate Phillip Green, who originally recommended that Perry's case be dismissed due to a violation of the STA. United States v. Perry, 1:20-cr-0163 (W.D. Mich. Nov. 22, 2022).

The title which encompasses 18 U.S.C. §3161, Speedy Trial Act, derives from the constitutional right to a speedy trial under the Sixth Amendment. While it is true that an incompetent defendant cannot be tried, he still must not be negligently and excessively delayed in his restoration process and related judicial proceedings without any protections, while continuously being criminally charged ~~of his liberty~~ and deprived of his liberty. The title of a statute and the history leading up to its adoption, as aids to statutory construction, are to be resorted

to only for the purpose of resolving doubts as to the meaning of the words used in the act in case of ambiguity. Fairport, P.& E.R. Co. v. Meredith, 292 U.S. 78 L.Ed. 1446 (1934).

While the phrase "resulting from" is not ambiguous or difficult to understand, it is being misinterpreted. Sitting around after being deemed incompetent because the government does not transport such defendant to a place of hospitalization for treatment, does not result from the defendant's incompetency. True such defendant would not need to be transported had he not been incompetent, however the delay is not resulting from the incompetency because nothing related to restoration, such as treatment, can occur until that defendant is transported. Thus, following the time limit of §3161(h)(1)(F) ensures this period of delay, bearing no reasonable relation to the purpose of restoration, cannot be unreasonably long.

Furthermore, such ambiguous penal laws must be construed with lenity because our nation ~~operates~~ operates against a background presumption of liberty. Pulsifer v. United States, ~~601 U.S.~~ 144 S.Ct. 718, 218 L.Ed. 2d 77, 119 (2024) (Gorsuch, J., dissenting). "And lenity performs still further work, guarding against the possibility that judges might condemn unpopular individuals to punishment on the strength of their own views about common sense, good public policy, or 'no more than a guess as to what Congress intended.'" Id. (quoting Ladner v. United States, 358 U.S. 169, 178 (1958)).

"The purpose of construction being the ascertainment of meaning,

every consideration brought to bear for the solution of that problem must be devoted to that end alone.... It must be that, not something else. Not, for instance, an oppurtunity for a judge to use words as empty vessels into which he can pour anything he will - his caprices, fixed notions, even statesman like beliefs in a particular policy." Felix Frankfurter, Some Reflections on the Reading of Statutes, Col. L. Rev. Vol. 47, No. 4 page 529 (1947). The provision is to ensure that any defendant ordered to be transported to a place of examination or hospitalization, be transported in a timely manner not to exceed ten days.

Argument

Kuhl was committed to the custody of the Attorney General under 18 U.S.C. §4241(d) on 12/20/23. Such commitment mandated Kuhl's transportation to a place of hospitalization, and was thus subject to the ten day limit under §3161(h)(1)(F). However, Kuhl's transportation to FMC Butner took a total of 180 days and his transportation back to Michigan took 51 days, as his 4 months at FMC Butner ended on 10/15/24, but he did not arrive back in Michigan until 12/6/24. Accordingly, 221 days of this 231 day period are presumed to be unreasonable and therefore count toward the 70 day speedy trial clock. Thus, the STA was violated and Kuhl's case must be dismissed

To afford all other defendants, even those whose competency is being questioned, protection under §3161(h)(1)(F), but not do so for incompetent defendants, would violate the Constitution's guarantee of Equal Protection of the law. Such an interpretation cannot be justified and must not stand, regardless of the Sixth Circuit's decision in Perry.

Conclusion

Wherefore, Kuhl requests that this case be dismissed with prejudice. Prejudice is necessary due to the unhindered continuous pattern by the Government in transporting incompetent defendants to places of hospitalization. Moreover, Kuhl was already ordered to undergo competency restoration by Multiple State of Michigan judges, but the federal government decided to interrupt and stop that process despite being aware of the excessive delays and issues concerning competency restoration in the federal system. Accordingly, this case must be dismissed with prejudice.

Respectfully,

S. Kuhl 5/23/25

S. Kuhl 61189510

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349




Clerk of Court
U.S. Dist. Court
399 Fed. Bldg.
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL