UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,
Plaintiff,

v.

SAMUEL ALEXANDER KUHL,
Defendant.

Case No. 1:23-cr-44
Hon. Jane M. Beckering

FILED - GR
May 30, 2025 1:03 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW / 5-30

# MOTION IN LIMINE

Now comes Defendant before this Honorable Court seeking the Court to prohibit the Government from introducing the text message referenced in the Government's Initial Pretrial Conference Summary Statement (ECF No. 66 at PageID. 249). The Government alleges this text message discloses Kuhl attempting to persuade a second minor female to have sexual relations with him. However, the only text the Government has provided to Defendant that could possibly fit this description is in the MSP Incident Report FIT-0000091-22. That message shows Kuhl telling Minor 1 to inform her friend "A" that they want a threesome or that Kuhl would like to have sex with "A." The issue with this matter is that "A" at all times was able to legally able to engage in consensual sex with Kuhl because "A" was at least 16 years old.

Indeed, the age of consent in Michigan is 16 years old. Also, the Sixth Circuit Pattern Jury Instruction 16.09 for 18 U.S.C. §2422(b) states "If the indictment charges unlawful sexual activity... and

that offense has an age standard of less than 18 years, substitute the younger age or age range in [the appropriate] paragraphs." The unlawful sexual activity underlying Count 2 of the initial and superseding indictment is Criminal Sexual Conduct Third Degree, MCL 750.520d. MCL 750.520d criminalizes sexual intercourse with a person who is at least 13 but less than 16 years of age. Accordingly, the text that has been provided to Kuhl displaying his alleged attempt to persuade "A" to have sexual relations with him is not a "crime" or "wrong" under FRE 404(b). While it is an "act," it is not an act that displays his intent to engage in unlawful sexual activity with a minor because "A" was of age.

While the Government provides notice in its Initial Pretrial Conference Summary Statement (ECF No. 66 at 249), and states that the purpose of introducing the text being intent and lack of mistake or accident, it does not provide reasoning to support that purpose as required under FRE 404(b)(3)(B). Kuhl has not proposed to assert a defense that he was mistaken of Minor 1's age during the entire period charged. Although, Mr. Kuhl was mistaken as to Minor 1's age, at least during part of the timeframe charged, he is not claiming to believe she was not under the age of 18, but only that he believed she was at least 16 years of age. Accordingly, the text sought to be introduced under FRE 404(b), does not stand for the purpose of proof of lack of mistake or accident, because Kuhl is not claiming such mistake or accident that the

text would negate.

Because of the reasons stated above, the text will only create unfair prejudice, confuse the issues, mislead the jury and is unnecessary cumulative evidence. Indeed, any potential probative value is substantially outweighed by the prejudice it will inflict on Mr. Kuhl. Accordingly, under FRE 403, the text that the Government intends to introduce under FRE 404(b), should be excluded from the case.

A case somewhat similar is United States v. Roubideaux, 4:22-cr-40033 (D.S.D. Nov. 30, 2022). In Roubideaux, the court refused the Government's request to introduce an instance of sexual intercourse the defendant had with a 16-year old boy because the age of consent was 16 and thus, the act was not illegal. Because the sex was consensual, the court held that it "would have little probative value on the issue of his intent in this case, and perhaps would do little more than offend or inflame the jury." Id at 8.

The only true seeming purpose of introducing such text is the attempt to prove Kuhl's character as one interested in young females, and thus his alleged crime of enticing and persuading Minor 1, is in accordance with his character. Such evidence is barred under FRE 404(b)(1).

Wherefore, Defendant respectfully requests that the text sought to be introduced under FRE 404(b) by the Government be excluded from evidence. Moreover, there has been no adequate notice to inform Defendant an oppurtunity to meet the Government's

proposed introduction under FRE 404(b). Indeed, the Government claims to have thousands of text spanning over 15 months, but has not notified Mr. Kuhl of any details that enable him to meet the proposed evidence fairly as required under FRE 404(b)(3)(A) despite Kuhl's several requests for such specification. Accordingly, the Government should be precluded from entering such text into evidence at trial.

Respectfully,

S. Kuhl 5/23/25

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349




Clerk of Court
U.S. Dist. Court
399 Fed. Bldg.
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL