**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Kelly L. Stephens
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: May 30, 2025

Mr. Samuel Alexander Kuhl
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349-0000

Re: Case No. 25-1499*, In re: Samuel Kuhl*
Originating Case No. 1:23-cr-00044-1

Dear Mr. Kuhl,

The petition for writ of mandamus has been docketed as case number **25-1499** with the caption listed above. If you have not already done so, you must mail a copy of the petition to the lower court judge and counsel for all the other parties.

The filing fee for the petition is $600, which is payable to the Clerk, Sixth Circuit Court of Appeals. If you wish to seek a waiver of the filing fee, a motion for pauper status with a completed financial affidavit is due by **June 30, 2025**. The financial affidavit is available at www.ca6.uscourts.gov.

The district court judge to whom this petition refers has been served with this letter.

Sincerely,

s/Gretchen A.
Case Manager
Direct Dial No. 513-564-7018

cc: Ms. Ann E. Filkins

Enclosure

RECEIVED
MAY 3 0 2025
KELLY L. STEPHENS, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

*EMERGENCY TIME-SENSITIVE*

In re: United States v. Samuel Alexander Kuhl, 1:23-cr-44 (W.D. Mich.)

# APPEAL OF DECISION BY U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN UNDER COLLATERAL ORDER DOCTRINE OR PETITION FOR WRIT OF MANDAMUS/OTHER APPROPRIATE LAWFUL AUTHORITY UNDER ALL WRITS ACT

## I. INTRODUCTION

Now comes Appellant/Defendant Samuel Alexander Kuhl, proceeding pro se, before this Honorable Court, respectfully and humbly praying for the relief outlined below and further in the attached brief which incorporates motions on the original district court docket.

Defendant would first like to express that this pleading is in no way brought in bad faith, lack of research and consideration, or any frivolous or reckless manner for this Court's rules and procedures. Indeed, Defendant whole heartedy seeks only justice and fairness in the lower court over which this Honorable Court presides.

Defendant only asks the Court exercise patience and construe this pro se pleading liberally due to his inferior knowledge and understanding of the law. Due to the attached brief and incorporations by reference therein, Defendant will try to establish grounds, within this portion of this pleading,

sufficient for the Court to exercise jurisdiction under 28 USC §1361 and/or 28 U.S.C. §1651, only if it is deemed that an appeal under the collateral order doctrine is inappropriate.

II. LEGAL PRINCIPLES

"The All Writs Act, 28 U.S.C. §1651(a), empowers the federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.' The exercise of this power 'is in the nature of appellate jurisdiction' where directed to an inferior, Ex Parte Crane, 5 Pet. 190, 193, 8 L. Ed. 92 (1832) (Marshall, C.J.), and extends to the potential jurisdiction of the appellate court where an appeal is not then pending but may be later perfected." Federal Trade Commission v. Dean Foods Company, 384 U.S. 597, 603 (1966).

Indeed, the Supreme Court has held that alternative writs "should be resulted to only where appeal is a clearly inadequate remedy. *** As extraordinary remedies, they are reserved for really extraordinary causes." Ex Parte Fahey, 332 U.S. 258, 260 (1947). "It was early recognized that the power to issue a mandamus extended to cases where its issuance was either an exercise of appellate jurisdiction or in aid of appellate jurisdiction. See Marbury v. Madison, 1 Cranch, 137, 175, 2 L. Ed. 60; Ex parte Crane, 5 Pet. 190, 8 L. Ed. 92. That power protects the appellate

jurisdiction which might be otherwise defeated and extends to support an ultimate power of review, though it might not be immediately and directly involved." United States v. U.S. District Court for S. Dist. of N.Y., 334 U.S. 258, 263 (1948).

"The issuance of the writ is within our power under the All Writs Statute, 28 U.S.C. 1651, particularly since we could later entertain appeals on these issues." Green v. Occidental Petroleum Corp., 541 F. 2d 1335, 1338 (9th Cir. 1976); see also Petition of Henneman, 137 F.2d 627, 630 (1st Cir. 1943) ("It is well settled that this court has the power to issue writs of mandamus in the exercise of its appellate jurisdiction and that the writ will lie to direct a subordinate federal court to render a decision in a case pending before it.") (citing McClellan v. Carland, 217 U.S. 268, 280 (1910) and cases cited within).

This Court has held that a Mandamus petitioner must: 1) have no other adequate means to attain the relief sought; 2) show a clear and indisputable right to the relief sought; and 3) show that the relief is appropriate under the circumstances. See In re King's Daughters Health Sys. Inc., 31 F.4th 520, 526 (6th Cir. 2022).

## III. ARGUMENT

Defendant ~~releases~~ realizes that he faces an uphill battle trying to

obtain the relief he seeks, but, to his knowledge, their is no other adequate means to attain such relief. If this Honorable Court determines the matters presented are not reviewable under the collateral order doctrine, there is literally no other option than to seek a writ of mandamus. Accordingly, here Defendant is humbly praying for such relief.

Seeing as Defendant has the right to, not only defend himself, but effectively do so as to a reasonable extent. Obviously such right is guaranteed by the Sixth Amendment to this Nation's Constitution. Moreover, the Due Process Clause of the Fifth Amend., as well as the Fifth Amendment's well established adoption of the Equal Protection Clause, stand to afford all criminal defendants a fair oppurtunity within the judicial proceeding. Such right is also prescribed under common law principles of decency. Due to the circumstances of Defendant's case, both the compelling of the Honorable Jane M. Beckering of the District Court to extend the pretrial motion deadline, and hear Defendant's argument for dismissal on the grounds asserted in the attachment, are means of relief that Defendant is clearly entitled to.

Defendant did not act dilatorily or in bad faith moving to proceed pro se. Indeed, he did so at the earliest possible time: arraignment. Even when Defendant presented his motion to proceed pro se at the detention hearing, one week later, he strenuously expressed his desire to expeditously have the matter decided (ECF No.

121 at PageID. 747-48). Unfortunately, the Faretta hearing was not scheduled for a date before the pretrial motion deadline. Indeed, the deadline was scheduled for March 5, 2025, while Defendant's Faretta hearing was set for March 6, 2025.

Upon becoming aware of this substantial issue, Mr. Kuhl immediately filed a pro se motion seeking the Faretta hearing be advanced and contacted counsel's secretary requesting that counsel move to advance the Faretta hearing. However, the District Court rejected Defendant's pro se motion on the grounds that he was currently represented by counsel, and Kuhl's request that counsel move to advance the hearing went ignored. Respectfully, setting the schedule in this manner, under these circumstances, is an abuse of discretion and usurpation of power by the Honorable Jane M. Beckering. This schedule has literally forfeited Defendant of preserving any argument for appeal and any oppurtunity of filing timely pretrial motions.

As the Supreme Court has held, the All Writs Act is meant to be used only in exceptional cases where there is clear abuse of discretion or usurpation of judicial power. See Platt v. Minnesota Mining Manufacturing Co. 376 U.S. 240, 246 (1964).

As to the issue concerning abstention, Tenth Amendment, federalism, comity, due process, double jeopardy, and counsel of choice, Defendant would like touch on one other issue that is fraught with error and confusion in dual state and federal prosecutions:

sentencing. Due to the substantial amount of confusion as to sentencing in this regard amongst the State and Federal Courts, defense attorneys, the government, and Federal BOP, Defendant points to a publishing briefly discussing the issue in layman's terms: Larry Fassler, Busted By The Feds, 19th Edition pages 103-106.

Indeed, multiple defendants have been trapped helplessly in this intricate web of confusion. See United States v. Martin, 20-CR-153-JRS (Aug. 25, 2023 E.D. Wis.); United States v. Beck, 7:20-CR-52 WLS-TQL-1 (M.D. Ga. May 30, 2024); United States v. Bradley, 15-cr-30142-DRH (S.D. Ill. Jun. 1, 2018); United States v. Bridges, 2:08-CR-086 (S.D. Ohio Feb. 27, 2012). It seems, respectfully, that the defendants in these cases as well as the courts were ignorant of the applicable laws and rules for federal sentencing in their ~~entit~~ entirety. Accordingly, Defendant requests this Honorable Court to review chapter 5G1.3 and chapter 5K2.23 for guidance as to how the sentencing can result in detriment to Defendant under the instant circumstances.

Additionally, the federal governments interruption of Defendant's state court proceedings, that were, and still are ongoing, for the same conduct is violative of the Full Faith and Credit Clause. Indeed, the federal government has disregarded the faith and credit deserved by the State of Michigan to hand down punishment to its residents who violate its laws in accordance with the due process under state law. This also subjects Defendant to be deprived of the individual's

rights and interests inherent in the Full Faith and Credit Clause. By subjecting Kuhl to two judgments, trials, and periods of incarceration that comes from not adhering to the Full Faith and Credit Clause, establishes that the clause does serve to protect the people as well.

## IV. CONCLUSION

For the reasons stated above, as well as the attachments and the motions incorporated by reference already on the District Court docket, Defendant respectfully requests and prays that this Honorable Court exercise jurisdiction and grant the relief requested.

Respectfully,

/s/ S. Kuhl May 22, 2025

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

Samuel Alexander Kuhl
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349





RECEIVED
MAY 30 2025
KELLY L. STEPHENS, Clerk

OFFICE OF THE CLERK
U.S. COURT OF APPEALS
100 E. FIFTH STREET
ROOM 540
CINCINNATI, OHIO 45202

LEGAL MAIL

65A
25.1496