UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT OF MIC

FILED - GR
June 2, 2025 2:46 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: UW / 6-2

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 1:23-cr-44

v.

Hon. Jane M. Beckering

SAMUEL ALEXANDER KUHL,

Defendant.

*EXPEDITED CONSIDERATION REQUESTED*

# MOTION FOR CONTINUANCE

Now comes before the Court, Defendant Samuel Kuhl, proceeding pro se, respectfully requesting for an ~~ensd~~ ends-of-justice continuance in the instant case pursuant to 18 U.S.C. §3161(h)(7)(A). Due to the multiple factors listed below, Kuhl feels that a continuance of 120 days is reasonable under the circumstances. Within this continuance, Kuhl pleads for 28 days to allow for timely pretrial motions brought in good faith and comply with local rules.

## LEGAL STANDARD

The factors, among others, which a judge shall consider in determing whether to grant a continuance under 18 U.S.C. §3161(h)(7)(A), are outlined by 18 U.S.C. §3161(h)(7)(B). Additionally, the Court also takes into consideration the particular facts of the case in making its decision, for which the Court has broad discretion. See, e.g., Morris v. Slappy, 461 U.S. 1, 11-12 (1983); United States v. Frost, 914 F.2d 756, 764-65 (6th Cir. 1990); United States v. Gallo, 763 F.2d 1504, 1523 (6th

Cir. 1985).

ARGUMENT

Today is 5/28/25, and Kuhl has discovered a substantial delay in being notified of voluminous discovery that the Government has provided to standby counsel. The delay in notification is due to miscommunication on Defendant's end. Specifically, Mr. Graham's secretary has sent at least 3 supplemental discovery packets, contained on flash drives, to Captain Cook of the Newaygo County Jail. However, no one informed Mr. Kuhl of these flash drives, not the jail, Government, or Mr. Graham. Accordingly, these flash drives have been just sitting somewhere in the jail completely unbeknownst to Defendant.

Yesterday Kuhl attempted to contact Mr. Graham to see if the Government had provided, among other things, the complete transcripts of Facebook and Text messages the Government contends are between Defendant and Minor 1. Due to no one being available, Kuhl called Mr. Graham's office this morning and spoke to his secretary about the matter. During this call, the secretary asked Kuhl if he'd reviewed "Discovery 5 and 6." Confused, Kuhl informed Beth, the secretary, that he has only received "Discovery 1 and 2," which led to the disclosure of the issue Defendant is laying out in this motion.

Kuhl has asked the jail twice today about these flash drives and accessing the laptop since 10 a.m. this morning, but it is now 2 p.m. and still Kuhl has not received a response. Beth told Kuhl that there are some footages from the Wyoming PD stop, it seems, as well as warrants and recordings of audio messages and/or phone calls between Minor 1 and Defendant, and other materials. Needless to say, it seems to be a very substantial amount of material that Defendant needs time to review and possibly challenge.

Additionally, Beth informed Kuhl that she is sending out another supplement today known as "Discovery 7." In total, there are 4 supplements to discovery Kuhl needs to review in this case: Discovery Supplements 4, 5, 6, and 7. Seeing as Kuhl's access to the laptop is very limited and unknown in the jail, Beth has agreed to print all material other than video footage and audio recording so that I may adequately and efficiently review all of the discovery. This is further necessary due to the conditions of Kuhl's incarcerated status and that he cannot access the law library or his other legal documents when accessing the laptop and thus, only takes notes of what he views on the laptop to take back to his cell to draft motions and such.

Because going back over all the discovery supplements to print the appropriate materials will take more time, Kuhl's request for a continuance is further justified.

Seeing as there is a hearing set for June 5, 2025 which Kuhl will move for replacement of standby counsel or appointment of advisory co-counsel, as well as address additional discovery issues, a continuance is necessary and outweighs the needs ~~for~~ and interests of all for a speedy trial at this time.

Moreover, Beth has informed Kuhl today that on 6/3/25, a videoconference is scheduled for him to meet with the forensics expert Adam Kelly. In addition to this meeting, if hired, Kelly will need time to review the requisite devices at issue in this case as well as prepare any ~~reportt~~ reports about such reviews.

Accordingly, seeks the brief allowance of 28 days to file timely pretrial motions to enable him to preserve such arguments for appeal if required. Not only will the additional discovery possibly present new matters to address by pretrial motion, if new counsel is appointed they will need time to review voluminous discovery to prepare for trial if Kuhl's pro se status is forfeited or revoked, as well as advise Kuhl of any meritorious arguments that should be raised.

Wherefore, Kuhl requests the Court to grant the requested continuance to ensure justice and provide Defendant a fair and adequate oppurtunity to defend himself.

Respectfully,

S. Kuhl 5/28/25

S. Kuhl 61189510

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

GRAND RAPIDS MI 493
29 MAY 2025 PM 4 L




U.S. Dist. Court
399 Fed. Bldg.
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL

49503-236399