UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
______________________________/

Case No. 1:23-cr-44

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are multiple motions filed by Defendant Samuel Alexander Kuhl, who is proceeding pro se in this criminal case. In this Memorandum Opinion and Order, the Court addresses Defendant's motion for reconsideration (ECF No. 195) of the Court's May 15, 2025 Opinion and Order (ECF No. 184). Before the Court proceeds to do so, the Court also addresses Defendant's request that the undersigned recuse from this case (ECF No. 207 at PageID.1736).[1] The government has not filed responses to these motions, which the Court concludes are properly denied.

***Motion for Recusal***. To the extent that Defendant identifies actions or conduct of the undersigned in support of his request, his accusations are either entirely baseless or merely expressions of disagreement with the undersigned's judicial rulings. A reasonable person would not question the impartiality of the undersigned in this case. In addition, though Defendant has

---

[1] Another preliminary matter for the Court to address is Defendant's filing located at ECF No. 196, entitled "Notification, As Well As Request, to Appeal Under Collateral Order Doctrine and Stay Proceedings." This filing appears to make arguments intended for resolution by the Sixth Circuit. The Court concludes that this filing does not seek any action by this Court.

filed a complaint of judicial misconduct against the undersigned, as many courts have concluded, this alone "is not a basis for recusal." *Hopson v. Gray*, 2021 WL 4894311, at *4 (N.D. Ohio Oct. 20, 2021) (citing *Link v. Adamski*, 2015 WL 4469694, at *2 (W.D. Pa. July 22, 2025) (collecting cases)). The undersigned has developed no personal bias or prejudice against Defendant as a result of him filing the complaint. Therefore, the motion seeking recusal (ECF No. 207) is properly denied.

***Motion for Reconsideration***. Defendant requests that the Court reconsider its May 15, 2025 Opinion and Order (ECF No. 184) as to certain issues that Defendant raises (ECF No. 195). In the May 15, 2025 Opinion and Order, the Court denied several of Defendant's then-pending dispositive motions and Defendant's then-pending motion for bill of particulars, all of which had been fully briefed by the parties. In addition, the Court dismissed several then-pending dispositive motions for Defendant's failure to comply with the Local Rules and prior Orders of this Court. The Court also denied several of Defendant's then-pending motions regarding deadlines and resources. A movant seeking reconsideration of a ruling of the Court must "not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4. Kuhl makes seven arguments in support of his motion for reconsideration.

First, Defendant seeks reconsideration of the Court's denial of Defendant's request for an extension of the pre-trial motion deadline. Defendant clarifies that he was not seeking an indefinite extension but rather an extension of 4 to 6 weeks. The Court remains unpersuaded—for the reasons explained twice before, *see generally* Op. & Ord., ECF No. 125; *see* Op. & Ord., ECF No. 184 at PageID.1430–1434 —that any extension of the pre-trial motion is warranted by the relevant

authority applied to the circumstances of this case. Therefore, this argument does not entitle Defendant to a different disposition of any of his prior motions.

Second, Defendant seeks reconsideration of the Court's dismissal of certain of his motions for exceeding the page limit for handwritten briefs. Defendant argues that the Local Rule setting the page limit violates the Equal Protection Clause of the United States Constitution because it treats handwritten briefs and computer-generated briefs differently. Merely treating two groups—such as one that writes briefs on a computer, and that who writes briefs by hand—differently does not violate the Constitution. Therefore, this argument does not entitle Defendant to a different disposition of any of his prior motions.

Third, Defendant asks that the Court "follow its quote of the unpublished decision in *United States v. Goff*, 187 F. App'x 489, 491 (6th Cir. 2006)" (ECF No. 195 at PageID.1695). The applicable dicta in *Goff* is contrary to the applicable rule in all other circuits regarding the effectuation of prior indictments and it is also in tension with published Sixth Circuit authority, *United States v. Garcia*, 268 F.3d 407, 410 (6th Cir. 2001). Defendant's third argument is, therefore, unpersuasive and does not entitle Defendant to the relief he seeks.

Fourth, Defendant seeks reconsideration of the Court's denial of Defendant's motion to dismiss the Indictment for lack of specificity. Defendant argues that the sentence of the first count of the Indictment that provides factual details does not "fit the option for the second element" [of a § 2251(a) violation] "described in the first statement [of the Indictment]'s partial tracking of the statute's language" (ECF No. 195 at PageID.1697). Defendant goes on to reiterate that the Indictment lacks sufficient detail. For the reasons further explained in the Court's prior ruling on this topic, and on the basis of the authority cited therein, *see* ECF No. 184 at PageID.1415–1425, this argument does not entitle Defendant to a different disposition of any of his prior motions.

Fifth, Defendant takes issue with the Court's citation—in its denial of Defendant's dispositive motions—of a case that involved an Indictment that was more specific than the Indictment at issue in Defendant's case. *See* ECF No. 195 at PageID.1697 (discussing *United States v. Beasley*, 688 F.3d 523 (8th Cir. 2012)). Defendant's argument does not persuade the Court that the time frame of the Indictment in this case was impermissibly long, in light of the circumstances of the alleged conduct. This argument, accordingly, does not entitle Defendant to a different disposition of any of his prior motions.

Sixth, Defendant again raises the argument that "the conduct alleged between Count 1 and Count 2 do not differentiate from one another and are alleged to have occurred during the exact same time frame" (ECF No. 195 at PageID.1697). The Court has already rejected Defendant's argument that the Indictment should be dismissed because "what in actuality was one instance of conduct is [] multiplied into two charges" (ECF No. 183 at PageID.1425 (quoting ECF No. 102 at PageID.393)). "[M]otions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." W.D. Mich. LCivR 7.4(a). Therefore, this argument does not entitle Defendant to a different disposition of any of his prior motions.

Seventh, Defendant again recounts his displeasure with the way in which his previous counsel and the Court has approached his case. Defendant appears to seek reconsideration, on this basis, of the Court's denial of his motions pertaining to deadlines and continuances. Defendant's arguments in this section, which the Court has already considered and rejected—whether explicitly or implicitly[2]—in its prior rulings, do not entitle Defendant to a different disposition of any of his prior motions.

---

[2] Defendant asserts that the Court "refuses to address [his] concern that his 'untimely motions' … are not preserved for appeal" (ECF No. 195 at PageID.1699). Defendant appears to believe that

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motions (ECF Nos. 195 and 207) are DENIED.

Dated: June 2, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge

---

the Court's declining to extend the pretrial motion deadline has rendered all of his motions completely insulated from appellate review, which is not correct.