UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
_______________________________/

Case No. 1:23-cr-44

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are multiple motions filed by Samuel Alexander Kuhl, who is proceeding pro se in this criminal case. In this Memorandum Opinion and Order, the Court addresses Defendant's motions for leave to file certain motions (ECF Nos. 201, 202, 208, 209, 210, and 211). As the Court has previously stated, because the pretrial motion deadline expired on March 5, 2025, the parties must seek leave to file additional pretrial motions. *See* Op. & Ord., ECF No. 125 at PageID.830; Op. & Ord., ECF No. 184 at PageID.1430. In motions for leave, the parties must make a showing of good cause as to why the motions are necessary and were not filed before the pretrial motion deadline. *Id.*

***ECF Nos. 201 and 202***. Defendant seeks leave to file ECF No. 174, which was filed after the pretrial motion deadline expired and which exceeds the page limit for handwritten briefs. In ECF No. 174, Defendant seeks dismissal of the Superseding Indictment on multiple grounds, including duplicity, failure to state an offense, and lack of specificity.

In his motion for leave, Defendant argues principally that he could not file ECF No. 174 previously because the Superseding Indictment was not brought until after the pretrial motion

deadline expired. However, Defendant did have the opportunity to file motions to dismiss the original Indictment (ECF Nos. 100, 101, 102, 103, & 111), to which the government responded and which the Court denied (ECF No. 184 at PageID.1415–1426). In his motion for leave, Defendant highlights two differences between the original and superseding indictments: (1) an expanded time frame and (2) the inclusion of additional verbs (ECF No. 201 at PageID.1714–1715). These differences would not materially impact the Court's analysis of Defendant's arguments regarding specificity and multiplicity, which he raised in his motions seeking dismissal of the initial Indictment and which the Court considered and rejected. As the Court noted, "to the extent the Superseding Indictment suffers essentially the 'same infirmities' that Defendant identifies in the initial Indictment, this Court's decision controls the disposition of the Superseding Indictment as well" (ECF No. 184 at PageID.1415).

Defendant also argues that he "was able to obtain other indictments from within this district that clearly display how Defendant's indictment is fatally lacking specificity and fails to notify him of his conduct established the elements of the offense described" (ECF No. 201 at PageID.1714). For reasons the Court has already explained in prior opinions, delays that Defendant experiences in receiving legal materials is generally not good cause for late filing. In addition, the Court explicitly noted in its May 15, 2025 Opinion and Order that Defendant had "attached to his motions examples of indictments charging violations of § 2251 … [that] are more specific than the one in this case" (ECF No. 184 at PageID.1421). This observation, however, did not persuade the Court that the indictments in this case are unconstitutional.

Accordingly, Defendant's motion for leave to file ECF No. 174 untimely (ECF No. 201) is properly denied and Defendant's motion for leave to exceed the page limit (ECF No. 202) is properly dismissed as moot.

***ECF No. 208***. Defendant seeks leave to file a motion to dismiss the superseding indictment. Defendant attached the brief in support of the proposed motion to the motion for leave.

First, Defendant seeks dismissal of the Superseding Indictment for violation of the Speedy Trial Act (ECF No. 208 at PageID.1749–1758). For reasons described, *infra*, in the Court's discussion of ECF No. 211, the only periods of time which Defendant could even conceivably argue resulted in violation of the Speedy Trial Act occurred prior to the expiration of the pretrial motion deadline and therefore Defendant lacks good cause to present this argument at this time.

Next, Defendant alleges "Prosecutorial Misconduct – (Grand Jury and Discovery Violations)." This section of Defendant's brief (ECF No. 208 at PageID.1758–1764) focuses on alleged discovery violations; to the extent it seeks dismissal of the Superseding Indictment, this argument is underdeveloped. Therefore, consistent with the way Defendant has presented the issues, the Court construes this portion of Defendant's brief (ECF No. 208 at PageID.1758–1764) as a motion seeking only discovery sanctions under Federal Rule of Civil Procedure 16. The Court refers this motion, thus narrowly construed, to the Magistrate Judge for disposition.

***ECF No. 209***. Defendant seeks leave to file three motions to suppress (ECF Nos. 188, 189, and 190). All three were filed after the pretrial motion deadline expired and two of the three (188 and 190) far exceed the page limit set by the Local Rules for handwritten briefs.

Defendant makes several arguments in support of his motion for leave. Several of these arguments pertain to Defendant's lack of familiarity with legal precedent and the constraints on his time due to his decision to file numerous motions. These arguments are not persuasive. However, Defendant also argues that he did not receive all of the discovery necessary to file a motion to suppress until after the pretrial motion deadline had passed (ECF No. 209 at PageID.1767). The Court concludes that this representation, if true, appears to constitute good cause for untimely filing.

The Court must next consider whether to grant Defendant leave to exceed the page limit set by the local rules. Handwritten briefs must be 25 pages in length or less. W.D. Mich. LCivR 47.1(b)(i). ECF Nos. 188, 189, and 190 are all motions to suppress. Though ECF No. 189 comports with the page limit requirement, ECF Nos. 188 and 190 are each 62 pages long. The Court will observe, once again, that Defendant's "penchant for filing overlong briefs prejudice the government and the public's interest—as well as [Defendant's]—in the Court's fair and expeditious process of this matter" (ECF No. 184 at PageID.1429). The Court will not grant leave to exceed the page limit requirement.

Accordingly, Defendant's motion for leave to file is properly granted as to ECF No. 189 only. The government shall file a response no later than June 12, 2025.

***ECF No. 210***. Defendant seeks leave to file ECF No. 164, which is a motion to dismiss the Indictment that was filed after the pretrial motion deadline. In this motion, Defendant argues that the Court should abstain from hearing this case on the basis of the numerous legal principles. All of the relevant facts and legal principles supporting this motion could have been known to Defendant or his prior counsel far in advance of the pretrial motion deadline. Therefore, Defendant's motion for leave to file ECF No. 164 (ECF No. 210) is properly denied.

***ECF No. 211***. Defendant seeks leave to file a motion regarding an alleged Speedy Trial Act violation in this case. Defendant attached the brief in support of his proposed motion to the motion for leave to file. The periods of time that Defendant argues resulted in violations of the Speedy Trial Act occurred between the time that Defendant was committed to the custody of the Attorney General on December 20, 2023 (ECF No. 28) and the time he was found mentally competent to stand trial on February 14, 2025 (ECF No. 83 at PageID.292). The pretrial motion deadline did not expire until March 5, 2025. Accordingly, the facts and legal principles underlying this motion could have been known to Defendant or his prior counsel in advance of the pretrial

motion deadline. Therefore, Defendant's motion for leave to file the proposed brief regarding an alleged Speedy Trial Act violation (ECF No. 211) is properly denied. [1]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motions appearing on the record at ECF Nos. 201, 210, and 211 are DENIED.

**IT IS FURTHER ORDERED** that Defendant's motion appearing on the record at ECF No. 202 is DISMISSED AS MOOT.

**IT IS FURTHER ORDERED** that Defendant's motion appearing on the record at ECF No. 209 is DENIED as to ECF Nos. 188 and 190 and GRANTED as to ECF No. 189.

**IT IS FURTHER ORDERED** that Defendant's motion appearing on the record at ECF No. 189 is REINSTATED.

**IT IS FURTHER ORDERED** that the government shall file a response to the reinstated motion (ECF No. 189) no later than June 12, 2025.

**IT IS FURTHER ORDERED** that Defendant's motion appearing on the record at ECF No. 208 is DENIED IN PART and REFERRED IN PART (PageID.1758–64) to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A).

Dated: June 2, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge

[1] The Court notes that Defendant's argument in his brief is, in essence, that this Court should overrule the Sixth Circuit's decision in *United States v. Perry*, 116 F.4th 578 (6th Cir. 2024). The Court, however, is bound by on-point Sixth Circuit precedent.