UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
_______________________________/

Case No. 1:23-cr-44

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are multiple motions filed by Defendant Samual Alexander Kuhl, who is proceeding pro se in this criminal case. The Court now addresses Defendant's "Motion for Order to Show Cause Why Government Should Not Be Sanctioned" (ECF No. 138), to which the government filed a response (ECF No. 206); Defendant's "Objections" (ECF No. 169) to the April 11, 2025 Order of the Magistrate Judge (ECF No. 140), to which the government filed a response (ECF No. 200, supplemented by ECF No. 205); and Defendant's three motions for return of his property (ECF Nos. 170, 178, and 179), to which the government filed a response (ECF No. 194). For the following reasons, all of these motions are properly denied.

***Motion Regarding Discovery Sanctions (ECF No 138)***. The government's response to this motion fairly characterizes it as discernably seeking four types of evidence. The government represents—consistent with Defendant's own acknowledgements as to certain categories of evidence, *see* ECF No. 160 at PageID.1101; ECF No. 218 at 3—that it has discharged its discovery obligations with respect to this evidence. Accordingly, this motion is properly denied.

***Objection to Magistrate Judge Ruling (ECF No. 169)***. The Magistrate Judge ruled in writing (ECF No. 140) and orally on April 29, 2025 (ECF No. 177 at PageID.1348) that Defendant cannot obtain the interview of Minor 1 because her statements are subject to the Jencks Act, 18 U.S.C. § 3500, which prohibits their disclosure until after the witness has testified. This Court will reverse a pretrial order a magistrate judge only where it is shown that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the government explains in its response, Defendant's Objection implicitly asks the Court to decide a question that has never been decided by the Sixth Circuit, which is whether the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), obligates the government to turn over material sought after by a Defendant bringing a motion to suppress. The Court need not answer this question, however, because Defendant's pending suppression arguments (ECF No. 189) relate only tenuously, if at all, to the statements of Minor 1. Overall, Defendant's argument in his Objections is underdeveloped and does not show that the Magistrate Judge made a decision that is "clearly erroneous or contrary to law;" the Objections are, therefore, properly denied.

***Motions for Return of Property (ECF Nos. 170, 178, and 179)***. Because Defendant's case has not concluded, *see Savoy v. United States*, 604 F.3d 929, 932–33 (6th Cir. 2010), and for the reasons stated more fully in the government's response (ECF No. 194), these motions are properly denied.

**IT IS SO ORDERED**.

Dated: June 2, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge