UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
_____________________________________/

Case No.: 1:23-cr-044

Hon. Jane M. Beckering
U.S. District Court Judge

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A CONTINUANCE (R. 218)**

The defendant has requested a 120-day adjournment of the trial date and an extension of the motion deadline. The basis for this motion is Kuhl's claim that he has had difficulty reviewing the "voluminous discovery" involved in the case. (R. 218: Motion, PageID.1829.) At this point, it seems prudent to point out that the relevant evidence in this case is very simple: the defendant met Minor 1 online and then messaged her. During this electronic communication he persuaded her to send him pornographic images of herself and then persuaded her to engage in sexual activity with him. Thus, the relevant discovery is quite discrete, and it seems unlikely that at this late date the defendant has not been able to prepare for trial. However, for the reasons stated below, the government does not object to a short continuance but does oppose extending the motion deadline.

1. Kuhl requests a trial adjournment of 120 days. (R. 218: Motion, PageID.1828.) The government opposes an adjournment of this length given the age of the case already. However, a shorter adjournment would not be objectionable because it would benefit the prosecution as well. For example, the case agent is going out on medical leave and will not be able to assist in trial preparation. This has made trial preparation more difficult than usual. Government counsel has another case that will likely go to trial beginning on July 15. *United States v. Boelens*, No. 1:24-CR-125 (J. Jonker). A new trial date that commences two weeks after July 15 would be acceptable to the government, if the Court is inclined to entertain the matter.

2. Kuhl also requests more time to file more motions. (R. 218: Motion, PageID.1828.) The government opposes this motion because the defendant has proven to be highly litigious and most of the motions are meritless. This has resulted in a burden on the Court and the government. As things now stand, pursuant to Local Rules the defendant may file for leave to raise new issues with the permission of the Court. Under the circumstances, this seems to be the best alternative available. In this regard, the government notes that the Court recently granted leave for the defendant to file a suppression motion and directed the government to respond in nine days rather than the 28 days ordinarily permitted by the court rules for such motions. (R. 223: Memorandum Opinion and Order, PageID.1865.) If the Court grants the defendant a continuance, the government requests that it be given 28 days to respond to this motion.

For these reasons, the government opposes both requests, with qualifications.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

Date: June 3, 2025

*/s/ Timothy VerHey*
TIMOTHY VERHEY
OLIVIA KAY GHISELLI
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 3, 2025, a copy of United States' Response to Defendant's Motion for a Continuance (R. 218) was mailed to the defendant at the following address of record:

Samuel Alexander Kuhl Reg. #61189-510
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349

*/s/ Timothy VerHey*
TIMOTHY VERHEY
OLIVIA KAY GHISELLI
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404