UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
June 4, 2025 12:36 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JV 6-4

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.

Case No. 1:23-cr-44

Hon. Jane M. Beckering

EXPEDITED CONSIDERATION REQUESTED

MOTION TO APPOINT ADVISORY CO-COUNSEL

Defendant now comes before the Court requesting that this motion be considered along with those being addressed on June 5, 2025. If the Court does not grant Defendant's Motion to Appoint new standby counsel (ECF No. 182), Kuhl requests appointment of advisory co-counsel.

CASELAW SUPPORTING REQUEST

Several ~~cases~~ courts have issued appointments of co-counsel in federal criminal cases. See, e.g., United States v. Johnson, CR 24-138 RSM (W.D. Wash. Sep. 12, 2024); United States v. Salaam, 1:16-cr-98 (S.D. Ohio); United States v. Mendez, 2:19-cr-00295-GMN-NJK (D. Nev. May 26, 2022); United States v. Casutt, 2:20-cr-231-APG-NJK (D. Nev. Mar. 22, 2023); United States v. Araujo, 22-CR-539-LTS, 23-CR-279-LTS-3 (S.D.N.Y. Apr. 9, 2024); United States v. Lanier, 2:19-

CR-327 RFB-DJA (D. Nev. Nov. 6, 2024). Also see, the Guide to Judiciary Policy Volume 7, Ch. 2 § 230.53.20.

REASONS IN SUPPORT OF REQUEST

As the district court held in United States v. Shepard, CR 10-1032-TUC-CKJ (D. Ariz. Feb. 17, 2012), "[t]he role of advisory counsel is not passive or purely clerical or ministerial. It is active, requires the exercise of professional judgment and concern that the best possible defense be presented within the parameters of defendant's chosen strategy." In Shepard, the court also outlined a numerical clarification of standby counsel's role: 1) Respond to appropriate requests for assistance such as finding and interviewing witnesses, researching non-frivolous legal issues, or conducting portions of the trial; 2) Actively consult with and make unsolicited suggestions to defendant concerning what is in his best interest; 3) Remain prepared to try the case should permission for self-representation be withdrawn; 4) Abide by defendant's strategic decisions; and 5) Need not type a defendant's pleadings. Id. at 2.

While Kuhl has sought legal research to be conducted by Mr. Graham's office, it seems he has been admonished by Mr. Graham for doing so (see restricted access exhibit to ECF No. 182). Moreover, it seems this Court has at first prohibited such conduct (ECF No. 114 at PageID. 648), but then seems to leave such assistance to defendant

within standby counsel's discretion. (ECF No. 177 at PageID 1355-56). However, both decisions do not coincide with the Supreme Court's description of the role of standby counsel. Indeed, the Court has stated that a standby counsel's role is "to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." McKaskle v. Wiggins, 465 U.S. 168, 176 (1984).

Defendant has sought further discussion, before being granted pro se status and after, with Mr. Graham to no avail. Whether this is due to Mr. Graham's refusal or busy schedule makes no difference. Indeed, it is the lack of action and communication that is of concern here, and the only time it seems to be affected is when Kuhl raises such concerns with the Court. For instance, Kuhl requested to speak with Mr. Graham concerning specific issues about trial and exhibits, voir dire, jury instructions, etc., by having his uncle email Scott's secretary about talking to Mr. Graham at the beginning of this month. Indeed, this is what the Court suggested (ECF No. 177 PageID. 1366-68). Mr. Kuhl also previously requested through Graham's secretary to obtain the CCU Report pertaining to the extraction of the Samsung phone referenced in the Forfeiture Allegation, but it seems that Mr. Graham and his office were unwilling to do so. Beth has been very helpful in relaying to me police reports,

chain of custody reports, and legal research materials obtained by Kuhl's family. However, none of these things can be obtained through standby counsel himself, let alone any advice or specific guidance.

The inability to communicate with Mr. Graham, as well as the breakdown in such communication, substantially hinders Mr. Kuhl in obtaining any assistance in investigating and defending this case and provides good cause for, in the least, advisory co-counsel being appointed to the case. Indeed, the Court continuously references local rules, when assessing Kuhl's pro se filings, which Kuhl did not originally have access to on the jail law library. Since then, Kuhl has obtained such rules by way of his uncle sending them to Beth, who then sent them to Mr. Kuhl. Now, the Court goes on to refer to the local court's website for trial preparation purposes (ECF No. 186 at PageID. 1438), which Kuhl obviously has no access to.

Having advisory co-counsel appointed if Mr. Graham is not replaced as standby counsel, will help to alleviate the lack and breakdown of communication, as Mr. Graham may see another attorney as being worthy of his time. Additionally, the appointed advisory co-counsel will actually assist and advise Kuhl in his pro se capacity to ensure, the most effective defense consistent with Defendant's strategy, as well as, compliance with local rules. Further, the appointment of advisory counsel can help go through the voluminous discovery and actually

help me understand and prepare for trial.

## CONCLUSION

Wherefore, Kuhl requests that if standby counsel is not replaced, advisory co-counsel be appointed. Kuhl prays for this matter to be addressed at the 6/5/25 hearing.

Respectfully,

S. Kuhl 5/29/25

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

GRAND RAPIDS MI 493
2 JUN 2025 PM 5 L




FROM THE NEWAYGO COUNTY JAIL
THIS MAIL HAS ORIGINATED

U.S. District Court
399 Federal Building
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL

49503-236399