UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
______________________________/

Case No. 1:23-cr-44

HON. JANE M. BECKERING

**ORDER DENYING ENDS OF JUSTICE CONTINUANCE**

Defendant, proceeding *pro se* in this criminal case, has filed a motion for an Ends of Justice Continuance (ECF No. 218). Defendant seeks a continuance of 120 days. Defendant seeks a continuance for additional time to review discovery and to work further with a forensics expert. Defendant also references, in his motion, a June 5, 2025 hearing with the Magistrate Judge set to address Defendant's motion for replacement of standby counsel/appointment of advisory co-counsel and of discovery issues, which was upcoming at the time of Defendant's filing. "Within this continuance," Defendant requests "28 days to allow for timely pretrial motions brought in good faith and compl[iance] with local rules" (*id.* at PageID.1828). As to Defendant's request for a continuance and for additional time to file motions, "the government opposes both requests, with qualifications" (ECF No. 225 at PageID.1869). Primarily, the qualification is that the government might not object to a shorter adjournment due to the schedule of the government's case agent and counsel.

This case is over two years old. Just under three months ago, the Court adjourned the jury trial in this case from April 15, 2025 (ECF No. 107) until June 24, 2025 (ECF No. 186) as the

Court processed multiple dispositive motions filed by Defendant.[1] It appears from the volume of motions on the Court's docket that Defendant has spent much of this time filing additional pretrial motions. These include motions seeking an extension of the expired pretrial motion deadline, which the Court has repeatedly denied (*see generally* Op. & Ord., ECF No. 125; *see* Op. & Ord., ECF No. 184 at PageID.1430–1434; Memo. Op. & Ord., ECF No. 222 at PageID.1857–1858). In addition, the Magistrate Judge has twice held hearings on Defendant's discovery motions (*see* ECF No. 168; ECF No. 233). Following the most recent hearing, on June 5, 2025, the Magistrate Judge entered an Order resolving Defendant's discovery requests and denying Defendant's motions for replacement of standby counsel (ECF No. 182) and to appoint advisory co-counsel (ECF No. 229).

Having considered the relevant factors under 18 U.S.C. § 3161(h)(7)(B) and the reasons set forth in the instant request in light of the circumstances of this case, the Court finds that the ends of justice served by the granting of a continuance do not outweigh the best interest of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that the failure to grant a continuance would not result in a miscarriage of justice and the case is not unusual or especially complex. *See* § 3161(h)(7)(B)(i), (B)(ii), (B)(iv). Both the Magistrate Judge and standby counsel have provided ample attention and resources to facilitate Defendant's review of discovery in this case. The Court determines that Defendant has not shown good cause to warrant a continuance. Accordingly:

**IT IS HEREBY ORDERED** that Defendant's motion for a continuance (ECF No. 218) is DENIED.

Dated: June 6, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge

[1] Since asserting his right to represent himself, Defendant has filed in excess of five dozen motions.