UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
June 9, 2025 2:24 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW / 6-9

UNITED STATES OF AMERICA,
Plaintiff,

Case No. 1:23-cr-44

v.

Hon. Jane M. Beckering

SAMUEL ALEXANDER KUHL,
Defendant.

MOTION FOR LEAVE TO FILE REPLY BRIEF IN REGARDS TO GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO DISCOVERY ORDER (ECF No. 200) AND GOVERNMENT'S SUPPLEMENTAL RESPONSE

Defendant now comes before the Court seeking leave to file the attached reply brief pursuant to W.D. Mich. LCrR 47.2(c). The reasons supporting such relief is to clarify the misstatement by the Government and thus, adequately inform the Court of the facts. Furthermore, Kuhl seeks to show that the Government only focuses on Kuhl's first objection to the Discovery Order concerning Minor 1's statement, but does not respond to Kuhl's second objection.

# REPLY BRIEF

1. The Government asserts that Defendant's Motions To Suppress do not challenge the search warrants in this case (ECF No. 205 PageID. 1726). The Government refers to Defendant's three Motions docketed ~~at~~ as ECF Nos. 188, 189, and 190. However, the Government is clearly wrong because Defendant's motions clearly state that the federal search warrants issued on 1/25/23 and 2/8/23 were predicated on and derived from unlawfully obtained evidence and information (ECF No. 190 at PageID 1595, 1598, 1623, 1649, 1651, 1655; ECF No. 189 at Page ID. 1566; ECF No. 188 at PageID. 1503). Accordingly, the evidence obtained under such warrants must be suppressed.

Moreover, Kuhl's Motion To Suppress (ECF No. 189) does specifically challenge Gensterblum's credibility due to multiple discrepancies within his reports. Indeed, Mr. Kuhl cannot point to an exact lie until he is able to see exactly what was said by Minor 1 in the interview. Seeing as the statements made by Gensterblum to SA Buttery were based on what Minor 1 said in her interview and was the partial basis for the federal search warrants of 1/28/23 and 2/8/23, Kuhl should beable to view such interview recording. Indeed, seeing as the interview ~~were~~ was the basis of Gensterblum's statements, such interview is all that can be used to determine the truthfulness of Gensterblum's statements. Under Fed. R. Crim. P.

26.2(g), the interview is subject to disclosure seeing as it can be used to challenge Gensterblum's statements at a suppression and/or evidentiary hearing.

Further, as will be seen by Kuhl's motion to sever Count 1 from Count 2 for separate trials, this interview may be necessary to determine if Count 1 can even stand. This is because the lack of any messages showing Kuhl seeking out sexually explicit depictions from Minor 1 and just receiving such depictions, without more, is not a violation of §2251(a). Accordingly, Kuhl does not see how an evidentiary hearing will not be deemed necessary by this Court to see how Mr. Kuhl was charged with violating §2251(a), and/or whether separate trials is warranted.

2. The Government has not addressed objection 2 of Kuhl's Objection to Discovery Order (ECF No. 169). Indeed, Mr. Kuhl has not received the return and date of execution materials for the federal search warrants of 6/29/22 and 3/8/22. The federal warrants of 1/25/23 and 2/8/23 merely sought to go back and search the data obtained under the 6/29/22 and 3/8/22 warrants. Thus, the returns of inventory and dates of execution are important. Furthermore, such materials are required under Fed. R. Crim. P. 41(e)(2)(A)(iii); 41(f); and 41(i). Accordingly, Kuhl is still seeking these materials for the 6/29/22 and 3/8/22

federal search warrants.

Respectfully,

S. Kuhl 6/2/25

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

Samuel Alexander Kuhl #61189-510
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349

U.S. Dis
399 Feder
110 Michi
Grand Rapi

LEGAL M

"THIS MAIL HAS ORIGINATED
FROM THE NEWAYGO COUNTY JA




rict Court
l Bldg.
an NW
s, MI 49503

AIL