UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
______________________________/

Case No. 1:23-cr-44

HON. JANE M. BECKERING

**OPINION AND ORDER**

Now pending before the Court is Defendant Samuel Alexander Kuhl's Motion to Suppress Evidence (ECF No. 189). Defendant is proceeding *pro se* in this criminal case. The government filed a response to the motion (ECF No. 243). For the following reasons, the Court denies the motion.

**I. RELEVANT BACKGROUND**

Defendant is charged with sexual exploitation of a minor ("Minor 1") in violation of 18 U.S.C. § 2251(a), (e) and coercion of Minor 1 to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b). The government represents that, at trial, it intends to introduce electronic messages and four depictions that constitute Child Sexual Abusive Material ("CSAM"), three of which were found on a Samsung cellphone (ECF No. 243 at PageID.2032 n.1). This Samsung cellphone was seized during a traffic stop conducted by Wyoming, Michigan police officers on October 13, 2022 (ECF No. 243 at PageID.2028). On October 14, 2022, a detective obtained a warrant (the "October warrant") to search the Samsung cellphone for evidence of marijuana trafficking and "Financial Transaction Device – Illegal Sale/Use" (ECF No. 243-1). An extraction

of data from the phone was conducted and sent to Michigan State Police Detective Gensterbloom to review the extraction for evidence of credit card fraud (ECF No. 243-2 at PageID.2052). On November 9, 2022, Detective Gensterbloom applied for a new warrant (the "November warrant") to search the extracted data for evidence of "child pornography/ sexually abusive material." In the instant motion, Defendant seeks suppression of evidence obtained from the searches of the Samsung cellphone pursuant to the October and November warrants.

## II. ANALYSIS

### 1. Validity of the October Warrant

First, Defendant argues that the October Warrant that authorized the first search of the Samsung cellphone was not valid (ECF No. 189 at PageID.1546). Second, Defendant argues that the October warrant—which referred, in different places, to several different cellphones—did not authorize a search of the Samsung cellphone, specifically, for evidence of fraud (ECF No. 189 at PageID.1548).

There are three requirements for a valid warrant:

> (1) it must be issued by a neutral, disinterested magistrate or judge;
>
> (2) those seeking the warrant must demonstrate to the magistrate or judge their probable cause to believe that the evidence sought will aid in a particular apprehension or conviction for a particular offense; and
>
> (3) the warrant must particularly describe the things to be seized, as well as the place to be searched.

*United States v. Whiteside*, No. 24-1173, 2025 WL 1431109, at *4 (6th Cir. Sept. 9, 2022) (*quoting Dalia v. United States*, 441 U.S. 238, 255 (1979)) (internal quotation marks omitted).

As to the second requirement, probable cause is "not a high bar" to clear and requires "only a probability or substantial chance of criminal activity, not an actual showing of criminal activity." *United States v. Christian*, 925 F.3d 305, 311 (6th Cir. 2019) (en banc) (citations omitted). A

reviewing magistrate views information in an affidavit considering the "totality of the circumstances" and "through the lens of common sense" to determine if probable cause exists. *Christian*, 925 F.3d at 309 (citing *Florida v. Harris*, 568 U.S. 237, 244 (2013). Magistrate judges and reviewing courts do not engage in "hypertechnical[,]... line-by-line scrutiny" of an affidavit. *Christian*, 925 F.3d at 311 (citation omitted). This is because "search warrant affidavits are normally drafted by nonlawyers in the midst and haste of a criminal investigation." *United States v. Dutton*, 2025 WL 769639 *3 (6th Cir. Mar. 11, 2025) (quoting *United States v. Ventresca*, 380 U.S. 102, 108 (1965) and *United States v. Brooks*, 594 F.3d 488, 490 (6th Cir. 2010)).

Applying this standard to the legal question of whether or not the affidavit and warrant in this case were sufficient, the October warrant was valid. The affidavit submitted to the magistrate judge states that it supports issuance of a search warrant for three cellphones, including a cellphone identified as a "Samsung … [c]ollected from vehicle" (ECF No. 243-1). According to the affiant: (1) Defendant and another individual were in a vehicle together; (2) there was a significant amount of marijuana, packaged in twelve separate baggies of various sizes inside the vehicle; (3) there was a digital scale in the vehicle; (4) there were other baggies inside the vehicle; (5) Defendant had $3,424 in his pocket; (6) the other individual had $975 in his pocket; (7) Defendant had ten credit cards in his pocket, all in different names; and (8) two cell phones were located in the vehicle. These statements—even if not perfectly clear, because, for example, they only reference locating two cell phones in the vehicle, instead of three—established probable cause to demonstrate that the Samsung cellphone could contain evidence of drug trafficking and credit card fraud for the reasons explained more fully in the government's brief (ECF No. 243 at PageID.2038–2039).

**2. Scope of the Search Pursuant to the October Warrant**

Defendant alternatively argues that, even if a valid warrant authorized a search of the Samsung cellphone for fraud, the government "went on an exploratory rummaging" of his text messages and went beyond the scope of the warrant (ECF No. 189 at PageID.1550–1551). In support of this argument, Defendant argues in part that the text messages read by the government were months old (ECF No. 189 at PageID.1551).

"A warrant that empowers police to search for something satisfies the particularity requirement if its text constrains the search to evidence of a specific crime." *United States v. Castro*, 881 F.3d 961, 965 (6th Cir. 2018). Warrants authorizing cellphone searches that are broad in scope can be reasonable when officers could not have known, at the time of execution of the warrant, where the information sought will be located or in what format. *United States v. Bass*, 785 F.3d 1043, 1049–50 (6th Cir. 2015). Warrants authorizing cellphone searches also need not necessarily be limited to certain dates. The Sixth Circuit has rejected the idea that it should declare a search of an electronic device unreasonable based on failure to use a date filter, noting that the court "will not get involved in the minutiae of determining specifically what methodologies should be taken, but will rather examine whether the search executed under the facts of this case was reasonable." *United States v. Rarick*, 636 F. App'x 911, 916 (6th Cir. 2016); *see also United States v. Neuhard*, 770 F. App'x 251, 254 (6th Cir. 2019) (rejecting the argument that the Fourth Amendment requires search protocols; rather, courts must undertake a "reasonableness analysis on a case-by-case-basis").

It cannot be contested that the October warrant authorized a search of the data from Defendant's cellphone for evidence related to marijuana trafficking and credit card fraud. The authorized search, in other words, was not limited by location on the cellphone or by time, but rather was "constrain[ed] … to evidence of [] specific crime[s]." *Castro*, 881 F.3d 965. Defendant

does not even attempt to contest that, at the time that the officers obtained the search warrant, the officers did not know where the information sought would be located or in what format. *Bass*, 785 F.3d at 1049–50; *United States v. Hughes*, 2025 WL 1191027, at *6 (S.D. Ohio April 24, 2025) (applying *Bass* to conclude that a warrant authorizing a search of the entire contents of a cellphone was valid under similar circumstances). Therefore, in light of the relevant circumstances, the search authorized by the warrant was reasonable.

Executing the search warrant, Officer Gensterbloom searched communications between Defendant and Minor 1. As the text messages embedded in the government's brief reveal, this search did not exceed the scope of the search warrant, because messages between Defendant and Minor 1 discussed apparent fraudulent activity (ECF No. 243 at PageID.2030–31). Defendant asserts, and the Court accepts as true, that Officer Gensterbloom searched many months of conversations. In the process of doing so, the government represents that Officer Gensterbloom saw text messages that gave him probable cause to search for evidence of the instant charges, for which he applied for a new warrant (ECF No. 243 at PageID.2032). This search also did not exceed the scope of the search warrant, because the search authorized by the October warrant was not limited to a particular time. The Court notes that the dates of the example text messages between Defendant and Minor 1 concerning apparent fraudulent activity are June 18, 2022 and June 22, 2022. All of the conduct for which Defendant is charged allegedly occurred within approximately thirteen months of that date, from approximately May 8, 2021 to August 31, 2022 (ECF No. 147).

**3. Validity of the November Warrant**

As to the November warrant, Defendant's motion recites numerous arguments asserting that the warrant is invalid, largely pertaining to perceived inadequacies of the supporting affidavit (ECF No. 189 at PageID.1557). For the reasons more fully explained in the government's response—which, the Court notes, does not contest Defendant's factual allegations (ECF No. 243 at PageID.2040–41) —these arguments lack merit. In short, the November warrant and supporting affidavit meet the three requirements for a valid warrant (ECF No. 243-2). Search warrant affidavits carry a presumption of validity, *Franks v. Delaware*, 438 U.S. 154, 171 (1978); *United States v. Bateman*, 945 F.3d 997, 1008 (2019), and the "inconsistencies" Defendant identifies are wholly insufficient to overcome that presumption.

**4. Evidentiary Hearing**

Defendant requests an evidentiary hearing on this motion to suppress. However, "[a]n evidentiary hearing is required only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that *contested issues of fact* going to the validity of the search are in question." *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006) (emphasis in original). As noted in the foregoing analysis, no contested issues of fact bear on the validity of the searches at issue.[1] Accordingly, the Court concludes that an evidentiary hearing is

[1] The Court notes that, over two weeks after the Court received the motion to suppress at bar, the Court received Defendant's motion "seeking authorization for expert to examine law enforcement devices" (ECF No. 239). As Defendant's motion reflects, Defendant has already received authorization of funds to hire a forensics expert, who examined the data extracted from Defendant's cellphones and discussed this examination with Defendant. Now, Defendant requests authorization of funds to hire a second forensics expert to examine the devices used by the officers who conducted the digital searches challenged in Defendant's motion to suppress. Even if such a request could be legally authorized and, as a practical matter, executed, it appears that the request is out of sequence, because Defendant has already filed his motion to suppress. Defendant's motion "seeking authorization for expert to examine law enforcement devices" (ECF No. 239) is properly denied.

not required to resolve Defendant's motion. *See id.; see also United States v. Ickes*, 922 F.3d 708, 710 (6th Cir. 2019) ("a defendant is not entitled to an evidentiary hearing if his argument is entirely legal in nature").

## III. CONCLUSION

In sum, the Court concludes that Defendant has presented the legal questions of whether the warrants authorizing searches of the Samsung cellphone were valid and whether the search pursuant to the October warrant was reasonable in scope. The Court concludes that the answer to both questions is yes. Therefore, the Court need not consider Defendant's arguments that appear to attempt to invoke carve-outs from the good faith exception described in *United States v. Leon*, 468 U.S. 897 (1984) and its progeny. In addition, because the Court concludes that the challenged searches were constitutional, the Court need not address Defendant's conclusory argument that the rest of the evidence in this case is fruit of a poisonous tree (ECF No. 189 at PageID.1543, 1566). Last, the final section of Defendant's motion recites a list of reasons Defendant believes that tempering of evidence and violations of procedural guidelines occurred in this case (ECF No. 189 at PageID.1562). These reasons are largely untethered from citations to evidence and are entirely devoid of citations to legal authority and, accordingly, do not entitle Defendant to relief.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress (ECF No. 189) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's motion regarding a second forensics expert (ECF No. 239) is DENIED.

Dated: June 16, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge