UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
June 13, 2025 1:26 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:MG SCANNED BY: JW / 6-13

UNITED STATES OF AMERICA,
Plaintiff,

v.

SAMUEL ALEXANDER KUHL,
Defendant.

Case No. 1:23-cr-44
Hon. Jane M. Beckering
U.S. Mag. Ray Kent

# DEFENDANT'S OBJECTION TO COURT'S RULING THAT DEFENDANT DOES NOT HAVE A RIGHT TO STANDBY COUNSEL

Defendant now comes before the Court respectfully objecting to the ruling of 6/5/25 that Defendant has no right to standby counsel. This strict interpretation of the "Assistance of Counsel" Clause of the Sixth Amendment is arbitrary, erroneous, and violative of the Equal Protection Clause incorporated to the Fifth Amendment, as well as the Assistance of Counsel Clause itself.

The Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the

Assistance of Counsel for his defence."

Accordingly, every defendant, including Mr. Kuhl, has the right to be assisted by counsel for his defense. While it has been held that a defendant typically cannot engage in hybrid representation, stating that because one chooses to present his defense, he has no right to assistance of counsel is absurd and clearly contradictory to the Sixth Amendment. Assistance of counsel is guaranteed under the Sixth Amendment and it has long been decided such assistance must be effective.

Where the lack and breakdown in communication, animosity, and distrust has rised to a level so great the effective assistance has been eroded, the defendant must be afforded counsel, whether in "standby" or full representative capacity, so as to effectively assist that defendant, so long as that assistance in line with the counsel's rules of professional conduct.

This Court has referenced the local website to reference for guidance as to trial preparation and procedure. Defendant has no access to such materials because he cannot access the internet and has asked Scott's secretary for the necessary materials from the site to no avail. Defendant has also asked to speak to Mr. Graham about such matters as exhibits, voir dire, and jury instructions but has not been able to. This is just one of numerous hinderances placed upon Mr. Kuhl due to the lack of assistance from Mr. Graham.

Accordingly, Defendant should have been afforded the appointment of some additional advisory counsel, or internet access, or paralegal to assist him as needed about certain matters if the Court refused to replace Mr. Graham. Unfortunately, Kuhl has been stripped of his rights by this biased Court but shall prevail.

Respectfully,
S. Kuhl 6/10/25

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

S. Kuhl 6H89510
1035 James
P.O. Box 845
White Cloud, MI 49349

GRAND RAPIDS MI 493
11 JUN 2025 PM 6 L




THIS MAIL HAS ORIGINATED FROM THE NEWAYGO COUNTY JAIL

U.S. Dist. Court
399 Fed. Bldg.
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL

49503-236399