UNITED STATES OF AMERICA
DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
June 13, 2025 12:58 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW 6-13

UNITED STATES OF AMERICA,
Plaintiff,

v.

SAMUEL ALEXANDER KUHL,
Defendant.

Case No. 1:23-cr-44

Hon. Jane M. Beckering

# MOTION CLAIMING UNCONSTITUTIONAL PREJUDICE

Due to the advancement in technology, Defendant's pro se status as incarcerated individual, and the strict timelines of filing procedures, Defendant requested access to PACER (ECF No. 139 at PageID. 997). The Court denied this request because "Kuhl identifies no authority recognizing any rights of incarcerated pro se criminal defendants to special accommodations pertaining to mail, copies, or legal research tools." (ECF No. 184 at PageID. 1432)

While Defendant may not have identified authority, he has been incarcerated in MDOC and BOP facilities that implement procedures to allow prisoners to send legal mail and prepare documents while they have no money, but put a debt on their account. Regardless, Kuhl is not requesting such here, but is only stating the unconstitutional disadvantage placed upon him unnecessarily. In today's modern society, a pretrial pro se litigant, or any pretrial detainee for that matter should not be so restricted.

The main matter Defendant addresses in this motion is the lack of access to PACER and ~~its~~ the substantial hinderance this places upon him in Defending this case. Mr. Kuhl still has not received the Order entered as ECF No. 223 and only know the title of the entry. Thus, I do not know why ECF Nos. 188 and 190 were denied to be filed untimely and exceed page limit. Today, the Court has entered an Order stating certain documents are due no later than 6/13/25 at 9AM. This motion will most likely will arrive to the Court on 6/13/25 or 6/14/25. Accordingly, Kuhl doesn't know what documents are due on 6/13/25 and will not know before 6/13/25. Moreover, Kuhl cannot see the contents of the Government's notice at ECF No. 242, or the Government's Response at ECF No. 243.

Once again, Kuhl is requesting access to PACER by Order that the jail allows him to access the docket one time each day or at least print the new entries each day of the work week. Indeed, LCrR 49.10(j) states "Any person may retrieve a docket sheet in a criminal case through the PACER system and may access electronically the text of documents on the ECF system and filed on or after Nov. 1, 2004. Being represented by Counsel does not negate from this unconstitutional hinderance that violates the First Amendment right to access of the Court's records of Mr. Kuhl. In fact, if represented by Counsel, Kuhl would not likely see many of the filings because Counsel assumes a defendant does not need or want to view them and even if they did, there would still be a delay in relaying the

filings via mail.

Wherefore, Kuhl requests access to PACER so that he is afforded the guarantee of such acess under the Lolal rules, as well as Due Process, Equal Protection, Access to the Court and public record, and notification of the Orders and filings against me.

Respectfully,

S. Kuhl 6/10/25

S. Kuhl 611895/0
1035 James
P.O. Box 845
White Cloud, MI 49349

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

GRAND RAPIDS MI 493
11 JUN 2025 PM 6 L




THIS MAIL HAS ORIGINATED FROM THE NEWAYGO COUNTY JAIL

U.S. Dist. Court
399 Fed. Bldg.
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL

49503-236399