UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
_______________________________________/

Case No. 1:23-cr-44

Hon. Jane M. Beckering
U.S. District Judge

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RETURN PROPERTY (R. 230)**

In his current motion, Kuhl requests the return of property seized by the Kalamazoo Department of Public Safety during its investigation of him. He declares that the government has had the material for over 2.5 years and states that the government has closed its fraud investigation against him. (R. 230: Motion, PageID.1980.) This motion should be denied.

Rule 41(g) provides:

> (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Courts have interpreted this provision to mean that the defendant (or some other claimant with an interest in the property) can petition a court for the return of seized property, but only after the pending case has been concluded. E.g., *Savoy v. United States*,

604 F.3d 929, 932 (6th Cir. 2010); *United States v. Adams*, 2023 WL 5530539 *12 (N.D. Ohio 2023)(citing cases). Even then, the government may keep the interest if it can show that it would be helpful to an ongoing investigation. *United States v. Vaccaro*, 602 F Supp 3d 1027, 1029 (N.D. Ohio 2022)(citing cases).

Kuhl's motion should be denied because he is incorrect when he states that the fraud investigation has been closed. As the Court knows from reading prior pleadings, Kuhl was under investigation for fraud when an investigator discovered his sexual dealings with Minor 1. *See*, R. 243: Government's Response to Defendant's Motion to Suppress Evidence, PageID.2028. While it is true that this development caused a new case to spin off from the fraud investigation, it does not mean that the government has abandoned its fraud investigation, at least at this point. The relevant statute of limitations has not expired on his fraudulent activities and the government may wish to proceed against him at a future date. Accordingly, the government has the legal authority to retain the property seized as evidence of that criminal activity.

For these reasons, Kuhl's motion should be denied.

Respectfully submitted,

ALEXIS S. SANFORD
Acting United States Attorney

Date: June 20, 2025

*<u>/s/ Timothy VerHey</u>*

TIMOTHY VERHEY
OLIVIA KAY GHISELLI
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 20, 2025, a copy of United States' Response to Defendant's Motion for Return of Property (R. 230) was mailed to the defendant at the following address of record:

Samuel Alexander Kuhl Reg. #61189-510
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349

*/s/ Timothy VerHey*
TIMOTHY VERHEY
OLIVIA KAY GHISELLI
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404