UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
_______________________________/

No. 1:23-cr-44

HON. JANE M. BECKERING
United States District Judge

**PROPOSED FORFEITURE JURY INSTRUCTIONS**

The government respectfully submits the following set of proposed jury instructions on the issue of forfeiture. These instructions were provided to Defendant by way of standby counsel on June 20, 2025.

Date: June 20, 2025

Respectfully submitted,

ALEXIS M. SANFORD
Acting United States Attorney

*/s/ Olivia Kay Ghiselli*
OLIVIA KAY GHISELLI
TIMOTHY VERHEY
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

## Functions of the Jury Regarding Forfeiture

Members of the Jury, in view of your verdict that Defendant Samuel Kuhl is guilty of the offense of sexual exploitation of a minor as charged in Count 1, you have one more task to perform before you are discharged.

I now must ask you to render a special verdict concerning property that the United States has alleged is subject to forfeiture to the United States. The Government has alleged that various property (Exhibits 2 and 6) is subject to forfeiture in connection with the offenses charged in Counts 1 and 2, of which you have found Defendant Kuhl guilty.

Under federal law, any person who is convicted of a sexual exploitation of a minor violation shall forfeit to the United States his interest in:

(1) any visual depiction found to be a violation of section 2251 or other matter which contains any such visual depictions, which was produced, transported, mailed, shipped or received in violation of section 2251; and

(2) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

Under federal law, any person who is convicted of coercion and enticement of a minor violation shall forfeit to the United States his interest in:

(1) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation.

As to the property for which the United States seeks forfeiture, you must determine whether the United States has established the requisite connection, or

nexus, between the property and the Defendant's offenses of conviction to justify the forfeiture of the Defendant's interest in that property.

Authority: 18 U.S.C. §§ 2253, 2428

**Government's Burden of Proof Regarding Forfeiture**

As explained above, the United States bears the burden of proving the required connection, or nexus, between the property and the Defendant's offenses of conviction that would make the property subject to forfeiture. You should find that the United States has met its burden if it has established that connection by a "preponderance of the evidence."

This is different from the standard that applied to the guilt or innocence of the Defendants. At that stage of the case, guilt or innocence, the United States was required to meet its burden "beyond a reasonable doubt." At this forfeiture stage, however, the United States need only establish its proof by a "preponderance of the evidence."

"Preponderance of the evidence" means that the United States has to produce evidence which, considered in light of all of the facts, leads you to believe that what the United States claims is more likely true than not true. To put it differently, if you were to put the United States's evidence and the Defendant's evidence on opposite sides of a balance scale, the United States's evidence would have to make the scale tip slightly on its side of the balance. If the United States's evidence fails to do this, then the United States has not met its burden of proof.

Authority: *United States v. Hall*, 411 F.3d 651, 654 (6th Cir. 2005) (The Government has the burden to prove forfeiture by a preponderance of the evidence because forfeiture concerns punishment, not the elements of an offense.)

## Forfeiture: Property Ownership

You have heard evidence that the property at issue may have belonged to a person or entity other than, or in addition to, the Defendant. You may have also noted evidence suggesting a person or persons other than the Defendant may have or claim an interest in some part of a property sought to be forfeited.

In reaching your decisions as to connections between the property at issue and Defendant Kuhl's offenses, you should disregard any such evidence about the owner of the property. Instead, you should focus only on deciding, as I have previously instructed you, whether the property was connected to Defendant Kuhl's offense either 1) by virtue of containing a visual depiction that is violation of section 2251, 2) by virtue of having derived from proceeds of Counts 1 and 2 of which Defendant Kuhl has been found guilty, 3) by virtue of having been used to commit, facilitate or promote those offenses, or 4) by a combination thereof.

The Court will take into account any interest in, or claim to, the property at issue that another person might have in a separate proceeding. In other words, whether any third parties have claims of ownership to the property is not a matter for you to consider but, rather, is a matter for the Court to consider at a later time, if necessary.

Authority: Fed. R. Crim. P. 32.2(b)(2)(A); *United States v. Fabian*, 764 f.3d 636, (the district court must make its forfeiture determination as to the defendant without regard to third party interests; the sole avenue for a third party to assert an interest in forfeitable property is via an ancillary proceeding under 21 U.S.C. § 853(n)).

**Instruction for Special Verdict Form for Forfeiture**

It is your duty to determine whether the property (introduced as Exhibits 2 and 6) is connected to Defendant Kuhl's offenses of conviction charged in Counts 1 and 2 in one or both of the above-described ways that might subject that property to forfeiture as the result of the Defendant's commissions of that offense. While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.

A Special Verdict Form for Forfeiture has been prepared for you to use.

With respect to the property item, please determine:

(1) Whether that property contained any visual depiction in violation of 2251, or was involved in, used, or intended to be used to commit or to facility the commission of the offense of sexual exploitation of a minor; and

(2) Whether that property was used, or intended to be used, to commit or to facilitate the commission of the offense of coercion and enticement of a minor.

You may answer those questions by simply putting an "X" or check mark in the space provided next to the words "Yes" or "No" in the space provided.

You will take the Special Verdict Form for Forfeiture to the jury room and when you have reached unanimous agreement as to the property, you will have your foreperson fill in the form and notify the Court Security Officer. The foreperson must then sign and date the Special Verdict Form for Forfeiture.

Authority: Fed. R. Crim. P. 32.2(b)(5)(B).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
_______________________________/

No. 1:23-cr-044

HON. JANE M. BECKERING
United States District Judge

**PROPOSED FORFEITURE VERDICT FORM**

The government submits for the Court's consideration the attached proposed forfeiture verdict form on the issue of forfeiture.

Respectfully submitted,

ALEXIS M. SANFORD
Acting United States Attorney

Dated: June 20, 2025

*/s/ Timothy VerHey*
TIMOTHY VERHEY
OLIVIA KAY GHISELLI
Assistant United States Attorneys

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
_______________________________/

No. 1:23-cr-044

HON. JANE M. BECKERING
United States District Judge

**SPECIAL FORFEITURE VERDICT FORM**

We, the members of the jury, find as follows:

**COUNT 1**

As to Exhibit 2, the iPhone, we unanimously find the property contained any visual depiction that is a violation of 2251, or was involved in, used, or intended to be used to commit or to facilitate the commission of the offense of sexual exploitation of a minor.

☐ Yes ☐ No

As to Exhibit 6, the Samsung cell phone, we unanimously find the property contained any visual depiction that is a violation of 2251, or was involved in, used, or intended to be used to commit or to facilitate the commission of the offense of sexual exploitation of a minor.

☐ Yes ☐ No

**COUNT 2**

As to Exhibit 2, the iPhone, we unanimously find the property was used, or intended to be used to commit or to facilitate the commission of the offense of coercion and enticement of a minor.

☐ Yes ☐ No

As to Exhibit 6, the Samsung cell phone, we unanimously find the property was used, or intended to be used to commit or to facilitate the commission of the offense of coercion and enticement of a minor.

☐ Yes ☐ No

____________________________ ____________________________________

Date JURY FOREPERSON