UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
June 25, 2025 12:27 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns SCANNED BY: JW / 6-26

UNITED STATES OF AMERICA,

Plaintiff, Case No. 1:23-cr-44

Hon. Jane M. Beckering

v.

SAMUEL ALEXANDER KUHL,

Defendant.

# MOTION TO AMEND JURY INSTRUCTIONS

Defendant now comes before the Court requesting that the language stating that the internet and phone services are a means or facility of interstate commerce. This instruction removes Mr. Kuhl's right to be found guilty by the jury as to all elements of the crimes he is accused of committing.

## LEGAL SUPPORT

The Sixth Amendment to the Constitution guarantees to a defendant the oppurtunity for a jury to a jury to decide guilt or innocence. Duncan v. Louisiana, 391 U.S. 145, 88 S. Ct. 1444 (1968). "A necessary corollary is the right to have one's guilt determined only upon proof beyond ~~a reasonable~~ the jury's reasonable doubt of every fact necessary to constitute the crime charged." U.S. v. Mentz, 840 F.2d 315, 319 (6th Cir. 1988). Indeed, "the trial judge

invades the jury's province when, instead of simply instructing on the law, he applies the law to facts he has determined." Id.

Just as the Sixth Circuit held in United States v. Hatton, 643 Fed. Appx. 574 (6th Cir. 2016), the instruction at issue here, if given, will amount to error, in that it supplants the jury's fact-finding role, and such error is plain.

The statute contains no specific definition as to what constitutes a "means or facility" of interstate commerce in regards to 18 U.S.C. §2422(b). Thus, the proposed jury instruction for Count 2 should not include (2)(B) "Using a means or facility of interstate commerce" includes using the ~~telephone~~ internet or telephone.

Commerce is "the buying and selling of commodities : Trade" Merriam-Webster Dictionary New Edition. Commerce is not private communications with no relation to commodities or commercial purpose. Thus, interstate commerce definitely cannot be personal and private non-commercial communication. While the World Wide Web is one thing, private communications separated from such broad platform is entirely different. Any and all remote communication utilizes internet or phone services, and it should be up to the jury to decide if the private messages between two individuals is a "use of a means or facility of interstate commerce."

Professor Irwin A. Horowitz, Emeritus Professor of Psychology at Oregon State University, notes: "While the fact-finder role of the jury is the judicially preferred model of jury functioning, a second, less accepted,

but nevertheless viable role of the jury is a purveyor of 'commonsense justice,' the application of a rough and ready sense of what is just and what is not." Irwin A. Horowitz, Jury Nullification: An Emperical Perspective, 28 N. Ill. U. L. Rev. 425, 427 (2007-2008) (quoting Akhil Reed Amar, The Bill of Rights: Creation and Reconstruction 110 (1998)).

Accordingly, the jury should be able to determine if such broad expansion of the federal government is just in regards to the "use of a means or facility of interstate commerce" element of §2422(b). This essentially turns every statutory rape that involves remote communication into a federal crime, but the federal government does not have a police power. See United States v. Lopez, 514 U.S. 549, 584-85 (1995) (Thomas, J. concurring).

"Were I called upon to decide, whether the people had best be omitted in the legislative or judiciary department, I would say it is better to leave them out of the legislative. The execution of laws is more important than the making of them." Mark D. Howe, Juries as Judges of Criminal Law, 52 Harv. L. Rev. 582 (1939).

As Alexander Hamilton first noted, this belief in the jury trial right as a safeguard to liberty was widely shared during the constitution-framing era: "The friends and adversaries of the plan of the Convention, if they agree in nothing else, concur at least in the value they set upon the trial by jury. Or if there is any difference between them, it consists in this; the former regard it as a valuable safeguard to liberty, the latter represent it as the

very palladium of free government." The Federalist No. 83, at 456 (Scott ed. 1894) (Hamilton).

The Supreme Court's recent decisions about the Sixth Amendment's right to a trial by jury trial suggest that some Justices of the Court are prone to reconsider precedent by addressing whether a practice is necessary to the jury trial right as it existed at the time that the States ratified the Sixth Amendment. United States v. Booker, 543 U.S. 220, 238-39, 125 S. Ct. 738 (2005) (noting that the jury trial right has its genesis in common law); see also Blakely v. Washington, 542 U.S. 296, 308, 124 S. Ct. 2531 (2004); Jones v. United States, 526 U.S. 227, 244, 119 S. Ct. 1215 (1999) (stating that the minimal protection guaranteed by the Bill of Rights is that understood to be guaranteed in the Eighteenth Century); Sullivan v. Louisiana, 508 U.S. 275, 278, 113 S. Ct. 2078 (1993) (stating that the common law defines the jury trial right's parameters and the jury's role).

## CONCLUSION

To enable the jury to determine Defendant's guilt only upon proof beyond their reasonable doubt as to every fact necessary to constitute a violation of § 2422(b), the instruction defining the "use of a means or facility of interstate commerce" as utilizing the internet or phone should be omitted. Respectfully, [signature] 6/18/25.

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

GRAND RAPIDS MI 493
23 JUN 2025 PM 5 L




THIS MAIL HAS ORIGINATED
FROM THE NEWAYGO COUNTY JAIL

U.S. Dist. Court
399 Fed. Bldg.
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL

49503-236399