UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
______________________________/

Case No. 1:23-cr-00044

Hon. Jane M. Beckering
United States District Judge

**ORDER**

Defendant's Motion to Appoint Counsel and Extend Deadline under Fed. R. Crim. P. 33 (ECF No. 289) and his Motion for Counsel Immediately (ECF No. 290) have been referred to me for decision. The motions are unopposed.

Upon due consideration, Defendant's request for an extension of the 14-day deadline for the filing of motions under Fed. R. Crim. P. 33 and 34 is hereby **GRANTED**. Defendant should file any such motions within **28 days of this order or by August 11, 2025.**

Defendant's request for the appointment of counsel is another matter. The Court has already appointed three different lawyers to represent Defendant. He has expressed dissatisfaction with each of them.

Ultimately, Defendant filed a motion to represent himself which I granted following a *Faretta* hearing (ECF No. 95). In the same order, I ordered Defendant's then counsel to continue in a stand-by capacity. Defendant continued to represent himself later filing a Motion to Replace his Stand-by Counsel (ECF No. 182), followed by a Motion to Appoint Advisory Co-Counsel

(ECF No. 229). I denied both motions, finding them unfounded (ECF No. 234).

Defendant proceeded to trial *pro se*. The trial lasted four days. On the third day of trial, defendant asked that his stand-by counsel take over, a request granted by the trial judge. Shortly thereafter, Defendant reasserted his right to represent himself.

On June 27, 2025, the jury returned its verdict, finding Defendant guilty on both counts of the Superseding Indictment (ECF No. 286). Defendant now seeks appointment of a fourth lawyer to pursue post-trial relief. The motion will be **DENIED.**

"[I]t is unquestionably well-established that a person accused of a felony has a constitutional right to be represented by counsel and to have counsel appointed for him if he cannot afford one, *or*, alternatively, to represent himself in such proceedings." *United States v. Mosely*, 810 F.2d 93, 97 (citing to *Faretta v. California*, 422, U.S. 806 (1975). Defendant has invoked both rights during this case. The Court has already appointed three different lawyers to represent Defendant. He has no right to a fourth. Defendant has two choices. He can continue *pro se* or, as he did as recently as the third day of trial, he can ask his current stand-by counsel to take over.

**IT IS SO ORDERED.**

Dated: 7/14/2025

/s/ Ray Kent
RAY KENT
United States Magistrate Judge