UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
July 16, 2025 12:00 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns SCANNED BY: jm / 7/16

UNITED STATES OF AMERICA,

v.

SAMUEL ALEXANDER KUHL,

Case No. 1:23-cr-44

Hon. Jane M. Beckering

# SUPPLEMENT TO MOTION FOR NEW TRIAL

Defendant respectfully seeks and requests the Court to accept the brief supplement to his Rule 33 Motion for a new trial. This supplement is being submitted to the Newaygo County Jail's outgoing mail today 7/11/25 which is the 14th day since the verdict of guilty was entered. Accordingly, this supplement complies with Rule 33's time requirement. The two main issues adressed here are prosecutorial misconduct and ineffective assistance of counsel.

## PROSECUTORIAL MISCONDUCT

1. Prosecution did not disclose the number and date of the times each visual depiction was viewed. Under the Brady doctrine, the government is required to disclose all exculpatory evidence that is material to guilt or punishment. Indeed, the lack of viewing the depictions is substantial to arguing Kuhl was not seeking out such depictions. Such information is also material to punishment as proof of Kuhl's lack of interest in the depictions. See Paroline v. United States, 572 U.S. 434, 457 (2014) ("In a sense, every viewing of child pornography is a repitition of the victim's abuse.") Accordingly, showing possibly no, to

only one or two viewing of these depictions helps the Court understand that the victim was not repeatedly abused in this sense by Kuhl. The Government indeed posses this information and was easily attainable as they have the phones and depictions in their ~~position~~ possession, a proper review of which can easily provide such information.

## INEFFECTIVE ASSISTANCE OF COUNSEL

1. During examination of SA DiPerro, Counsel stated "the transmission of these videos," when referring to the depictions. After the first instance of the use of the word "transmission" Kuhl immediately told Counsel to not say "transmission." Yet, the Counsel proceeded to again use the term "transmission of these videos," or similar language including the term "transmission," while questiong DiPerro. This is a very specific issue in this case because Kuhl was only sent these videos and did not personally record them and "transmitted" in the context of §2251(a) only applies to the broadcast of "live visual depictions" not the mere digital transfer of all visual depictions. Thus, Counsel improperly conflated the "transmitted / transmission" with that of "sending" or "transferring." This led the jury to likely believe that an improper meaning of "transmitted" was applicable and found that simply being sent the videos at issue, Kuhl violated §2251(a) by using the Samsung and iPhone as the recipient devices, both of which were transported in interstate commerce. However, such a conviction on that basis would be improper and a miscarriage of

justice.

2. Counsel nor the Court or government informed Defendant that §2422(b) is not a crime that is ineligible for FSA credits. Indeed, Kuhl mistakenly believed that under a guilty plea of only Count 2, he would not be ~~to~~ eligible for FSA. This can clearly be seen in Kuhl's Motion to Dismiss ECF No. 111. Had Kuhl been aware of eligibility for FSA under such a plea, he would've accepted it as he does not dispute his relations SD or that the way he carried out that relationship is sad and deplorable, but worse is the harm SD says she suffers from it. Point being, had Counsel informed Kuhl of this fact, Kuhl very likely would have pled guilty to Count 2.

## CONCLUSION

Wherefore, Defendant seeks and requests the Court to accept this pleading as a supplement to Kuhl's Rule 33 Motion for New Trial. Accordingly, in the event Kuhl is ~~not~~ not acquitted, he seeks the relief of a new trial.

Respectfully,
S. Kuhl 7/11/25
S. Kuhl 61189510

S. Kuhl 61189516
1035 James
P.O. Box 845
White Cloud, MI 49349

GRAND RAPIDS MI 493
14 JUL 2025 PM 3 L




"This mail has originated from the Newaygo County Jail"

Clerk of Court
U.S. Dist. Court
399 Fed. Bldg.
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL

49503-236399