UNITED STATES OF AMERICA
DISTRICT COURT

FILED - GR
August 7, 2025 3:50 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: MKC SCANNED BY: KD/ 8-8

UNITED STATES OF AMERICA,
Plaintiff,

v.

SAMUEL ALEXANDER KUHL,
Defendant.

Case No. 1:23-cr-44
Hon. Jane M. Beckering

POST-VERDICT MOTIONS' SUPPLEMENT

Defendant now comes to present additional grounds for post-verdict relief, as well as additional legal authority providing support for grounds previously stated.

ADDITIONAL GROUND FOR NEW TRIAL
OR ACQUITTAL UNDER RULES 29 and/or 33

1. The verdict form as to Count 2 did not specify which date, 10/31/22 or 8/24/22, constituted an attempt or completed violation of §2422(b). Neither did the verdict ~~clarify~~ form clearly state that the jury must unanimously decide whether Defendant completed the offense, or unanimously decide whether he attempted to violate §2422(b). This led to a strong possibility the jury did not unanimously agree on the same crime as to the same date for Count 2. This violated Kuhl's Sixth Amendment right to an impartial jury, and unanimous verdict.

# LEGAL AUTHORITY IN SUPPORT OF GROUNDS PREVIOUSLY STATED



1. As to paragraph 4 of Defendant's Motion To Arrest Judgment (ECF No. 300 at PageID.2572), "Younger abstention is jurisdictional." D.L. v. Unified School Dist. No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004) (citing Steel Co. v. Citizens for a Better Env., 523 U.S. 83, 100 n.3 (1998)); see also Luckey v. Miller, 929 F.2d 618, 623 n.3 (11th Cir. 1991); Burckhart Search Grp. Inc. v. Daral Fin. Corp., 11-1565 (JAF) (D.P.R. Nov. 30, 2011) ("Justice Scalia has noted that Younger abstention has been 'treated as jurisdictional' by the Supreme Court.") (citing Citizens for a Better Env., 523 U.S. at 100 n.3); Canatella v. California, 404 F.3d 1106, 1113 (9th Cir. 2005) ("Younger abstention is essentially a jurisdictional doctrine").

The same is to be said of the Colorado River abstention doctrine. See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton Inc., 571 F.3d 299, 307 (3rd Cir. 2009) ("Because the question of abstention is jurisdictional"); Cassino v. JP Morgan Chase Bank Nat'l Ass'n, 22-1049 (10th Cir. 2022) (concluding that Colorado abstention is jurisdictional).

Accordingly, the principles of federalism, comity, and others discussed in Paragraph 4 of Kuhl's Motion to Arrest Judgment are the founding principles which abstention is based upon. Indeed, the Court erroneously refused to hear and decide on this jurisdictional matter on multiple occasions. (ECF No. 164 and 124)

This Court's arbitrary interruption of Defendant's State of

Michigan case, to prosecute the same underlying conduct, prejudiced Defendant in multiple ways. One of the most substantial prejudices was the impediment on Counsel of Choice under the Sixth Amendment, because Kuhl's family had already retained counsel of choice for the state case, which is still pending, and could no longer afford a federal attorney. Due to the circumstances and punishment of the federal case, Defendant definitely would've used the funds to hire counsel of choice in the federal case.

The Federal Court's interruption also ~~removed~~ created numerous evidentiary issues that would have substantially affected the trial. These issues present themselves by the issue of Federal Courts hesitant to obtain victims of sex crimes State Agencies' reports and data. See United States v. Minnick, TDC-14-0554 (D. Md. Oct. 27, 2016); United States v. Miller, 23-5485 (6th Cir. Aug. 12, 2024). Indeed, the Federal prosecutors shirk providing exculpatory evidence by claiming such materials are not in custody of the "Federal" government, or not possessed by "government agencies." See United States v. Baker, 1 F.3d 596, 598 (7th Cir. 1993) ("Certainly, Brady does not require the government to conduct discovery on behalf of the defendant."); United States v. Combs, 267 F.3d 1167, 1173 (10th Cir. 2001) (explaining that Brady does not compel the government to obtain evidence from third parties that are also not federal government agencies). This also prejudiced Defendant who sought disclosure of school discipline records, CPS records, mental health records, and any probation records for SD,

which the Court denied. See ECF Nos. 246 and 247.

The Federal Court's interruption further prejudiced Kuhl by depriving him of the due process in the Michigan criminal justice system which requires a preliminary examination and not a grand jury proceeding that is secret.

Further prejudice resulted by removing Defendant from the Michigan Court decisions evolving around cell phone searches. Indeed, the Wyoming PD search warrant giving rise to this entire case would not likely upstand the scrutiny of MI Supreme Court Justices. See People v. Carson, SC 166923 (Mich. July 31, 2025).

It is the same parties at issue in the Federal and State case. Indeed, the People of Michigan are also the people of the United States, and Kuhl is the Defendant in both cases. This is a state criminal proceeding, and the State brought their case first. Thus, abstention under Younger and Colorado River doctrines apply, and this Court lacks jurisdiction.

2. As to section no. 3 of Defendant's Motion for a New Trial in the "Erroneous Court Rulings and Mistakes During Trial" category (ECF No. 301-1 at Page ID 2581-2582), Count 1 specifically charged Kuhl with the single ~~jurisdictional~~ mens rea element of "for the purpose of producing a visual depiction." Although it discusses the jurisdictional hooks of receipt and possession of child pornography, the Tenth Circuit underscores the importance of an indictment's charging only one

of three jurisdictional hooks for the possession charge. See United States v. Kroeker, 24-3060 (10th Cir. July 8, 2025).

Indeed, the language of Count 1 of Kuhl's superseding indictment employed by the government became an essential and delimiting part of the charge itself. Count 1 does not use the phrase "for the purpose of transmitting a live visual depiction," and does not contain the term "transmit" at all.

Thus, as stated in Kuhl's Motion for new trial (ECF No. 301-1), the Court's refusal to remove the word "transmit" from the jury instructions and statement of the case, or give a special definition, allowed for amendment of the indictment and improper statement/interpretation of the law. This violated the Due Process and Grand Jury clause of the Fifth Amendment as well as the fair trial right under the Sixth Amendment.

The proper remedy here may be acquittal and Kuhl asks the Court to apply the correct relief.

3. As to paragraph 5, subsection a) of Defendant's Motion for New Trial in the Court Errors and Mistakes at Trial category (ECF No. 301-1 at Page ID. 2586), Kroeker provides further support and guidance.

4. As to Defendant's multiple claims of Court error and ineffective counsel pertaining to the Wyoming PD Search warrant being invalid,

Defendant points further to the recently decided Michigan Supreme Court case cited above: People v. Carson.

5. As to Defendant's claim that Counsel was ineffective for failing to timely file a motion to suppress founded on the Wyoming arrest being unlawful, Defendant points to Baptiste v. J.C. Penney Co., 147 F.3d 1252, 1259 (10th Cir. 1998) (holding that police "may not ignore easily accessible evidence and thereby delegate their duty to investigate [to others]."). This is because not one of the three officers, personally on scene when Kuhl was removed from the vehicle, felt for sure they could arrest him, especially when they found he was only trying to grab his phone and there was no weapons or contraband in the area Kuhl was reaching. Instead, the officers told Kuhl he was not under arrest, but only after realizing they could not force Kuhl to lawfully ID himself, the officers delegated the investigation and determination to arrest to a fourth officer who was not present for the entirety of the stop.

6. As to subsection (h) of number 1 in Defendant's Motion For Acquittal (ECF No. 299 at PageID. 2555), United States v. Ray, 24-4024 (4th Cir. June 3, 2025), while not directly on point, shows that the specific language of a warrant limits exactly what authorization is given. In Ray, law enforcement seized and searched the phone of a military member, but the Court found the language of the

actual warrant only authorized the seizure of the phone from Ray's person and not the actual search of the phone. Evidence seized from the phone was suppressed.

This provides further support to Kuhl's argument that the Wyoming PD search warrant did not authorize the seizure (extraction) of any data from the Samsung phone. Indeed, the paragraphs 2 and 3 of the Wyoming Warrant did not apply to the Samsung, so Kroschel had no authorization to employ Meredith to execute a forensic extraction of the Samsung.

ADDITIONAL GROUND FOR NEW TRIAL OR ACQUITTAL UNDER RULES 29 and/or 33

1. Federal government never obtained a search warrant to search the Samsung extraction from Wyoming PD and MSP for any federal crimes. Thus, the examination of the Samsung extraction by Federal authorities for federal crimes was not authorized by a warrant and unconstitutional. To deter such future unconstitutional conduct and ensure the protections guaranteed by the Fourth Amendment, suppression of all evidence in this case is the antidote. Indeed, all evidence in this case derived from the Samsung extraction and exploitation thereof.

2. Wyoming PD and MSP had no authorization to retain the Samsung

phone beyond 35 days under MCL 600.4706(1)(a), because no warrant for the commission of a crime was issued against Kuhl in relation to the Wyoming traffic stop and seizure of the Samsung. Thus, because no appropriate party petitioned the court for an extension to retain the Samsung under MCL 600.4706(2), the Samsung was not lawfully in possession of law enforcement as of 11/17/2022, and suppression is warranted because the Federal government did not obtain the Samsung data extraction until 12/01/2022.

## CONCLUSION

Wherefore, Defendant requests that his convictions be acquitted, or otherwise relieved under the appropriate post-verdict remedy.

Respectfully,

S. Kuhl 8/3/25

S. Kuhl 61189510
1035 James
P.O. Box 845
White Cloud, MI 49349

S. Kuhl 6189510
1035 James
P.O. Box 845
White Cloud, MI 49349

4950382300 C040

"This mail has originated from the Newaygo County Jail"




Clerk of Court
U.S. District Court
399 Fed. Bldg.
110 Michigan NW
Grand Rapids, MI 49503

1775 ★ 2025

GRAND RAPIDS MI 493

5 AUG 2025 PM 5 L

LEGAL MAIL