FILED - GR
September 4, 2025 12:25 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM SCANNED BY: [illegible] /9/4

UNITED STATES OF AMERICA,

Plaintiff, Case No. 1:23-cr-44

Hon. Jane M. Beckering

v.

SAMUEL ALEXANDER KUHL,

EXPEDITED CONSIDERATION REQUESTED

MOTION TO APPOINT NEW COUNSEL

Defendant now comes again seeking appointment of new counsel. This is because of the irreconcilable breakdown in communication, distrust, animosity, and tension between Defendant and Mr. Graham.

Recent events have provided further support necessitating an appointment of new counsel.

1. Kuhl has asked Mr. Graham at least 4 times since August 11, 2025 to take over representation. Upon, being ignored for a week after, Kuhl text Mr. Grahame expressing his anger frustration and concern that Mr. Graham refuses to withdraw, the Court refuses to appoint new counsel, Mr. Graham is ignoring Defendant, and Defendant is being screwed by all of you. Finally, Mr. Graham texts back "I will take over" on or about Aug. 19, 2025, but as of Aug. 27, 2025, Defendant is still pro se.

2. At least twice since Aug. 19, 2025, Kuhl has asked Mr. Graham why

Kuhl is still pro se, but Mr. Graham ignores these questions, but only incorrectly answers Kuhl's question as to why sentencing is being adjourned. Mr. Graham ignorantly answers that the reason for adjournment is because of Kuhl not participating in the pre-sentence process. The government's motion to adjourn sentencing does not mention this at all. It says that the U.S. Attorney has a conflict in their schedule. This displays, as has been present this ENTIRE CASE, Graham's lack of interest, concern, attention, and zealousness to Kuhl's case and defense.

Furthermore, refusing to appoint new counsel under these circumstances substantially prejudice Kuhl's chance at an effective appeal, which in turn will prejudice an 2255 motion if necessary. Multiple factors weigh into this contention: 1) the issues existing now will spillover to any appeal raised by Mr. Graham and the poor condition of the attorney-client relationship will create further bias and tension between Kuhl and Graham resulting in a poorly prepared appeal; 2) any issues not raised in appeal, other than ineffective counsel, is procedurally defaulted. See U.S. v. Isip, 23-1349-RGA (D. Del. 8/27/2025) (citing Bousley v. U.S. 523 U.S. 614, 622-23 (1998).

Even if appointed new counsel on appeal, the specific circumstances here will not be adequately remedied. This is because, upon sentencing,

Kuhl will be transported to Quarantine of MDOC to finish his state sentence. Defendant will stay there a minimum of 8 weeks, but most likely 12-15. Quarantine does not allow inmates to access the law library themselves, but can only give specific citings to a case, which will then be printed off by a trustee prisoner. To adequately search you must search by terms using the Boolean method, especially when finding new cases or cases which you don't know of! This is removed in quarantine.

Also, the phone time is so limited in quarantine due to the complete lockdown, except for meals, call-outs, and yard. The yard occurs at most 3 days a week, only 45 minutes each yard. Approximately 400 inmates go out to yard and have to share 20 phones, alot of times most inmates stand in line, but never even get to use the phone before yard closes. These issues will severely impact any communication between Kuhl and newly appointed appellate counsel in a negative manner. Thus, a new lawyer taking over after sentencing will have to rely completely on the record with no input or information from Kuhl. If new counsel is appointed now, this can be avoided.

PLEASE appoint new counsel!

Respectfully,

S. Kuhl 8/27/25

S. Kuhl 61189510

S. Kuhl 61189510
1035 James
P.O. Box 845

"This mail has originated from
the Newaygo County Jail"

GRAND RAPIDS MI 493
2 SEP 2025 PM 6 L




U.S. Dist. Court
399 Fed. Bldg.
110 Michigan NW
Grand Rapids, MI 49503

LEGAL MAIL

49503-236399