UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
_______________________________/

Case No. 1:23-cr-44

HON. JANE M. BECKERING

**ORDER**

Now pending before the Court is Defendant's motion to file in excess of page limits (ECF No. 301) an additional motion for new trial (ECF No. 301-1). Defendant is reminded that he may not circumvent this Court's rules and applicable page limits by filing serial motions. *See Miller v. William Beaumont Hosp.*, 121 F.4th 556, 558 (6th Cir. 2024) (noting in the context of a motion for new trial that a district court's "local rules carry the force of law") (citing *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010)); *Gueye v. U.C. Health*, No. 1:13-CV-673, 2014 WL 4984173, at *5 (S.D. Ohio Oct. 6, 2014) (noting that a "pro se litigant is not excused from complying" with court rules) (citing *In re G.A.D., Inc.*, 340 F.3d 331, 335 (6th Cir. 2003)).[1]

[1] Defendant is further reminded that the Court will not tolerate profanity and abuse in legal filings (*see, e.g.,* Objection, ECF No. 351 (employing obscenities throughout and asking the Court whether it is "deaf, dumb, or blind?"). "A pro se litigant is not excused from the requirement to show appropriate courtesy and respect to the Court." *Gueye v. U.C. Health*, No. 1:13-CV-673, 2014 WL 4984173, at *5 (S.D. Ohio Oct. 6, 2014) (citing *Mayberry v. Pennsylvania*, 400 U.S. 455, 462–63 (1971)). It "would degrade our country and our judicial system to permit our courts to be bullied, insulted, and humiliated and their orderly progress thwarted and obstructed by defendants brought before them." *See Illinois v. Allen,* 397 U.S. 337. Defendant is on notice that the Court may properly dismiss without prejudice any future filing that include this sort of "scurrilous, abusive language and conduct" pursuant to the Court's inherent authority to manage

The Court will exercise its discretion to consider the excess pages submitted by Defendant here, but any future motions filed serially to avoid page limits may be dismissed without prejudice.

**IT IS HEREBY ORDERED** that Defendant's Motion (ECF No. 301) is GRANTED and the Court will consider Defendant's additional motion for new trial (ECF No. 301-1).

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to accept for filing Defendant's proposed motion (ECF No. 301-1) and docket it accordingly.

**IT IS FURTHER ORDERED** that the Government shall file a response not later than October 28, 2025.[2]

Dated: October 14, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge

---

its docket. *See id.*; *accord United States v. Quebe*, 321 F.R.D. 303, 312 (S.D. Ohio 2017) (noting that the court's "inherent authority" includes the ability to enter various sanctions for violation of a court order) (citing *First Bank of Marietta v. Hartford Underwriters*, 307 F.3d 501 (6th Cir. 2002)).

[2] The government's omnibus response to Defendant's post-judgment motions does not appear to address ECF No. 301-1 (*see generally* Opposition, ECF No. 339). In the event that the government has responded to Defendant's additional motion for new trial (ECF No. 301-1), the government may file a notice directing the Court to its prior response. If the government has not responded, the government is directed to file a response by the date indicated above.