UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMUEL ALEXANDER KUHL,

Defendant.
______________________________/

Case No. 1:23-cr-44

HON. JANE M. BECKERING

**OMNIBUS OPINION AND ORDER ADDRESSING DEFENDANT'S POST-TRIAL MOTIONS**

Now pending before the Court are several of Defendant's post-trial motions and "supplements" amending and expanding those motions (ECF Nos. 298, 299, 300, 305, 315, 324, 325, 332, 335, 338, 345, 357). For the following reasons, the Court will deny the motions.

## I. BACKGROUND

On April 25, 2023, a grand jury returned an indictment accusing Defendant of sexual exploitation of a minor, in violation of 18 U.S.C. 2251(a), and coercion and enticement and attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b) (ECF No. 1), which was later superseded with the same counts on April 15, 2025. (ECF No. 147). On February 19, 2025, Defendant Kuhl filed a motion to represent himself (ECF No. 87 at PageID.300–01). On March 6, 2025, after a hearing and *Faretta* inquiry, Defendant's motion was granted (ECF No. 95 at PageID.320). Defendant filed numerous pretrial motions, including motions to suppress, which the Court denied (*see, e.g.,* ECF No. 258 at PageID.2254–2260). Trial commenced on June 24, 2025. Defendant largely represented himself at trial, but he asked standby counsel to handle some of the proceedings.

At trial, the government presented a significant volume of evidence regarding Defendant's sexual offenses. In relevant part, as to Count One, the government presented evidence that "S.D.," a minor, sent four videos of herself engaged in sexually explicit conduct to Defendant because "[Defendant] asked for them" (*see* Trial Tr. Vol. II, ECF No. 319 at PageID.3122). The minor victim sent these sexually explicit videos through an iPhone provided to her by Defendant, and Defendant received the content on his Samsung and iPhone cell phones (*see* Opp., ECF No. 339 at PageID.3577). As to Count Two—again summarized in relevant part given the amount of evidence introduced against Defendant at trial—the government presented evidence that Defendant met his minor victim on Facebook and initially communicated with her through Facebook Messenger, after which their communications shifted to text messages (*see* Opp., ECF No. 339 at PageID.3579). Defendant coordinated sexual liaisons with his minor victim through Facebook and by text message (*see* Trial Tr. Vol. II, ECF No. 319 at PageID.3022–3026). According to the government's evidence, Defendant engaged in sexual intercourse with his minor victim in "[Defendant's] car, at a hotel room," and at "a house" (Trial Tr. Vol. II, ECF No. 319 at PageID.3014). At first, Defendant's minor victim told Defendant that she was older than her actual age, but she later she expressly told Defendant, by text message and in-person, that she was only fourteen (*see, e.g., id.* at PageID.3112). Evidence showed that Defendant continued his sexual relationship with his minor victim nonetheless. The jury credited the government's evidence and convicted Defendant of both counts (ECF No. 286 at PageID.2407–2408).

Defendant has filed nearly a dozen post-trial motions—identified below—and the Court resolves each of them in this omnibus Opinion and Order.

- On July 17, 2025, Defendant filed an initial, overlength motion for new trial with leave from the Court (ECF Nos. 301, 301-1, 357). He then filed multiple "supplements" to his new trial motion to add new arguments and submit additional authorities (*see* ECF No. 298; ECF No. 305; ECF No. 315).

- On July 16, 2025, Defendant filed a motion for a judgment of acquittal, or in the alternative, for a new trial (ECF No. 299). He supplemented this motion multiple times (ECF No. 315; ECF No. 324).

- On July 16, 2025, Defendant filed a motion seeking to arrest the judgment (ECF No. 300). He supplemented this motion multiple times as well (ECF No. 315, ECF No. 325).

- On August 25, 2025, Defendant filed a frivolous and vexatious motion that he styles as a "motion to succumb to conspiracy and collusion" (ECF No. 332).

- On August 27, 2025, Defendant filed a motion to preserve evidence (ECF No. 335).

- On September 4, 2025, Defendant filed a "motion to correct the record" (ECF No. 338).

- On September 17, 2025, Defendant filed a "motion for takeover" by counsel and argued, in relevant part, that he need not appear at his own sentencing (ECF No. 345).

The government received Court approval to submit an omnibus response in opposition to Defendant's post-trial motions, which it filed on September 8, 2025 (ECF No. 339). Defendant, without seeking leave of the Court, filed an overlength reply on September 18, 2025, which the Court will strike for violation of applicable rules (ECF No. 346). *See* W.D. Mich. LCrimR 47.2(b)(i), (c).[1] The Court requested additional briefing from the government on certain motions not addressed in the government's omnibus response, and the government filed those responses on October 28, 2025 (ECF No. 361). Having considered the parties' submissions, the Court concludes that oral argument is unnecessary to resolve the issues presented. *See* W.D. Mich. LCrimR 47.1(d).

---

[1] The Court has reminded Defendant that he must follow the Court's rules on multiple occasions and for months—placing particular emphasis on those rules addressing timeliness and page limits—and the Court has given Defendant every opportunity to bring his conduct into compliance. *See, e.g.,* ECF Nos. 184, 193, 223, 356; *Miller v. Beaumont Hosp.*, 121 F.4th 556, 558 (6th Cir. 2024) (noting in the context of a motion for new trial that a district court's "local rules carry the force of law"). The reply brief Defendant filed here is over three times the length permitted by the Court's rules (*see* ECF No. 346). Defendant did not seek leave to file a reply brief of any length. *See* W.D. Mich. LCrimR 47.2(b)(i), (c). The Court thus strikes the reply. *Cf. Larsen v. Mercy Health Partners,* No. 1:11-CV-12, 2011 WL 3325897, at *3 (W.D. Mich. Aug. 2, 2011) ("This sort of invitation to disorderly district court process is deplorable and should not be repeated. [The] reply brief, filed without leave of court, is unnecessary at this point and will be stricken.")

## II. ANALYSIS

Given that Defendant has filed multiple prolix motions—along with what he calls "supplements" that seek to add authorities, amend existing arguments, raise new arguments, and alter multiple prior submissions simultaneously—the Court addresses Defendant's post-trial filings ad seriatim and identified by ECF number as set forth below. For the following reasons, the Court concludes that Defendant's post-trial submissions lack merit.[2]

### A. Motions for New Trial (ECF Nos. 298, 357, 305, 315)

Defendant has filed several motions requesting a new trial under Federal Rule of Criminal Procedure 33 (ECF No. 298 at PageID.2548–2550; ECF No. 357 at PageID.3737–3768; ECF No. 305 at PageID.2626–2637; ECF No. 315 at PageID.2675–2682). The Government filed responses in opposition on September 8, 2025 and October 28, 2025 (ECF Nos. 339 and 361). For the reasons stated in further detail below, and for those set forth in detail in the government's opposition papers, the Court will deny Defendant's motions for a new trial.

[2] As an initial matter, the Court must address Defendant's shifting representation status. At times, Defendant has requested an attorney. At times, Defendant has demanded to represent himself, including during opening statements and witness examinations at trial. The Supreme Court and federal appellate courts have established that "[p]ro se status does not excuse a criminal defendant from complying with the procedural or substantive rules of the court." *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (collecting cases and citing *Faretta v. California*, 422 U.S. 806, 834 (1975)). "A defendant who knowingly and intelligently assumes the risks of conducting his own defense is entitled to no greater rights than a litigant represented by counsel, unless the court's duty to liberally construe pro se pleadings is considered an enhanced right." *Id.* (cleaned up) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). As relevant to trial, the Court's above-referenced "obligation is fully satisfied by the appointment of standby counsel, whose presence is intended 'to steer a defendant through the basic procedures of trial' and 'to relieve the judge of the need to explain and enforce basic rules of courtroom protocol.'" *Id.* (citing *McKaskle v. Wiggins,* 465 U.S. 168, 184 (1984)). "The pro se litigant may, of course, refuse to follow his standby counsel's advice, assuming he even asks for such assistance," but that "choice, as with all the other strategic decisions made by a pro se litigant, is his own. Having refused this assistance, however, he may not be heard to complain later that the court failed to protect him from his own ineptitude." *Id.*

**1. Motion Standard**

"Upon the defendant's motion," a court may "vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33. Rule 33 does not define the term "interest of justice," but "several recurring themes emerge" in Rule 33 case law. *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010). "The paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that the jury's verdict was against the manifest weight of the evidence." *Id.* (cleaned up). "Such a motion calls on the trial judge to take on the role of a thirteenth juror, weighing evidence and making credibility determinations firsthand to ensure there is not a miscarriage of justice." *United States v. Mallory*, 902 F.3d 584, 596 (6th Cir. 2018). A trial judge should only "intrude upon the jury function of credibility assessment" in "exceptional circumstances," as when trial testimony "featur[es] accounts that defy physical realities or collapse in on themselves due to internal inconsistencies." *United States v. Burks*, 974 F.3d 622, 628 (6th Cir. 2020) (cleaned up). It is also "widely agreed that Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred." *United States v. Munoz,* 605 F.3d 359, 373 (6th Cir. 2010). "The defendant bears the burden of proving the need for a new trial and such motions should be granted sparingly and with caution." *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993).

**2. Discussion**

***ECF No. 298***. On July 16, 2025, Defendant filed a motion for new trial. He argues that a new trial is warranted because—to paraphrase Defendant's prolix assertions in relevant part: (1) the government committed "prosecutorial misconduct" by failing to identify every time Defendant viewed sexually explicit videos of his minor victim; (2) his counsel provided ineffective assistance by using the word "transmission," as opposed to the phrase "mere digital transfer," in a cross-

examination question; and (3) Defendant "very likely would have pled guilty to Count 2" if he had "been aware of eligibilty for [First Step Act credits] under such a plea," given that Defendant "does not dispute his relations with [his minor victim] or that the way he carried out that relationship is sad and deplorable" (ECF No. 298 at PageID.2548–2550). Defendant cites no relevant authority and presents no evidence to support any of these arguments.[3] After careful review of Defendant's motion, the Court concludes that Defendant has not established "substantial legal error has occurred" or that the interest of justice demands a new trial. *Munoz,* 605 F.3d at 373. Defendant's arguments fail for these reasons and for those set forth by the government in opposition (*see* Opp., ECF No. 339 at PageID.3565–3566, 3571–3575).

***ECF No. 357***. On July 17, 2025, Defendant filed a motion seeking leave to exceed page limits and attached an additional motion for new trial (*see* ECF Nos. 301, 301-1, 357). The Court granted Defendant's request to file an overlength brief and the motion was docketed on October 14, 2025 (ECF No. 357). The government filed a response in opposition on October 28, 2025 (ECF No. 361). Defendant first argues that he is entitled to a new trial because the Court made several errors of law during and leading up to trial (*see* ECF No. 357 at PageID.3737–3753).[4] Second, he argues that the government engaged in prosecutorial misconduct by:

---

[3] Under applicable Sixth Circuit authority, "[b]y failing to develop any argument, the Defendant waived his claim." *See United States v. Napier*, No. 6:08-CR-00068, 2016 WL 30281, at *3 (E.D. Ky. Jan. 4, 2016) (citing *United States v. Fekete*, 535 F.3d 471, 482 (6th Cir. 2008) (undeveloped arguments are deemed waived) and *Coleman v. Shoney's Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) (pro se litigants must advance issues "with some effort at developed argumentation").

[4] Specifically, Defendant argues that (1) the Court should not have denied his pretrial "motion to sever" (*see* ECF No. 227); (2) the Court should have ordered the government "to disclose the date and time the depictions of Count 1 were produced" by Defendant's minor victim "as well as the materials used to produce the depictions"; (3) the Court should have defined "the term 'transmitted'" to align with Defendant's understanding of that term as used in 18 U.S.C. § 2251(a); (4) the verdict form was deficient, based in part on Defendant's personal definitions of its terms; (5) Defendant disagrees with some of the terms used in the government's "Statement of the Case";

- Allowing government witnesses and Defendant's minor victim to lie about Defendant's offense conduct;
- Improperly objecting during Defendant's four-hour cross-examination of his minor victim;
- Introducing "unnecessary [sic] prejudicial [text] messages" between Defendant and his minor victim while failing to include other text messages showing that Defendant "loved" his victim, among other things; and
- Failing to turn over evidence and witness statements that Defendant believes the government must have had in its possession.

(ECF No. 357 at PageID.3753–3761).

Third, Defendant argues that—although he did not think to introduce this evidence at trial—he has "newly discovered evidence" regarding the purchase date of a phone relevant to his sexual offenses (ECF No. 357 at PageID.3762; ECF No. 340 at PageID.3590–3593).

Fourth, Defendant argues that he received ineffective assistance of counsel for the following reasons:

- Counsel did not "properly cross" one of the witnesses called at trial;
- Counsel did not make multiple successive Rule 29 motions for acquittal and his "original motion for acquittal was not sufficiently and zealously presented";
- Counsel "did not get testimony from" a potential witness and "did not assist [Defendant] in doing so when acting in standby capacity";
- Counsel should have filed more or different motions before trial;
- Counsel should have reviewed more police body camera footage more quickly;
- Counsel did not do enough to assist Defendant in preparing trial exhibits;
- Counsel did not tell Defendant to avoid violating page limits in his motions;

---

(6) the Court should not have allowed the government to amend the verdict form because it forced Defendant "to change strategy mid-trial" and because the Court should not have denied his earlier motion for a bill of particulars (*see* ECF No. 97); (7) Defendant would have preferred a different answer to a jury question during deliberations; (8) Defendant disagrees with some of the Court's rulings on objections to questions during witness examinations at trial; (9) Defendant should have been permitted to subpoena additional witnesses to testify about the investigation into his offenses; (10) Defendant should have been able to question his minor victim about why they "stopped communicating in 2022" based on the minor victim's "self-recorded video of her having sex with a man"; (11) Defendant should have been permitted to "argu[e] for nullification and discuss[] his applicable guideline range"; and (12) Defendant should have been permitted to introduce additional texts from his minor victim showing that she sent him sexually explicit videos "of her own volition" while bored during her high school classes (ECF No. 357 at PageID.3737–3753).

- Counsel did not attempt to recall Defendant's minor victim to the stand;
- Counsel insulted Defendant and told him to avoid unnecessarily prolonging trial to avoid negative action from the Court;
- Counsel "refused to provide call logs surrounding depictions [of the minor victim] despite [Defendant's] several requests";
- Counsel could have done more to inform Defendant of the "proper procedure to challenge" an exhibit summarizing text messages with his minor victim.

(ECF No. 357 at PageID.3762–3768).

The Court has carefully considered each of these arguments. They lack merit for the following reasons. As an initial matter, Defendant cites no relevant, binding case law establishing that "substantial legal error has occurred" in connection with any of the Court's previous pretrial or trial rulings. *Munoz,* 605 F.3d at 373.[5] Additionally, Defendant "presents no evidence to support a claim of prosecutorial misconduct," indicating that his claim is "without merit." *See United States v. Tisdale*, 136 F. App'x 854, 855 (6th Cir. 2005). Finally, assuming without deciding that the "permissible reasons for granting [a] new trial . . . include ineffective assistance of counsel," Defendant fails to establish that "counsel's performance fell below the objective standard for professional conduct" and further fails to establish that counsel's performance "prejudiced the outcome of the proceedings." *See United States v. Bost*, 144 F. Supp. 2d 892, 901 (W.D. Mich. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 698 (1984)).[6]

---

[5] Again, to the extent that Defendant could have cited applicable legal authority, he has now waived that opportunity. *See Napier*, 2016 WL 30281 at *3 (citing *Fekete*, 535 F.3d at 482 (undeveloped arguments are deemed waived) and *Coleman,* 79 F. App'x at 157 (pro se litigants must advance issues "with some effort at developed argumentation")).

[6] To the extent Defendant argues defense counsel improperly warned him to avoid unnecessarily prolonging trial to avoid negative action from the Court, Defendant did not follow any such advice. Defendant, for example, conducted his own nearly four-hour cross-examination of his minor victim (*see* Trial Tr. Vol. II, ECF No. 319 at PageID.3045–3144). The Court afforded Defendant every opportunity to plead his case to the jury, both personally and through counsel. Defense counsel's alleged advice on this point could not have "prejudiced the outcome" of trial. *Bost*, 144 F. Supp. 2d at 901; *see also United States v. Rice*, No. CR 7: 15-019-DCR, 2017 WL 445397, at

***ECF No. 305***. On July 23, 2025, Defendant filed an overlength additional supplement to his already overlength motion for new trial. Defendant argues that he is entitled to a new trial because (1) the government improperly commented on his courtroom attire and asked the jury "to have sympathy for [his minor victim]" (ECF No. 305 at PageID.2626–2627); (2) his counsel was ineffective in failing to challenge the government's search and retention of his cell phone and Facebook data and the associated warrants; and (3) the Court "intentionally erred and colluded with the Government" by refusing Defendant's requests for certain witness subpoenas and by allowing the government "to amend the language of the superseding indictment" at the behest of "the Elites [who] have unlimited resources and connections which have been used to desicrate [sic] the lineage of [Defendant's] bloodlines" and who "manipulated [his minor victim's] mind through technological brainwashing" (*id.* at PageID.2632–2636).

Defendant again cites no relevant, binding case law establishing that "substantial legal error has occurred" in connection with any of the Court's previous pretrial or trial rulings. *Munoz,* 605 F.3d at 373. Defendant has now waived that opportunity. *See Napier*, 2016 WL 30281 at *3. Again, he "presents no evidence to support a claim of prosecutorial misconduct," indicating that his claim on this point is "without merit." *See Tisdale*, 136 F. App'x at 855. And again, nothing in Defendant's "supplement" establishes that "counsel's performance fell below the objective standard for professional conduct" or that counsel's performance "prejudiced the outcome of the proceedings." *Bost*, 144 F. Supp. 2d at 901.[7]

*1 (E.D. Ky. Feb. 1, 2017) ("Counsel does not provide ineffective assistance by speaking candidly with his client regarding potential sentencing exposure.").

[7] To the extent Defendant argues that defense counsel could have filed additional suppression motions, Defendant elected to file several motions to suppress himself, and he did not properly raise the arguments that he now asserts defense counsel should have made on his behalf (*see, e.g.,* Opp., ECF No. 339 at PageID.3575 ("Kuhl filed three motions to suppress. None of the three motions challenged the Facebook search warrant or the retention of the data.").

Defendant argues that the government improperly referenced "sympathy" for the victim in its rebuttal argument at trial (ECF No. 305 at PageID.2626–2627). Defendant fails to provide relevant context. *See United States v. Ushery*, 968 F.2d 575, 580 (6th Cir. 1992) ("[A] district court [has] observed the trial firsthand, placing it in the best position to assess the impact of [such statements] within the context of the proceedings."). Prior to closing argument, the Court instructed the jury "not [to] let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way" (*see, e.g.*, Trial. Tr. Vol. III, ECF No. 320 at PageID.3390–3391). The jury is presumed to have followed that instruction. *See United States v. Harvey,* 653 F.3d 388, 396 (6th Cir. 2011) ("Jurors are presumed to follow instructions."). The government repeated the Court's instruction that the jury avoid "bias, prejudice, or sympathy" multiple times during its closing argument (Trial Tr. Vol. III, ECF No. 320 at PageID.3422, 3453).

Defendant, on the other hand, improperly attempted to invoke the jury's sympathy in his closing, stating "I'm in the Goliath versus David and I'm David at this point" (Trial. Tr. Vol. III, ECF No. 320 at PageID.3439). The government responded in rebuttal by stating "[t]he defendant compared himself to David versus Goliath . . . . He's trying to draw on your sympathy," but "you've taken an oath as jurors not to let sympathy, bias, or prejudice affect your decision here," so "[d]on't let him do it. If you're going to have sympathy for anyone, have sympathy for [the minor victim]" (*id.* at PageID.3453).

In context, to the extent the government committed error by referencing sympathy for the victim, the Court concludes that Defendant invited the error with his own improper appeal to sympathy. *See United States v. Nicholson*, 716 F. App'x 400, 417 (6th Cir. 2017) ("The invited error doctrine 'holds that a party may not complain on appeal of errors that he himself invited or provoked the court or the opposite party to make.'") (quoting *United States v. Barrow*, 118 F.3d

482, 490 (6th Cir. 1997)). Even if Defendant had not invited the error, the government's "isolated" statement regarding the victim was uttered in the same breath that the government repeated the Court's "curative instruction" that jurors avoid bias, sympathy, or prejudice in their deliberations, "alleviate[ing] any potential prejudice that the prosecutor's remarks may have caused." *See United States v. Hall*, 979 F.3d 1107, 1120 (6th Cir. 2020) (analyzing factors relevant to the "flagrancy" or harmlessness of an improper closing argument). After careful consideration of the factors set forth in *Hall*, the Court concludes that any error was invited and "the prosecutor's statements were not flagrant"—they instead qualify as an "inadvertent slip of the tongue" attributable to "unduly zealous advocacy." *See Hall*, 979 F.3d at 1120–21. For these reasons, and for the detailed reasons set forth in the government's opposition (Opp., ECF No. 339 at PageID.3567–3576, 3586–3588), the Court declines to grant Defendant's request for a new trial.[8]

***ECF No. 315.*** On August 7, 2025, Defendant filed a "post-verdict motions' supplement" to amend his previous new trial motions. He argues that (1) the verdict form used at trial was deficient (ECF No. 315 at PageID.2675–2676); (2) the Court should not have used the word "transmit" in jury instructions related to Count One (*id.* at PageID.2678–2679); (3) several out-of-circuit federal and state authorities support Defendant's previous arguments for a new trial (*id.* at PageID.2679–2681); and (4) the Court should have suppressed evidence that law enforcement

[8] The Court again admonishes Defendant that his reference to the Court as a "slick snake" that "spits in the face of justice," and his flippant statements daring the Court to "send your best assassin" are improper (*see* ECF No. 305 at PageID.2635–2636). "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). It "would degrade our country and our judicial system to permit our courts to be bullied, insulted, and humiliated and their orderly progress thwarted and obstructed by defendants brought before them." *See Illinois v. Allen*, 397 U.S. 337, 347. Defendant is again placed on notice that the Court may properly dismiss without prejudice any future filing that includes this sort of "scurrilous, abusive language and conduct" pursuant to the Court's inherent authority to manage its docket. *See id.; United States v. Quebe*, 321 F.R.D. 303, 312 (S.D. Ohio 2017).

obtained from his telephones because the relevant warrants were deficient (*id.* at PageID.2681–2682). The Court has carefully considered each of these arguments and the authorities cited by Defendant. None show that a "substantial legal error has occurred" or establish any other ground for relief under Federal Rule of Civil Procedure 33. *See Munoz,* 605 F.3d at 373.[9] For this reason, and for the detailed reasons stated in the government's opposition (*see* Opp., ECF No. 339 at PageID.3583–3585), the Court declines to grant Defendant a new trial.

**B. Motions for Acquittal (ECF Nos. 299, 315, 324)**

Defendant has also filed post-trial motions requesting a judgment of acquittal under Federal Rule of Criminal Procedure 29 (ECF Nos. 299, 315, 324). The Government filed a response in opposition (ECF No. 339). The Court will deny these motions for the reasons stated below.

**1. Motion Standard**

Federal Rule of Criminal Procedure 29 allows a defendant to request that a district court "set aside the verdict and enter an acquittal." FED. R. CRIM. P. 29(c). The court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *United States v. Gallo*, 763 F.2d 1504, 1518 (6th Cir. 1985) (same). "In deciding whether the evidence is sufficient to withstand a motion for an acquittal, and support a conviction, the court views all evidence in the light most favorable to the prosecution and determines whether there is any evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Talley*, 164 F.3d

[9] As noted above, Defendant elected to file several pro se motions to suppress; he did not properly preserve the arguments that he now attempts to advance regarding the retention of his cell phone data (*see, e.g.,* Opp., ECF No. 339 at PageID.3575 ("Kuhl filed three motions to suppress. None of the three motions challenged . . . the retention of the [cell phone] data.").

989, 996 (6th Cir. 1999). A district court does not independently weigh the evidence or assess the credibility of trial witnesses. *Id.* "All inferences which may reasonably be drawn from the evidence, as well as all conflicts in the testimony, must be resolved in the government's favor, whether the evidence is direct or circumstantial." *United States v. Makinde*, 940 F.2d 663, 663 (6th Cir. 1991) (collecting cases). "If, under such a review, sufficient evidence exists to justify a finding of guilt beyond a reasonable doubt, the conviction must be affirmed." *Id.* "The evidence need not exclude every logical hypothesis other than guilt." *Id.*

**2. Discussion**

***ECF No. 299.*** On July 16, 2025, Defendant filed a motion seeking acquittal under Federal Rule of Criminal Procedure 29, or, in the alternative, requesting a new trial. Defendant argues that (1) the Court erred in denying his previously filed motion to suppress; (2) the Court abused its discretion in denying other motions as untimely and as violating the Court's rules; (3) the evidence presented by the government in support of Count One was insufficient; and (4) the evidence presented by the government in support of Count 2 was insufficient (ECF No. 299 at PageID.2552–2564. The Court has considered each of the arguments and the authorities cited by Defendant. His arguments fail for the following reasons.

To the extent that Defendant challenges prior orders of the Court through this motion, rather than the sufficiency of the evidence offered at trial, Defendant again cites no relevant, binding case law establishing that the Court committed legal error, let alone "substantial legal error" justifying a new trial, in entering its prior orders. *See Munoz,* 605 F.3d at 373; *see also* Opp. to Motion to Suppress, ECF No. 243; Order Denying Motion to Suppress, ECF No. 258. Defendant has now waived the opportunity to present applicable case law. *See Napier*, 2016 WL 30281 at *3 (citing *Fekete*, 535 F.3d at 482 and *Coleman,* 79 F. App'x at 157). Furthermore, after

reviewing the trial record,[10] and with "[a]ll inferences which may reasonably be drawn from the evidence . . . resolved in the government's favor," the Court concludes that "sufficient evidence exists to justify a finding of guilt beyond a reasonable doubt," establishing that "the conviction must be affirmed." *Makinde*, 940 F.2d at 663. For these reasons, and for the reasons stated in detail in the government's opposition (Opp., ECF No. 339 at PageID.3561, 3577–3579), the Court denies Defendant's motion for judgment of acquittal or, in the alternative, motion for a new trial.

***ECF No. 315.*** As noted above, on August 7, 2025, Defendant filed a "post-verdict motions' supplement" that amends his motion for judgment of acquittal. As relevant here, he argues that (1) the verdict form used at trial was deficient (ECF No. 315 at PageID.2675–2676); (2) several out-of-circuit federal and state authorities support his arguments for a judgment of acquittal (*id.* at PageID.2679–2681); and (3) the Court should have suppressed evidence that law enforcement obtained from his telephones because the relevant warrants were deficient (*id.* at PageID.2681–2682). The Court has carefully reviewed each of these arguments and the authorities cited by Defendant. As noted above, none of Defendant's arguments or authorities show that a "substantial legal error has occurred" in connection with the Court's prior rulings, *see Munoz,* 605 F.3d at 373, and none establish that Defendant is entitled to acquittal, *see Makinde*, 940 F.2d at 663. For these reasons, and for the reasons stated in the government's opposition (*see* Opp., ECF No. 339 at PageID.3583–3585), the Court declines to grant Defendant's motion.

---

[10] In ruling on Defendant's oral Rule 29 motion at trial, the Court noted that the "attenuation of time [between Defendant's] ask of May 8, 2021" and the sexually explicit videos sent by his minor victim in response represented a potential "weak link" in the government's proof, but the government has correctly noted that Defendant's minor victim provided additional evidence on this point during her cross-examination by Defendant (*see* Trial Tr. Vol. II, ECF No. 319 at PageID.3122) ("Q. Okay. Now, you're stating that all of the depictions that the government has showed you, you're saying that I requested those, right? A. I'm not saying all of them but most of them, yes. Q. Well, what's most of them? . . . . A. All I was shown were the pictures, and they're of me, and I know that you still got them, and I've stated before, you have asked for them[.]").

***ECF No. 324.*** On August 13, 2025, Defendant filed another "supplement" to amend his motions for acquittal and new trial. Defendant argues that the government provided insufficient evidence to support the charges against him because "the only Facebook messages between [the minor victim] and [Defendant] occurred prior to" Defendant learning that she was "under 16" (ECF No. 324 at PageID.3505–3508). The government responds that the "Verdict Form required the jury to unanimously agree on whether Kuhl persuaded, induced, enticed, or coerced [the minor victim] to engage in sexual activity on or about the dates of October 31, 2021, and August 24, 2022," and both "those dates fall after [the minor victim] told Kuhl that she was only 14 years old" (*see* Opp., ECF No. 339 at 3580 (citing Jury Verdict, ECF No. 286 at PageID.2408 and Trial Tr. Vol. II, ECF No. 319 at PageID.3112)). After careful review of the arguments presented in this supplement, the Court concludes that Defendant has failed to establish his entitlement to acquittal or a new trial. *See Burks*, 974 F.3d at 628; *Makinde*, 940 F.2d at 663.

**C. Motions to Arrest Judgment (ECF Nos. 300, 315, 325)**

Defendant has filed a motion to arrest judgment under Federal Rule of Criminal Procedure 34, along with "supplements" that amend or expand his arguments (*see* ECF Nos. 300, 315, 325). The Government filed a response in opposition (ECF No. 339). The Court will deny this Motion, read together with its "supplements," for the reasons stated further below.

**1. Motion Standard**

"Pursuant to Rule 34 of the Federal Rules of Criminal Procedure, 'the court on motion of a defendant shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged.'" *United States v. Fusero*, 106 F. Supp. 2d 921, 928–29 (E.D. Mich. 2000) (quoting FED. R. CRIM. P. 34). The Sixth Circuit has approved "such a motion if substantive defects exist in the indictment such that an offense is not charged, or

if the district court lacked jurisdiction over the case." *United States v. Montgomery*, 592 F. App'x 411, 417 (6th Cir. 2014). If "a challenge to an indictment is brought for the first time after the defendant has been convicted, the indictment is construed liberally in favor of its sufficiency." *United States v. Olive*, 804 F.3d 747, 752 (6th Cir. 2015). A defendant may not "attempt to relitigate arguments previously advanced" in other motions, including prior motions "seeking dismissal of the indictment," under "the guise of Rule 34." *Fusero*, 106 F. Supp. 2d at 928–29.

**2. Discussion**

***ECF No. 300.*** On July 16, 2025, Defendant filed a motion to arrest judgment under Federal Rule of Criminal Procedure 34. Defendant argues—paraphrased in relevant part—that (1) the "superseding indictment failed to establish federal jurisdiction" with regard to Count 1; (2) 18 U.S.C. § 2251(a) is unconstitutionally vague; (3) the Court "lacks jurisdiction over Count 2" due to defects in the superseding indictment; and (4) the Court "lacks authority and jurisdiction over this case as Michigan had custody and a criminal proceeding over the underlying conduct first" and thus "principles of comity and federalism" preclude Defendant's prosecution under federal child exploitation statutes (*see* ECF No. 300 at PageID.2566–2573). The Court has examined each of the arguments and authorities raised by Defendant. His arguments fail for several reasons.

First, Defendant cites no relevant, binding authority establishing his entitlement to the relief that he seeks, and Defendant has now waived the opportunity to identify such authority. *See Napier*, 2016 WL 30281 at *3 (citing *Fekete*, 535 F.3d at 482 and *Coleman,* 79 F. App'x at 157). Second, as noted by the government, Defendant misreads the "jurisdictional requirement[s]" applicable to the relevant statutes, and the Court concludes that jurisdiction was properly established. *See United States v. Lively*, 852 F.3d 549, 558–59 (6th Cir. 2017) (addressing "Section 2251(a)'s jurisdictional requirement"); *see also United States v. Napier*, 787 F.3d 333, 346–347

(6th Cir. 2015) (collecting cases) (noting that "use of the internet . . . . is sufficient to satisfy the federal jurisdictional nexus"); Opp., ECF No. 339 at PageID.3580–3582. Third, Defendant fails to advance any relevant argument indicating that 18 U.S.C § 2251(a) is unconstitutionally vague. *See United States v. Williams,* 553 U.S. 285, 304 (2008) (stating standard for determining whether a statute is void for vagueness); Opp, ECF No. 339 at PageID.3582–3583. Finally, Defendant's invocation of federalism principles fails to establish that he is immune from federal prosecution (*see* Opp., ECF No. 339 at PageID.3585). *Cf. United States v. Davis*, 899 F.2d 1222, 1222 (6th Cir. 1990) ("The Supreme Court has long held under the 'dual sovereignty doctrine' that a federal prosecution is not barred by a conviction or acquittal in a state court for the same offense.") For these reasons, and for the reasons set forth in detail in the government's opposition (Opp., ECF No. 339 at PageID.3580–3583, 3585), the Court denies Defendant's motion to arrest judgment.

***ECF No. 315.*** As previously noted, Defendant filed a "post-verdict motions' supplement" to amend, in part, his motion to arrest judgment (*see* ECF No. 315 at PageID.2676–2678). Defendant's references to federalism principles, *Younger* abstention, and *Colorado River* abstention are without merit. *See* Opp., ECF No. 339 at PageID.3585; *cf. Davis*, 899 F.2d at 1222. This "supplement" fails to establish that Defendant is entitled to the relief that he seeks.

***ECF No. 325.*** On August 13, 2025, Defendant filed a "supplement to motion to arrest judgment or alternatively new trial" arguing that the Court erred by declining to grant Defendant's prior Motion for Grand Jury Transcripts (ECF No. 99) and Motions to Dismiss (ECF Nos. 100 and 103). He again argues that the relevant indictments and grand jury proceedings in this case were improper (*see, e.g.,* ECF No. 325 at PageID.3510–3524). But Defendant may not "attempt to relitigate arguments previously advanced" in other motions, including prior motions "seeking dismissal of the indictment," under "the guise of Rule 34." *Fusero*, 106 F. Supp. 2d at 928–29.

Furthermore, Defendant identifies no relevant, binding case law establishing that "substantial legal error has occurred" in connection with any of the Court's previous pretrial or trial rulings sufficient to justify a new trial or to arrest judgment. *Munoz,* 605 F.3d at 373; *Fusero*, 106 F. Supp. 2d at 928–29. Defendant has now waived that opportunity. *See Napier*, 2016 WL 30281 at *3 (citing *Fekete*, 535 F.3d at 482 and *Coleman,* 79 Fed. App'x at 157). He also identifies no "palpable defect by which the court and the parties have been misled" sufficient to justify reconsideration of the Court's prior orders. *See* W.D. Mich. LCrimR 47.3(a). After review of each argument presented in this "supplement," for the reasons stated above, and for those stated the government's response (Opp., ECF No. 339 at PageID.3586–3587), the Court concludes that Defendant has failed to establish his entitlement to the relief he seeks.

Last, the Court again places Defendant on notice that he may not hurl invectives at the Court with impunity. *See* ECF No. 325 at PageID.3510 (accusing the Court of "disgusting, disgraceful, traitorious [sic], and treasonous collusion with Kuhl's adversaries[.]"); *Faretta*, 422 U.S. at 834 n.46; *Gueye*, 2014 WL 4984173 at *5; *Illinois,* 397 U.S. at 346.

**D. Motion to Succumb to Conspiracy and Collusion (ECF No. 332)**

On August 25, 2025, Defendant submitted a frivolous filing entitled "motion to succumb to conspiracy and collusion" wherein he complains that his legal counsel did not answer a text message, denigrates the Court, and invites the Court to "send [its] best assassin" against him (*see* ECF No. 332 at PageID.3542). "Defendant has not cited any rule of the Federal Rules of Criminal Procedure or any other source of authority for the relief he seeks." *United States v. Rogers*, No. 1:20-10047-STA, 2022 WL 36668, at *1 (W.D. Tenn. Jan. 4, 2022). This "motion" is yet another instance of Defendant attempting to "obstruct" the "orderly progress" of this criminal proceeding. *See Illinois*, 397 U.S. at 346; *accord Faretta*, 422 U.S. at 834 n.46 ("The right of self-

representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law."). Defendant is placed on notice once again that the Court may properly dismiss without prejudice any future filing that include this sort of "scurrilous, abusive language and conduct" pursuant to applicable court rules and the Court's inherent authority to manage its docket. *See Allen,* 397 U.S. at 347; *Quebe*, 321 F.R.D. at 312 (citing *First Bank of Marietta*, 307 F.3d at 514).

**E. Motion to Preserve Evidence (ECF No. 335)**

On August 27, 2025, Defendant filed a "Motion to Preserve Evidence" requesting preservation of "the iPhone 12 Pro Max . . . and the Samsung" mobile phones associated with Defendant's offenses for use "in any post-conviction proceeding" (ECF No. 335 at PageID.3548). Defendant does not cite any Federal Rule of Criminal Procedure or legal authorities in support of the Motion (*see id.*). He has now waived the opportunity to do so. *See Napier*, 2016 WL 30281 at *3 (citing *Fekete*, 535 F.3d at 482 and *Coleman,* 79 F. App'x at 157).[11] That said, the government stated in response to this Motion that it "intends to preserve the cellphones admitted as exhibits at trial until the completion of Kuhl's appeal" (*see* Opp., ECF No. 361 at PageID.3837), and thus the Court will deny the Motion as moot.

[11] Furthermore, the "Sixth Circuit has explained that 'the Due Process Clause does not impose an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution,'" but rather, "the Government's duty to preserve extends only to that evidence 'that possesses an exculpatory value[.]'" *United States v. Alfaro*, No. 3:14-CR-00102-TBR, 2015 WL 1042115, at *2 (W.D. Ky. Mar. 10, 2015) (citing *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988), *United States v. Wright,* 260 F.3d 568, 571 (6th Cir. 2001), and *United States v. Jobson,* 102 F.3d 214, 219 (6th Cir. 1996)). The jury verdict indicates that the evidence at issue here was inculpatory (*see* Jury Verdict, ECF No. 286).

**F. Motion to Modify the Record (ECF No. 338)**

On September 4, 2025, Defendant filed a "motion to correct/modify the record" in which he argues that the "transcript of the June 5, 2025 hearing (ECF No. 296 at PageID.2540), page 38 line 16 'he hadn't even wanted to file a suppression motion' should be changed to 'he had even wanted . . . .'" (ECF No. 338 at PageID.3557). Defendant "does not provide any reason why the Court should suspect the accuracy" of the relevant transcript, particularly given the Court's review of the surrounding context. *See Shepherd v. Perry*, No. 2:12-CV-10246, 2012 WL 3727278, at *2 (E.D. Mich. Aug. 27, 2012). After careful review of the Motion and all relevant sections of the transcript, the Court declines to grant the relief requested. *See id.*

**G. Motion Addressing Defendant's Presence at Sentencing (ECF No. 345)**

On September 17, 2025, Defendant filed a "Motion for Takeover" stating that he wishes his counsel to resume representing him in this matter, and further stating that "Kuhl is no longer pro se, and will be, and does now, voluntarily waiving [sic] his appearance at sentencing under Fed. Rule Crim. Pr. 43(c)(1)(B)," and if "that is not CLEAR, in other words, Kuhl WILL NOT BE COMING TO SENTENCING based on his own decision you people can do as you wish . . . . Kuhl has nothing to say, no allocution to present" (ECF No. 345 at PageID.3601).

The Sixth Circuit and many of its sister circuits have noted that under "the Federal Rules of Criminal Procedure . . . the defendant must be present at sentencing." *United States v. Flack*, 941 F.3d 238, 240 (6th Cir. 2019); *accord United States v. Curtis*, 523 F.2d 1134, 1135 (D.C. Cir. 1975) (collecting cases); *United States v. Tolson*, 129 F.3d 1261 (4th Cir. 1997) ("[A] felony defendant may not waive presence at sentencing."); *Cook v. United States*, 171 F.2d 567, 569 (1st Cir. 1948) ("It would seem that in prosecutions for [a] felony the accused cannot effectively waive his right to be present at the sentencing."); *United States v. Brown*, 456 F.2d 1112, 1114 (5th Cir.

1972) ("While it is not error, in some circumstances, for a defendant to be absent during trial," a "defendant must be present at sentencing. Only in the most extraordinary circumstances, and where it would otherwise work an injustice, should a court sentence a defendant in absentia, and then only under appropriate safeguards, as where the defendant has expressly waived his right to be present either by sworn affidavit or in open court").

Defendant has not provided a sworn affidavit or testimony in open court establishing his knowing and voluntary waiver of his right to be present at sentencing, and, even if he had, Defendant has not established that "extraordinary circumstances" justify his absence. *See id.* Thus, to the extent Defendant's "Motion for Takeover" (ECF No. 345) may be read as a request for Defendant to avoid appearing in-person at sentencing, that motion is denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's post-trial motions discussed in this Opinion and Order, along with the "supplements" amending those motions (ECF Nos. 298, 299, 300, 305, 315, 324, 325, 332, 335, 338, 340, 345, 357), are DENIED.

**IT IS FURTHER ORDERED** that Defendant's overlength reply brief (ECF No. 346), filed without leave of the Court, is STRICKEN.

**IT IS FURTHER ORDERED** that Defendant must appear in-person for sentencing.

Dated: November 3, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge